UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:15-CR-6049-EFS-2 |
| Plaintiff, | ORDER GRANTING THE UNITED STATES' MOTION FOR DETENTION |
| vs. | |
| JESE DAVID CARILLO CASILLAS, | **ECF No. 22** |
| Defendant. | |

On Friday, August 19, 2016, the Court conducted a bail hearing in accordance with 18 U.S.C. § 3142(f).  Defendant appeared, in custody, with attorney Robin Emmans, and was assisted by federal court-certified interpreter Estela Castro.  Assistant United States Attorney Alvin Guzman represented the United States.

The United States' Motion for Detention (**ECF No. 22**) is **GRANTED**.

The Court considered the Pretrial Services Report (ECF No. 27) and the counsels' arguments.  To decide whether conditions of release would reasonably assure the Defendant's appearance in court and the safety of the community, the

ORDER GRANTING THE UNITED STATES' MOTION FOR DETENTION - 1

Court considered and evaluated the four factors outlined in 18 U.S.C. § 3142(g):

1.  The nature and circumstances of the offense;

2.  The weight of the evidence against the Defendant;

3.  The history and characteristics of the Defendant; and

4.  The nature and seriousness of the danger the Defendant would present to the community if released.

The Court finds the following:

**FINDINGS OF FACT AND**

**STATEMENT OF REASONS FOR DETENTION**

☒    Pursuant to 18 U.S.C. § 3142(e), there is a rebuttable presumption that the

Defendant is a flight risk and a danger to the community based on the nature of the

pending charge.  Application of the presumption is appropriate in this case.

Defendant has not rebutted the presumption that no condition or combination of

conditions will reasonably assure the safety of another person or the community

and/or no condition or combination of conditions will reasonably assure the

appearance of the Defendant as required.

☐    This is not a rebuttable presumption case; however, the case is eligible for a

detention hearing under 18 U.S.C. § 3142(f)(2).  There is a serious risk that the

Defendant: will not appear and/or endanger the safety of another person or the

ORDER GRANTING THE UNITED STATES' MOTION FOR DETENTION - 2

community.

☐    Defendant has a history of:        ☐    Failures to appear

☐    Failures to comply

☐    The Court finds the Defendant is not supervisable.

☐    Defendant appears to suffer from chemical dependency.

☐    Defendant has a significant criminal history.

☐    Defendant has an outstanding warrant(s).

☐    Defendant was under supervision at the time of her arrest/the instant alleged

offense.

☒    Defendant does not have a suitable residence.

☒    The Grand Jury has found probable cause.

☐    Defendant is currently on probation/supervision resulting from a prior

offense.

☐    The Bureau of Immigration and Customs Enforcement has issued a Detainer.

☒    Other:  The nature and circumstances of the offense are incredibly serious.

ORDER GRANTING THE UNITED STATES' MOTION FOR DETENTION - 3

The indictment alleges a long-term conspiracy (2010-2015) to distribute methamphetamine and cocaine.  The most recent allegations are that the Defendant was involved in the distribution of 12 kilograms of heroin, which resulted in a search warrant being executed at his home where two firearms were found.  The Defendant has substantial ties to a foreign country; Defendant is a Mexican citizen, he lived in Mexico for much of his life, his four siblings and parents with whom he maintains regular contact with all live in Mexico.  This gives the Court concern that the Defendant poses a serious risk of flight.  Compounding the Court's concern is Defendant's proposed release address, which is the same address where law enforcement allegedly found two firearms and where law enforcement alleges the drug activity took place.  The Court finds the release address unsuitable.

☐    By a preponderance of the evidence there are no conditions or combination of conditions other than detention that will reasonably assure the appearance of Defendant as required.

☐    By clear and convincing evidence there are no conditions or combination of conditions other than detention that will ensure the safety of the community.

**IT IS ORDERED:**

1.    The United States' Motion for Detention (**ECF No. 22**) is

ORDER GRANTING THE UNITED STATES' MOTION FOR DETENTION - 4

**GRANTED**.

2.      Defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

3.      Defendant shall be committed to the custody of the Attorney General pending disposition of this case or until further order of the court.  If a party desires this Court to reconsider conditions of release because of material and newly discovered circumstances under 18 U.S.C. § 3142(f), that party shall file a motion with the court, served upon the United States Attorney, stating what circumstances are new, how they are established, and the requested change in conditions of release.

4.      Defendant shall be afforded reasonable opportunity for private consultation with counsel.

5.      On order of a court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

6.      If a party seeks review of this Order by another court pursuant to 18 U.S.C. § 3145(b), counsel shall adhere to the Detention Order Review Protocol found in L.Cr.R. 46(k).

1        7.    The Defendant is bound over to Judge Edward F. Shea for further

2    proceedings.

3        DATED August 19, 2016.

                          s/Mary K. Dimke

4                           MARY K. DIMKE

            UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

ORDER GRANTING THE UNITED STATES' MOTION FOR DETENTION - 6