MICHAEL C. ORMSBY
United States Attorney
Eastern District of Washington
Stephanie Van Marter
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JESE DAVID CARILLO CASILLAS, and<br>FRANCISCO DUARTE FIGUEROA,<br><br>Defendants. | 4:15-CR-6049-EFS<br><br>United States Motion to Disclose Pre-Indictment Pleadings for Discovery But Not Unsealing and for Protective Order<br><br>Date: 10/07/2016 @ 6:30 p.m.<br><br>Without Oral Argument |

Plaintiff, United States of America, by and through Michael C. Ormsby, United States Attorney for the Eastern District of Washington, and Stephanie Van Marter, Assistant United States Attorney for the Eastern District of Washington, submits the following Motion to Disclose Pre-Indictment Pleadings for Discovery But Not Unsealing and for Protective Order.

United States Motion to Disclose Pre-Indictment Pleadings for Discovery But Not Unsealing and for Protective Order - 1
P60907JJ.SAV.Casillas.MotionDD.docx

# I. **Motion**

On December 16, 2015, the Grand Jury for the U.S. District Court for the Eastern District of Washington, issued an Indictment in the above referenced cause. The Indictment was assigned cause number 4:15-CR-6049-EFS and sealed until the arrest of all defendants.

On August 17, 2016, Defendant Jese David Carillo Casillas appeared before Magistrate Judge Mary K. Dimke for Arraignment. Defendant Casillas was charged with Conspiracy to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine and 5 Kilograms or More of Cocaine, in violation of 21 U.S.C. § 846.

On August 17, 2016, Defendant Francisco Duarte Figueroa was charged by Complaint with Possession with Intent to Distribute 1 kilogram or more of a Mixture or Substance Containing a Detectable Amount of Heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(i).

On September 9, 2016, the Grand Jury was presented with a Superseding Indictment under this cause charging both Defendants. Both Defendants are charged with Conspiracy to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, 5 Kilograms or More of Cocaine, 1 Kilogram or More of Heroin and 400 grams or More of N-phenyl-N Propanamide, in violation of 21 U.S.C. § 846, and Possession with the

Intent to Distribute 1 Kilogram or More of a Mixture or Substance Containing Heroin and 400 grams or More of a Mixture or Substance Containing N-phenyl-N Propanamide, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(i) and (vi).

The investigation that resulted in Indictment 4:15-CR-6049-EFS and the subsequent Superseding Indictment included multiple tracking warrants, location records information warrants and search warrants that were all filed under seal with various U.S. Magistrate Court numbers.

This investigation is extensive and originates in 2010. There are multiple jurisdictions involved that each have ongoing investigations into related matters. Moreover, this investigation involves multiple cooperating witnesses, cooperating defendants, confidential informants and undercover law enforcement officers. The United States acknowledges the disclosure of these sealed matters is important to complete the government's obligation for discovery, however, these documents should remain sealed to public access in order to protect the related ongoing investigations and alleviate safety concerns as to those cooperators and undercover agents.

This motion allows for such needed disclosures yet protects the documents from public release which may jeopardize ongoing matters related to the investigation.

The United States also submits this Motion for a Protective Order that seeks to balance the necessity for continued sealing of the aforementioned documents and the Defendant's right to confront his or her accuser. The Protective Order, if issued by this Court, would allow defense counsel to possess discovery materials, show discovery materials to the Defendants, and discuss the contents of the discovery materials with the Defendants. However, the Protective Order restricts defense counsel from providing original or copies of the discovery materials to the individual Defendants.

## II.  Disclosure But Not Unsealing

To achieve the balance between the need to seal documents from public disclosure and the right of the Defendants to be fully advised of the basis of the charge(s) against him or her, the United States respectfully requests this Court to authorize the United States to disclose pre-Indictment pleadings to include: multiple tracking warrants, location records information warrants and search warrants that were all filed under seal with various U.S. Magistrate Court numbers.

## III.  Protective Order

As officers of the court, defense counsel appointed or retained to represent the Defendants charged in Superseding Indictment 4:15-CR-6049-EFS are aware of the potential ramifications of disclosing sealed information to third parties.

While it is presumed that defense counsel would advise their clients as to the law governing sealed documents, it cannot be presumed that the individual Defendant will maintain the same level of diligence that an officer of the court would with protecting the disclosure of such sealed information.

The United States respectfully submits that the Court issue a protective order relative to the dissemination of all discovery that sets forth the following:

1. The United States will provide discovery materials (including Protected Discovery) on an on-going basis to defense counsel;

2. Defense counsel may possess but not copy (excluding the production of necessary working copies) the discovery materials, including sealed documents;

3. Defense counsel may show to, and discuss with the Defendant the discovery material, including sealed documents;

4. Defense counsel shall not provide original or copies of discovery materials directly or indirectly to the Defendant;

5. Defense counsel shall not otherwise provide original or copies of the discovery material to any other person, including subsequently appointed or retained defense counsel, but excluding any staff of defense counsel or investigator and/or expert engaged by defense counsel, who will also be bound by the terms and conditions of the protective order;

6. The United States, defense counsel and witnesses may reference the existence and content of sealed discovery material in open and closed court proceedings relevant to Indictment 4:15-CR-6049-EFS; provided however, any reference to the content of the Protected Discovery shall be filed under seal.

The United States acknowledges that during the course of the proceedings the need may arise for the Defendant to seek some form of relief from the protection order.

The United States' has contacted counsel for Defendants Jese David Carillo Casillas and Defendant Francisco Duarte Figueroa. There are no objections to this motion.

The United States' further requests that the above referenced documents otherwise remain sealed by the Court. The United States, in good faith, will still provide discovery to counsel until this motion can be heard.

DATED this 8th day of September, 2016

    Michael C. Ormsby
    United States Attorney

    *s/Stephanie Van Marter*

    Stephanie Van Marter
    Assistant United States Attorney

CERTIFICATION

I hereby certify that on September 8, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to counsel of record.

Robin Emmans, robin_emmans@secondstreetlaw.com
Rick Hoffman, Rick_Hoffman@fd.org


*s/Stephanie Van Marter*

Stephanie Van Marter
Assistant United States Attorney