1

2

3

4

5                    UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF WASHINGTON
6

7  UNITED STATES OF AMERICA,        Nos. 4:15-CR-06049-EFS

8                    Plaintiff,

9         v.                        **ORDER GRANTING DEFENDANTS' MOTION
                                    TO CONTINUE**
10 JESE DAVID CASILLAS CARRILLO (2);
   ROSA GRANADOS (3); and           **CASE MANAGEMENT ORDER**
11 FRANCISCO DUARTE FIGUEROA(6)

12                   Defendants.

13

14      A pretrial conference occurred in the above-captioned matter on

15 September 27, 2016. ECF No. 91. Defendants Jese David Casillas

16 Carrillo (2) and Francisco Duarte Figueroa (6) were present and

17 represented by counsel Robin Collett Emmans and Rick Lee Hoffman,

18 respectively. During the hearing, Assistant U.S. Attorney Stephanie

19 Van Marter advised the Court that co-defendant Rosa Granados (3) had

20 recently been arrested and the Government anticipates another

21 superseding indictment, voluminous discovery, and a complex

22 investigation. Ms. Van Marter requested trial in this matter be reset

23 to spring 2017. Defense counsel agreed, and Defendants Casillas

24 Carrillo and Duarte Figueroa supported the request for a trial

25 continuance for the articulated reasons. ECF Nos. 99 & 100. The Court

26

1    granted the Government's motion to continue at the hearing; this Order

2    memorializes and supplements the Court's oral ruling.

3        On December 16, 2015, the USAO filed a sealed indictment, which

4    included Defendants Jese David Carillo Casillas and Rosa Granados.

5    ECF No. 1.   Then, on September 7, 2016, the USAO filed a sealed

6    superseding indictment, which also included Defendant Francisco Duarte

7    Figueroa. ECF No. 55.   In August 2016, defense counsel appeared for

8    Defendants Casillas Carrillo and Duarte Figueroa, ECF Nos. 2 & 50;

9    James E Egan was appointed to represent Defendant Rosa Granados on

10   September 27, 2016, ECF No. 90.   This is the first request for a

11   continuance.

12       The Court finds this case is complex.   In order to ensure

13   adequate time to conduct and review discovery, prepare any pretrial

14   motions, conduct investigation, and prepare for trial, the Court

15   grants the motion, extends the pretrial motion deadline, and resets

16   the currently scheduled pretrial conference and trial dates.   The

17   Court finds that Defendants' continuance request is knowing,

18   intelligent, and voluntary, and that the ends of justice served by

19   granting a continuance outweigh the best interest of the public and

20   Defendants in a speedy trial.   The delay resulting from the

21   continuance is therefore excluded under the Speedy Trial Act.

22       Having considered the parties' proposed case schedule, the Court

23   now enters the following Case Management Order.   All counsel are

24   expected to carefully read and abide by this Order.   The Court will

25   grant relief from the requirements in this Order only upon motion and

26   good cause shown.

**IT IS HEREBY ORDERED:**

1. The parties' oral Motion to Continue is **GRANTED.**

2. The Court finds, given the need for more time to conduct and review discovery, prepare any pretrial motions, conduct investigation, and prepare for trial, that failing to grant a continuance would result in a miscarriage of justice and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(i),(iv). The Court, therefore, finds the ends of justice served by granting a continuance in this matter outweigh the best interest of the public and Defendants in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).

3. **Emailing the Court.** Where this Order requires counsel to email documents to the Court, all documents shall be attached to the email in Microsoft Word (.doc/.docx) or rich-text (.rtf) format. The subject line of each email shall be formatted as follows:

    **[Case No.]; [Case Name]; [Title of Document]**

    (e.g.: *16-CR-9999-EFS*; *USA v. Doe*; *Trial Brief*)

4. **CM/ECF Training.** The Eastern District of Washington uses electronic filing through CM/ECF. Counsel must contact the Clerk's Office to arrange CM/ECF training within 30 days of appearance in this case or be otherwise experienced in the use of CM/ECF either in the Eastern District of Washington or another district.

5.   **Discovery**

A.   All discovery documents must be Bates-stamped with a unique identifier and must be produced digitally in a text-searchable format.  The Court will grant relief from this requirement only in exceptional circumstances, upon motion and good cause shown.

