1  MICHAEL C. ORMSBY
2  United States Attorney
   Eastern District of Washington
3  Stephanie A. Van Marter
4  Assistant United States Attorney
   Post Office Box 1494
5  Spokane, WA 99210-1494
6  Telephone: (509) 353-2767

7

8              UNITED STATES DISTRICT
9      FOR THE EASTERN DISTRICT OF WASHINGTON

10  UNITED STATES OF AMERICA,                4:15-CR-6049-EFS
11
                        Plaintiff,           SECOND SUPERSEDING
12                                           INDICTMENT
        vs.
13
14  JESE DAVID CARILLO CASILLAS,             Vio: 21 U.S.C. § 846
15  ROSA ARACELI GRANADOS (a.k.a. La         Conspiracy to Distribute 500
    China),                                  Grams or More of a Mixture or
16                                           Substance Containing a
17  ███████████████████████████,            Detectable Amount of
                                             Methamphetamine, 5 Kilograms
18  FRANCISCO DUARTE FIGUEROA,               or More of Cocaine, 1 Kilogram
19  GABRIELA MENDOZA VASQUEZ,                or More of Heroin and 400 grams
                                             or More of N-phenyl-N
20  ████████████████████████,               Propanamide
21  ████████████████████,                   (Count 1)
22  SALVADOR GUDINO CHAVEZ,
23                                           Vio: 18 U.S.C. § 1956(h)
    ████████████████████████                Conspiracy to Commit Money
24  ████████████████████,                   Laundering (Count 2)
25
    ERICA MARIA SOLIS,                       Vio: 21 U.S.C. § 841(a)(1),
26  EDGAR OMAR HERRERA FARIAS,               (b)(1)(A)(ii)
27  (a.k.a. Burro),                          Possession with the Intent to
                                             Distribute 5 Kilograms or more of
28  ██████████████                          Cocaine (Count 3)

SECOND SUPERSEDING INDICTMENT – 1
Second Superseding.Indictment.docx

| | |
|---|---|
| 1 | Vio: 18 U.S.C. § 1956(a)(1)(B)(i) |
| 2 | Money Laundering |
| 3 JUAN BRAVO ZAMBRANO, | (Counts 4, 5, 6, 7, 10, 11, 12, 14) |
| 4 | Vio: 21 U.S.C. § 841(a)(1), |
| 5 | (b)(1)(A)(viii) |
| 6 JOSE ADRIAN MENDOZA, | Possession with the Intent to |
| 7 | Distribute 50 grams or more of |
| 8 | Actual Methamphetamine |
| 9 | (Count 8) |
| 10 Defendants. | Vio: 18 U.S.C. 1956(a)(1)(B)(i) |
| 11 | International Money Laundering |
| 12 | (Counts 9, 13) |
| 13 | Vio:  21 U.S.C. § 841(a)(1), |
| 14 | (b)(1)(A)(i), (vi) |
| 15 | Possession with the Intent to |
| 16 | Distribute 1 Kilogram or More of |
| 17 | a Mixture or Substance |
| 18 | Containing Heroin and |
| 19 | 400 grams or More of a Mixture |
| 20 | or Substance Containing N- |
| 21 | phenyl-N Propanamide |
|  | (Count 15) |
|  | Notice of Criminal Forfeiture |
|  | Allegations |

The Grand Jury Charges:

## COUNT ONE

Beginning on a date unknown but by on or about January 2010 continuing

until on or about December 6, 2016, in the Eastern District of Washington and

elsewhere, the Defendants, JESE DAVID CARILLO CASILLAS, ROSA

SECOND SUPERSEDING INDICTMENT – 2
Second Superseding.Indictment.docx

ARACELI GRANADOS (a.k.a. La China), ███████████

████████████████████████████, FRANCISCO DUARTE

FIGUEROA, GABRIELA MENDOZA VASQUEZ, ████████████

███████████████████████, SALVADOR GUDINO

CHAVEZ, ████████████████████████████, ERICA

MARIA SOLIS, EDGAR OMAR HERRERA FARIAS (a.k.a. Burro), ██████

███████████████████████████████

████████ JUAN BRAVO ZAMBRANO, ███████████

██████████████████████████████

███████, JOSE ADRIAN MENDOZA, ███████████████████,

did knowingly and intentionally combine, conspire, confederate and agree together

with each other and other persons, both known and unknown to the Grand Jury, to

commit the following offense against the United States, to wit:  distribution of 500

grams or more of a mixture or substance containing a detectable amount of

Methamphetamine, 5 kilograms or more of a mixture or substance containing a

detectable amount of Cocaine, 1 kilograms or more of a mixture or substance

containing a detectable amount of heroin and 400 grams or more of a mixture or

substance containing a detectable amount of N-phenyl-N Propanamide, all

Schedule II controlled substances, in violation of 21 U.S.C. § 841(a)(1),

(b)(1)(A)(i), (ii)(I), (vi), and (viii); all in violation of 21 U.S.C. § 846.

