UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSE ADRIAN MENDOZA,<br><br>Defendant. | No. 4:15-CR-06049-EFS-23<br><br>ORDER FOLLOWING ARRAIGNMENT ON SUPERSEDING INDICTMENT AND SETTING CONDITIONS OF RELEASE |
|---|---|

On Friday, December 16, 2016, the Defendant was arraigned on the Second Superseding Indictment (ECF No. 105). The Defendant appeared, in custody, with his attorney Deric Orr. Assistant United States Attorney Laurel Holland represented the United States.

Defendant was advised of, and acknowledged the charges against him and the penalties he faces.

Defendant was advised of, and acknowledged Defendant's rights.

Defendant pled not guilty.

ORDER FOLLOWING ARRAIGNMENT ON SUPERSEDING INDICTMENT AND SETTING CONDITIONS OF RELEASE- 1

A member of the Criminal Justice Act Panel, Scott Johnson, was appointed to represent the Defendant.

The United States moved for detention (ECF No. 194). The Court considered the Pretrial Services Report (ECF No. 195) and the counsels' arguments. To decide whether conditions of release would reasonably assure the Defendant's appearance in court and the safety of the community, the Court considered and evaluated the four factors outlined in 18 U.S.C. § 3142(g):

1. The nature and circumstances of the offense;
2. The weight of the evidence against the Defendant;
3. The history and characteristics of the Defendant; and
4. The nature and seriousness of the danger the Defendant would present to the community if released.

The Court finds the following:

**FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION**

☒   Pursuant to 18 U.S.C. § 3142(e), there is a rebuttable presumption that the defendant is a flight risk and a danger to the community based on the nature of the pending charge. Application of the presumption is appropriate in this case. Defendant has not rebutted the presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community

and/or no condition or combination of conditions will reasonably assure the appearance of the Defendant as required.

☐ This is not a rebuttable presumption case; however, the case is eligible for a detention hearing under 18 U.S.C. § 3142(f)(2). There is a serious risk that the Defendant: will not appear and/or endanger the safety of another person or the community.

☐ Defendant has a history of: ☐ Failures to appear

☐ Failures to comply

☐ The Court finds the Defendant is not supervisable.

☐ Defendant appears to suffer from chemical dependency.

☐ Defendant has a significant criminal history.

☐ Defendant has an outstanding warrant(s).

☐ Defendant was under supervision at the time of her arrest/the instant alleged offense.

☐ Defendant does not have a suitable residence.

☒ The Grand Jury has found probable cause.

☐ Defendant is currently on probation/supervision resulting from a prior offense.

☐ Other:

ORDER FOLLOWING ARRAIGNMENT ON SUPERSEDING INDICTMENT AND SETTING CONDITIONS OF RELEASE- 3

☐   By a preponderance of the evidence there are no conditions or combination of conditions other than detention that will reasonably assure the appearance of Defendant as required.

☐   By clear and convincing evidence there are no conditions or combination of conditions other than detention that will ensure the safety of the community.

**IT IS ORDERED:**

1. The United States' Motion for Detention (**ECF No. 194**) is **DENIED**.

2. Defendant shall post a **$10,000 signature bond** and pay ten percent down ($1000) to assure his future court appearances.

3. If a party desires this Court to reconsider conditions of release because of material and newly discovered circumstances under 18 U.S.C. § 3142(f), that party shall file a motion with the court, served upon the United States Attorney, stating what circumstances are new, how they are established, and the requested change in conditions of release.

4. If a party seeks review of this Order by another court pursuant to 18 U.S.C. § 3145(b), counsel shall adhere to the Detention Order Review Protocol found in L.Cr.R. 46(k).

5. The Defendant is bound over to Judge Edward F. Shea for further proceedings.

6.    Defendant shall complete and sign A.O. Form 199C and, upon release, abide by the following conditions at all times:

### CONDITIONS OF RELEASE

**(1)**    Defendant shall not commit any offense in violation of federal, state or local law.  Defendant shall advise the supervising Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement.  Defendant shall not work for the United States government or any federal or state law enforcement agency, unless Defendant first notifies the supervising Pretrial Services Officer in the captioned matter.

**(2)**    Defendant shall immediately advise the Court, defense counsel and the U.S. Attorney in writing before any change in address and telephone number.

**(3)**    Defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed.

**(4)**    Defendant shall sign and complete A.O. Form 199C before being released and shall reside at the address furnished.

**(5)**    Defendant shall not possess a firearm, destructive device or other dangerous weapon.

**(6)**    Defendant shall report to the United States Probation Office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct.

**(7)**    Defendant shall contact defense counsel at least once a week.

**(8)**    Defendant is further advised, pursuant to 18 U.S.C. § 922(n), it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to possess, ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

**(9)**    Defendant shall refrain from the use or unlawful possession of a narcotic

drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. Defendant may not possess or use marijuana, regardless of whether Defendant has been prescribed a medical marijuana card.

**(10)** Defendant shall surrender any passport (including an expired one) to Pretrial Services and shall not apply for a new passport.

## SPECIAL CONDITIONS

**(1)** Submit to a substance abuse evaluation and undergo any recommended substance abuse treatment as directed by the United States Probation/Pretrial Services Office.

**(2)** Abstain totally from the use of alcohol.

**(3)** Submit to random urinalysis testing as directed by the United States Probation/Pretrial Services Office.

**(4)** Refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing which is required as a condition of release.

**(5)** Submit to a mental health evaluation and undergo any recommended mental health treatment as directed by the United States Probation/Pretrial Services Office.

**(6)** No contact with co-defendants or potential witnesses.

**(7)** Remain in the Eastern District of Washington unless given specific permission by the Probation Office to travel outside the district.

DATED this December 16, 2016.

s/*Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE
