UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GABRIELA MENDOZA VASQUEZ,<br><br>Defendant. | No. 4:15-CR-6049-EFS-7<br><br>ORDER DENYING THE UNITED STATES' MOTION FOR DETENTION AND SETTING CONDITIONS OF RELEASE<br><br>**ECF No. 191** |

On Wednesday, December 28, 2016, the Court conducted a detention hearing in accordance with 18 U.S.C. § 3142(f).  Defendant appeared, in custody, with her attorney Ricardo Hernandez.  Assistant United States Attorney Stephanie Van Marter represented the United States.

The United States' Motion for Detention (**ECF No. 191**) is **DENIED**.

The Court considered the Pretrial Services Report (ECF Nos. 197, 244) and the counsels' arguments.  To decide whether conditions of release would reasonably assure the Defendant's appearance in court and the safety of the community, the Court considered and evaluated the four factors outlined in 18

ORDER DENYING THE UNITED STATES' MOTION FOR DETENTION AND SETTING CONDITIONS OF RELEASE - 1

U.S.C. § 3142(g):

1. The nature and circumstances of the offense;

2. The weight of the evidence against the Defendant;

3. The history and characteristics of the Defendant; and

4. The nature and seriousness of the danger the Defendant would present to the community if released.

The Court finds the following:

**FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION**

☒  Pursuant to 18 U.S.C. § 3142(e), there is a rebuttable presumption that the Defendant is a flight risk and a danger to the community based on the nature of the pending charge.  Defendant has rebutted the presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community and/or no condition or combination of conditions will reasonably assure the appearance of the Defendant as required.

☐  This is not a rebuttable presumption case; however, the case is eligible for a detention hearing under 18 U.S.C. § 3142(f)(2).  There is a serious risk that the Defendant: will not appear and/or endanger the safety of another person or the community.

ORDER DENYING THE UNITED STATES' MOTION FOR DETENTION AND SETTING CONDITIONS OF RELEASE - 2

**IT IS ORDERED:**

1. The United States' Motion for Detention (**ECF No. 191**) is **DENIED**.

2. If a party desires this Court to reconsider conditions of release because of material and newly discovered circumstances under 18 U.S.C. § 3142(f), that party shall file a motion with the court, served upon the United States Attorney, stating what circumstances are new, how they are established, and the requested change in conditions of release.

3. If a party seeks review of this Order by another court pursuant to 18 U.S.C. § 3145(b), counsel shall adhere to the Detention Order Review Protocol found in L.Cr.R. 46(k).

4. The Defendant is bound over to Judge Edward F. Shea for further proceedings.

5. Defendant shall not be released until the Court approves the third party signatory on Defendant's ordered bond.

6. Defendant shall complete and sign A.O. Form 199C and, upon release, abide by the following conditions at all times:

**BOND**

Defendant and a third-party guarantor shall execute a $100,000.00 percentage bond with 10 percent ($10,000.000) down paid in cash. The bond will be surrendered in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

ORDER DENYING THE UNITED STATES' MOTION FOR DETENTION AND SETTING CONDITIONS OF RELEASE - 3

**CONDITIONS OF RELEASE**

**(1)** Defendant shall not commit any offense in violation of federal, state or local law. Defendant shall advise the supervising Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement. Defendant shall not work for the United States government or any federal or state law enforcement agency, unless Defendant first notifies the supervising Pretrial Services Officer in the captioned matter.

**(2)** Defendant shall immediately advise the Court, defense counsel and the U.S. Attorney in writing before any change in address and telephone number.

**(3)** Defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed.

**(4)** Defendant shall sign and complete A.O. Form 199C before being released and shall reside at the address furnished.

**(5)** Defendant shall not possess a firearm, destructive device or other dangerous weapon.

**(6)** Defendant shall report to the United States Probation Office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct.

**(7)** Defendant shall contact defense counsel at least once a week.

**(8)** Defendant is further advised, pursuant to 18 U.S.C. § 922(n), it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to possess, ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

**(9)** Defendant shall refrain from the use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. Defendant may not possess or use marijuana, regardless of whether Defendant has been prescribed a medical marijuana card.

ORDER DENYING THE UNITED STATES' MOTION FOR DETENTION AND SETTING CONDITIONS OF RELEASE - 4

**(10)** Defendant shall surrender any passport to Pretrial Services and shall not apply for a new passport.

## SPECIAL CONDITIONS

**(1)** Notify the United States Probation/Pretrial Services Office within 24 hours of any contact with law enforcement.

**(2)** Remain in the Eastern District of Washington unless given permission by the United States Probation/Pretrial Services Office.

**(3)** Defendant shall submit to a mental health evaluation and any mental health treatment as required by United States Probation/ Pretrial Services Office.

**(4)** **GPS Monitoring**: The Defendant shall participate in a program of GPS confinement. The Defendant shall wear, at all times, a GPS device under the supervision of U.S. Probation. In the event the Defendant does not respond to GPS monitoring or cannot be found, the U.S. Probation Office shall forthwith notify the United States Marshals' Service, who shall immediately find, arrest and detain the Defendant. The Defendant shall pay all or part of the cost of the program based upon ability to pay as determined by the U.S. Probation Office.

**AND**

**Home detention**: Defendant shall be restricted to her residence at all times except for: attorney visits; court appearances; case-related matters; court-ordered obligations; or other activities as pre-approved by the Pretrial Services Office or supervising officer, including but not limited to employment or mental health treatment.

**(5)** Defendant shall not have contact with any witnesses or co-defendants.

DATED December 28, 2016.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER DENYING THE UNITED STATES' MOTION FOR DETENTION AND SETTING CONDITIONS OF RELEASE - 5