UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JUAN BRAVO ZAMBRANO,<br><br>Defendant. | No. 4:15-CR-6049-EFS-19<br><br>ORDER GRANTING UNITED STATES' MOTION FOR DETENTION |

The Court held a bail hearing by video conference on December 28, 2016, having continued the matter from December 16, 2016, to allow Defendant to rebut a proffer by the United States. Assistant U.S. Attorney Stephanie Van Marter appeared in Spokane for the United States. Defendant was present, in custody, by video with counsel Richard A. Smith.

This Court finds there is probable cause Defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed under the Controlled Substances Act, 21 U.S.C. § 801, *et seq*.

Defendant appears before the court with no prior criminal history, no history of threats or violence, and significant ties to the community. In spite of the burden to produce some quantum of evidence shifting to the Defendant, he remains entitled to an overall presumption that a court can fashion conditions of release which will reasonably assure community safety and appearance for further proceedings

The United States, in seeking Defendant's detention, contended Defendant, if

ORDER - 1

released, would present a risk of flight and a danger to the safety of the community. Both sides presented argument.

Pursuant to 18 U.S.C. § 3142, this Court has taken into account the evidence, testimony and information produced at this hearing concerning:

**I.    The nature and circumstances of the offense charged**

Defendant is charged with conspiracy to distribute 500 grams or more of methamphetamine, 5 kilograms or more of cocaine, and 1 kilogram or more of heroin, as well as other controlled substances. He is alleged to be a "mule" for a drug trafficking organization, backpacking multiple-kilogram loads of cocaine and other drugs across the border from the Eastern District of Washington into Canada, over an extended period. It is further alleged that Defendant was armed with a firearm during some of these activities. Conviction carries a ten year mandatory minimum prison term. These circumstances imply a danger to the community and a motivation to flee, and a faculty for surreptitiously crossing international borders, and weigh in favor of detention.

**II.    The weight of the evidence against the Defendant**

The evidence appears substantial, and therefore supports detention, though the Court must accord the least weight to this factor.

**III.    Defendant's history and characteristics, including:**

**Character** – While it is difficult to assess "character" beyond the specific categories set out by 18 U.S.C. § 1342 and addressed elsewhere in this recitation, the Court notes that Defendant has apparently sustained a residency in the community, seasonal agricultural employment, and family ties. He remains loyal to the woman who became his girlfriend at age sixteen and who is the mother of his two children. This favors release.

**Physical and mental condition** – Pretrial Services reports that Defendant appears to be healthy, with no physical or mental problems. There is no indication he requires the care of a doctor or, with the exception noted below, medications.

ORDER - 2

This weighs neither for nor against release.

**Family ties** – Defendant's parents reside in this judicial district, along with several of his twelve siblings. These are significant ties.

Defendant resided in Mexico until five years ago, and reportedly has family members living there presently. The United States finds it significant that one of Defendant's brothers, indicted as a co-conspirator, has fled to Mexico with his family.

Family ties to the district are considerable and, though offset by ties to family in Mexico, weigh in favor of release.

**Employment** – Defendant has an eighth grade education, and has worked seasonally in various orchards. He is presently unemployed, but family members report that he could find work upon release. This weights slightly in favor of release.

**Financial resources** – Defendant's family currently subsists on food stamps, and social security disability payments received on behalf of their child. Defendant also has a residence where he can reside. These are meagre resources but, with assistance from Defendant's parents, have proved adequate and support release.

**Length of residence in the community** – Defendant has resided in Benton City, in the Eastern District of Washington, throughout the five years since his arrival in this country. This is not an extended period, but somewhat supports release.

**Community ties** – Defendant is a lawful permanent resident of the United States. His employment and family connections, inasmuch as they are in the Eastern District, also serve as significant ties to the community where he resides.

As referenced under "Family Ties," above, Defendant resided in Mexico until five years ago, and reportedly has family members living there presently.

This resolves slightly in favor of release.

**Past conduct** – Defendant's past conduct, apart from the allegations of the offense, includes being arrested in his home in possession of loaded firearms,

ORDER - 3

growing marijuana plants and a "distribution quantity" of methamphetamine. Defendant points out that he has a valid "medical marijuana card" issued by the State of Washington, but does not address whether this contradicts the Pretrial Services Report of no medical issues. The government argues that Defendant's very young children being in the presence of guns and drugs in the confined spaces of a mobile home presents significant dangers. These circumstances suggest a degree of danger to the community, and weigh in favor of detention.

**History relating to alcohol and drug abuse** – Defendant is said to use marijuana "every few days," assertedly with state authorization, and to drink the occasional beer. Because of federal intolerance of marijuana, this must be given some weight for detention.

**Criminal history** – Defendant has no known criminal history. This significantly supports release.

**Record concerning appearance at court proceedings** – With no criminal history, Defendant has no history of failing to appear for court. To the extent this is not "double counting" the lack of criminal history, this favors release.

**Whether Defendant was under supervision at the time of the alleged offense** – Defendant was not under supervision at the time of the offenses alleged. Again, to the extent this is not "double counting" credit for a lack of criminal history, this supports release.

**IV. And the nature and seriousness of the danger to the community posed by Defendant's release**

Though no threats or violence are attributed to Defendant, and he was legally permitted to possess a firearm, the United States appears to rely on the general conception that guns, illegal drugs and drug trafficking organizations always pose a degree of danger to a community. When combined with specific evidence that Defendant transported significant quantities of drugs through the region over a substantial period, and was later arrested with weapons under circumstances

ORDER - 4

consistent with production and distribution of additional illegal drugs, this weighs in favor of detention.

This Court finds Defendant has not rebutted the 18 U.S.C. § 3142(e) presumption and has not met the burden of production, establishing there are conditions which will reasonably assure his appearance and the safety of the community.

The Court further finds the United States has established by the required preponderance of evidence an absence of conditions or combination of conditions that would reasonably assure this Defendant's presence at trial and has established by clear and convincing evidence that Defendant poses a present risk to the safety of other persons or the community.

**IT IS ORDERED:**

1. The United States' Motion for Detention, **ECF No. 190**, is **GRANTED**. Defendant shall be held in detention pending disposition of this case or until further order of the court.

2. Defendant is committed to the custody of the U.S. Marshal for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

3. Defendant shall be afforded reasonable opportunity for private consultation with counsel.

4. If a party desires this Court to reconsider conditions of release because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), that party shall file a two-page motion for reconsideration succinctly stating what circumstances are new, how they are established, and the requested change in conditions of release. The motion shall indicate whether opposing counsel or Pretrial Services object, whether a hearing is desired, and whether a supplemental pretrial report is requested. This Court will treat the motion as expedited and submitted without argument, and will set a hearing or issue other orders as may be

ORDER - 5

appropriate.

     5.    If a party desires that another Court review this order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington.  Both parties shall cooperate to insure that the motion is promptly determined.

     DATED December 30, 2016.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER - 6