UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff,<br><br>     v.<br><br>SALVADOR GUDINO CHAVEZ (11),<br><br>                   Defendant. | No.  4:15-CR-6049-EFS-11<br><br>**ORDER DENYING AS MOOT GOVERNMENT'S MOTION FOR EXTENSION OF TIME AND SETTING PRETRIAL CONFERENCES AND TRIAL TO COINCIDE WITH CO-DEFENDANTS**<br><br>**CASE MANAGEMENT ORDER** |

Before the Court, without oral argument, are the United States Attorney's Office's Motion for Extension of Time to File Rule 16 Expert Summaries, ECF No. 330, and related Motion to Expedite, ECF No. 331. On January 27, 2017, the Court granted the Government's motions as to the Defendants for whom case management orders had been entered. ECF No. 336. Prior to this Order, no discovery deadlines have been imposed as to Defendant Salvador Gudino Chavez (11). Accordingly, the Court denies as moot the Government's Motion for Extension of Time and Motion to Expedite as to Defendant Salvador Gudino Chavez (11).

    Defendant Salvador Gudino Chavez (11) is joined for trial with co-defendants Jese David Casillas Carrillo (2), Rosa Granados (3), Francisco Duarte Figueroa (6), Gabriela Mendoza Vasquez (7), Brittney Lee Zaragoza (10), Erica Maria Solis (15), Juvenal Landa Solano (14),

CASE MANAGEMENT ORDER - 1

Edgar Omar Herrera Farias (16), Juan Bravo Zambrano (19), Miguel Reyes Garcia (21), Jose Adrian Mendoza (23), and Veronica Elvira Cortez (24). No motion to sever has been filed. Accordingly, the Court sets the pretrial conference and trial and enters a Case Management Order, which sets all Defendants' cases on the same timeline. Pursuant to 18 U.S.C. § 3161(h)(6), the resulting period of delay is excluded under the Speedy Trial Act as to Defendant Salvador Gudino Chavez (11).

The following Case Management Order sets forth the deadlines, hearings, and requirements that the parties will observe in this matter. To the extent this Order conflicts with any previously entered orders in this matter, this Order shall govern. All counsel are expected to carefully read and abide by this Order. The Court will grant relief from the requirements in this Order only upon motion and good cause shown.

**IT IS HEREBY ORDERED:**

1. The United States Attorney's Office's Motion for Extension of Time to File Rule 16 Expert Summaries, **ECF No. 330**, and related Motion to Expedite, **ECF No. 331,** are **DENIED AS MOOT** as to Salvador Gudino Chavez (11).

2. **Emailing the Court.** Where this Order requires counsel to email documents to the Court, all documents shall be attached to the email in Microsoft Word (.doc/.docx) or rich-text (.rtf) format. The subject line of each email shall be formatted as follows:

    **[Case No.]; [Case Name]; [Title of Document]**

    (e.g.: *16-CR-9999-EFS; USA v. Doe; Trial Brief*)

1     **3.**     **CM/ECF Training.** The Eastern District of Washington uses electronic filing through CM/ECF. Counsel must contact the Clerk's Office to arrange CM/ECF training within 30 days of appearance in this case or be otherwise experienced in the use of CM/ECF either in the Eastern District of Washington or another district.

**4.**     **Discovery**

    **A.**     All discovery documents must be Bates-stamped with a unique identifier and must be produced digitally in a text-searchable format. The Court will grant relief from this requirement only in exceptional circumstances, upon motion and good cause shown.

    **B.**     Pursuant to the Eastern District of Washington Local Criminal Rule 16, the Court presumes a defense request for discovery under Federal Rule of Criminal Procedure 16 for ***documents and objects***, Fed. R. Crim. P. 16(a)(1)(E), ***reports of examinations and tests***, Fed. R. Crim. P. 16(a)(1)(F), ***AND expert witnesses***, Fed. R. Crim. P. 16(a)(1)(G), and orders these items to be disclosed. Therefore, the Court imposes a reciprocal duty on defense counsel to provide discovery under Rule 16(b)(1)(A-C) ***for each of the above categories***. <u>Defendants who do not wish to invoke reciprocal discovery obligations must file a notice with the Court and with opposing counsel prior to accepting discovery from the Government.</u>

CASE MANAGEMENT ORDER - 3

  **C.** The Court further presumes a request for discovery and disclosure under Federal Rules of Evidence 404(b), 608(b), and 609, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991), and their progeny. These items are ordered to be disclosed.

