```
 1  MICHAEL C. ORMSBY
    United States Attorney
 2  Eastern District of Washington
 3  Stephanie A. Van Marter
    Assistant United States Attorney
 4  Post Office Box 1494
 5  Spokane, WA 99210-1494
 6  Telephone: (509) 353-2767
 7
 8                    UNITED STATES DISTRICT
 9           FOR THE EASTERN DISTRICT OF WASHINGTON
10  UNITED STATES OF AMERICA,        4:15-CR-6049-EFS
11
12                    Plaintiff,      SECOND SUPERSEDING
           vs.                        INDICTMENT
13
14  JESE DAVID CARILLO CASILLAS,     Vio: 21 U.S.C. § 846
    ROSA ARACELI GRANADOS (a.k.a. La Conspiracy to Distribute 500
15  China),                          Grams or More of a Mixture or
16  ███████ ██ █████████,            Substance Containing a
17  ███████████ ███ ███████,         Detectable Amount of
                                     Methamphetamine, 5 Kilograms
18  FRANCISCO DUARTE FIGUEROA,       or More of Cocaine, 1 Kilogram
19  GABRIELA MENDOZA VASQUEZ,        or More of Heroin and 400 grams
20  ███████████ █████ █████,         or More of N-phenyl-N
                                     Propanamide
21  ██████ █████████████,            (Count 1)
    BRITTNEY LEE ZARAGOZA,
22  SALVADOR GUDINO CHAVEZ,          Vio: 18 U.S.C. § 1956(h)
23  ADAM BENJAMIN GOLDRING,          Conspiracy to Commit Money
24  ████████████████████████,        Laundering (Count 2)
25  JUVENAL LANDA SOLANO,
    ERICA MARIA SOLIS,               Vio: 21 U.S.C. § 841(a)(1),
26  EDGAR OMAR HERRERA FARIAS,       (b)(1)(A)(ii)
27  (a.k.a. Burro),                  Possession with the Intent to
                                     Distribute 5 Kilograms or more of
28  ██████ ██████ █████████,         Cocaine (Count 3)
    ███ ████,
```

SECOND SUPERSEDING INDICTMENT – 1
Second Superseding.Indictment.docx

| | |
|---|---|
| 1 ▬▬▬▬▬▬▬▬▬▬▬), <br> 2 ▬▬▬, <br> 3 JUAN BRAVO ZAMBRANO, <br> 4 ▬▬▬▬▬▬▬▬▬), <br> 5 MIGUEL REYES GARCIA, <br> 6 ▬▬▬▬▬▬▬▬▬▬), <br> 7 JOSE ADRIAN MENDOZA, and <br> 8 VERONICA ELVIRA CORTEZ, <br> 9 <br> 10                 Defendants. | Vio: 18 U.S.C. § 1956(a)(1)(B)(i) <br> Money Laundering <br> (Counts 4, 5, 6, 7, 10, 11, 12, 14) <br><br> Vio: 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii) <br> Possession with the Intent to Distribute 50 grams or more of Actual Methamphetamine <br> (Count 8) <br><br> Vio: 18 U.S.C. 1956(a)(1)(B)(i) <br> International Money Laundering <br> (Counts 9, 13) <br><br> Vio: 21 U.S.C. § 841(a)(1), (b)(1)(A)(i), (vi) <br> Possession with the Intent to Distribute 1 Kilogram or More of a Mixture or Substance Containing Heroin and 400 grams or More of a Mixture or Substance Containing N-phenyl-N Propanamide <br> (Count 15) <br><br> Notice of Criminal Forfeiture Allegations |

The Grand Jury Charges:

### COUNT ONE

Beginning on a date unknown but by on or about January 2010 continuing until on or about December 6, 2016, in the Eastern District of Washington and elsewhere, the Defendants, JESE DAVID CARILLO CASILLAS, ROSA

