MICHAEL W. LYNCH
Attorney for Defendant
24 N. 2nd St.
Yakima, WA  98901
(509)575-8961


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No.: 4:15-CR-06049-EFS-18 |
| ) | |
| Plaintiff, ) | MOTION TO REOPEN; IN THE |
| ) | ALTERNATIVE,  MOTION TO |
| vs. ) | WITHDRAW WAIVER OF |
| ) | DETENTION HEARING |
| ALFREDO MAGANA GARIBAY, ) | |
| ) | Hearing: 7/15/2017  @  6:30 p.m. |
| Defendant ) | Yakima |
| ) | (w/out oral argument) |

COMES  NOW  the  defendant,  through  counsel,  and  moves  to  withdraw  the waiver of detention hearing that was made by oral motion to the court on 6/15/17; or, in the alternative, to reopen the hearing.

Under 18 U.S.C. § 3142(f)(2) a detention hearing may be reopened "at any time before trial," based upon new information relevant to the issue of the court's detention order. In this case, counsel for the defendant incorrectly believed that ICE could detain and remove an alien involved in a pending criminal case upon his release.  Following the morning hearing on this date, defense counsel attended a CLE program at the Yakima Federal Defender's Office entitled "Fixing Bail:

MOTION TO REOPEN DETENTION HEARING -1

Correcting Reoccurring Misconceptions in Court."  Defense counsel's

misconception was corrected.

No alien can be removed if it would be prejudicial to the United States.  8

CFR § 215.3(g).  Removal of any alien involved in a pending criminal case would

be prejudicial to the interests of the United States.  8 CFR § 287.7(a).  (A detainer

advises other law enforcement agencies that ICE seeks custody "for the purpose of

arresting and removing the alien."  *U.S. v. Santos-Flores*, 794 F.3d 1088, 1092 (9[th]

Cir. 2015):

> The government may also exercise its judgment that the public
> interest in criminally prosecuting an alien is greater than the public
> interest in swiftly removing him. The government may, therefore,
> elect to deliver the alien to the United States Attorney's Office for
> prosecution, as it did here, instead of removing him immediately
> pursuant to 8 U.S.C. § 1231(a)(5). Having made this choice,
> however, the government may not use its discretionary power of
> removal to trump a defendant's right to an individualized
> determination under the Bail Reform Act.

Id., p. 1092.  *U.S. v. Trujillo-Alvarez*, 900 F. Supp. 2d 1167 (D. Or. 2012).

The defendant is entitled to a detention hearing with the assistance of

knowledgeable counsel, and requests that the hearing be reopened.

DATED: 6/15/17

/S/MICHAEL W. LYNCH
MICHAEL W. LYNCH, WSBA 6820
Attorney for Defendant

MOTION TO REOPEN DETENTION HEARING -2

1

## CERTIFICATE OF SERVICE

2

3        I hereby certify that on 6/15/17, I electronically filed the foregoing with the

4

Clerk of the Court using the CM/ECF System which will send notification of such

5

filing to the following:  STEPHANIE VAN MARTER, AUSA; and I hereby certify

6

7    that I have mailed by United States Postal Service the document to the following

8    non- CM/ECF participants:

9              N/A

10

11

12              /S/ MICHAEL W. LYNCH
                MICHAEL W. LYNCH, WSBA 6820
13              Attorney for Defendant
                24 N. 2nd St.
14              Yakima WA 98901
                Telephone: (509) 575-8961
15              Fax: (509) 575-1426
                Email: mwlynch@yvn.com
16

17

18

19

20

21

22

23

24

25