MICHAEL W. LYNCH
Attorney for Defendant
24 N. 2nd St.
Yakima, WA  98901
(509)575-8961

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>ALFREDO MAGANA GARIBAY,<br><br>　　　　　Defendant | No.: 4:15-CR-06049-EFS-18<br>AMENDED<br>MOTION TO REOPEN; IN THE ALTERNATIVE,  MOTION TO WITHDRAW WAIVER OF DETENTION HEARING<br><br>Hearing: 6/22/2017  @  12:00 p.m.<br>Richland<br>(with oral argument) |

COMES NOW the defendant, through counsel, and moves to withdraw the waiver of detention hearing that was made by oral motion to the court on 6/15/17; or, in the alternative, to reopen the hearing.

Under 18 U.S.C. § 3142(f)(2) a detention hearing may be reopened "at any time before trial," based upon new information relevant to the issue of the court's detention order. In this case, counsel for the defendant incorrectly believed that ICE could detain and remove an alien involved in a pending criminal case upon his release.  Following the morning hearing on this date, defense counsel attended a CLE program at the Yakima Federal Defender's Office entitled "Fixing Bail:

MOTION TO REOPEN DETENTION HEARING -1        MICHAEL W. LYNCH, P.S.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　ATTORNEY AT LAW
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　24 N.  2ND ST.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　YAKIMA, WA  98901
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(509) 575-8961

Correcting Reoccurring Misconceptions in Court." Defense counsel's misconception was corrected.

No alien can be removed if it would be prejudicial to the United States. 8 CFR § 215.3(g). Removal of any alien involved in a pending criminal case would be prejudicial to the interests of the United States. 8 CFR § 287.7(a). (A detainer advises other law enforcement agencies that ICE seeks custody "for the purpose of arresting and removing the alien." *U.S. v. Santos-Flores*, 794 F.3d 1088, 1092 (9th Cir. 2015):

> The government may also exercise its judgment that the public interest in criminally prosecuting an alien is greater than the public interest in swiftly removing him. The government may, therefore, elect to deliver the alien to the United States Attorney's Office for prosecution, as it did here, instead of removing him immediately pursuant to 8 U.S.C. § 1231(a)(5). Having made this choice, however, the government may not use its discretionary power of removal to trump a defendant's right to an individualized determination under the Bail Reform Act.

Id., p. 1092. *U.S. v. Trujillo-Alvarez*, 900 F. Supp. 2d 1167 (D. Or. 2012).

The defendant is entitled to a detention hearing with the assistance of knowledgeable counsel, and requests that the hearing be reopened.

DATED: 6/15/17

/S/MICHAEL W. LYNCH
MICHAEL W. LYNCH, WSBA 6820
Attorney for Defendant

MOTION TO REOPEN DETENTION HEARING -2

MICHAEL W. LYNCH, P.S.
ATTORNEY AT LAW
24 N. 2ND ST.
YAKIMA, WA 98901
(509) 575-8961

## CERTIFICATE OF SERVICE

I hereby certify that on 6/16/17, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: STEPHANIE VAN MARTER, AUSA; and I hereby certify that I have mailed by United States Postal Service the document to the following non- CM/ECF participants:

    N/A

/S/ MICHAEL W. LYNCH
MICHAEL W. LYNCH, WSBA 6820
Attorney for Defendant
24 N. 2nd St.
Yakima WA 98901
Telephone: (509) 575-8961
Fax: (509) 575-1426
Email: mwlynch@yvn.com

MOTION TO REOPEN DETENTION HEARING -3

MICHAEL W. LYNCH, P.S.
ATTORNEY AT LAW
24 N. 2ND ST.
YAKIMA, WA  98901
(509) 575-8961