UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | No. 4:15-CR-6049-EFS-18 |
|---|---|
| Plaintiff, | ORDER DENYING THE UNITED STATES' MOTION FOR DETENTION AND SETTING CONDITIONS OF RELEASE |
| vs. | |
| ALFREDO MAGANA GARIBAY, | **ECF No. 453, 454, 455** |
| Defendant. | |

On Thursday, June 22, 2017, Defendant appeared, in custody, with his attorney Michael Lynch.  Assistant United States Attorney Stephanie Van Marter represented the United States.

On June 15, 2017, Defendant waived his right to the detention hearing and the Court granted the United States' Motion for Detention (ECF No. 450). Defendant moved to reopen the detention hearing (ECF Nos. 453, 454).  As the Court did not make an individualized detention determination in the Order Granting the United States' Motion for Detention, upon reopening Defendant's detention hearing, the Court conducted a detention hearing in accordance with 18

ORDER DENYING THE UNITED STATES' MOTION FOR DETENTION AND SETTING CONDITIONS OF RELEASE - 1

U.S.C. § 3142(f).

The Court considered the Pretrial Services Report (ECF No. 438) and the counsels' arguments. To decide whether conditions of release would reasonably assure the Defendant's appearance in court and the safety of the community, the Court considered and evaluated the four factors outlined in 18 U.S.C. § 3142(g):

1. The nature and circumstances of the offense;
2. The weight of the evidence against the Defendant;
3. The history and characteristics of the Defendant; and
4. The nature and seriousness of the danger the Defendant would present to the community if released.

The Court finds the following:

**FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION**

☒   Pursuant to 18 U.S.C. § 3142(e), there is a rebuttable presumption that the Defendant is a flight risk and a danger to the community based on the nature of the pending charge. Defendant has rebutted the presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community and/or no condition or combination of conditions will reasonably assure the appearance of the Defendant as required.

☐   This is not a rebuttable presumption case; however, the case is eligible for a

ORDER DENYING THE UNITED STATES' MOTION FOR DETENTION AND SETTING CONDITIONS OF RELEASE - 2

detention hearing under 18 U.S.C. § 3142(f)(2). There is a serious risk that the Defendant: will not appear and/or endanger the safety of another person or the community.

As to the nature and circumstances of the offense, the United States proffered that in 2012, Defendant was identified as part of a conspiracy to transport and deliver narcotics throughout the Eastern District of Washington, Western District of Washington, and into Canada. The conspiracy involved multi-pound and multi-kilo deliveries and transactions. Specifically, the United States proffered that Defendant was responsible for arranging stash houses for the drugs and smugglers while they were in transport to Canada and for transporting proceeds to California.

As to Defendant's history and characteristics, Defendant, age 29, was born in Mexico and moved to Eastern Washington when he was one year old. He has substantial ties to the United States and to the lower Yakima Valley. He has lived in the lower Yakima Valley since he moved to the United States at the age of one. His parents and six of his seven siblings reside in the District. He has a one-year old child of which he has joint custody. He has purchased a home, which he is now using as a rental property. He had maintained the same employment for the last five years as a custodian with the Grandview School District. Defendant does not have legal status to reside or work in the United States. Due to his Dream Act

status being revoked in March 2017, he no longer has authorization to work in the United States. Defendant has proposed a release address in Grandview with his parents and one sibling.

Although Defendant is a citizen and national of Mexico, it appears as though he has limited ties, if any, to Mexico. According to the Pretrial Services report, Defendant has not returned to Mexico since he departed 28 years ago. He has one brother, whose whereabouts are unknown, but believed to likely be in Mexico. The Pretrial Services Report indicates that Defendant has not spoken to him in three years. There was no additional information provided regarding any contacts with Mexico.

Defendant has had limited contacts with law enforcement. He was arrested related to a traffic offense for which there was no conviction when he was 15. He has a pending Fourth Degree Assault Charge stemming from an incident in April 2017. According to Defense counsel's proffer, Defendant and the Yakima County Prosecutor's Office had agreed to a stipulated continuance and deferral if he was compliant. Defendant appeared at the Yakima County Courthouse for his scheduled appearance on the state charge, however he was arrested by law enforcement on the instant federal case prior to the hearing occurring.[1]

---

[1] An arrest warrant has been issued for Defendant in the state court matter because

ORDER DENYING THE UNITED STATES' MOTION FOR DETENTION AND SETTING CONDITIONS OF RELEASE - 4

1    Based on the above factors, the Court finds that Defendant has presented

2 sufficient evidence to rebut the presumption of detention and the United States has

3 not established by a preponderance of the evidence that Defendant is a risk of non-

4 appearance or by clear and convincing evidence that Defendant is a danger to the

5 community.

