1  JOSEPH HARRINGTON
   Acting United States Attorney
2  Eastern District of Washington
   Stephanie Van Marter
3  Assistant United States Attorney
   Post Office Box 1494
4
   Spokane, WA 99210-1494
5  Telephone: (509) 353-2767

```
                                    FILED IN THE
                                 U.S. DISTRICT COURT
                          EASTERN DISTRICT OF WASHINGTON

                                   JUL 1 0 2017

                              SEAN F. McAVOY, CLERK
                                            DEPUTY
                             RICHLAND, WASHINGTON
```

6

7              UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF WASHINGTON
8

9
   UNITED STATES OF AMERICA,          )
10                                     )
                                       )
11              Plaintiff,             )     4:15-CR-6049-EFS-14
                                       )
12        vs.                          )
                                       )     Plea Agreement
13 JUVENAL LANDA SOLANO,               )
                                       )
14                                     )
              Defendant.               )
15                                     )

16       Plaintiff, United States of America, by and through Joseph H. Harrington,

17 Acting United States Attorney for the Eastern District of Washington, and

18 Stephanie Van Marter, Assistant United States Attorney for the Eastern District

19 of Washington, and Defendant JUVENAL LANDA SOLANO, and the

20 Defendant's counsel, John G. Lockwood, agree to the following Plea Agreement:

21       1.    Guilty Plea and Maximum Statutory Penalties:

22       The Defendant, JUVENAL LANDA SOLANO, agrees to enter a plea of

23 guilty to Count 8 of the Second Superseding Indictment filed on December 6,

24 2016, charging the Defendant with Possession with the Intent to Distribute 50

25 grams or more of actual Methamphetamine, in violation of 21 U.S.C. § 841(a)(1),

26 (b)(1)(A)(viii).

27 Plea Agreement - 1
28 Plea 2.docx



The Defendant, JUVENAL LANDA SOLANO, understands that the charge contained in the Second Superseding Indictment is a Class A felony charge. The Defendant, JUVENAL LANDA SOLANO, also understands that the maximum statutory penalty for Possession with the Intent to Distribute 50 grams or more of actual Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), is not less than 10 years imprisonment, which is non-suspendable and non-parolable, and a maximum possible penalty of life imprisonment; a fine not to exceed $10,000,000; a term of supervised release of not less than 5 years up to a life term; denial of certain federal benefits; *Deportation,* and a $100 special penalty assessment.

The Defendant, JUVENAL LANDA SOLANO, understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

2.      Denial of Federal Benefits:

The Defendant understands that by entering this plea of guilty the Defendant is no longer eligible for assistance under any state program funded under part A of title IV of the Social Security Act (concerning Temporary Assistance for Needy Families) or benefits under the food stamp program or any state program carried out under the Food Stamp Act. 21 U.S.C. § 862a. Further, the Court may deny the Defendant's eligibility to any grant, contract, loan, professional license, or commercial license provided by an agency of the United States or by appropriated funds of the United States.  21 U.S.C. § 862.

3.      The Court is Not a Party to the Agreement:

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of

Plea Agreement - 2
Plea 2.docx



the Court. The Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by the Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

The Defendant acknowledges that no promises of any type have been made to the Defendant with respect to the sentence the Court will impose in this matter. The Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

The Defendant also understands that should the sentencing judge decide not to accept any of the parties' recommendations, that decision is not a basis for withdrawing from this Plea Agreement or a basis for withdrawing his plea of guilty.

4.    Effect on Immigration Status:

The Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the Defendant is pleading guilty. Indeed, because the Defendant is pleading guilty to Possession with the Intent to Distribute 50 grams or more of actual Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that while deportation and/or removal appears to be a virtual certainty, no one, including his attorney or the district court, can predict

Plea Agreement - 3
Plea 2.docx

with absolute certainty the effect of his conviction on his immigration status.  The Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if automatic removal from the United States is a virtual certainty.

5.    Waiver of Constitutional Rights:

The Defendant, JUVENAL LANDA SOLANO, understands that by entering this plea of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

(a).    The right to a jury trial;

(b).    The right to see, hear and question the witnesses;

(c).    The right to remain silent at trial;

(d).    The right to testify at trial; and

(e).    The right to compel witnesses to testify.

While the Defendant is waiving certain constitutional rights, the Defendant understands the Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney.  The Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

6.    Elements of the Offense:

The United States and the Defendant agree that in order to convict the Defendant of Possession with the Intent to Distribute 50 grams or more of actual Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), the United States would have to prove beyond a reasonable doubt the following elements:

Plea Agreement - 4
Plea 2.docx



*First*, on or about January 6, 2016, in the Eastern District of Washington, the Defendant, JUVENAL LANDA SOLANO, knowingly possessed a mixture or substance containing a detectable amount of Methamphetamine;

*Second*, the defendant possessed it with the intent to deliver it to another person; and

*Third*, the Defendant possessed 50 grams or more of actual Methamphetamine.

