JOSEPH H. HARRINGTON
Acting United States Attorney
Eastern District of Washington
Stephanie Van Marter
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

AUG 29 2017

SEAN F. McAVOY, CLERK
_____DEPUTY
RICHLAND, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,      )
                               )
                  Plaintiff,   )      4:15-CR-6049-EFS-24
          vs.                  )
                               )      Plea Agreement
VERONICA CORTEZ,               )
                               )
                  Defendant.   )
                               )

Plaintiff, United States of America, by and through Joseph H. Harrington,

Acting United States Attorney for the Eastern District of Washington, and

Stephanie Van Marter, Assistant United States Attorney for the Eastern District

of Washington, and Defendant VERONICA CORTEZ, and the Defendant's

counsel, Lee Edmond, agree to the following Plea Agreement:

1.    <u>Guilty Plea and Maximum Statutory Penalties:</u>

The Defendant, VERONICA CORTEZ, agrees to enter a plea of guilty to

an Information Superseding Indictment charging the Defendant with Misprision

of a Felony, a Class E Felony, in violation of 18 U.S.C. § 4. The Defendant

understands that this is a felony which carries a maximum penalty of: not more

than a three (3)-year term of imprisonment; a fine not to exceed $250,000; not

Plea Agreement - 1
Cortez.Plea.docx

more than a one (1)-year term of supervised release; and a $100.00 special penalty assessment.

The Defendant, VERONICA CORTEZ, understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

2.    Denial of Federal Benefits:

The Defendant understands that by entering this plea of guilty the Defendant *may* no longer eligible for assistance under any state program funded under part A of title IV of the Social Security Act (concerning Temporary Assistance for Needy Families) or benefits under the food stamp program or any state program carried out under the Food Stamp Act. 21 U.S.C. § 862a. Further, the Court may deny the Defendant's eligibility to any grant, contract, loan, professional license, or commercial license provided by an agency of the United States or by appropriated funds of the United States.  21 U.S.C. § 862.

3.    The Court is Not a Party to the Agreement:

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. The Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by the Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

The Defendant acknowledges that no promises of any type have been made to the Defendant with respect to the sentence the Court will impose in this matter.

Plea Agreement - 2
Cortez.Plea.docx

The Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

The Defendant also understands that should the sentencing judge decide not to accept any of the parties' recommendations, that decision is not a basis for withdrawing from this Plea Agreement or a basis for withdrawing her plea of guilty.

4.    <u>Waiver of Constitutional Rights</u>:

The Defendant, VERONICA CORTEZ, understands that by entering this plea of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

      (a).    The right to a jury trial;

      (b).    The right to see, hear and question the witnesses;

      (c).    The right to remain silent at trial;

      (d).    The right to testify at trial; and

      (e).    The right to compel witnesses to testify.

While the Defendant is waiving certain constitutional rights, the Defendant understands the Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney.  The Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

5.    <u>Elements of the Offense</u>:

The United States and the Defendant agree that in order to convict the Defendant of Misprision of Felony, in violation of 18 U.S.C. § 4, the United States would have to prove beyond a reasonable doubt the following elements:

Plea Agreement - 3
Cortez.Plea.docx

*First*, beginning on a date unknown but by on or about January 2010 continuing until on or about December 6, 2016, in the Eastern District of Washington, several Defendants committed the offense of Conspiracy to Distribute Methamphetamine and/or Cocaine and/or Heroin and/or N-phenyl-N Propanamide (Fentanyl) as charged in the Second Superseding Indictment; 12-CR-06049-EFS;

*Second,* the Defendant had knowledge of the fact that the Conspiracy to Distribute Methamphetamine and/or Cocaine and/or Heroin and/or N-phenyl-N Propanamide (Fentanyl), was being committed;

*Third*, the Defendant failed to notify authorities of the offense; and

*Fourth*, the Defendant, took affirmative steps to conceal the offense.

6.    Factual Basis and Statement of Facts:

The United States and the Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for VERONICA CORTEZ's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

Members of the FBI Eastern Washington Violent Gang Safe Streets Task Force - Tri-Cities (EWVGSSTF) have been investigating a transnational drug trafficking organization operating within the Eastern District of Washington and elsewhere since at least 2011 identified as the Ivan Hernandez Calvillo Drug Trafficking Organization (DTO). During that investigation, Ivan Hernandez Cavillo (hereinafter Ivan) and Jese David Carillo Casillas (hereafter Casillas)

Plea Agreement - 4
Cortez.Plea.docx

were identified as high-ranking members of the DTO.  Members of the Task Force, through the interviews of multiple cooperating Defendants and drug seizures, learned the DTO was utilizing backpackers to physically carry quantities of cocaine and methamphetamine from the Eastern District of Washington through a trail system into Canada for distribution.

During the late fall winter of 2012, the Defendant was identified as working directly with Calvillo, specifically as a facilitator who assisted with one of his stash house locations and well as someone who assisted backpackers to and from the Canadian border.  The Defendant was a family member of Calvillo.

