Law Office of J. Gregory Lockwood, PLLC
522 W. Riverside, Ste. 420
Spokane WA 99201
Telephone: (509) 624-8200
Facsimile: (509) 623-1491

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JUVENAL LANDA SOLANO,<br><br>Defendant. | NO. 4:15-CR-6049-14<br><br>SENTENCING MEMORANDUM FOR JUVENAL LANDA SOLANO |
|---|---|

TO:   JOSEPH HARRINGTON, ACTING UNITED STATES ATTORNEY
      STEPHANIE VAN MARTER, ASSISTANT UNITED STATES ATTORNEY

The Defendant, Mr. Juvenal Landa Solano by and through his CJA appointed attorney, J. Gregory Lockwood, hereby submits the following sentencing memorandum:

**I.  Status of the Case**

The government in the Second Superseding Indictment charged the defendant, Mr. Solano with Conspiracy to Distribute 50 grams or more of pure methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), and Possession with Intent to Deliver 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii),

Mr. Solano entered a plea of guilty to count 8 of the Second Superseding Indictment, Possession with Intent to Deliver 50 grams or more of actual

SENTENCING MEMORANDUM
FOR JUVENAL LANDA SOLANO - 1

methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), which carries a statutory penalty range of 10 years to life.

The government has agreed to drop count 1 in the Second Superseding Indictment, Conspiracy to Distribute 50 grams or more of pure methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii),

The defendant has no prior criminal convictions and would be eligible for the "safety valve" provisions of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2(a) however Mr. Solano has declined to participate in a safety valve talk.

### II.  Facts and Objections to Presentence Investigation Report

The defendant, Mr. Solano has no objections to the presentence investigation report submitted in this matter by United States Probation.

### III.  Sentencing Factors under 18 U.S.C. § 3553(a)

In imposing a sentence, the court must consider the following factors pursuant to 18 U.S.C. § 3553(a):

(1)  the nature and circumstances of the offense and the history and characteristics of the defendant;
(2)  the need for the sentence imposed –
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3)  the kinds of sentences available;
(4)  the advisory guideline range;
(5)  any pertinent policy statements issued by the Sentencing Commission;
(6)  the need to avoid unwarranted sentencing disparities;
(7)  the need to provide restitution.

SENTENCING MEMORANDUM
FOR JUVENAL LANDA SOLANO - 2

The statute suggests a sequential examination of the factors to be considered in arriving at the proper sentence. The court should initially consider the nature and circumstances of the offense and the defendant, followed by the availability of particular sentences, either the imposition of incarceration or the imposition of a term of probation, and the advisory guideline range. In the instant offense, Mr. Solano suggests that based upon a full application and consideration of the sentencing factors, a term of the mandatory minimum of 120 months would be appropriate.

(1). **The nature and circumstances of the offense and history and characteristics of the defendant.**

This underplaying offense is a serious one involving a significant amount of methamphetamine.

The Defendant, Mr. Solano's involvement in the crime was a clear mistake of judgment having fallen into the association of others who encouraged his activity.

Mr. Solano having spent most of his life in the United States is a citizen of Mexico. Mr. Solano came to the United States as a child and has remained.

Mr. Solano attended high school in the Tri-cities area where he was befriended by others who encouraged the drug activity.

Mr. Solano is 22 years old having been born on January 19, 1995 and is a citizen of Mexico. He has some high school but no degree or GED.

He had applied for a "green card" to work in this country. He has worked at manual labor jobs in the Tri-cities area.

SENTENCING MEMORANDUM
FOR JUVENAL LANDA SOLANO - 3

Mr. Solano is healthy with no chronic medical issues but has acknowledged a problem with the use of controlled substances and is requesting to be place in a in custody drug treatment program.

(2).    **The need to protect the public.**

Mr. Solano carried no weapons nor did he threaten violence during the course of his activities. Although Mr. Solano did not participate in a safety valve talk he did accept the plea agreement and taken full responsibility for his action. A significant consequence of his actions will be his deportation. This is in itself a serious punishment for him, returning him to a place from which he has never known and away from his family in the United States.

