UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>JESE DAVID CARILLO CASILLAS,<br><br>  Defendant. | No. 4:15-CR-6049-EFS-2<br><br>ORDER GRANTING DEFENDANT'S MOTION TO REOPEN DETENTION HEARING AND DENYING MOTION FOR RELEASE ON CONDITIONS<br><br>**ECF No. 568** |

Date of bail review hearing: November 27, 2017

**BEFORE THE COURT** is Defendant's Motion to Reopen Detention Hearing to Consider Conditions of Release (ECF No. 568). The United States opposes the Motion. On November 27, 2017, the Court reopened the bail hearing to consider the additional proffers of the Defendant and arguments of counsel. 18 U.S.C. § 3142(f).

ORDER GRANTING DEFENDANT'S MOTION TO REOPEN DETENTION HEARING AND DENYING MOTION FOR RELEASE ON CONDITIONS - 1

The Court has considered this additional information and the supplemental pretrial services report (ECF No. 576) and evaluated the four factors outlined in 18 U.S.C. § 3142(g) to decide whether there were conditions of release that would reasonably assure the Defendant's appearance in court and the safety of the community: (1) the nature and circumstances of the offense; (2) the weight of evidence against the Defendant; (3) the history and characteristics of the Defendant; and (4) the nature and seriousness of the danger the Defendant would present to the community if released. The Court finds that these factors, as set forth orally by the Court, weigh in favor of the Defendant's continued detention.

The Court previously made findings regarding detention in this matter on August 19, 2016 (ECF No. 29). Defendant seeks release on conditions based on new information and circumstances related to Defendant's medical issues and Defendant's new proposed release address.

Defendant's medical issues stem from an altercation/assault that occurred at the Benton County Jail. Defendant's jaw was broken, which after emergency surgery has been wired closed, and he reports difficulty eating and recovering from the assault. In terms of ongoing safety concerns, the U.S. Marshals confirmed that keep separate orders are in place to prevent Defendant from being housed with the assailant. The assault does not appear to be related to the instant federal matter. Defendant's testimony reflects that his previous concerns have been adequately

ORDER GRANTING DEFENDANT'S MOTION TO REOPEN DETENTION HEARING AND DENYING MOTION FOR RELEASE ON CONDITIONS - 2

addressed by jail staff. Defendant has been previously relocated and moved by jail staff upon Defendant's request. The Court therefore finds that any ongoing safety issues have been adequately addressed.

Regarding Defendant's subsequent medical issues, the Court finds this change in circumstances is not significant enough to warrant a change in detention status. Defendant is in substantial discomfort and has difficulty eating with his jaw wired shut. However, a change in location will not change this discomfort. Defendant currently has a follow-up appointment scheduled with a facial reconstruction specialist. The Court requested that the U.S. Marshals verify with the jail that Defendant's food is being adequately liquefied for consumption. The U.S. Marshals have confirmed that Defendant will be provided larger straws for him to ingest the liquefied diet required due to his jaw being wired closed.

In terms of the nature and circumstances of the offense, at the initial detention hearing, at which Defendant was detained, Defendant faced a single charge of conspiracy to distribute controlled substances. A second superseding indictment was subsequently returned, and Defendant now faces eleven charges. The second superseding indictment alleges a five-year drug conspiracy involving a substantial quantity of narcotics, substantive counts of possession with intent to distribute controlled substances, a money laundering conspiracy count, and substantive money laundering counts. Since the initial detention order, the pending

ORDER GRANTING DEFENDANT'S MOTION TO REOPEN DETENTION HEARING AND DENYING MOTION FOR RELEASE ON CONDITIONS - 3

charges have become more serious in nature. The United States proffered that Defendant was involved in seizures of 12 kilograms of cocaine and 10 kilograms of fetynal. Moreover, the United States proffered (at both hearings) that two firearms were seized from Defendant's residence, including one under the mattress where he would sleep. The United States further proffered that the money laundering conspiracy count involved the laundering of approximately $1.8 million of drug proceeds and involved making wire transfers to his wife and in-laws, who all reside at the proposed release address. The Court finds the nature of the allegations to be serious. Additionally, if convicted, Defendant faces a mandatory minimum sentence of ten years' incarceration. Moreover, if Defendant were convicted, these offenses require presumptive deportation for an individual who is illegally present in the United States (and who has previously been removed) and the inability to seek legal status in the United States in the future. The potential of a significant mandatory minimum sentence and the immigration consequences stemming from these charges if convicted, provide a substantial incentive to fail to appear for future court proceedings.

    Although the least important factor, the weight of the evidence as proffered by the United States appears to be strong, including a proffer that Defendant met face to face with an undercover DEA agent during the transactions.

ORDER GRANTING DEFENDANT'S MOTION TO REOPEN DETENTION HEARING AND DENYING MOTION FOR RELEASE ON CONDITIONS - 4

Defendant's history and characteristics weigh in favor of detention. Defendant has substantial ties to a foreign country; he was born in Mexico, is a citizen of Mexico, and lived in Mexico until he was 18 years old, more than half of his life. His parents and four of his siblings reside in Mexico, which whom he had regular contact prior to his arrest. As such, he has a support system in Mexico in the event he chose to flee to Mexico. Defendant has no legal status in the United States and was previously removed from the United States in 2005.

Defendant does have ties to the district. Defendant's wife and children reside in the Tri-Cities area and he previously had employment in the district. However, Defendant has no legal status to work if released and no cash or property to post as a bond. Defendant has offered that family will post two vehicles in support of a bond. However, given the United States proffer that the money laundering conspiracy involved $1.8 million, the Court finds the posting of two vehicles insufficient to address the risk of non-appearance.

Additionally, home detention with electronic monitoring is not effective to address the Court's concerns about flight to a foreign jurisdiction.

Considering the presumption and the statutory factors, the Court finds a preponderance of the evidence remains that there are no conditions or combination of conditions other than detention that will reasonably assure the appearance of Defendant as required, and furthermore by clear and convincing evidence there are

ORDER GRANTING DEFENDANT'S MOTION TO REOPEN DETENTION HEARING AND DENYING MOTION FOR RELEASE ON CONDITIONS - 5

no conditions or combination of conditions other than detention that will ensure the safety of the community.

**ACCORDINGLY IT IS ORDERED:**

1. The Defendant's Motion for Release (**ECF No. 568**) is **DENIED**. Defendant shall remain held in detention pending disposition of this case or until further order of the court.

2. If the Defendant seeks review of this Order pursuant to 18 U.S.C. § 3145(b), attorney for Defendant shall file a written motion for revocation or amendment of this Order within ten (10) days before the district judge to whom this case is assigned and note it for hearing at the earliest possible date. Both parties are responsible to ensure the motion is determined promptly.

**DATED** November 29, 2017.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION TO REOPEN DETENTION HEARING AND DENYING MOTION FOR RELEASE ON CONDITIONS - 6