JOSEPH HARRINGTON
Acting United States Attorney
Eastern District of Washington
Stephanie Van Marter
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JESE DAVID CARILLO CASILLAS (2),<br>GABRIELA MENDOZA VAZQUEZ (7),<br>JULIO CESAR ROSALES SAUCEDO (9),<br>BRITTNEY LEE ZARAGOZA (10),<br>SALVADOR GUDINO CHAVEZ (11),<br>EDGAR OMAR HERERRA FARIAS (16),<br>ALFREDO MAGANA GARIBAY, aka FREDDY (18)<br>JUAN BRAVO ZAMBRANO (19),<br>MIGUEL REYES GARCIA (21), and<br>JOSE ADRIAN MENDOZA (23)<br><br>Defendants. | 4:15-CR-6049-EFS<br><br>United States Response to Defendant's Notice Regarding Challenge to Government Expert |

Plaintiff, United States of America, by and through Joseph H. Harrington, Acting United States Attorney, for the Eastern District of Washington, and Stephanie Van Marter, Assistant United States Attorney for the Eastern District of Washington,

United States Response to Defendant's Notice Regarding Challenge to Government Expert -1
ModusOperandiResponse.docx

hereby submits its response to Defendant's Notice Regarding Challenge to Government Expert (ECF No. 579).

The United States has been conversing with counsel for Defendant Casillas regarding the proposed Modus Operandi testimony.  In conjunction with this memorandum, the United States has filed a supplemental notice in an attempt to address some of counsel's questions in regard to the proposed testimony.  However, given the lack of clarity in Defendant's notice of objection, the United States provides the following responsive memoranda.

### I. IN A CONSPIRACY PROSECUTION, EXPERT MODUS OPERANDI TESTIMONY IS PROPER

The purpose of any offered expert testimony is to assist jurors in determining the legal significance of the evidence and to help them to understand it.   For over 30 years, the Ninth Circuit has held that expert testimony about the modus operandi of criminal activity especially within a criminal organization is relevant and helpful to the jury.  See *United States v. Maher*, 645 F.2d 780, 783-784 (9th Cir. 1981)(per curiam) (allowing modus operandi testimony about countersurveillance in drug case). "[I]t is commonplace that expert testimony regarding the structure of criminal enterprises is admissible to help the jury assess a defendant's involvement in that enterprise." *United States v. Valencia-Amezcua*, 278 F.3d 901 (9th Cir. 2001).

In *United States v. Johnson*, 735 F.2d 1200, 1201 (9th Cir. 1984), the Court explained that modus operandi evidence is admissible because it helps the jury

United States Response to Defendant's Notice Regarding Challenge to Government Expert -1
ModusOperandiResponse.docx

understand how "combinations of seemingly innocuous events may indicate criminal behavior." Law enforcement experts know the methods used by criminals. Jurors don't.  Consequently, expert testimony is relevant and helpful to jurors considering whether certain facts prove a crime. This rule was well established in 1984 when *Johnson* noted, "The federal courts uniformly hold ... that [expert witnesses] may testify as to the general practice of criminals to establish the defendant's modus operandi." *Id.* at 1202.

In the last several years however, the Ninth Circuit has drawn some limitations to this testimony specifically when faced with proposed modus operandi testimony where there was no larger conspiracy charged.  As a result, the Ninth Circuit has held that expert testimony regarding the structure of narcotics trafficking organizations introduced in order to prove knowledge should be excluded under Federal Rules of Evidence, Rule 403 unless the defendant is charged with conspiracy or raises some other issue as probative of his lack of knowledge. See, *United States v. Pineda-Torres*, 287 F.3d 860, 864-865 (9th Cir.), *cert. denied*, 537 U.S. 1066, 123 S.Ct. 661, 154 L.Ed.2d 555 (2002) (distinguishing drug courier testimony from structure testimony); *United States v. Varela-Rivera*, 279 F.3d 1174 (9th Cir.2002) (expert testimony regarding structure and methods of drug trafficking organizations inadmissible in non-conspiracy importation case); *United States v. Vallejo*, 237 F.3d 1008, 1016-1017 (9th Cir.2001), as amended, 246 F.3d 1150 (9th Cir.2001).

