Peter S. Schweda
Waldo, Schweda & Montgomery, P.S.
2206 North Pines Road
Spokane, WA 99206
509/924-3686
Fax: 509/922-2196
pschweda@wsmattorneys.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. 4:15-cr-6049-EFS-15 |
| Plaintiff, ) | |
| vs. ) | DEFENDANT EDGAR OMAR HERRERA FARIAS' MOTION IN LIMINE REGARDING ADMISSIBILITY OF EXPERT WITNESS TESTIMONY |
| EDGAR OMAR HERRERA FARIAS, ) | |
| Defendant. ) | Hearing: March 6, 2018 at 10:00 a.m. at Richland |
| _____) | WITH ORAL ARGUMENT |

Comes now the defendant, Edgar Omar Herrera Farias, by and through counsel, Peter S. Schweda and seeks a threshold determination of admissibility of expert testimony as to drug modus operandi and money laundering modus operandi. This motion is based upon CR 16, FRE 403, 701, 702, 703 and 704 and the memorandum set forth below.

MEMORANDUM

The government has provided several notices of expert testimony. This motion addresses the two notices which deal with proposed drug modus operandi experts, of

*DEFENDANT'S MOTION IN LIMINE - 1*

*Waldo, Schweda & Montgomery, P.S.
2206 North Pines Road
Spokane, WA 99206
509/924-3686
Fax: 509/922-2196*

which three are named. ECF 474 and ECF 595. A fourth witness is identified in footnote 3 of ECF 474 as a fact witness from whom the government will solicit testimony "based upon his training and experience" and "as to the meaning and significance of various events in the conspiracy." These witnesses are agents who were involved in the investigation of this case, and who also are experienced investigators of drug trafficking networks. The defense has several concerns raised by the government's two disclosures. 1) as a threshold matter under FRE 403 and 702, necessity of an expert to address the topics identified by the government; 2) the potential for needlessly cumulative presentation between the three (or four) witnesses under FRE 403; 3) the risk of a key fact witness serving as a de facto expert witness in violation of FRE 701; 4) the risk of an expert opining on an ultimate conclusion, substituting his expertise for that of the jury, FRE 704.

1) Threshold determination

Under FRE 702, an expert may testify "in the form of an opinion or otherwise" if his or her "specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue." When an expert is challenged, the court steps into a gatekeeping role established in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) and its progeny. This is true for both scientific and other specialized knowledge. *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). In considering the admissibility of

*DEFENDANT'S MOTION IN LIMINE - 2*

*Waldo, Schweda & Montgomery, P.S.*
*2206 North Pines Road*
*Spokane, WA 99206*
*509/924-3686*
*Fax:  509/922-2196*

testimony based on other specialized knowledge, Rule 702 generally is construed liberally. United States v. Hankey, 203 F.3d 1160, 1168 (9th Cir. 2000). The court's analysis is guided by question of law determinations under FRE 104(a) as follows:

. Whether the opinion is based on scientific, technical, or other specialized knowledge;

. Whether the expert's opinion would assist the trier of fact in understanding the evidence or determining a fact in issue;

. Whether the expert has appropriate qualifications-i.e., some special knowledge, skill, experience, training or education on that subject matter.

. Whether the testimony is relevant and reliable.

. Whether the methodology or technique the expert uses "fits" the conclusions (the expert's credibility is for the jury).

. Whether its probative value is substantially outweighed by the risk of unfair prejudice, confusion of issues, or undue consumption of time.

*United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000) (internal citations omitted). As the government points out in ECF 596, courts do regularly allow modus operandi evidence, especially in complex cases and in conspiracy cases. However, in each case the defendant is entitled to have that threshold determination made and the delimitation of expert testimony that results if the government meets its burden. The government has an obligation to demonstrate a proposed expert's relevance and reliability "by a preponderance of proof." *Daubert*, 509 U.S. at 592, n. 10, citing to FRE 104(a).

DEFENDANT'S MOTION IN LIMINE - 3

Waldo, Schweda & Montgomery, P.S.
2206 North Pines Road
Spokane, WA 99206
509/924-3686
Fax: 509/922-2196

One of the most notable aspects of the government's disclosure as to Special Agent Leahy is the frequency with which his testimony is anticipated to draw parallels between drug trafficking organizations and businesses in general. Thus, it speaks of product source location, distribution hubs, transportation needs, overhead expenses, and the use of various levels of people to carry out the transportation and distribution tasks. These concepts are not unique or difficult to understand. To the extent that the anticipated testimony of these agents deals with common sense inferences and easily understood topics, the defense objects that the testimony is unnecessary and prejudicial.

