Ricardo Hernandez
HERNANDEZ LAW OFFICES LLC
PO Box 1039
Sunnyside, WA
(509) 837-3184

Attorney for Gabriela Vasquez Mendoza

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) 4:15-CR-6049-EFS-7 |
| Plaintiff, | ) |
| | ) **MOTION AND MEMO** |
| | ) **IN SUPPORT OF** |
| v. | ) **MOTIONS IN LIMINE** |
| | ) |
| GABRIELA VASQUEZ MENDOZA, | ) With Oral Argument |
| | ) March 6, 2018 at 10:00am |
| Defendant. | ) Richland, WA |

The Defendant, by and through her attorney of record Ricardo Hernandez submits the following memorandum in support of her motions in limine.

## TESTIMONY SOUGHT TO BE EXCLUDED

**1.  To prevent the Government from informing the jury during any portion of the trial that the Assistant United States Attorney is affiliated with any Major Drug Enforcement Task Force.**

This evidence is irrelevant under Evidence Rule 402 and any alleged probative value is substantially outweighed by the danger of unfair prejudice pursuant to Evidence Rule 403.

MEMORANDUM IN
SUPPORT OF MOTIONS IN LIMINE        - 1 -

**2. To prevent the Government from introducing into evidence any booking photograph(s) taken of the defendant since identity is not at issue.**

This evidence is irrelevant under Evidence Rule 402 and any alleged probative value is substantially outweighed by the danger of unfair prejudice pursuant to Evidence Rule 403.

**3. To prevent any Government witness from testifying, or allowing the Government to argue, that the defendant and/or narcotic traffickers are a "danger to the community."**

There is no basis for this type of testimony as to the defendant, absent speculation and conjecture on the part of the Government or any witness. Moreover, any attempt to present evidence that narcotic traffickers are a danger to the community would simply unfairly prejudice the jury in this case. More importantly, this evidence is irrelevant under Evidence Rule 402 and any alleged probative value is substantially outweighed by the danger of unfair prejudice pursuant to Evidence Rule 403. Likewise, no discovery provided by the Government provides the foundation for any such testimony.

**4. To prevent the Government in its opening statement, or closing argument, to express its personal opinion about the credibility of any witness or the guilt/innocence of the accused.**

It is improper for a prosecutor, or for Government witnesses to invade the province of the jury, to express a personal opinion about the credibility of a witness and the guilty or innocence of the accused. State v. Reed, 102 Wn.2d 140, 684 P.2d 699 (1984); State v. Mak, 105 Wn.2d 692, 718 P.2d 407, cert. denied, 479 U.S. 995 (1986); State v. Robinson, 44 Wn.App. 611, 722 P.2d 1379, review denied, 107 Wn.2d 1009 (1986).

**5.   To prevent the Government from arguing that the defendant's attorney would not have failed to present favorable evidence if any such evidence existed.**

It is always improper for the Government to attempt to shift the burden of proof.  More importantly, the Court of Appeals has found it improper argument by the Government to argue that the defendant had a good defense attorney who would not have failed to present favorable evidence had any existed.  State v. Cleveland, 58 Wn.App. 634, 647-48, 794 P.2d 546 (1990).

**6.   The Defendant's failure to call any witness.**

The Government bears the burden of proving each and every element of each and every offense.  To somehow argue that the defendant failed to call anyone as a witness would unfairly shift the burden of proof to the defendant.

**7.   Any testimony/argument that Hispanics are responsible for supplying methamphetamine or that Hispanics are otherwise major distributors of methamphetamine or other drugs**

The defendant is a Hispanic.  Plaintiff should be prohibited from making reference to defendant's ethnic background or otherwise blaming the drug problem on any particular race.

The Fifth and Fourteenth Amendment to the United States Constitution forbids denial of equal protection to any person.  The U.S. Supreme Court has held that all persons who lawfully abide in any state must be accorded the same legal privileges as citizens of this country.  Takahashi v. Fish and Game Commission, 334 U.S. 410, 420 (1948).

Because the defendant has the constitutionally guaranteed right of due process in the United States courts, the defendant's citizenship, and any illegal

MEMORANDUM IN
SUPPORT OF MOTIONS IN LIMINE               - 3 -

activity that members of the defendant's race may participate in, is irrelevant to any issue before the court. Such evidence is therefore inadmissible under ER 402 403.

