**RICHARD A. SMITH, WSBA 15127**
**SMITH LAW FIRM**
**314 No. Second Street**
**Yakima, WA  98901**
**Telephone:  509-457-5108**

Attorneys for Defendant
Juan Bravo Zambrano

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON
### (Honorable Edward F. Shea)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    vs.<br><br>JUAN BRAVO ZAMBRANO,<br><br>                Defendant. | NO.  4:15-cr-06049-EFS-19<br><br>MOTION TO SUPPRESS<br><br>DATE:     March 6, 2018<br>TIME:     10:00 A.M.<br><br>Evidentiary Hearing Requested |

**TO:  Clerk, U.S. District Court, Eastern District of Washington; and**
**TO:  Stephanie A. Van Marter, Assistant United States Attorney.**

    **COMES NOW** JUAN BRAVO ZAMBRANO, by and through his attorney of record, Richard A. Smith of *Smith Law Firm*, and moves the court for an order suppressing all evidence obtained by virtue of the unlawful stop, search and seizure of Mr. Bravo Zambrano on August 26, 2015.

    This motion is made based upon the Memorandum of Points and Authorities submitted with the motion and all evidence to be presented at the time of hearing on this motion.

MOTION TO SUPPRESS - Page 1

SMITH LAW FIRM
314 North Second Street
Yakima, WA  98901
(509) 457-5108

DATED this 6th day of February, 2018.

Presented by: **Smith Law Firm**

*/s/ RICHARD A. SMITH*
RICHARD A. SMITH, WSBA 15127
Attorney for Defendant Zambrano
314 North Second Street
Yakima, WA 98901
rasmith@house314.com
Phone: (509) 457-5108
Fax: (509) 452-4601

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SUPPRESS

### 1.    Facts in Support of the Motion to Suppress.

On August 26, 2015, a Mercedes Benz was observed departing the Ramada Limited Hotel located at ███████████, Grand Fords, BC. According to reports, at approximately 4:57 a.m. the Mercedes was observed departing the Ramada Limited Hotel and driving westbound on Highway 3 towards Greenwood, BC. The Mercedes was lost to surveillance for approximately 15 to 20 minutes but was then observed returning to Grand Forks, BC where it returned to the Ramada Limited Hotel. At approximately 5:38 a.m. a woman identified as Reynosa De Robinson was observed exiting the driver's seat along with a person identified as Gomez Calvillo from the passenger's seat and two unknown males from the rear passenger's seats. According to surveillance all parties entered room number 203 of the Ramada Limited Hotel.

Later that evening at approximately 8:59 p.m., Reynosa De Robinson and Mr. Gomez Calvillo and two unknown males departed the Ramada Limited Hotel in the

MOTION TO SUPPRESS - Page 2

Mercedes and drove westbound on Highway 3.  At 11:12 p.m. a traffic stop was conducted of the Mercedes and the occupants arrested for aiding and abetting anyone to enter Canada illegally and being an illegal foreign national in Canada under the Immigration and Refugee Protection Act ("IRPA").  Pursuant to the stop and arrest the person of Juan Bravo Zambrano was identified and placed in custody.

This motion is made to suppress the identification of Juan Bravo Zambrano and all evidence obtained by virtue of his unlawful stop, search, seizure and arrest.

**2.** **Legal Argument**.

In this case the law enforcement reports indicate that a "traffic stop was conducted of the Mercedes and the occupants arrested for aiding and abetting anyone to enter Canada illegally and being an illegal foreign national in Canada under the Immigration and Refugee Protection Act ("IRPA")."  It is unclear whether the law enforcement is alleging that a traffic violation was committed that allowed the stop or that simply a stop was conducted of the Mercedes.

The Government has the burden of proving that the stopping or arresting law enforcement observations would be sufficient to constitute a violation of the traffic laws.  In this case no traffic violation is identified.  The Government must prove at an evidentiary hearing that the violation actually occurred.

