RICHARD A. SMITH, WSBA 15127
SMITH LAW FIRM
314 No. Second Street
Yakima, WA 98901
Telephone: 509-457-5108

Attorneys for Defendant
Juan Bravo Zambrano

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON
(Honorable Edward F. Shea)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>vs.<br><br>JUAN BRAVO ZAMBRANO,<br><br>       Defendant. | NO. 4:15-cr-06049-EFS-19<br><br>MOTION TO SUPPRESS<br>(Residence Located at ▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮ Benton City, Washington)<br><br>DATE:   March 6, 2018<br>TIME:   10:00 A.M. |

TO: Clerk, U.S. District Court, Eastern District of Washington; and
TO: Stephanie A. Van Marter, Assistant United States Attorney.

    **COMES NOW** JUAN BRAVO ZAMBRANO, by and through his attorney of record, Richard A. Smith of *Smith Law Firm*, and moves this court for an order suppressing all evidence obtained pursuant to the arrest Juan Bravo Zambrano and

MOTION TO SUPPRESS (Residence) - Page 1

SMITH LAW FIRM
314 North Second Street
Yakima, WA 98901
(509) 457-5108

search of the residence located ████████████████████, Benton City, Washington on December 15, 2016.

This motion is made based upon the Memorandum of Points and Authorities submitted with this motion.

DATED this 6th day of February, 2018.

Presented by: *Smith Law Firm*

/s/ RICHARD A. SMITH
RICHARD A. SMITH, WSBA 15127
Attorney for Defendant Zambrano
314 North Second Street
Yakima, WA 98901
rasmith@house314.com
Phone: (509) 457-5108
Fax: (509) 452-4601

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SUPPRESS (Residence Located at ████████████ ████████████ Benton City, Washington)

1. **Facts in Support of Motion to Suppress (Residence Located at ████ ████████████████████ Benton City, Washington).**

According to agent reports, on December 15, 2016 members of the FBI Eastern Washington Tri City Violent Gang Safe Streets Task Force ("EWTCVGSSTF") contacted the residence at ████████████, Benton City, Washington, a last known address for Juan Bravo Zambrano. Members of the Task Force were at the residence in an effort to arrest Mr. Bravo Zambrano. Task Force Officer Douglas Stanley alleges that he made contact with an unknown Hispanic male who only identified himself as Reyes. TFO Stanley identified himself as a detective with

SMITH LAW FIRM
314 North Second Street
Yakima, WA 98901
(509) 457-5108

Benton County although he utilized a ruse and indicated that he had seized mail that had been stolen in the name of Juan Bravo Zambrano that needed to be returned. According to the unknown Hispanic male Reyes, Mr. Bravo Zambrano and his family had moved to a neighboring residence. Reyes pointed out the location and it was identified as ███████████████, Benton City, Washington.

Members of EWTCVGSSTF approached the residence and TFO Stanley made contact with a Hispanic female at the back door ███████████████, Benton City, Washington. The residence is a double wide trailer. Agent reports produced to date do not identify whether TFO Stanley knocked and announced himself as a police officer demanding the surrender of Juan Bravo Zambrano at the back door of the residence. Agent reports indicate that he knocked on the door and an unidentified female answered the door. The agent notes that when the door was opened he smelled the strong odor of marijuana and utilizing the same ruse that he had used at the previous residence indicated that he had seized mail that had been stolen in the name of Juan Bravo Zambrano that needed to be returned.

Officers did not question the unidentified female as to whether she lived at the residence or was a visitor at the residence or attempt to obtain any information as to her status other than as a person who opened the door. This Hispanic female was subsequently identified as Socorro Sanchez. Ms. Sanchez was questioned as to whether or not Juan Bravo Zambrano lived at the residence. When she answered that in fact Juan Bravo Zambrano lived at the residence she was questioned as to whether he was there at the residence at that time. Ms. Sanchez told law enforcement that she would check to see if he was at the house and shut the door. As she began down the hall to determine if Mr. Bravo Zambrano was in the residence officers breached the

MOTION TO SUPPRESS (Residence) - Page 3

**SMITH LAW FIRM**
314 North Second Street
Yakima, WA 98901
(509) 457-5108

door and subsequently arrested Mr. Bravo Zambrano in the hall as he was approaching the door entered by the agents. Mr. Bravo Zambrano was arrested in a hall as he was approaching the back door of the residence where the officers were standing. Agent reports indicate that the hallway where Mr. Bravo Zambrano was arrested is a small and confined space and that it was unknown whether there were any other people inside the residence. Despite the fact that Mr. Bravo Zambrano was approaching the door and was in a small hallway which did not contain closets or space that a person could hide agents engaged in a protective sweep and allegedly observed packaged green leafy substance believed to be marijuana and multiple firearms. When questioned Ms. Sanchez told the officers that the small marijuana grow was a medical marijuana grow and authorized under state law.