B.   Pursuant to the Eastern District of Washington Local Criminal Rule 16, the Court presumes a defense request for discovery under Federal Rule of Criminal Procedure 16 for *documents and objects*, Fed. R. Crim. P. 16(a)(1)(E), *reports of examinations and tests*, Fed. R. Crim. P. 16(a)(1)(F), *AND expert witnesses*, Fed. R. Crim. P. 16(a)(1)(G).  Therefore, the Court imposes a reciprocal duty on defense counsel to provide discovery under Rule 16(b)(1)(A–C) *for each of the above categories*.  Defendants who do not wish to invoke reciprocal discovery obligations must file a notice with the Court and with opposing counsel prior to accepting discovery from the Government.

C.   The Court further presumes a request for discovery and disclosure under Federal Rules of Evidence 404(b), 608(b), and 609, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991), and their progeny.

D.  For those discovery matters ordered to be disclosed by this Order, a party shall not file a motion seeking such discovery, unless the disclosing party fails to timely produce such discovery.

E.  Any party seeking discovery or disclosure not otherwise provided for in this Order, or discovery that was ordered by this Order and not timely provided, shall file a motion stating the specific materials sought and the legal authority for the specific request, and certify that the movant has in good faith conferred or attempted to confer with the opposing party in an effort to obtain the discovery or disclosure without court action.

6.  **Expert-Witness Summaries**

A.  Each party shall produce to opposing counsel all summaries of its expert-witness testimony for which disclosure is required under Federal Rule of Criminal Procedure 16, by the deadlines set forth below:

|  |  |
|---|---|
| **USAO's Experts:** | **January 27, 2017** |
| **Defendants' Experts:** | **February 3, 2017** |
| **USAO's Rebuttal Experts:** | **February 10, 2017** |

Also by the applicable deadline, counsel shall email an electronic copy of the summary to the Court at SheaOrders@waed.uscourts.gov and shall simultaneously file a Notice of Compliance with this requirement.

B.  All summaries of expert witness testimony must conform to Federal Rule of Criminal Procedure 16 and applicable case law interpreting that Rule.  The Court will not permit an expert witness to testify about opinions which are not explicitly expressed in that expert's summary.  *See, e.g.*, *United States v. W.R. Grace*, 526 F.3d 499 (9th Cir. 2008).

C.  A party is not permitted to call more than two expert witnesses on any issue, except with permission of the Court. L.R. 43(a)(3).

7.  **Motions Practice**

A.  **Generally.**  By no later than **February 17, 2017**, all pretrial motions — including discovery motions, *Daubert* motions, and motions *in limine* — must be filed and served.  *See* Fed. R. Crim. P. 12(c).  All motions shall either be: (a) noted for hearing without oral argument 14 days after filing, or (b) noted for hearing with oral argument at the pretrial conference.  Responses and replies to motions must be filed in accordance with Local Rule 7.1.

B.  **Expedited Hearing.**  Any party seeking an expedited hearing on a time-sensitive matter must file a motion to expedite which (i) demonstrates good cause, (ii) states the position of the opposing party to the motion, and (iii) sets a date of hearing that is no less than **seven days** after the motion's filing.

Should the motion to expedite require more immediate judicial attention, the motion shall establish the necessity for an immediate hearing, and the filing party shall notify chambers staff of the motion.

8.   **Trial Continuances**

A.   **Motion Deadline.**   All motions to continue the trial must be heard before or at the pretrial conference. **Any motion to continue trial made after the pretrial conference has occurred will not be granted absent exceptional circumstances**.

B.   **Statement of Reasons.**   Pursuant to 18 U.S.C. § 3161, if the Defendant seeks a continuance, a Statement of Reasons in support of the motion to continue must be filed contemporaneously with the motion.[1]   The Statement of Reasons must (i) be signed by the Defendant, (ii) be signed by a certified translator, if applicable, and (iii) indicate the latest date upon which Defendant is willing to proceed to trial.

C.   **Procedure.**   Before filing a motion to continue, counsel shall first contact the Courtroom Deputy at (509) 943-8172 to obtain new pretrial conference and trial dates consistent with the length of the requested trial continuance.   Thereafter, counsel

---

[1]   The Court's Statement of Reasons template can be found at the following link:   http://www.waed.uscourts.gov/sites/default/files/forms/efs_stmt_reasons_mot_to_cont_20130214.pdf.