SECOND SUPERSEDING INDICTMENT – 3
Second Superseding.Indictment.docx

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### COUNT TWO

Beginning on a date unknown but by on or about January 2010 continuing until present time, in the Eastern District of Washington and elsewhere, the Defendants, JESE DAVID CARILLO CASILLAS, GABRIELA MENDOZA VASQUEZ, █████████████████████████████████████████, ██████████████████████████████, SALVADOR GUDINO CHAVEZ, ███████████████████████████████████████████████, and others known and unknown, unlawfully and knowingly combined, conspired, confederated and agreed together and with each other to commit certain money laundering offenses under 18 U.S.C. § 1956, as follows:

### (1956(a)(1))

The Defendants named in this count: did conduct and attempt to conduct financial transactions, that is: transactions involving the movement of funds by wire and other means affecting interstate and foreign commerce, and transactions involving the use of a financial institution which is engaged in and affects interstate and foreign commerce, which in fact involved the proceeds of specified unlawful activity, that is, conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, knowing that the property involved in the financial transactions represents the proceeds of some form of unlawful activity, knowing that the transactions are designed in whole or in part to

SECOND SUPERSEDING INDICTMENT – 4
Second Superseding.Indictment.docx

conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and

### (1956(a)(2))

The Defendants named in this count: did transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States with the intent to promote the carrying on of specified unlawful activity, that is, conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; in violation of 18 U.S.C. § 1956(a)(2)(A).

The Grand Jury further alleges this offense was committed during and in furtherance of the conspiracy charged in Count One, above.

All in violation of 18 U.S.C. § 1956(h).

### COUNT THREE

On or about August 20, 2014, in the Eastern District of Washington, the Defendant, ERICA MARIA SOLIS, did knowingly and intentionally possess with intent to distribute 5 kilograms or more of mixture or substance containing a detectable amount of cocaine, a schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii), and 18 U.S.C. § 2.

1

## COUNT FOUR

On or about April 22, 2015, and continuing until on or about April 27, 2015, in the Eastern District of Washington and elsewhere, the Defendant, JESE DAVID CARILLO CASILLAS, did conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit: a money wire transfer of US currency to a Wells Fargo account in the name of JESE CASILLAS located in Kennewick, Washington; which involved the proceeds of a specified unlawful activity, that is conspiracy to distribute and the distribution of controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is funds in the amount of $8000 represented the proceeds of some form of unlawful activity in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), and 2.

## COUNT FIVE

On or about November 24, 2015, and continuing until on or about December 14, 2015, in the Eastern District of Washington and elsewhere, the Defendant, JESE DAVID CARILLO CASILLAS, did conduct and attempt to conduct a financial transaction  affecting interstate and foreign commerce, to wit: a money

SECOND SUPERSEDING INDICTMENT – 6

Second Superseding.Indictment.docx

wire transfer of U.S. currency to a Wells Fargo account in the name of JESE

CASILLAS located in Kennewick, Washington; which involved the proceeds of a

specified unlawful activity, that is conspiracy to distribute and the distribution of

controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846,

knowing that the transaction was designed in whole or in part to conceal and

disguise the nature, the location, the source, the ownership, and the control of the

proceeds of the specified unlawful activity, and that while conducting and

attempting to conduct such financial transaction knew that the property involved in

the financial transaction, that is funds in the amount of $5,000 represented the

proceeds of some form of unlawful activity  in violation of 18 U.S.C. §§

1956(a)(1)(B)(i), and 2.