  **D.** For those discovery matters ordered to be disclosed by this Order, a party shall not file a motion seeking such discovery, unless the disclosing party fails to timely produce such discovery.

  **E.** Any party seeking discovery or disclosure not otherwise provided for in this Order, or discovery that was ordered by this Order and not timely provided, shall file a motion stating the specific materials sought, the legal authority for the specific request, and certify that the movant has in good faith conferred or attempted to confer with the opposing party in an effort to obtain the discovery or disclosure without court action.

**5.** **Expert-Witness Summaries**

  **A.** Each party shall produce to opposing counsel all summaries of its expert-witness testimony for which disclosure is required under Federal Rule of Criminal Procedure 16, by the deadlines set forth below:

    **USAO's Experts:**   **March 3, 2017**

CASE MANAGEMENT ORDER - 4

        **Defendants' Experts:**     **March 6, 2017**

        **USAO's Rebuttal Experts:**     **March 10, 2017**

       Also by the applicable deadline, counsel shall email an electronic copy of the summary to the Court at SheaOrders@waed.uscourts.gov and shall simultaneously file a Notice of Compliance with this requirement.

  **B.**  All summaries of expert witness testimony must conform to Federal Rule of Criminal Procedure 16 and applicable case law interpreting that Rule. The Court will not permit an expert witness to testify about opinions which are not explicitly expressed in that expert's summary. *See, e.g.*, *United States v. W.R. Grace*, 526 F.3d 499 (9th Cir. 2008).

  **C.**  A party is not permitted to call more than two expert witnesses on any issue, except with permission of the Court. L.R. 43(a)(3).

**6.**  **Motions Practice**

  **A.**  **Generally.** By no later than **March 17, 2017**, all pretrial motions — including discovery motions, *Daubert* motions, and motions in limine — must be filed and served. *See* Fed. R. Crim. P. 12(c). All motions shall either be: (i) noted for hearing without oral argument 14 days after filing, or (ii) noted for hearing with oral argument at the pretrial conference. Responses and replies to motions must be filed in accordance with Local Rule 7.1.

CASE MANAGEMENT ORDER - 5

      **B.** **Expedited Hearing.** Any party seeking an expedited hearing on a time-sensitive matter must file a motion to expedite that (i) demonstrates good cause, (ii) states the position of the opposing party to the motion, and (iii) sets a date of hearing that is no less than **seven days** after the motion's filing. Should the motion to expedite require more immediate judicial attention, the motion shall establish the necessity for an immediate hearing, and the filing party shall notify chambers staff of the motion.

**7.** **Trial Continuances**

    **A.** **Motion Deadline.** All motions to continue the trial must be heard before or at the final pretrial conference. <u>**Any motion to continue trial made after the pretrial conference has occurred will not be granted absent exceptional circumstances**</u>.

    **B.** **Statement of Reasons.** Pursuant to 18 U.S.C. § 3161, if the Defendant seeks a continuance, a Statement of Reasons in support of the motion to continue must be filed contemporaneously with the motion.[1] The Statement of Reasons must (i) be signed by the Defendant, (ii) be signed by a certified translator, if applicable, and (iii) indicate the latest date upon which Defendant is willing to proceed to trial.

---

[1] The Court's Statement of Reasons template can be found on the Eastern District of Washington's public website: www.waed.uscourts.gov.

CASE MANAGEMENT ORDER - 6

      **C.** **Procedure.** Before filing a motion to continue, counsel shall first contact the Courtroom Deputy at (509) 943-8172 to obtain new pretrial conference and trial dates consistent with the length of the requested trial continuance. Thereafter, counsel shall confer with opposing counsel regarding new case management deadlines consistent with the new pretrial conference and trial date. **All motions to continue must include new proposed case management deadlines (either joint or individual) to ensure the to-be-imposed deadlines are best suited to this case.**

**8.** **Pretrial Conference**

    **A.** A Pretrial Conference is **SET** for **February 21, 2017**, at **1:30 p.m.** in **RICHLAND**.

    **B.** The final pretrial conference is **SET** for **March 28, 2017,** at **1:30 p.m.** in **YAKIMA.** At this hearing, the Court will hear all remaining pretrial motions.