SECOND SUPERSEDING INDICTMENT – 2
Second Superseding.Indictment.docx

1  ARACELI GRANADOS (a.k.a. La China), ███████ ███████,
2  ███████████████████████████████████████, FRANCISCO DUARTE
3
4  FIGUEROA, GABRIELA MENDOZA VASQUEZ, █████████████████
5  ████████████████████████████████, SALVADOR GUDINO
6
7  CHAVEZ, ADAM BENJAMIN GOLDRING, JUVENAL LANDA, ERICA
8  MARIA SOLIS, EDGAR OMAR HERRERA FARIAS (a.k.a. Burro), ███████
9  ██████ ██████; ███ ████████████████████████
10
11  ███ █████, JUAN BRAVO ZAMBRANO, █████████████
12  ███████, MIGUEL REYES GARCIA, ██████████ ██████
13
14  ████████, JOSE ADRIAN MENDOZA, and VERONICA ELVIRA CORTEZ,
15  did knowingly and intentionally combine, conspire, confederate and agree together
16
17  with each other and other persons, both known and unknown to the Grand Jury, to
18  commit the following offense against the United States, to wit:  distribution of 500
19
20  grams or more of a mixture or substance containing a detectable amount of
21  Methamphetamine, 5 kilograms or more of a mixture or substance containing a
22
23  detectable amount of Cocaine, 1 kilograms or more of a mixture or substance
24  containing a detectable amount of heroin and 400 grams or more of a mixture or
25  substance containing a detectable amount of N-phenyl-N Propanamide, all
26
27  Schedule II controlled substances, in violation of 21 U.S.C. § 841(a)(1),
28  (b)(1)(A)(i), (ii)(I), (vi), and (viii); all in violation of 21 U.S.C. § 846.

SECOND SUPERSEDING INDICTMENT – 3
Second Superseding.Indictment.docx

## COUNT TWO

Beginning on a date unknown but by on or about January 2010 continuing until present time, in the Eastern District of Washington and elsewhere, the Defendants, JESE DAVID CARILLO CASILLAS, GABRIELA MENDOZA VASQUEZ, ████ ████ ██ ██████████████ █████████, ████████, BRITTNEY LEE ZARAGOZA, SALVADOR GUDINO CHAVEZ, ADAM BENJAMIN GOLDRING, ████████████████ ████████, and others known and unknown, unlawfully and knowingly combined, conspired, confederated and agreed together and with each other to commit certain money laundering offenses under 18 U.S.C. § 1956, as follows:

### (1956(a)(1))

The Defendants named in this count: did conduct and attempt to conduct financial transactions, that is: transactions involving the movement of funds by wire and other means affecting interstate and foreign commerce, and transactions involving the use of a financial institution which is engaged in and affects interstate and foreign commerce, which in fact involved the proceeds of specified unlawful activity, that is, conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, knowing that the property involved in the financial transactions represents the proceeds of some form of unlawful activity, knowing that the transactions are designed in whole or in part to

conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and

**(1956(a)(2))**

The Defendants named in this count: did transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States with the intent to promote the carrying on of specified unlawful activity, that is, conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; in violation of 18 U.S.C. § 1956(a)(2)(A).

The Grand Jury further alleges this offense was committed during and in furtherance of the conspiracy charged in Count One, above.

All in violation of 18 U.S.C. § 1956(h).

**COUNT THREE**

On or about August 20, 2014, in the Eastern District of Washington, the Defendant, ERICA MARIA SOLIS, did knowingly and intentionally possess with intent to distribute 5 kilograms or more of mixture or substance containing a detectable amount of cocaine, a schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii), and 18 U.S.C. § 2.

SECOND SUPERSEDING INDICTMENT – 5
Second Superseding.Indictment.docx

## COUNT FOUR

On or about April 22, 2015, and continuing until on or about April 27, 2015, in the Eastern District of Washington and elsewhere, the Defendant, JESE DAVID CARILLO CASILLAS, did conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit: a money wire transfer of US currency to a Wells Fargo account in the name of JESE CASILLAS located in Kennewick, Washington; which involved the proceeds of a specified unlawful activity, that is conspiracy to distribute and the distribution of controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is funds in the amount of $8000 represented the proceeds of some form of unlawful activity in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), and 2.