6    Here, the United States' primary argument regarding detention is that

7 Defendant is subject to an ICE detainer, he will be taken into ICE custody if

8 released by this Court, and while in ICE custody, Defendant may either be

9 deported due to ICE's administrative procedures or Defendant may take action to

10 volitionally remove himself from the United States, such as seek a voluntary

11 deport.

12    From the Court's perspective, under Ninth Circuit authority, the Court may

13 not detain a defendant under the Bail Reform Act based on the existence of an ICE

14 detainer.  *See United States v. Santos-Flores*, 794 F.3d 1088, 1091-92 (9th Cir.

15 2015) (concluding that "the district court erred in relying on the existence of an

16 ICE detainer and the probability of [defendant's] immigration detention and

---

18 he failed to appear for the court hearing.  The Court notes that the parties agree he

19 was arrested at the courthouse when he appeared for the hearing, but the arrest

20 occurred prior to the hearing.

ORDER DENYING THE UNITED STATES' MOTION FOR DETENTION AND
SETTING CONDITIONS OF RELEASE - 5

removal from the United States to find that no condition or combination of conditions will reasonable assure [defendant's] appearance" and noting "[t]he court may not, however, substitute a categorical denial of bail for the individualized evaluation required by the Bail Reform Act."). As to the argument that Defendant could potentially seek voluntary deportation, the Court concurs that if Defendant were to take action while in ICE custody to expedite his removal to Mexico, such as seek a voluntary deport, such action would weigh in favor of detention. Here, however, that has not occurred and such speculation is inconsistent with the Court's finding that based on the Section 3142(g) factors the United States has not established that Defendant is a risk of flight.[2] Moreover, ICE Deportation Officer

---

[2] The United States further argued that Defendant has an incentive to seek voluntary deportation because he has an unstable residential history and was difficult for law enforcement to locate to arrest. The United States proffered that that when Defendant was arrested, he gave inconsistent and misleading information about where he was residing. Here, however, Defendant has offered what appears to be (if approved by Pretrial Services as noted *infra*) a stable release address. The Court notes that Defendant has maintained stable, consistent employment for a five-year period, with the exception of a one month suspension in April and May 2017, which seems to indicate Defendant had been in the

ORDER DENYING THE UNITED STATES' MOTION FOR DETENTION AND SETTING CONDITIONS OF RELEASE - 6

1  Shawn Miller testified at the detention hearing. On cross-examination, he stated

2  that Defendant has been served with ICE forms, which included three options: (1)

3  request to be seen by an Immigration Judge to contest deportation; (2) request to be

4  seen before an Immigration Judge to assert that Defendant may be harmed if

5  returned to Mexico; and (3) not challenge his deportation and seek return to

6  Mexico. Officer Miller testified that Defendant chose the first option, to challenge

7  his deportation. The Court understands that Defendant may change that election at

8  any time. To address that concern, the Court has included as a condition of release

9  that Defendant is prohibited from taking any action while in ICE custody to

10 facilitate his departure or removal to Mexico. If Defendant elected to be

11 voluntarily deported, that would be a violation of the conditions of release, for

12 which the Court could issue a pretrial release violation warrant.

13   The United States argued that the United States Attorney's Office (USAO)

14 does not have confidence that ICE will give the USAO notice either (1) if ICE

15 determines Defendant should be deported and then deports Defendant; or (2) that

16 Defendant took action to be removed. Thus, the USAO would not be able to act in

17 time to seek a warrant from this Court to prevent Defendant's deportation. The

18 Court is not persuaded that Defendant should be held in custody under the Bail

---

Grandview area on a regular basis.

ORDER DENYING THE UNITED STATES' MOTION FOR DETENTION AND SETTING CONDITIONS OF RELEASE - 7

Reform Act because two agencies of the Executive Branch cannot communicate and coordinate its strategy with respect to this Defendant.

The Court is unpersuaded by the United States' citation to *United States v. Celaya-Jaramillo*, 2016 WL 6610696 (D. Ariz. Nov. 19, 2016,), which presented a substantially different factual scenario. In that case, the defendant had relocated to and was residing in Mexico immediately prior to his arrest, had substantial ties to Mexico, including several family members with whom he had regular contact, and few ties to the United States. *Id.* at \*2-3. Specifically, his primary contact in the United States was his wife, from whom he was separated at the time of his arrest. *Id.* at \*3. Moreover, while in custody, that defendant appeared before an immigration judge and waived his removal to Mexico. *Id.* Given that defendant's significant ties to Mexico, few ties to the United States, and his taking action while in ICE custody to absent himself from the United States, the Court finds that authority not persuasive in the instant matter.

**IT IS ORDERED:**

1. The Defendant's Motion for Detention Reopen Hearing (**ECF No. 453**) is **GRANTED**.

2. The Defendant's Motion for Bail Review Hearing (**ECF No. 454**) is **GRANTED**.

3. The Defendant's Motion to Expedite Motion for Bail Review (**ECF**

ORDER DENYING THE UNITED STATES' MOTION FOR DETENTION AND SETTING CONDITIONS OF RELEASE - 8

No. 455) is **GRANTED**.