7.    Factual Basis and Statement of Facts:

The United States and the Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis JUVENAL LANDA SOLANO's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

Members of the FBI Eastern Washington Safe Streets Violent Gang Task Force- Tri-Cities (EWVGSSTF) have been investigating a transnational drug trafficking organization operating herein the Eastern District of Washington and elsewhere since at least 2011.  During that investigation, Jese David Carillo Casillas (hereafter Jese/Casillas) was identified as a high-ranking member of this organization.  In addition to Casillas, the Defendant was identified during the course of this investigation as a member of this DTO working directly with Casillas in the Tri-Cities area as a distributor.  EWVGSSTF has also been utilizing a Confidential Human Source (hereinafter CHS), to investigate this

Plea Agreement - 5
Plea 2.docx

transnational drug trafficking organization as this CHS has been in direct communication with several of its members to include Casillas.

During the investigation, members of the EWVGSSTF identified a residence utilized by Casillas and other Co-defendants to include Francisco Figueroa located at 8 N. Palouse, Kennewick WA. A pole camera was placed outside the residence and was monitored by members of the EWVGSSTF. Investigators had also identified a number of "load" vehicles being used by the DTO to transport narcotics. One of those vehicles was identified as a 2001 Gold Jeep Cherokee, registered to Daisy Camacho and Jese Casillas at the Palouse residence.

On January 6, 2016, investigators were watching the pole camera placed at Casillas Palouse residence in Kennewick WA. Investigators observed the Defendant, Juvenal Landa, at the residence and further observed him load a large bag into the aforementioned jeep. Based upon the belief it was likely controlled substances, the task force requested the KPD K9 unit to initiate a traffic stop of the jeep. The Defendant, the same person observed on the pole camera, was identified as the driver. Interdiction protocols were utilized and ultimately K9 Bear was deployed on the vehicle. Bear alerted positive for the presence of narcotics. After obtaining a state search warrant, the bag observed on the video was recovered from inside the vehicle and was confirmed to contain approximately 2 pounds of methamphetamine.

A subsequent search of Jese Casillas' cell phone seized at the time of his arrest revealed a large volume of contacts between himself and the Defendant. There was also a photograph on the phone confirming a $6,000 deposit in Canadian currency dated 11/8/2015 to the Defendant. This is consistent with the the money laundering aspect of this investigation wherein Casillas and the DTO

Plea Agreement - 6
Plea 2.docx

was utilizing an undercover DEA officer to launder Canadian currency. The United States would present evidence that the Defendant was then asked to deliver the money to other members of this DTO in the Seattle WA area.

The Defendant has also been identified by the CHS in this case because the CHS was asked to introduce the Defendant to Casillas as the Defendant wanted to work for Casillas in the organization.

The methamphetamine seized from the Defendant was sent to the DEA lab and returned positive for methamphetamine, testing at 100% purity for a total of 904 grams of actual methamphetamine. The packaging was also processed for fingerprints. Fingerprint analysis confirmed that both the Defendant and Co-Defendant Casillas' fingerprints were located on the packaging material containing the two pounds of methamphetamine.

8.    The United States Agrees:

(a).    Dismissals:

At the time of sentencing, the United States agrees to move to dismiss Count 1 of the Indictment, charging the Defendant with Conspiracy to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, 5 Kilograms or More of Cocaine, 1 Kilogram or More of Heroin and 400 grams or More of N-phenyl-N Propanamide, in violation of 21 U.S.C. §841 (a)(1), (b)(1)(A)(i), (ii)(I), (vi), and (viii); all in violation of 21 U.S.C. § 846

(b).    Not to File Additional Charges:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against the Defendant based upon information in its possession at the time of this Plea Agreement and arising out of

Plea Agreement - 7
Plea 2.docx

Defendant's conduct involving illegal activity charged in this Indictment, unless the Defendant breaches this Plea Agreement any time before or after sentencing.

9.    United States Sentencing Guideline Calculations:

The Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "U.S.S.G.") are applicable to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing.

(a).    Base Offense Level and Application of U.S.S.G. §1B1.3:

The Government and Defendant agree and stipulate that more than 500 grams but less than 1.5 kilograms of pure methamphetamine was possessed with the intent to distribute.  Thus, the Government and Defendant agree that the base offense level for Count 8 is 34. *See* U.S.S.G. §2D1.1(c)(3).  The parties further agree and stipulate that this offense level encompasses the Defendant's relevant conduct.

(b).    Acceptance of Responsibility:

If the Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Plea Agreement; and enters a plea of guilty no later than the next Pre-Trial Conference, the United States will move for a three (3) level downward adjustment in the offense level for the Defendant's timely acceptance of responsibility, pursuant to U.S.S.G. §3E1.1(a) and (b).

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, not recommend a three (3) level downward reduction for acceptance of responsibility if, prior to the imposition of

Plea Agreement - 8
Plea 2.docx

sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

Furthermore, the Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment, as a condition to this recommendation by the United States.