In December 2012, two individuals were observed via infrared camera by border patrol entering the United States illegally.  The information was relayed to the field where agents arrived to locate a series of footprints where the camera captured the illegal entry.  While this was going on, a vehicle was encountered in the same area and a traffic stop was made. The driver was identified as Co-Defendant Rosa Granados.  Granados advised she was looking for her friend's house located at 37 Eastlake Rd, Oroville, WA.  This was subsequently confirmed to be where the Defendant was living.  Granados granted permission for border patrol to utilize a K-9 around the vehicle.  The K-9 alerted positive to the area of the trunk where agents located a back pack with paperwork tying it to Osoyoos, BC. Granados was released and drove directly to the Defendant's residence.  Agents continued to follow the footprints from the crossing, and they led directly to the Defendant's residence where Granados was also currently located.  When contacted by the police, the Defendant denied any knowledge.

On February 11, 2013, the Defendant was again contacted by the Border Patrol, this time with an individual identified as Juan Cirino Ramos, a.k.a. El

Plea Agreement - 5
Cortez.Plea.docx

Viejeto[1]. Ramos was previously identified as a driver/transporter for the Calvillo DTO. The Defendant was observed meeting with Ramos at a gas station close to the border in Oroville. They both got into a vehicle and were followed to a remote area near the border where surveillance could not continue. Surveillance waited to observe the car again and sometime later, the car was observed coming back into the area where it returned to the gas station. The Defendant was observed getting back into her vehicle where she went to a nearby bank and made some form of deposit. Ramos was followed to a nearby hotel where he was observed previously.

Ramos was observed taking bags out of the trunk and taking them into a room at the Red Apple Inn in Oroville. Ramos was further observed traveling back to the same area of the border some time later. Ramos was eventually stopped by border patrol. A K-9 was present and alerted to the odor of narcotics. None were located at the time. However, paperwork was located identifying Andy Javier GARCIA-Marcias[2] , a Co-defendant in this case, as the person who checked into the hotel room. GARCIA-Marcias was known and identified as a backpacker working for the Calvillo DTO. During this same time period, border patrol via infrared camera, again observed two individuals cross back into the United States unlawfully. These individuals were not located.

On March 20, 2013, approximately 9 miles east of the Oroville, Washington Port of Entry, Border Patrol Agent (BPA) Mendoza contacted a

---

[1]As indicated, Ramos was identified as a driver for this DTO and ultimately arrested transporting approximately 20 pounds of methamphetamine. Ramos was arrested and indicted in November of 2014. He has pled guilty and been sentenced. *See*, 14-CR-2088-TOR-1

[2] GARCIA-MARCIAS is currently in custody in Canada for pending drug offenses associated with this investigation.

Plea Agreement - 6
Cortez.Plea.docx

White Ford Windstar registered to the Defendant at 37 East Lake Rd, Oroville, WA. The driver was confirmed to be the Defendant and the passenger was identified as an indicted female associated with this investigation. Both the Defendant and passenger had previously been identified as working for Calvillo's DTO.

BPA Mendoza continued his patrol duties eastbound on Mary Ann Creek Road and saw foot sign in the fresh snow of 3 individuals northbound. BPA Mendoza is currently a certified Detection Canine Handler/Instructor as well as a certified Tracking and Trailing Handler/Instructor with Canine Brix. BPA Mendoza then deployed his service canine Brix to track the subjects from Mary Ann Creek Road. BPA Mendoza and Canine Brix tracked the foot sign of three subjects for approximately 500 meters and encountered three male subjects wearing camouflage clothing. BPA Mendoza saw the subjects digging in the snow near an outbuilding with heavy tree cover. BPA Mendoza identified himself as a United States Border Patrol Agent, resulting in all three subjects running. BPA Mendoza witnessed the shortest individual later identified as Co-Defendant Andy GARCIA-Macias, drop a grey back pack before jumping over multiple barbed wire fences. The grey backpack contained a pair of night vision goggles, water/food and a hand held two-way radio.

BPA Mendoza pursued the three male subjects on foot northbound through several private properties with heavily wooded terrain east of Old Railroad Road. BPA Nicholas Donner was able to locate and detain the individuals; one of those individuals was also identified as Co-Defendant Miguel Angel Gomez Calvillo, another identified backpacker for the organization.

The residence to which the vehicle was identified, 37 East Lake Rd, Oroville, WA was an identified stash house location purchased through other co-

Plea Agreement - 7
Cortez.Plea.docx

defendants on behalf of Calvillo. The United States would present the testimony of three separate individuals, that the Defendant was hired to live at the stash house location. The testimony would include that she was further requested to assist with backpackers as they were traveling to and from Canada with loads of controlled substances and cash drug proceeds. The United States does not contend the Defendant knew the total quantities of controlled substances or cash. The United States would further present evidence that sometime in July of 2013, the Defendant left the stash house and never returned.

The Defendant therefore agrees and stipulates that she knew Ivan Calvillo, Andy GARCIA-Macias, Miguel Angel Gomez Calvillo and others were involved in the transportation and distribution of controlled substances. The Defendant further agrees and stipulates that although she was aware of the ongoing Conspiracy, she did nothing to alert the authorities. The Defendant further agrees and stipulates that by operating a stash house location and assisting with backpackers, she was taking steps to conceal and hide the activities of the Conspiracy.