Upon completing any sentence imposed Mr. Solano will no longer be allowed into the United States, this act of deportation will in itself protect the public.

(3).    **The need for deterrence**.

The court needs to consider deterrence in a two-fold approach.  Deterrence is determined by assessing the impact of a sentence on Mr. Solano and the impact on others in the community similarly situated.  Although Mr. Solano is aware he will be sentenced and must accept the sentence imposed by the court, as a consequence of her actions, it is highly unlikely that he will re-offend.

Mr. Solano has already suffered significantly as a result of his acts, not only by being incarcerated but by his separation from his family and the future impact on his family due to his deportation.

Mr. Solano recognizes that he has brought much of this upon himself.  But the punishment is no less real for being self-inflicted, and that is what matters in

SENTENCING MEMORANDUM
FOR JUVENAL LANDA SOLANO - 4

assessing the need for judicial punishment. Aside from any sentence the Court imposes in this matter, Mr. Solano must live with the consequence for the rest of his life.

A sentence imposing a term of 120 months is the low end of the guideline range of 120 -135 months which will deter the defendant and sufficiently achieve the goals of deterring members of the public from committing similar crimes.

(4).  **The need for the sentence imposed to provide the defendant with training, care or treatment in the most effective manner.**

The defendant facing deportation is not in need of expensive training but does seek drug treatment due to his habitual use of controlled substances.

(5).  **The kinds of sentences available.**

The maximum sentence which may be imposed for this offence is a life term of imprisonment. The PSR calculates a total offence level at 31 with no criminal history resulting in a sentencing guideline range of 120 – 135 months. The defendant and the United States have agreed to a plea agreement in which the United States recommended a 120 month sentence.

(6).  **Advisory sentencing guilelines.**

The advisory sentencing guidelines that apply to this criminal charge is 120-135 months and supervised release of 5 years.

**IV. CONCLUSION**

This Court is required to impose a sentence in this matter that is sufficient but not greater than necessary to carry out the goals of sentencing. 18 U.S.C. § 3553. Based upon the factors enumerated in 18 U.S.C. § 3553(a), a sentence at the low

SENTENCING MEMORANDUM
FOR JUVENAL LANDA SOLANO - 5

end of the advisory guideline range and the United States recommendation of 120 months will be sufficient but not more than necessary to carry out the goals of sentencing.

In consideration of the costs of incarceration and the above factors a sentence of the mandatory minimum and the United States' recommended sentence of 120 months in the parties plea agreement serves the purpose of 18 U.S.C. § 3553.

It is respectfully requested that the court consider the sentence agreed to in the parties plea agreement and impose a sentence of 120 months .

Respectfully submitted,

DATED: this 2nd day of October, 2017

        LAW OFFICE OF
        J. GREGORY LOCKWOOD, PLLC


        /s/ *J. Gregory Lockwood*
        J. GREGORY LOCKWD, WSBA 20629
        Attorney for Defendant,
        JUVENAL LANDA SOLANO

## CERTIFICATE OF SERVICE

I, J. GREGORY LOCKWOOD, hereby certify that on October 2, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: JOSEPH HARRINGTON, ACTING UNITED STATES ATTORNEY and STEPHANIE VAN MARTER, ASSISTANT UNITED STATES ATTORNEY and I hereby certify that I have mailed by United State Postal Service the document to the following non-CM/ECF participants: none.

/s/ *J. Gregory Lockwood*_____
J. GREGORY LOCKWOOD, WSBA 20629
Attorney for Defendant, JUVENAL LANDA SOLANO
Law Office of J. Gregory Lockwood
421 West Riverside, Suite 960
Spokane, WA 99201
Phone: (509) 624-8200
Fax: (509) 623-1491
jgregorylockwood@hotmail.com

SENTENCING MEMORANDUM
FOR JUVENAL LANDA SOLANO - 7