United States Response to Defendant's Notice Regarding Challenge to Government Expert -1
ModusOperandiResponse.docx

Despite this limitation, the Ninth Circuit has clearly noted neither *Vallejo* nor its progeny supports the establishment of a per se rule that expert testimony regarding the operation and structure of drug trafficking organizations or the modus operandi of couriers involved in drug trafficking organizations is inadmissible.  In *United States v. Sepulveda-Barraza*, 645 F.3d 1066, 1071 (9th Cir. 2011), the Ninth Circuit agreed that such a per se rule would be inconsistent with the case-by-case approach mandated by Federal Rule of Evidence, Rule 403. See, *United States v. Hinkson*, 585 F.3d 1247, 1267 (9th Cir.2009) (en banc) (observing that "the considerations arising under Rule 403are susceptible only to case-by-case determinations" (internal quotation marks omitted));  *United States v. Valencia–Amezcua*, 278 F.3d 901 (9th Cir.2002).  *United States v. Venegas–Reynoso*, 524 Fed.Appx. 373, 375-376 (9th Cir. 2013).

Thus, in a Conspiracy case such as this, those limitations do not apply as the clear standard is still that "[G]overnment agents or similar persons may testify as to the general practices of criminals to establish the defendants' modus operandi." *United States v. Gil*, 58 F.3d 1414, 1422 (9th Cir.1995) (quoting *United States v. Johnson*, 735 F.2d 1200, 1202 (9th Cir.1984)); See also, *United States v. Dimas*, 532 Fed.Appx. 746, 748 (9th Cir. 2013); *United States v. Freeman*, 498 F.3d 893, 906–07 (9th Cir.2007)(finding in part that officers testimony as to the general practices of drug traffickers and an opinion that a notebook was a "pay ledger" commonly used in the drug trade was admissible); *United States v. Valencia Amezcua*, 278 F.3d 901, 908

United States Response to Defendant's Notice Regarding Challenge to Government Expert -1
ModusOperandiResponse.docx

(9th Cir.2002)(finding that there is clear precedent as to the admissibility of expert testimony regarding the general modus operandi of methamphetamine traffickers).

Moroever, in *United States v. Ogedengbe*, 187 Fed.Appx. 715, 716, 2006 WL 1876858, at *1 (9th Cir. 2006), the Ninth Circuit found that the trial court did not abuse its discretion in allowing testimony by a government expert concerning the structure and practices of complex international drug smuggling organizations, "[T]his court has consistently approved the use of such evidence in cases like the present, which involve a defendant accused of involvement in a complex drug conspiracy. *Id*; citing, *United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1259-60 (9th Cir.1998), cert. denied, 528 U.S. 842, 120 S.Ct. 311, 145 L.Ed.2d 94 (1999); *United States v. Kearns*, 61 F.3d 1422, 1427 (9th Cir.1995). See, e.g., *United States v. Varela-Rivera*, 279 F.3d 1174, 1179 (9th Cir.2002) (noting that modus operandi testimony is generally inadmissible unless the defendant is charged with conspiracy).

In this case, the Defendants have been charged with Conspiracy to Distribute Methamphetamine, Cocaine, Heroin and Fentanyl as well as Conspiracy to Commit Money Laundering to include International Money Laundering.  This is not a single count smuggling case.  This is a complex drug trafficking case where modus operandi testimony will help the jury to understand the organization, the roles of those involved and a context with which to understand the physical evidence.  This type of testimony

United States Response to Defendant's Notice Regarding Challenge to Government Expert -1
ModusOperandiResponse.docx

is a specialized body of knowledge that is beyond the knowledge and understanding of the average juror.  It is the proper subject for this type of expert testimony.