There are two conspiracy charges herein. One is drug trafficking, and one is money laundering through wire transfers. The government has provided disclosure of three experts, career law enforcement officers. Special Agent Leahy is relied upon the most heavily, with extensive experience investigating drug trafficking, and with much to say on how these operations function. The Canadian officers are also mentioned in the government's description of locations, transportation methods, common drugs traded, roles of the conspirators, and then in a short section, cash drug proceeds are mentioned (ECF 595, p. 4-5). Again, Agent Leahy is the most heavily relied upon. Sgt. Barlow is mentioned. Thus, as to the money laundering aspect of the anticipated expert testimony, the defense challenges the qualifications of these individuals to present as experts in that field. Their histories in drug investigations is clear. Their

*DEFENDANT'S MOTION IN LIMINE* - 4

*Waldo, Schweda & Montgomery, P.S.*
*2206 North Pines Road*
*Spokane, WA 99206*
*509/924-3686*
*Fax: 509/922-2196*

expertise in banking and wire transfers, the use of and transfer of money is not. Furthermore, the basis of their testimony as to the money laundering conspiracy is not clearly based in technical or other specialized knowledge.

2) Cumulative evidence

The government has noted in its response to Defendant Casillas' notice of intent to challenge the government's expert (ECF 596) that it will not necessarily call the Canadian officers listed as expert witnesses in addition to the local agent most heavily relied upon in the government's disclosures. The defense is remaining alert to the potential for this objection and notifying the court of the potential need to address this objection if the government does choose to call all three witnesses disclosed. In its supplemental disclosure, there are places where all three are listed as potentially covering the same concepts, and there are places where two of the three are so listed. To the extent that any overlap might be offered by the government, the defense objects that such testimony is cumulative. Rather than inform, it serves to overemphasize generalities common to narcotics trafficking, rather than facts specific to the defendants in this case.

3) Lay witness serving as an expert witness

The government has alerted the defense to its intention of seeking from a key lay witness certain "testimony based upon his training and experience" and further testimony "as to the meaning and significance of various events in the conspiracy."

*DEFENDANT'S MOTION IN LIMINE* - 5

*Waldo, Schweda & Montgomery, P.S.*
*2206 North Pines Road*
*Spokane, WA 99206*
*509/924-3686*
*Fax: 509/922-2196*

ECF 474, FN 3, p. 5. The defense objects that this would be improper opinion testimony by a lay witness, constituting de facto expert testimony and an intrusion upon the jury's role, in violation of FRE 701 and 704.

4) Opinion on an ultimate conclusion

The defense is always alert to the risk that an expert on something as broad as drug modus operandi might seek to reassure the jury that the individuals targeted by the government's investigation do, in fact, fit the mold and did, in fact, participate in a drug trafficking conspiracy for which they should be held criminally liable. Having an agent deeply involved in an investigation who then serves as an expert can make it difficult to navigate the line between appropriate expert testimony and an invasion of the province of the jury.

## CONCLUSION

Pursuant to FRE 702, the defense requests that the court conduct a threshold analysis of whether or not the offered experts' testimony as to drug modus operandi is admissible. Further, the defense seeks limitation of that proposed testimony.

RESPECTFULLY submitted this 6th day of February 2018.

> WALDO, SCHWEDA
> & MONTGOMERY, P.S.
> By: /s/ Peter S. Schweda
> PETER S. SCHWEDA
> Attorney for Defendant Herrera Farias

*DEFENDANT'S MOTION IN LIMINE - 6*

*Waldo, Schweda & Montgomery, P.S.
2206 North Pines Road
Spokane, WA 99206
509/924-3686
Fax: 509/922-2196*

## *CERTIFICATE OF SERVICE*

I HEREBY CERTIFY that on February 6, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Joseph H. Harrington
Acting United States Attorney
Eastern District of Washington
Stephanie Van Marter
Assistant United States Attorney
Eastern District of Washington
300 United States Courthouse
PO Box 1494
Spokane, WA 99210

By: /s/ KATHLEEN SCHROEDER
Legal Assistant to Peter S. Schweda

*DEFENDANT'S MOTION IN LIMINE* - 7

*Waldo, Schweda & Montgomery, P.S.*
*2206 North Pines Road*
*Spokane, WA 99206*
*509/924-3686*
*Fax: 509/922-2196*