### 8. To prevent the Government from asking any witness to judge whether or not another witness is lying.

Asking a witness to judge whether or not another witness is lying invades the province of the jury. State v. Suarez-Bravo, 72 Wn.App. 359, 366 (1994). It is readily conceivable that a juror could conclude that an acquittal would reflect adversely upon the honesty and good faith of the police witnesses. State v. Castaneda-Perez, 61 Wn.App. 354, 362, review denied 118 Wn.2d 1007 (1991). It is for these reasons that courts examining this issue have determined that such questioning amounts to prosecutorial misconduct.

### 9. To prevent the Government from eliciting any testimony concerning criminal profiles of narcotic traffickers.

The use of racial or ethnic characteristics to classify persons is violative of Article 1, Section 7 of the Washington Constitution, Article 1, Section 20 of the Oregon Constitution as well as the Fourteenth Amendment to the United States Constitution. United States v. Garren, 893 F.2d 208 (9th Cir. 1989); City of Medford v. Herbison, 57 Or.App. 496, 645 P.2d 563 (1982).

In addition, narcotic trafficking has permeated all walks of life, all social and ethnic status, as well as individuals from all income levels. The particularization of profiles to adapt to this particular case should not be allowed to be presented to the jury.

### 10. To prevent the Government from introducing any evidence of awards and/or commendations that any witness for the Government may have received, including but not necessarily limited to law enforcement personnel.

MEMORANDUM IN
SUPPORT OF MOTIONS IN LIMINE                -4-

Such evidence is not probative of an officer's truthfulness. More importantly, it is particularly likely to taint the jury and is improper character evidence. State v. Smith, 67 Wn.App. 838 (1993); State v. Heaton, 149 Wash. 452 (1928) (prosecutors should not bolster a police witness good character).

In addition, this evidence is irrelevant under Evidence Rule 402 and any probative value is substantially outweighed by the danger of unfair prejudice pursuant to Evidence Rule 403. Furthermore, this evidence is hearsay and therefore not admissible pursuant to Evidence Rule 801.

**11. To prevent the Government from introducing testimony concerning general opinions concerning "particulars of the Hispanic drug dealing community."**

In addition, this evidence is irrelevant under Evidence Rule 402 and any probative value is substantially outweighed by the danger of unfair prejudice pursuant to Evidence Rule 403. Furthermore, this evidence is hearsay and therefore not admissible pursuant to Evidence Rule 801.

**12. To prevent any Government witness from testifying in a conclusory manner that the defendant was knowingly involved in controlled substances.**

The jury is the trier of fact in this case. Any attempt by the Government, or its witnesses to testify in a conclusory manner that Ms. Vasquez Mendoza "knowingly" was involved in the possession or transportation of methamphetamine or any other drug invades the province of the jury in violation of the United States Constitution VI amendment.

**13.  Defendant further moves the Court for an order directing Plaintiff's counsel to carefully inform each witness called by plaintiff regarding the existence of any order issued by the court, and the necessity for compliance by each witness with it.**

Obviously, the granting of any of the aforementioned paragraphs would be for naught, unless the parties instructed their witness to comply with the court's order prior to testifying.  Additionally, this curative process will avoid the undue cost and expense of a mistrial in the event prejudicial evidence, previously ordered excluded, is presented to the jurors in this action.

**14.    The filing of this motion.**

Plaintiff should be prohibited from any reference to this motion or the court's ruling on the motion.

It is improper to state or to imply to the jury that a party has sought to exclude evidence bearing on the issues in a case or on the rights of the parties. Texas Employer's Insurance Association v. Phillips, 255 S.W.2d 364 (Tex. App. 1953).  In this connection, defendant moves that plaintiff counsel be instructed not to suggest to the jury by argument or otherwise, that defendant has sought to exclude from proof any matter bearing on the issues in the cause or the rights of the parties in this suit.   Texas Employers Ins. Ass'n v. Phillips, 255 S.W.2d 364 (Tex.App. 1953).

This motion is based upon the court file in the instant action, Evidence Rules 401, 402, 403, 801, 802, 803, as well as the Fifth and Fourteenth Amendment of the United States Constitution, the due process clause of the Washington State Constitution, and the accompanying memorandum of law.

MEMORANDUM IN
SUPPORT OF MOTIONS IN LIMINE                    - 6 -

Respectfully submitted this 6th day of February 2018.

**HERNANDEZ LAW OFFICES LLC**

s/ Ricardo Hernandez
Ricardo Hernandez
Washington State bar #21463
Attorney for Gabriela Mendoza Vasquez

**CERTIFICATON OF SERVICE**

I hereby certify that on February 6, 2018 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Stephanie Van Marter, Assistant U.S. Attorney.

s/ Ricardo Hernandez
Ricardo Hernandez
Washington State bar #21463
Attorney for Gabriela Mendoza Vasquez