In *Whren v. United States*, 517 U.S. 806 (1996), the court found that an officer's motive in conducting a traffic stop is irrelevant.  However, the *Whren* decision has been criticized for giving police carte blanche to conduct traffic stops based purely on racial profiling, discrimination or on a police officer's unsubstantiated hunch that a motorist is engaged  in the transportation of narcotics. *Whren v. United States*, 517 U.S. 806 (1996).  *See E.G. David O. Markus, Whren v. United States*: A Pretext to Subvert the Fourth Amendment, 14 Harv. Blackletter A.J.

MOTION TO SUPPRESS - Page 3

**SMITH LAW FIRM**
314 North Second Street
Yakima, WA  98901
(509) 457-5108

91 (in essence, the message to officers is:  pull over anyone you want because you can always find a reason for doing so after the seizure; *Kenneth Gavsie*, note, making the best of *Whren*:  The Problem with Pretextual Traffic Stops and the Need for Restraint, 51 Fla. L. Rev. 385, 390-91 (1998) (noting that the extensive nature of traffic codes renders it impossible for drivers to travel three blocks without violating the law in some small way; therefore, police now have "virtually unlimited discretion" to stop drivers "anytime and for any reason".)

The courts have been mindful of the abuses that are possible in the wake of *Whren*.  Although judges may no longer find a Fourth Amendment violation based on a police officer's ultimate motive in conducting a traffic stop, the courts have indicated that judges must carefully examine the credibility of police officers who claim that a motorist actually committed a traffic violation:  "The courts have given the police this extraordinary power to make pretextual stops and searches of vehicles, but it is also the responsibility of the courts to make sure the testimony of police officers is given the same critical scrutiny given to a defendant's testimony."  *United States v. Hill*, 195 F.3d 258 (6th Cir. 1999), cert denied, 528 U.S. 1176 (2000), quoting *Uniited States v. Akarm*, 165 F.3d 452 (6th Cir. 1999) (Guy, J., dissenting).  Citing Judge Guy's dissent, the majority in *Hill* commented further:

> We share in the concern that police officers using the state of the law in this circuit has carte blanche permission to stop and search "target" or "profile" vehicles for drugs … We agree that it is the responsibility of the courts to make sure that police officers act appropriately and not abuse the power legally afforded to them by, among other things, carefully scrutinizing a police officer's testimony as to the purpose of the initial traffic stop.

In this case the court should scrutinize carefully the police officer's testimony as to the basis and purpose of the initial traffic stop.

MOTION TO SUPPRESS - Page 4

**SMITH LAW FIRM**
314 North Second Street
Yakima, WA  98901
(509) 457-5108

3. <u>**The Law Enforcement's Stop, Detention and Seizure of Juan Bravo Zambrano was illegal**</u>.

A passenger may challenge the stop of a vehicle on Fourth Amendment grounds. *United States v. Twilley,* 222 F.3d 1092 (9th Cir. 2000). To determine whether an officer has reasonable suspicion to stop a vehicle, the court looks "at the totality of the circumstances of each case to see whether the detaining officer has a particularized and objective basis for suspecting illegal wrongdoing". *United States v. Arvizu*, 534 U.S. 266, 273 (2002). However, even if law enforcement had sufficient reasonable suspicion to stop the vehicle law enforcement had no information regarding any illegal activity regarding an unknown male subsequently identified as Juan Bravo Zambrano.

Because law enforcement had no basis to stop, detain, seize or arrest Juan Bravo Zambrano all evidence obtained by virtue of the unlawful stop, search and seizure of Mr. Bravo Zambrano must be suppressed.

DATED this 6th day of February, 2018.

Presented by: ***Smith Law Firm***

<u>/s/ *RICHARD A. SMITH*</u>
RICHARD A. SMITH, WSBA 15127
Attorney for Defendant Zambrano
314 North Second Street; Yakima, WA 98901
rasmith@house314.com;
Phone: (509) 457-5108
Fax: (509) 452-4601

**SMITH LAW FIRM**
314 North Second Street
Yakima, WA 98901
(509) 457-5108

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury of the laws of the State of Washington that on February 6, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Stephanie A. Van Marter, Assistant United States Attorney.

/s/ Lugene M. Borba
LUGENE M. BORBA

MOTION TO SUPPRESS - Page 6

SMITH LAW FIRM
314 North Second Street
Yakima, WA  98901
(509) 457-5108