## 2. <u>Legal Argument</u>.

TFO Stanley's statement indicates that he identified himself as a detective with Benton County and then utilized a ruse to indicate that he had seized mail that had been stolen in the name of Juan Bravo Zambrano that needed to be returned. This process does not comply with the requirement of "knock and announce". "The common law principle that law enforcement officers must announce their presence and provide residents an opportunity to open the door is an ancient one." *Wilson v. Arkansas*, 514 U.S. 927 (1995); *Hudson v. Michigan*, 126 S. Ct. 2159 (2006). Washington state law allows an officer to break and enter as follows: "To make an arrest in criminal actions, the officer may break open any outer or inner door, or windows of a dwelling house or other building, or any other enclosure, if, after notice of his or her office and purpose, he or she be refused admittance." Revised Code of Washington RCW 10.31.030.

MOTION TO SUPPRESS (Residence) - Page 4

**SMITH LAW FIRM**
314 North Second Street
Yakima, WA 98901
(509) 457-5108

To comply with the statute, the police must, prior to a non-consensual entry, announce their identity, demand admittance, announce the purpose of their demand and be explicitly or implicitly denied admittance. *State v. Coyle*, 95 Wn.2d 1, 621 P.2d 1256 (1980). See *E.G. Bryson v. United States*, 419 F.2d 695, 701 (D.C. Cir. 1969) (per curiam). These requirements must be satisfied even though the police enter through an open door. *State v. Talley*, 14 Wn. App. 484, 490, 543 P.2d 348 (1975).

The purpose of the knock and announce rule is to allow the person sought to appear voluntarily and thus protects a privacy interest of an individual from a search pursuant to only an arrest warrant. See *United States v. Granville*, 22 F.3d 1214 (9th Cir. 2000). In this case the procedure adopted by law enforcement prevented Mr. Bravo Zambrano from surrendering himself to law enforcement at the threshold to his home.

An arrest warrant does not authorize the search of a residence. *United States v. Steagald*, 451 U.S. 204 (1981). However, because an arrest warrant authorizes the police to deprive a person of his liberty, it necessarily also authorizes a limited invasion of that person's privacy interest when it is necessary to arrest him in his home. *United States v. Steagald*, 451 U.S. 204, 214, nt. 7 (1981). Under *Payton v. New York*, 445 U.S. 573 (1980) officers executing an arrest warrant must have "a reasonable belief that the suspect resides at the place to be entered … and (have) reason to believe that the suspect is present at the time the warrant is executed." In this case agents had limited information from an unidentified female at the doorstep. When Ms. Sanchez indicated she would attempt to determine if Mr. Bravo Zambrano was at the house agents breached the door without sufficient knowledge that the

MOTION TO SUPPRESS (Residence) - Page 5

**SMITH LAW FIRM**
314 North Second Street
Yakima, WA 98901
(509) 457-5108

individual was present and without allowing him an opportunity to surrender himself.

In the case of *Maryland v. Buie*, 494 U.S. 325 (1990), the Supreme Court recognized an exception to the traditional warrant requirement for officers making arrest inside an arrestee's home allowing them to conduct a "protective sweep" of the premises to ensure the officer's safety. However, in order to conduct a search as was conducted in this case officers must have "articulable facts which, taken together with the rational inferences from those facts, would warrant a reasonably prudent officer in believing that the area to be swept harbors an individual posing a danger to those on the arrest scene". *Id.* In that regard the sweep may "extend only to a cursory inspection of those spaces where a person may be found" and may last no longer than "is necessary to dispel the reasonable suspicion of danger". *Id.* However, a lack of information cannot support protective sweep as was conducted here. See *United States v. Colbert*, 76 F.3d 773 (6th Cir. 1996).

Because agents failed to abide by the "knock and announce" requirements and failed to allow Mr. Bravo Zambrano an opportunity to surrender himself and because the search conducted in conjunction with Mr. Bravo Zambrano's arrest was unlawful all evidence obtained pursuant to the unlawful search must be suppressed.

DATED this 6th day of February, 2018.

Presented by: ***Smith Law Firm***

/s/ *RICHARD A. SMITH*
RICHARD A. SMITH, WSBA 15127
Attorney for Defendant Zambrano

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury of the laws of the State of Washington that on February 6, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Stephanie A. Van Marter, Assistant United States Attorney.

/s/ Lugene M. Borba
LUGENE M. BORBA

MOTION TO SUPPRESS (Residence) - Page 7

**SMITH LAW FIRM**
314 North Second Street
Yakima, WA 98901
(509) 457-5108