CASE MANAGEMENT ORDER - 7

shall confer with opposing counsel regarding new case management deadlines consistent with the new pretrial conference and trial date. **All motions to continue must include new proposed case management deadlines (either joint or individual) to ensure the to-be-imposed deadlines are best suited to this case.**

9.    **Pretrial Conference**

    **A.**    The first pretrial conference is **SET** for **December 13, 2016**, at **1:30 p.m.** in **RICHLAND**.

    **B.**    The second pretrial conference is **SET** for **February 21, 2017**, at **1:30 p.m.** in **RICHLAND**.

    **C.**    The third, and final, pretrial conference is **SET** for **March 28, 2017**, at **1:30 p.m.** in **RICHLAND**. At this hearing, the Court will hear **ALL** pretrial motions.

    **D.**    All Pretrial Conferences are scheduled to last no more than **30 minutes**, with each side allotted **15 minutes** to present their own motions and resist motions by opposing counsel. If any party anticipates requiring longer than 15 minutes, that party must notify the Courtroom Deputy at least seven days prior to the hearing. **<u>Any party who fails to provide this notice will be limited to 15 minutes.</u>**

10.    **Confidential Informants (CIs).** By no later than **March 31, 2017,** the USAO shall disclose to Defendants the identity of any CIs used in the case and shall advise Defendants at

that time whether any CI so identified is willing to be interviewed by defense counsel.

11. **Grand Jury Transcripts.** The USAO shall produce copies of the grand jury transcripts for any witness it intends to call at trial by: **March 31, 2017.**

12. **Exhibit Lists**

A. By no later than **April 7, 2017**, each party shall file a list of exhibits the party intends to introduce at trial. Each party shall also email copies of their exhibit list to the Court at SheaOrders@waed.uscourts.gov. The parties shall provide their exhibit list in the following format:

| Ex. # | Admitted | Description |
|-------|----------|-------------|
| 1 | | Photograph of items seized |
| 2 | | Aerial video surveillance from 01/01/2016.<br>Start Time: 01:03:23<br>End Time:  01:09:54 |

Exhibit lists shall include a unique exhibit number and a brief description of the exhibit. For all exhibits consisting of an audio or video file, the exhibit list must designate the precise beginning and ending time indexes of the portion of the file the party intends to use at trial.

B. The USAO shall consecutively number their exhibits from **1 to 999.** In single-defendant cases, Defendant shall consecutively number exhibits from **1000 to 1999;** in multi-defendant cases, Defendants shall

consecutively number exhibits from x000 to x999, substituting "x" for each Defendant's assigned case identifier (e.g. Defendant 3 would number exhibits from 3000 to 3999, etc.).  Exhibits shall be pre-marked for identification before trial commences.

13.  **Witness Lists.**  By no later than **April 7, 2017,** each party shall file and serve a list of witnesses that party intends to call to testify at trial.  **The witness list must identify the existence, but need not include the name, of any CI the USAO intends to call to testify.**  Parties shall email copies of their witness list to the Court at SheaOrders@waed.uscourts.gov.

14.  **Requested Voir Dire, Trial Briefs, Proposed Jury Instructions, and Verdict Form.**  By no later than **April 7, 2017,** each party shall file requested voir dire, a trial brief, proposed jury instructions, and verdict form, in accordance with the requirements below.  Each party shall email copies to the Court at SheaOrders@waed.uscourts.gov.

A.  **Requested Voir Dire.**  The parties may request that the Court include specific questions during the Court's standard voir dire.  Requested voir dire shall not duplicate information elicited in the Clerk's Office Jury Questionnaire ("COJQ") and the Court's Criminal Jury Trial Procedures Letter.

B. **Trial Briefs.** Trial briefs shall not exceed 20 pages without prior Court approval, upon motion and good cause shown. LR 39.1.

C. **Proposed Jury Instructions and Verdict Form.** Jury instructions shall (i) address issues that are unique to the case, and (ii) include instructions regarding the elements of each charge or defense. If a Ninth Circuit Model Jury Instruction exists for a particular charge or defense, the parties shall provide the model instruction or shall submit argument as to why the instruction is inadequate or no longer supported by law. Proposed jury instructions shall be accompanied by a proposed verdict form. **The parties must confer to develop joint proposed jury instructions and the verdict form.** The Court will only accept an individual party's proposed jury instructions on those points/issues upon which the parties could not agree, and only if the party's memoranda accompanying the individually proposed instruction(s) sets forth the legal authority and justification for why the instruction is necessary.