## COUNT SIX

On or about December 2, 2015, and continuing until on or about December

5, 2015, in the Eastern District of Washington and elsewhere, the Defendant,

GABRIELA MENDOZA VASQUEZ, did conduct and attempt to conduct a

financial transaction  affecting interstate and foreign commerce, to wit: a money

wire transfer of U.S. currency to a Bank of America account in the name of

Gabriela Mendoza located in Pasco, Washington; which involved the proceeds of a

specified unlawful activity, that is conspiracy to distribute and the distribution of

controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846,

SECOND SUPERSEDING INDICTMENT – 7
Second Superseding.Indictment.docx

1  knowing that the transaction was designed in whole or in part to conceal and

2
3  disguise the nature, the location, the source, the ownership, and the control of the

4  proceeds of the specified unlawful activity, and that while conducting and

5  attempting to conduct such financial transaction knew that the property involved in

6
7  the financial transaction, that is funds in the amount of $6,000 represented the

8  proceeds of some form of unlawful activity in violation of 18 U.S.C. §§

9
10  1956(a)(1)(B)(i), and 2.

11                                    **COUNT SEVEN**

12
13          On or about December 2, 2015, and continuing until on or about December

14  8, 2015, in the Eastern District of Washington and elsewhere, the Defendant, JESE

15  DAVID CARILLO CASILLAS, did conduct and attempt to conduct a financial

16
17  transaction  affecting interstate and foreign commerce, to wit: a money wire

18  transfer of U.S. currency to a Wells Fargo account in the name of Jese Casillas

19
20  located in Kennewick, Washington; which involved the proceeds of a specified

21  unlawful activity, that is conspiracy to distribute and the distribution of controlled

22
23  substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, knowing

24  that the transaction was designed in whole or in part to conceal and disguise the

25
26  nature, the location, the source, the ownership, and the control of the proceeds of

27  the specified unlawful activity, and that while conducting and attempting to

28  conduct such financial transaction knew that the property involved in the financial

SECOND SUPERSEDING INDICTMENT – 8
Second Superseding.Indictment.docx

transaction, that is funds in the amount of $1,689.14 represented the proceeds of some form of unlawful activity in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), and 2.

## COUNT EIGHT

On or about January 6, 2016, in the Eastern District of Washington, the Defendants, JESE DAVID CARILLO CASILLAS and ███████████████, did knowingly and intentionally possess with intent to distribute 50 grams or more of actual Methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), and 18 U.S.C. § 2.

## COUNT NINE

On or about March 1, 2016, and continuing until on or about March 14, 2016, in the Eastern District of Washington and elsewhere, the Defendant, JESE DAVID CARILLO CASILLAS, did transport, transmit, and transfer, and attempt to transport, transmit, and transfer monetary funds, that is $46,950 in Canadian Currency, from a place outside the United States that is Surrey, British Columbia Canada, to and through a place inside the United States, to wit: US currency wired to various accounts in the United States to include $5,000 wired to a JP Morgan Chase account located in Kennewick, Washington, in the name of Daisy Camacho, with the intent to promote the carrying on of specified unlawful activity, that is, conspiracy to distribute and distribution of controlled substances, in violation of

SECOND SUPERSEDING INDICTMENT – 9

21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, in violation of 18 U.S.C. §§

1956(a)(2)(A), and 2.

## COUNT TEN

On or about April 7, 2016, until or about April 13, 2016, in the Eastern

District of Washington and elsewhere, the Defendant, JESE DAVID CARILLO

CASILLAS, did conduct and attempt to conduct a financial transaction affecting

interstate and foreign commerce, to wit: the transfer, delivery and other disposition

of $244,350.00 in U.S. funds from and at the direction of JESE DAVID

CARILLLO CASILLAS to ████████████████████; which involved the

proceeds of a specified unlawful activity, that is conspiracy to distribute and the

distribution of controlled substances, in violation of 21 U.S.C. §§ 841(a)(1),

(b)(1)(A), and 846, knowing that the transaction was designed in whole or in part

to conceal and disguise the nature, the location, the source, the ownership, and the

control of the proceeds of the specified unlawful activity, and that while

conducting and attempting to conduct such financial transaction knew that the

property involved in the financial transaction, that is funds in the amount of

$244,350.00 represented the proceeds of some form of unlawful activity in

violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), and 2.