    **C.** All pretrial conferences are scheduled to last no more than **30 minutes**, with each side allotted **15 minutes** to present their own motions and resist motions by opposing counsel. If any party anticipates requiring longer than 15 minutes, that party must notify the Courtroom Deputy at least seven days prior to the hearing. **Any party who fails to provide this notice will be limited to 15 minutes.**

CASE MANAGEMENT ORDER - 7

9. **Confidential Informants (CIs).** By no later than **March 31, 2017,** the USAO shall disclose to Defendants the identity of any CIs used in the case, as well as any *Giglio* information, and shall advise Defendants at that time whether any CI so identified is willing to be interviewed by defense counsel.

10. **Grand Jury Transcripts.** The USAO shall produce copies of the grand jury transcripts for any witness it intends to call at trial by: **March 31, 2017.**

11. **Exhibit Lists**

    A. By no later than **April 7, 2017**, each party shall file a list of exhibits the party intends to introduce at trial. Each party shall also email copies of their exhibit list to the Court at SheaOrders@waed.uscourts.gov. The parties shall provide their exhibit list in the following format:

    | Ex. # | Admitted | Description |
    |---|---|---|
    | 1 | | Photograph of items seized |
    | 2 | | Aerial video surveillance from 1/1/2016. Start Time: 01:03:23 End Time:  01:09:54 |

    Exhibit lists shall include a unique exhibit number and a brief description of the exhibit. For all exhibits consisting of an audio or video file, the exhibit list must designate the precise beginning and ending time indexes of the portion of the file the party intends to use at trial.

CASE MANAGEMENT ORDER - 8

       **B.**    The USAO shall consecutively number their exhibits from **1 to 999.** In single-defendant cases, Defendant shall consecutively number exhibits from **1000 to 1999**; in multi-defendant cases, Defendants shall consecutively number exhibits from x000 to x999, substituting "x" for each Defendant's assigned case identifier (e.g. Defendant 3 would number exhibits from 3000 to 3999, etc.). Exhibits shall be pre-marked for identification before trial commences.

**12. Witness Lists.** By no later than **April 7, 2017,** each party shall file and serve a list of witnesses that party intends to call to testify at trial. **The witness list must identify the existence, but need not include the name, of any CI the USAO intends to call to testify.** Parties shall email copies of their witness list to the Court at SheaOrders@waed.uscourts.gov.

**13. Requested Voir Dire, Trial Briefs, Proposed Jury Instructions, and Verdict Form.** By no later than **April 7, 2017,** each party shall file requested voir dire, a trial brief, proposed jury instructions, and verdict form, in accordance with the requirements below. Each party shall email copies to the Court at SheaOrders@waed.uscourts.gov.

       **A. Requested Voir Dire.** The parties may request that the Court include specific questions during the Court's standard voir dire. Requested voir dire shall not duplicate information elicited in the

CASE MANAGEMENT ORDER - 9

                Clerk's Office Jury Questionnaire and the Court's Criminal Jury Trial Procedures Letter.

    **B.**    **Trial Briefs.** Trial briefs shall not exceed 20 pages without prior Court approval, upon motion and good cause shown. LR 39.1.

    **C.**    **Proposed Jury Instructions and Verdict Form.** Jury instructions shall (i) address issues that are unique to the case, and (ii) include instructions regarding the elements of each charge or defense. If a Ninth Circuit Model Jury Instruction exists for a particular charge or defense, the parties shall provide the model instruction or shall submit argument as to why the instruction is inadequate or no longer supported by law. Proposed jury instructions shall be accompanied by a proposed verdict form. **The parties must confer to develop joint proposed jury instructions and the verdict form.** The Court will only accept an individual party's proposed jury instructions on those points/issues upon which the parties could not agree, and only if the party's memorandum accompanying the individually proposed instructions sets forth the legal authority and justification for why the instructions are necessary.

//

/

CASE MANAGEMENT ORDER - 10

**14. Exhibits**

    **A.    Exhibit Binders.** By no later than **April 10, 2017,** each party must provide to the Court two Bates-stamped copies of all trial exhibits — or, in the case of physical exhibits, a photograph or other reproduction of the exhibit — the party intends to introduce at trial. All trial exhibits shall be organized sequentially by exhibit number in a three-ring binder. The exhibit binders provided to the Court will <u>not</u> be available for use by the attorneys at trial.

    **B.    JERS.**

        i. The Court utilizes the Jury Evidence Recording System (JERS), a system that makes evidence digitally available to the jury during deliberations. **Counsel shall promptly consult the Court's JERS Information web page[2] to acquaint themselves with JERS procedures and to ensure they acquire, retain, and provide evidence to the Court in the necessary format**.

        ii. By no later than **April 7, 2017,** each party who intends to introduce evidence at trial must supply its JERS exhibits to the Courtroom Deputy in the manner and format set forth in the JERS - Basics

---

[2] http://www.waed.uscourts.gov/jers-information.