## COUNT FIVE

On or about November 24, 2015, and continuing until on or about December 14, 2015, in the Eastern District of Washington and elsewhere, the Defendant, JESE DAVID CARILLO CASILLAS, did conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit: a money

SECOND SUPERSEDING INDICTMENT – 6
Second Superseding.Indictment.docx

wire transfer of U.S. currency to a Wells Fargo account in the name of JESE CASILLAS located in Kennewick, Washington; which involved the proceeds of a specified unlawful activity, that is conspiracy to distribute and the distribution of controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is funds in the amount of $5,000 represented the proceeds of some form of unlawful activity in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), and 2.

## COUNT SIX

On or about December 2, 2015, and continuing until on or about December 5, 2015, in the Eastern District of Washington and elsewhere, the Defendant, GABRIELA MENDOZA VASQUEZ, did conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit: a money wire transfer of U.S. currency to a Bank of America account in the name of Gabriela Mendoza located in Pasco, Washington; which involved the proceeds of a specified unlawful activity, that is conspiracy to distribute and the distribution of controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846,

SECOND SUPERSEDING INDICTMENT – 7
Second Superseding.Indictment.docx

knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is funds in the amount of $6,000 represented the proceeds of some form of unlawful activity in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), and 2.

## COUNT SEVEN

On or about December 2, 2015, and continuing until on or about December 8, 2015, in the Eastern District of Washington and elsewhere, the Defendant, JESE DAVID CARILLO CASILLAS, did conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit: a money wire transfer of U.S. currency to a Wells Fargo account in the name of Jese Casillas located in Kennewick, Washington; which involved the proceeds of a specified unlawful activity, that is conspiracy to distribute and the distribution of controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial

SECOND SUPERSEDING INDICTMENT – 8
Second Superseding.Indictment.docx

transaction, that is funds in the amount of $1,689.14 represented the proceeds of some form of unlawful activity in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), and 2.

## COUNT EIGHT

On or about January 6, 2016, in the Eastern District of Washington, the Defendants, JESE DAVID CARILLO CASILLAS and ▮▮▮▮ ▮▮▮▮ ▮▮▮▮, did knowingly and intentionally possess with intent to distribute 50 grams or more of actual Methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), and 18 U.S.C. § 2.

## COUNT NINE

On or about March 1, 2016, and continuing until on or about March 14, 2016, in the Eastern District of Washington and elsewhere, the Defendant, JESE DAVID CARILLO CASILLAS, did transport, transmit, and transfer, and attempt to transport, transmit, and transfer monetary funds, that is $46,950 in Canadian Currency, from a place outside the United States that is Surrey, British Columbia Canada, to and through a place inside the United States, to wit: US currency wired to various accounts in the United States to include $5,000 wired to a JP Morgan Chase account located in Kennewick, Washington, in the name of Daisy Camacho, with the intent to promote the carrying on of specified unlawful activity, that is, conspiracy to distribute and distribution of controlled substances, in violation of

SECOND SUPERSEDING INDICTMENT – 9
Second Superseding.Indictment.docx

21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, in violation of 18 U.S.C. §§ 1956(a)(2)(A), and 2.

### COUNT TEN

On or about April 7, 2016, until or about April 13, 2016, in the Eastern District of Washington and elsewhere, the Defendant, JESE DAVID CARILLO CASILLAS, did conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit: the transfer, delivery and other disposition of $244,350.00 in U.S. funds from and at the direction of JESE DAVID CARILLLO CASILLAS to ███ ███████ ██████; which involved the proceeds of a specified unlawful activity, that is conspiracy to distribute and the distribution of controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is funds in the amount of $244,350.00 represented the proceeds of some form of unlawful activity in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), and 2.

SECOND SUPERSEDING INDICTMENT – 10
Second Superseding.Indictment.docx

## COUNT ELEVEN

On or about May 17, 2016 and continuing until on or about May 18, 2016, in the Eastern District of Washington and elsewhere, the Defendant, JESE DAVID CARILLO CASILLAS, did conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit: a money wire transfer of U.S. funds to a Wells Fargo account in the name of Brittney Zaragoza located Kennewick, Washington; which involved the proceeds of a specified unlawful activity, that is conspiracy to distribute and the distribution of controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is funds in the amount of $3,000 represented the proceeds of some form of unlawful activity in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), and 2.