4. If a party desires this Court to reconsider conditions of release because of material and newly discovered circumstances under 18 U.S.C. § 3142(f), that party shall file a motion with the court, served upon the United States Attorney, stating what circumstances are new, how they are established, and the requested change in conditions of release.

5. If a party seeks review of this Order by another court pursuant to 18 U.S.C. § 3145(b), counsel shall adhere to the Detention Order Review Protocol found in L.Cr.R. 46(k).

6. The Defendant is bound over to Judge Edward F. Shea for further proceedings.

7. The following conditions must be met prior to the Court issuing the Form 199-C and authorizing release: (1) the Pretrial Services Office must approve the proposed release address/residence; (2) the Pretrial Services Office must receive confirmation that the firearm described in the Pretrial Services Report has been removed from the storage unit and Defendant's possession; (3) the outstanding warrant related to Defendant's Fourth Degree Assault Charge must be resolved; and (4) the bond must be posted.

8. In the event that ICE takes physical custody of Defendant, Defendant should be made available in the Eastern District of Washington for further

ORDER DENYING THE UNITED STATES' MOTION FOR DETENTION AND SETTING CONDITIONS OF RELEASE - 9

proceedings herein until this matter is resolved. 8 CFR § 215.3.

**CONDITIONS OF RELEASE**

(1) Defendant shall not commit any offense in violation of federal, state or local law. Defendant shall advise the supervising Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement. Defendant shall not work for the United States government or any federal or state law enforcement agency, unless Defendant first notifies the supervising Pretrial Services Officer in the captioned matter.

(2) Defendant shall immediately advise the Court, defense counsel and the U.S. Attorney in writing before any change in address and telephone number.

(3) Defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed.

(4) Defendant shall sign and complete A.O. Form 199C before being released and shall reside at the address furnished.

(5) Defendant shall not possess a firearm, destructive device or other dangerous weapon.

(6) Defendant shall report to the United States Probation Office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct.

(7) Defendant shall contact defense counsel at least once a week.

(8) Defendant is further advised, pursuant to 18 U.S.C. § 922(n), it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to possess, ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

(9) Defendant shall refrain from the use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. Defendant may not possess or use marijuana, regardless of whether Defendant has been prescribed a medical

ORDER DENYING THE UNITED STATES' MOTION FOR DETENTION AND SETTING CONDITIONS OF RELEASE - 10

marijuana card.

(10) Defendant shall surrender any passport to Pretrial Services and shall not apply for a new passport.

## BOND

(11) Defendant shall execute a percentage bond in the amount of $50,000, with $5,000 paid in cash, in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

## ADDITIONAL CONDITIONS OF RELEASE

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the Defendant and the safety of other persons and the community, IT IS FURTHER ORDERED that the release of the Defendant is subject to the following additional conditions:

(12) Defendant shall remain in the Eastern District of Washington while the case is pending. On a showing of necessity, and with prior notice by the defense to the assigned Assistant U.S. Attorney, the Defendant may obtain prior written permission to temporarily leave this area from the United States Probation Office.

(13) Defendant shall avoid all contact, direct or indirect, with any persons who Defendant would reasonably know are or may become a victim or potential witness in the subject investigation or prosecution.

(14) Defendant shall avoid all contact, direct or indirect, with co-defendants.

(15) Defendant shall participate in the following home confinement programs:

**GPS Monitoring**: The Defendant shall participate in a program of GPS confinement. The Defendant shall wear, at all times, a GPS device under the supervision of U.S. Probation. In the event the Defendant does not respond to GPS monitoring or cannot be found, the U.S. Probation Office shall forthwith notify the United States Marshals' Service, who shall immediately

find, arrest and detain the Defendant. The Defendant shall pay all or part of the cost of the program based upon ability to pay as determined by the U.S. Probation Office.

**Home detention**: Defendant shall be restricted to his residence at all times except for: attorney visits; court appearances; case-related matters; court-ordered obligations; or other activities as pre-approved by the Pretrial Services Office or supervising officer.

The Defendant shall pay all or part of the cost of the program based upon ability to pay as determined by the United States Probation/Pretrial Services Office.

(16) In the event that ICE takes custody of Defendant, Defendant shall not take any action that would facilitate his departure from the United States. Defendant shall not seek to compel his release, removal, or consideration for release or removal from the country, including seeking a voluntary departure. 8 U.S.C. § 1231(a)(4)(D); 8 C.F.R. § 215.2(a); and 8 C.F.R. § 215.3(g).

DATED June 23, 2017.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER DENYING THE UNITED STATES' MOTION FOR DETENTION AND SETTING CONDITIONS OF RELEASE - 12