(d).    Criminal History:

The United States and the Defendant understand that the Defendant's criminal history computation is tentative and that ultimately the Defendant's criminal history category will be determined by the Court after review of the Presentence Investigative Report. The United States and the Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined after the Presentence Investigative Report is completed.

10.    Safety Valve:

The United States and the Defendant agree that he is not eligible for the safety valve provisions of 18 U.S.C. § 3553(f) and U.S.S.G. §5C1.2. As of the time of this change of plea, the Defendant has met with the United States and indicated that he does not wish to meet the fifth requirement.

11.    Departures:

The Defendant intends to request downward departures and variances from the sentencing guidelines. The United States reserves its right to oppose any downward departure.

//

//

Plea Agreement - 9
Plea 2.docx

12.  <u>Length of Incarceration</u>:

The United States will recommend that the Court impose a sentence at the low end of the applicable advisory sentencing guideline range.   The Defendant understands that unless he qualifies for the safety valve provision, which at this time he has indicated he does not wish to meet its requirements, he cannot be sentenced to less than the mandatory minimum of ten years.

13.  <u>Criminal Fine</u>:

The United States and the Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate.

14.  <u>Supervised Release</u>:

Should the Defendant be allowed to remain in the United States or lawfully return, the parties agree to recommend that the Court impose a 5-year term of supervised release, to include the following special conditions, in addition to the standard conditions of supervised release:

(1)  that the Defendant's person, residence, office, vehicle, and belongings are subject to search at the direction of the Probation Office; and

(2)  that the Defendant have no contact with any witnesses or Co-defendants in this cause number.

15.  <u>Mandatory Special Penalty Assessment</u>:

The Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

Plea Agreement - 10
Plea 2.docx

16.    <u>Payments While Incarcerated</u>:

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

17.    <u>Additional Violations of Law Can Void Plea Agreement</u>:

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

18.    <u>Appeal Rights</u>:

In return for the concessions that the United States has made in this Plea Agreement, the Defendant agrees to waive his right to appeal the conviction and sentence if the Court imposes a prison term no higher than the applicable guideline range and imposes no more than 5 years supervised release. Defendant further expressly waives his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence. Should the Defendant successfully move to withdraw from this Plea Agreement or should the Defendant's conviction on Count 8 of the Second Superseding Indictment be dismissed, set aside, vacated, or reversed, the Plea Agreement shall become null and void; the United States may move to reinstate all counts of Indictment No. 4:15-CR-6049-EFS; and the United States may prosecute the Defendant on all

Plea Agreement - 11
Plea 2.docx



available charges involving or arising out of Indictment No. 4:15-CR-6049-EFS.
Nothing in this Plea Agreement shall preclude the United States from opposing
any post-conviction motion for a reduction of sentence or other attack of the
conviction or sentence, including, but not limited to, proceedings pursuant to 28
U.S.C. § 2255 (writ of habeas corpus).

19.    Integration Clause:

The United States and the Defendant acknowledge that this document
constitutes the entire Plea Agreement between the United States and the
Defendant, and no other promises, agreements, or conditions exist between the
United States and the Defendant concerning the resolution of the case.  This Plea
Agreement is binding only upon the United States Attorney's Office for the
Eastern District of Washington, and cannot bind other federal, state or local
authorities.  The United States and the Defendant agree that this agreement
cannot be modified except in a writing that is signed by the United States and the
Defendant.

Approvals and Signature

Agreed and submitted on behalf of the United States Attorney's Office for
the Eastern District of Washington.

JOSEPH H. HARRINGTON
Acting United States Attorney

_____          2/10/17
Stephanie Van Marter                       Date
Assistant U.S. Attorney

I have read this Plea Agreement and have carefully reviewed and discussed
every part of the agreement with my attorney.  I understand and voluntarily enter

Plea Agreement - 12
Plea 2.docx

into this Plea Agreement.  Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case.  My attorney has advised me that by pleading guilty to the charge relevant to this Plea Agreement, as of this date deportation appears to be a virtual certainty.  No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement.  I am agreeing to plead guilty because I am guilty.

_____          6-26-17
JUVENAL LANDA SOLANO              Date
Defendant

    I have read the Plea Agreement and have discussed the contents of the agreement with my client.  The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties.  I concur in my client's decision to plead guilty as set forth in the Plea Agreement.  I have further advised my client by pleading guilty to the charge relevant to this Plea Agreement, as of this date deportation appears to be a virtual certainty.  There is no legal reason why the Court should not accept the Defendant's plea of guilty.

_____          6-26-17
J. Gregory Lockwood                Date
Attorney for the Defendant

    I hereby certify that I have read and translated the entire foregoing document to the Defendant in a language with which he is conversant.  If

Plea Agreement - 13
Plea 2.docx

1    questions have arisen, I have notified the Defendant's counsel of the questions

2    and have not offered nor given legal advice nor personal opinions.

3

4    _____          _____

5    Interpreter                                              Date

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27    Plea Agreement - 14

28    Plea 2.docx