    7.    The United States Agrees:

        (a.)    Dismissals:

At the time of sentencing, the United States agrees to move to dismiss Count 1 of the Second Superseding Indictment as to this Defendant only, which charges the Defendant with Conspiracy to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, 5 Kilograms or More of Cocaine, 1 Kilogram or More of Heroin and 400 grams or More of N-phenyl-N Propanamide, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(i), (ii)(I), (vi), and (viii); all in violation of 21 U.S.C. § 846.

Plea Agreement - 8
Cortez.Plea.docx

(b.)   Not to File Additional Charges:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against the Defendant based upon information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in the Information Superseding Indictment, unless the Defendant breaches this Plea Agreement any time before or after sentencing..

8.   United States Sentencing Guideline Calculations:

The Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "U.S.S.G.") are applicable to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing.

(a.)   Base Offense Level:

The United States and the Defendant agree that the base offense level for Misprision of a Felony is 19.  See U.S.S.G. § 2X4.1.

(b.)   Acceptance of Responsibility:

If the Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Plea Agreement; and enters a plea of guilty no later than the next Pre-Trial Conference, the United States will move for a three (3) level downward adjustment in the offense level for the Defendant's timely acceptance of responsibility, pursuant to U.S.S.G. §3E1.1(a) and (b).

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, not recommend a three (3) level

Plea Agreement - 9
Cortez.Plea.docx

downward reduction for acceptance of responsibility if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

Furthermore, the Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment, as a condition to this recommendation by the United States.

(c).    Criminal History:

The United States and the Defendant understand that the Defendant's criminal history computation is tentative and that ultimately the Defendant's criminal history category will be determined by the Court after review of the Presentence Investigative Report.  The United States and the Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined after the Presentence Investigative Report is completed.

9.    Safety Valve:

The United States and the Defendant agree that the provisions of the safety valve do not apply to this offense.  However, should the defendant otherwise meet all of its requirements, the United States will recommend an additional departure pursuant to application of the 18 U.S.C. § 3553(a) factors.

10.    Length of Incarceration/Probation:

So long as the Defendant meets the qualifications of paragraph 9, the United States agrees to recommend a sentence of 12 months home detention with

Plea Agreement - 10
Cortez.Plea.docx

a period of 5 years' probation to follow[3]. If the Defendant does not meet the provisions of paragraph 9, the United States is free to argue any lawful sentence. The Defendant is free to recommend any lawful sentence. The parties also agree to the following additional conditions of probation/supervised release:

> (1)    that the Defendant's person, residence, office, vehicle, and belongings are subject to search at the direction of the Probation Office; and

> (2)    that the Defendant have no contact with any witnesses or Co-defendants in this cause number.

11.    <u>Criminal Fine</u>:

The United States and the Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate.

12.    <u>Mandatory Special Penalty Assessment</u>:

The Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

13.    <u>Additional Violations of Law Can Void Plea Agreement</u>:

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition

---

[3] The Defendant has not served any term of incarceration in this matter as she was released on conditions. The parties therefore submit she is eligible for a probationary sentence wherein home detention can be ordered as a term of probation.

Plea Agreement - 11
Cortez.Plea.docx

of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

14.     Appeal Rights:

In return for the concessions that the United States has made in this Plea Agreement, the Defendant agrees to waive her right to appeal the conviction and sentence if the Court imposes a prison term no higher than the applicable guideline range and imposes no more than 5 years probation.  Defendant further expressly waives her right to file any post-conviction motion attacking her conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.  Should the Defendant successfully move to withdraw from this Plea Agreement or should the Defendant's conviction on Count 1of the Information Superseding Indictment be dismissed, set aside, vacated, or reversed, the Plea Agreement shall become null and void; the United States may move to reinstate all counts of Second Superseding Indictment No. 4:15-CR-6049-EFS-24; and the United States may prosecute the Defendant on all available charges involving or arising out of Indictment No. 4:15-CR-6049-EFS-24.  Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack of the conviction or sentence, including, but not limited to, proceedings pursuant to 28 U.S.C. § 2255 (writ of habeas corpus).

15.     Integration Clause:

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the

Plea Agreement - 12
Cortez.Plea.docx

United States and the Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and the Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

## Approvals and Signature

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

JOSEPH H. HARRINGTON
Acting United States Attorney

_____          8/26/17
Stephanie Van Marter                       Date
Assistant U.S. Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened

Plea Agreement - 13
Cortez.Plea.docx

or forced me in any way to enter into this Plea Agreement.  I am agreeing to plead guilty because I am guilty.


_____        8/29/2017
VERONICA CORTEZ            Date
Defendant


     I have read the Plea Agreement and have discussed the contents of the agreement with my client.  The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties.  I concur in my client's decision to plead guilty as set forth in the Plea Agreement.  There is no legal reason why the Court should not accept the Defendant's plea of guilty.


_____        8/29/2017
Lee Edmond            Date
Attorney for the Defendant


Plea Agreement - 14
Cortez.Plea.docx