As is common in cases such as this, the presentation of lay witness testimony can at times obviate the need to present further modus operandi expert testimony.  In this case, the United States anticipates that it will be calling a number of lay witnesses who will also provide testimony as to this drug trafficking organization.  Specifically, the United States will be calling fact witnesses that include both law enforcement witnesses and cooperating Defendants/informants who have either participated directly in aspects of this investigation or who are members of this drug trafficking organization and therefore have direct knowledge as to relevant and material facts as to the organization.  Such testimony would be offered pursuant to Federal Rules of Evidence, Rule 701.  A lay witness may opine about a person's role in an organization when the opinion is based on his own perceptions, is helpful to the jury, and does not require specialized knowledge. *See* Fed.R.Evid. 701; *United States v. Figueroa–Lopez*, 125 F.3d 1241, 1245–46 (9th Cir.1997) (explaining that lay witnesses may testify about the implication of an observation when the "observations are common enough and require such a limited amount of expertise, if any, that they can, indeed, be deemed lay witness opinion").

The United States therefore recognizes that its notice of modus operandi expert testimony is somewhat dependent upon the presentation of the lay witnesses'

United States Response to Defendant's Notice Regarding Challenge to Government Expert -1
ModusOperandiResponse.docx

testimony as the United States has no intention of duplicating testimony. However, in order to comply with its Rule 16 obligations, the United States properly provided notice of its intent to also call modus operandi experts should it be necessary.

The Defendant has filed an incomplete objection to this proposed testimony indicating it has requested additional information from the United States. The United States has filed with this memorandum, a supplement to its modus operandi notice addressing some of those questions raised by the Defendant. Specifically, the Defendant asked for clarification as to which expert would be offering which testimony as detailed in the notice. The United States has attempted to address that question by noting which proposed expert would address which issue. In this case, the majority of the proposed modus operandi expert testimony will be offered by SA Leahy. Given the international implications in this case, the United States has also noticed the potential expert testimony of Sgt. Barlow and Constable Kimura[1]. Both of these witnesses are members of the Royal Canadian Mounted Police who assisted in this investigation. The United States anticipates that it will likely not require both to provide expert testimony. Their proposed modus operandi testimony as explained in the notice, will focus on those issues specific to Canada: namely the difference in drug pricing and the use of smuggling routes from this District into Canada.

---

[1] The United States has provided all three of their curriculum vitaes, which provide in detail their training and experience.

United States Response to Defendant's Notice Regarding Challenge to Government Expert -1
ModusOperandiResponse.docx

The United States respectfully submits this proposed modus operandi testimony in a complex drug trafficking conspiracy case such as this, is proper and admissible.

Dated:  December 15, 2017

> JOSEPH H. HARRINGTON
> Acting United States Attorney
>
> *s/Stephanie Van Marter*
>
> Stephanie Van Marter
> Assistant United States Attorney

United States Response to Defendant's Notice Regarding Challenge to Government Expert -1
ModusOperandiResponse.docx

# CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Robin Collett Emmans robin.emmans@secondstreetlaw.com, marcie@secondstreetlaw.com
Ricardo Hernandez hloffice@basinis.com, hloffice1039@gmail.com
Victor H Lara, vh_lara@hotmail.com
Gregory Lee Scott, gregory@scottlaw.net  keila.scott@scottlaw.net
Peter Steven Schweda, pschweda@wsmattorneys.com  kschroeder@wsmattorneys.com
Michael V Felice, mike@mvfelicelaw.com  legal1@axtellbriggs.com
Richard A Smith, rasmith@house314.com  smithone@house314.com
Kenneth D Therrien, kentherrien@msn.com  jmora.ktlaw@outlook.com  martha.ktlaw@outlook.com
Scott W Johnson, scott@johnsonorr.com

*s/Stephanie Van Marter*

Stephanie Van Marter
Assistant United States Attorney

United States Response to Defendant's Notice Regarding Challenge to Government Expert -1
ModusOperandiResponse.docx