15. **Exhibits**

A. **Exhibit Binders.** By no later than **April 10, 2017,** each party must provide to the Court two Bates-stamped copies of all trial exhibits — or, in the

case of physical exhibits, a photograph or other reproduction of the exhibit — the party intends to introduce at trial.   All trial exhibits shall be organized sequentially by exhibit number in a three-ring binder.   The exhibit binders provided to the Court will <u>not</u> be available for use by the attorneys at trial.

B.   **JERS.**

i.   The Court utilizes the Jury Evidence Recording System (JERS), a system that makes evidence digitally available to the jury during deliberations. **Counsel shall promptly consult the Court's JERS Information web page[2] to acquaint themselves with JERS procedures and to ensure they acquire, retain, and provide evidence to the Court in the necessary format.**

ii.   By no later than **April 7, 2017,** each party who intends to introduce evidence at trial must supply its JERS exhibits to the Courtroom Deputy in the manner and format set forth in the JERS – Basics for Lawyers document.[3]   Counsel may contact the Courtroom Deputy at (509) 943-8172.

---

[2]   http://www.waed.uscourts.gov/jers-information.

[3]   This document can be found on the Court's public website at: http://www.waed.uscourts.gov/sites/default/files/u86/JERS%20-%20Basics%20for%20Lawyers.pdf.

      **C.**    **Exchange of Exhibits.**  By no later than **April 7, 2017,** each party must provide to all other parties a copy of the exhibits it intends to introduce at trial.  The exhibits must be provided in digital format, unless the parties agree otherwise.

16.   **Trial Notices.**  By no later than **April 7, 2017,** each party shall file a notice that indicates the amount of time requested for voir dire and for opening statement.  In addition, defense counsel must indicate if his/her client waives presence at sidebar and jury questions.

17.   **Technology Readiness Meeting.**  By no later than **April 10, 2017,** any party seeking to offer video or audio evidence at trial must meet with Court staff at the location of the trial to verify compatibility with the Court's presentation systems.  The parties shall contact the Courtroom Deputy at (509) 943-8172 to arrange this meeting.

18.   **Trial**.  The jury trial is **RESET** from October 17, 2016, to **April 17, 2017,** at **9:00 a.m.** in **RICHLAND**.  Counsel and Defendants shall be prepared to meet with the Court at least 30 minutes prior to the commencement of the trial.

19.   Pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (iv), the Court **DECLARES EXCLUDABLE from Speedy Trial Act calculations** the period from **September 27, 2016**, the date the parties moved to continue, through **April 17, 2017,** the new trial date, as the period of delay granted for adequate preparation by counsel.

**20.    Summary of Deadlines**

| | |
|---|---|
| **FIRST PRETRIAL CONFERENCE** | **December 13, 2016**<br>**1:30 P.M. - RICHLAND** |
| Rule 16 expert summaries produced to other parties and emailed to Court:<br>        USAO's Experts:<br>        Defendants' Experts:<br>        USAO's Rebuttal Experts: | <br><br>**January 27, 2017**<br>**February 3, 2017**<br>**February 10, 2017** |
| All pretrial motions, including discovery motions, *Daubert* motions, and motions *in limine*, filed | **February 17, 2017** |
| **SECOND PRETRIAL CONFERENCE** | **February 21, 2017**<br>**1:30 P.M. - RICHLAND** |
| **FINAL PRETRIAL CONFERENCE**<br>***Deadline for motions to continue trial*** | **March 28, 2017**<br>**1:30 P.M. - RICHLAND** |
| CIs' identities and willingness to be interviewed disclosed to Defendants (if applicable) | **March 31, 2017** |
| Grand jury transcripts produced to Defendants: | **March 31, 2017** |
| Exhibit and witness lists filed and emailed to the Court | **April 7, 2017** |
| Requested voir dire, trial briefs, jury instructions, and verdict forms filed and emailed to the Court | **April 7, 2017** |
| Exhibits delivered to all other parties | **April 7, 2017** |
| Delivery of JERS-compatible digital evidence files to the Courtroom Deputy | **April 7, 2017** |
| Trial notices filed with the Court | **April 7, 2017** |
| Exhibit binders delivered to the Court | **April 10, 2017** |
| Technology readiness meeting (in-person) | **April 10, 2017** |
| **JURY TRIAL** | **April 17, 2017**<br>**9:00 A.M. - RICHLAND** |

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order and provide copies to all counsel, the U.S. Probation Office, and the U.S. Marshals Service.

**DATED** this  3rd  day of October 2016.


                    s/Edward F. Shea
                 _____
                    EDWARD F. SHEA
              Senior United States District Judge