SECOND SUPERSEDING INDICTMENT – 10
Second Superseding.Indictment.docx

## COUNT ELEVEN

On or about May 17, 2016 and continuing until on or about May 18, 2016, in the Eastern District of Washington and elsewhere, the Defendant, JESE DAVID CARILLO CASILLAS, did conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit: a money wire transfer of U.S. funds to a Wells Fargo account in the name of ███████████ located Kennewick, Washington; which involved the proceeds of a specified unlawful activity, that is conspiracy to distribute and the distribution of controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is funds in the amount of $3,000 represented the proceeds of some form of unlawful activity in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), and 2.

## COUNT TWELVE

████████████████████████████████████████,
███████████████████████████████████████
████████████████████████████████
████████████████████████████████

SECOND SUPERSEDING INDICTMENT – 11
Second Superseding.Indictment.docx



## COUNT THIRTEEN

On or about May 26, 2016, and continuing until on or about June 3, 2016, in the Eastern District of Washington and elsewhere, the Defendant, JESE DAVID CARILLO CASILLAS, did transport, transmit, and transfer, and attempt to transport, transmit, and transfer monetary funds, that is $225,070 in Canadian Currency, from a place outside the United States that is Surrey, British Columbia, Canada, to and through a place inside the United States, to wit: U.S. currency deposited and withdrawn in various accounts in the United States to include a Wells Fargo Account located in Kennewick, Washington, in the name of ▮▮▮▮ ▮▮▮▮ with the intent to promote the carrying on of specified unlawful activity,

SECOND SUPERSEDING INDICTMENT – 12
Second Superseding.Indictment.docx

1   that is, conspiracy to distribute and distribution of controlled substances, in

2   violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, in violation of Title 18

3

4   U.S.C. §§ 1956(a)(2)(A), and 2.

5

6                              **COUNT FOURTEEN**

SECOND SUPERSEDING INDICTMENT – 13
Second Superseding.Indictment.docx

## COUNT FIFTEEN

On or about August 15, 2016, in the Eastern District of Washington, the

Defendants, JESE DAVID CARILLO CASILLAS, FRANCISCO DUARTE

FIGUEROA and ████████████████████████, did knowingly and

intentionally possess with intent to distribute approximately 10 kilograms of a

substance which contained 400 grams or more of a mixture or substance containing

a detectable amount of N-phenyl-N Propanamide and 1 kilogram or more of a

mixture or substance containing a detectable amount of Heroin, Schedule II

controlled substances, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(i), (vi) and

18 U.S.C. § 2.

## NOTICE OF CRIMINAL FORFEITURE ALLEGATIONS

The allegations contained in this Indictment are hereby re-alleged and

incorporated by reference for the purpose of alleging forfeitures.

Pursuant to 21 U.S.C. § 853, upon conviction of an offense of violation of

21 U.S.C. § 846, JESE DAVID CARILLO CASILLAS, ROSA ARACELI

GRANADOS (a.k.a. La China), █████████████████████████UEL

████████████████, FRANCISCO DUARTE FIGUEROA,

GABRIELA MENDOZA VASQUEZ, █████████████████████,

████████████████████████████████,

SECOND SUPERSEDING INDICTMENT – 14
Second Superseding.Indictment.docx

SALVADOR GUDINO CHAVEZ, ███████████████████,

████████████████████████████████

ERICA MARIA SOLIS, EDGAR OMAR HERRERA FARIAS (a.k.a. Burro),

█████████████████████████████████████

███████████████ JUAN BRAVO ZAMBRANO, ████████████

████████████████████████████████, JOSE ADRIAN

MENDOZA, ███████████████████████, and, shall forfeit to the United

States of America, any property constituting, or derived from, any proceeds

obtained, directly or indirectly, as the result of such offense(s) and any property

used or intended to be used, in any manner or part, to commit or to facilitate the

commission of the offense(s).

If any forfeitable property, as a result of any act or omission of the

Defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided

without difficulty;

SECOND SUPERSEDING INDICTMENT – 15
Second Superseding.Indictment.docx

1    the United States of America shall be entitled to forfeiture of substitute property

2    pursuant to 21 U.S.C. § 853(p).

3

4

5            DATED this ███ day of December 2016.

6                                        A TRUE BILL

7

8                                        ████████████████

9                                        Foreperson

10

11

12    MICHAEL C. ORMSBY
      United State Attorney

13

14

15

16    Stephanie A. Van Marter
      Assistant United States Attorney

17

18

19

20

21

22

23

24

25

26

27

28

SECOND SUPERSEDING INDICTMENT – 16
Second Superseding.Indictment.docx