CASE MANAGEMENT ORDER - 11

for Lawyers document.[3]  Counsel may contact the Courtroom Deputy at (509) 943-8172 with any questions.

  **C.** **Exchange of Exhibits.** By no later than **April 7, 2017**, each party must provide to all other parties a copy of the exhibits it intends to introduce at trial. The exhibits must be provided in digital format, unless the parties agree otherwise.

**15.** **Witnesses Requiring Counsel.** By no later than **April 7, 2017**, each party must advise the Court of any witness whose anticipated testimony may warrant the exercise of his/her rights under the Fifth Amendment and whether the witness requires the appointment of counsel.

**16.** **Trial Notices.** By no later than **April 7, 2017,** each party shall file a notice that indicates the amount of time requested for voir dire and for opening statement. In addition, defense counsel must indicate if his/her client waives presence at sidebar and jury questions.

**17.** **Technology Readiness Meeting.** By no later than **April 10, 2017,** any party seeking to offer video or audio evidence at trial must meet with Court staff at the location of the trial to verify compatibility with the Court's presentation

---

[3] This document can be found on the Court's public website at the following link: http://www.waed.uscourts.gov/sites/default/files/u86/JERS%20-%20Basics%20for%20Lawyers.pdf.

CASE MANAGEMENT ORDER - 12

1    systems.  The parties shall contact the Courtroom Deputy at
2    (509) 943-8172 to arrange this meeting.

**18.    Trial.** The jury trial is **SET** for **April 17, 2017**, at **9:00 a.m.** in **RICHLAND**.  Counsel and Defendants shall be prepared to meet with the Court at least 30 minutes prior to the commencement of the trial.

**19.** The Court finds that the delay in Defendant's trial is a reasonable period of delay resulting from the fact that Defendant is joined for trial with a co-defendant and no motion for severance has been granted.  *See* 18 U.S.C. § 3161(h)(6).  Pursuant to 18 U.S.C. § 3161(h)(6)), the Court **DECLARES EXCLUDABLE from Speedy Trial Act calculations** the period from **February 2, 2017**, the date of this Order, through **April 17, 2017,** the trial date, as the reasonable period of delay resulting from the joined trials.

**20.    Summary of Deadlines**

| | |
|---|---|
| **PRETRIAL CONFERENCE** | **February 21, 2017**<br>**1:30 P.M. - RICHLAND** |
| Rule 16 expert summaries produced to other parties and emailed to Court:<br>    USAO's Experts<br>    Defendants' Experts<br>    USAO's Rebuttal Experts | **March 3, 2017**<br>**March 6, 2017**<br>**March 10, 2010** |
| All pretrial motions, including discovery motions, *Daubert* motions, and motions *in limine*, filed with the Court | **March 17, 2017** |
| **FINAL PRETRIAL CONFERENCE**<br>*Deadline for motions to continue trial* | **March 28, 2017**<br>**1:30 P.M. - YAKIMA** |
| CIs' identities, *Giglio* disclosures, and willingness to be interviewed disclosed to Defendants (if applicable) | **March 31, 2017** |

CASE MANAGEMENT ORDER - 13

| Grand jury transcripts produced to Defendants | **March 31, 2017** |
|---|---|
| Exhibit and witness lists filed and emailed to the Court | **April 7, 2017** |
| Requested voir dire, trial briefs, jury instructions, and verdict forms filed and emailed to the Court | **April 7, 2017** |
| Exhibits delivered to all other parties | **April 7, 2017** |
| Whether any witness likely to exercise Fifth Amendment rights and requires appointed counsel | **April 7, 2017** |
| Delivery of JERS-compatible digital evidence files to the Courtroom Deputy | **April 7, 2017** |
| Trial notices filed with the Court | **April 7, 2017** |
| Exhibit binders delivered to the Court | **April 10, 2017** |
| Technology readiness meeting (in-person) | **April 10, 2017** |
| **JURY TRIAL** | **April 17, 2017**<br>**9:00 A.M. - RICHLAND** |

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel, the U.S. Probation Office, and the U.S. Marshals Service.

**DATED** this   2nd    day of February 2017.

        s/Edward F. Shea
        EDWARD F. SHEA
     Senior United States District Judge