## COUNT TWELVE

On or about May 17, 2016 and continuing until on or about May 18, 2016, in the Eastern District of Washington and elsewhere, the Defendant, BRITTNEY LEE ZARAGOZA, did conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit: a money wire transfer of U.S.

SECOND SUPERSEDING INDICTMENT – 11
Second Superseding.Indictment.docx

funds to a Wells Fargo account in the name of Brittney Zaragoza located in Kennewick, Washington; which involved the proceeds of a specified unlawful activity, that is conspiracy to distribute and the distribution of controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is funds in the amount of $3,000 represented the proceeds of some form of unlawful activity in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), and 2.

## COUNT THIRTEEN

On or about May 26, 2016, and continuing until on or about June 3, 2016, in the Eastern District of Washington and elsewhere, the Defendant, JESE DAVID CARILLO CASILLAS, did transport, transmit, and transfer, and attempt to transport, transmit, and transfer monetary funds, that is $225,070 in Canadian Currency, from a place outside the United States that is Surrey, British Columbia, Canada, to and through a place inside the United States, to wit: U.S. currency deposited and withdrawn in various accounts in the United States to include a Wells Fargo Account located in Kennewick, Washington, in the name of Brittney Zaragoza, with the intent to promote the carrying on of specified unlawful activity,

SECOND SUPERSEDING INDICTMENT – 12
Second Superseding.Indictment.docx

that is, conspiracy to distribute and distribution of controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, in violation of Title 18 U.S.C. §§ 1956(a)(2)(A), and 2.

**COUNT FOURTEEN**

On or about May 26, 2016, and continuing until on or about June 3, 2016, in the Eastern District of Washington and elsewhere, the Defendant, BRITTNEY LEE ZARAGOZA, did conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit: a money wire transfer of U.S. currency to a Wells Fargo account in the name of Brittney Zaragoza located in Kennewick, Washington; which involved the proceeds of a specified unlawful activity, that is conspiracy to distribute and the distribution of controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is funds in the amount of $3,000 represented the proceeds of some form of unlawful activity in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), and 2.

SECOND SUPERSEDING INDICTMENT – 13
Second Superseding.Indictment.docx

## COUNT FIFTEEN

On or about August 15, 2016, in the Eastern District of Washington, the Defendants, JESE DAVID CARILLO CASILLAS, FRANCISCO DUARTE FIGUEROA and ████ ████ ██████████, did knowingly and intentionally possess with intent to distribute approximately 10 kilograms of a substance which contained 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N Propanamide and 1 kilogram or more of a mixture or substance containing a detectable amount of Heroin, Schedule II controlled substances, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(i), (vi) and 18 U.S.C. § 2.

## NOTICE OF CRIMINAL FORFEITURE ALLEGATIONS

The allegations contained in this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures.

Pursuant to 21 U.S.C. § 853, upon conviction of an offense of violation of 21 U.S.C. § 846, JESE DAVID CARILLO CASILLAS, ROSA ARACELI GRANADOS (a.k.a. La China), ████ ████ ██████████, FRANCISCO DUARTE FIGUEROA, GABRIELA MENDOZA VASQUEZ, ████ ████ ██████████, BRITTNEY LEE ZARAGOZA,

SECOND SUPERSEDING INDICTMENT – 14
Second Superseding.Indictment.docx

SALVADOR GUDINO CHAVEZ, ADAM BENJAMIN GOLDRING, ████████████████████████, JUVENAL LANDA SOLANO, ERICA MARIA SOLIS, EDGAR OMAR HERRERA FARIAS (a.k.a. Burro), ████████████████████████████████ ████████ JUAN BRAVO ZAMBRANO, ████████ ████████████████████████████████, JOSE ADRIAN MENDOZA, and VERONICA ELVIRA CORTEZ, and, shall forfeit to the United States of America, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense(s) and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of the offense(s).

If any forfeitable property, as a result of any act or omission of the Defendants:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

DATED this _____ day of December 2016.

A TRUE BILL

, Foreperson

MICHAEL C. ORMSBY
United State Attorney

Stephanie A. Van Marter
Assistant United States Attorney

SECOND SUPERSEDING INDICTMENT – 16
Second Superseding.Indictment.docx