**RICHARD A. SMITH, WSBA 15127**
**SMITH LAW FIRM**
**314 No. Second Street**
**Yakima, WA 98901**
**Telephone: 509-457-5108**

Attorneys for Defendant
Juan Bravo Zambrano

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON
### (Honorable Edward F. Shea)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) NO. 4:15-cr-06049-EFS-19 |
|           Plaintiff, | ) |
| | ) DEFENDANT'S MOTIONS *IN* |
|   vs. | ) *LIMINE* |
| | ) |
| JUAN BRAVO ZAMBRANO, | ) DATE:     March 6, 2018 |
|           Defendant. | ) TIME:     10:00 A.M. |
| | ) |

**TO:  Clerk, U.S. District Court, Eastern District of Washington; and**
**TO:  Stephanie A. Van Marter, Assistant United States Attorney.**

     **COMES NOW** JUAN BRAVO ZAMBRANO by and through his attorney of record, Richard A. Smith of **Smith Law Firm**, and submits the following Motions *In Limine*, requesting that the following evidence be excluded from the Government's

DEFENDANT'S MOTIONS *IN LIMINE* - Page 1

case-in-chief at trial and that the court rule on the admissibility of these matters outside the presence of the jury:

1.  **Opinion testimony by any person who has not been previously identified as an expert and who the Government has failed to previously provide discovery pursuant to FRCP 16(G)**.

    Federal Rule of Criminal Procedure 16(G) provides in part as follows:

    G.      Expert witnesses – At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rule 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial …

    The summary provided under this subparagraph must describe the witnesses' opinions, the basis and reasons for those opinions, and the witnesses' qualifications.

Mr. Bravo Zambrano requests the Court prohibit any opinion testimony by any person who has not previously been identified as an expert and/or who the Government has failed to provide discovery pursuant to FRCP 16(G).

2.  **Any statement from law enforcement regarding evidence or statements alleged to be made by cooperating witnesses or confidential informants**.

    Under the Sixth Amendment to the Constitution, the defendant has the right to confront all witnesses against him.  All out of court statements by non-testifying individuals should therefore be excluded.

3.  **The Government should be prohibited from producing at the time of trial any testimony, information or evidence alleging Mr. Bravo Zambrano manufactured marijuana or possessed methamphetamine on December 15, 2016**.

DEFENDANT'S MOTIONS *IN LIMINE* - Page 2

**SMITH LAW FIRM**
314 North Second Street
Yakima, WA  98901
(509) 457-5108

Juan Bravo Zambrano is charged in the Second Superseding Indictment with one count of violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(i), (ii)(I), (vi), and (viii); all in violation of 21 U.S.C. § 846.  Specifically that:

> "Beginning on a date unknown but by or on about January 2010 continuing on or about December 6, 2016, in the Eastern District of Washington and elsewhere the defendants … including Juan Bravo Zambrano did knowingly and intentionally combine, conspire, confederate and agree together and with each other and other person, both known and unknown to the Grand Jury, to commit the following offense against the United States, to wit:  distribution of 500 grams or more of a mixture or substance containing a detectable amount of Methamphetamine, 5 kilograms or more of a mixture or substance containing a detectable amount of Cocaine, 1 kilograms or more of a mixture or substance containing a detectable amount of heroin and 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N Propanamide, all Schedule II controlled substances, in violation of 21 U.S.C. § 841 (a)(1), (b)(1)(A)(i), (ii)(I, (vi), and (viii); all in violation of 21 U.S.C. § 846."

On December 15, 2016 members of the FBI Eastern Washington Tri City Violent Gang Safe Streets Task Force ("TCVGSSTF") executed a search warrant at the residence located at ███████████████████████, Benton City, Washington.  At that time law enforcement seized what has been identified as, "a marijuana grow", approximately 7 grams of methamphetamine and a pellet gun, Remington shotgun, Colt pistol and ammunition.  This motion is made to prevent the Government from producing those items at the time of trial.

In this case, evidence of a marijuana grow authorized under Washington state law, user amounts of methamphetamine and the noted firearms are not relevant to the charge in the Second Superseding Indictment or if minimally relevant are more prejudicial than probative.  FRE 401, 403.

DEFENDANT'S MOTIONS *IN LIMINE* - Page 3

**SMITH LAW FIRM**
314 North Second Street
Yakima, WA  98901
(509) 457-5108

Federal Rule of Evidence 404(b) prohibits evidence of prior crimes or bad acts merely to prove bad character.

Federal Rule of Evidence 404(b) prohibits evidence of prior crimes or bad acts merely to prove bad character, but does allow it to prove, "motive, opportunity, intent, preparation, plans, knowledge, identity or absence of mistake or accident." Use of evidence pursuant to this rule, "must be narrowly circumscribed and limited" and, "may not be introduced unless the Government establishes its relevance to an actual issue in the case." *United States v. Hodges*, 770 F.2d 1475, 1479 (9th Cir. 1985); *United States v. Garcia-Orozco*, 997 F.2d 1302 (9th Cir. 1993).

Recently, the Ninth Circuit restated a four part test for the application of Rule 404(b):

Evidence of prior criminal conduct may be admitted if:

(1)    The evidence tends to prove a material point;

(2)    The prior act is not too remote in time;

(3)    The evidence is sufficient to support a finding that Defendant committed the other acts; and

(4)    In cases where knowledge and intent are at issue, the Act is similar to the offense charged.

*United States v. Garcia-Orozco*, 997 F.2d 1302 (9th Cir. 1993), citing, *United States v. Bibo-Rodriguez*, 992 F.2d 1398, 1400 (9th Cir.), cert. denied, 111 S. Ct. 2861 (1991), 915 L.Ed.2d 1028 (1991).

Applying that test, this court has also stated that:

DEFENDANT'S MOTIONS *IN LIMINE* - Page 4

"… Extrinsic acts evidence is not looked upon with favor.  We have stated that our reluctance to sanction the use of evidence of other crimes stems from the underlying premise of our criminal justice system, that the defendant must be tried for what he did, not for who he is.  Thus, guilt or innocence of the accused must be established by evidence relevant to the particular offense being tried, not by showing that the defendant has engaged in other acts of wrongdoing."

*United States v. Bradley*, 5 F.3d 1317, 1320 (9th Cir. 1993).

With respect the relevance requirement, the first prong of the four part test, the Government, "must articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other act evidence." *United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982).  When the Government's theory is one of knowledge, the court has emphasized that the Government must prove a logical connection between the knowledge gained as a result of the commission of the prior act and the knowledge at issue in the charged act.  *United States v. Hernandez-Miranda*, 601 F.2d 1104 (9th Cir. 1979).

In the case of *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 2012 (9th Cir. 1995), the Ninth Circuit reversed the District Court because it allowed the prosecution to put on evidence of the defendant's drug use and possession of meth "to prove that he conspired to possess … hydraulic acid with knowledge that it would be used to manufacture methamphetamine."  66 F.3d at 1009.

In holding that ruling to be reversible error the *Vizcarra-Martinez* court explained that, "The prosecution would encounter little difficulty in presenting the evidence relevant to its case against the defense … without offering into evidence the defendant's personal drug use".  *Id* at 1013.

DEFENDANT'S MOTIONS *IN LIMINE* - Page 5

**SMITH LAW FIRM**
314 North Second Street
Yakima, WA  98901
(509) 457-5108

In the present case, approximately 7 grams of methamphetamine was located at the defendant's residence. No other evidence was located to support that the methamphetamine was possessed with intent to deliver. So too with the marijuana being grown at the residence. The charges in the Second Superseding Indictment have nothing to do with the manufacture or sale of marijuana. Moreover, the marijuana grow was authorized pursuant to state law. See Exhibit A.

**4.    Rule 403**.

Rule 403 provides that relevant evidence may be excluded "if its probative value is substantially outweighed by danger of … unfair prejudice, confusion of the issues, misleading the jury, undue delay, a waste of time, or needlessly presenting cumulative evidence". The District Court must apply the 403 test anytime it allows the admission of Rule 404(b) into evidence. *United States v. Mayans*, 17 F.3d 1174, 1183 (9th Cir. 1994); see also *United States v. Curtin*, 489 F.3d 935, 958 (9th Cir. 2007) (we hold as a matter of law that a court does not properly exercise its balancing discretion under Rule 403 when it fails to place on the scales and personally examine and evaluate all that it must weigh). (Emphasis in the original.)

If the trial court were to find that any of the above items could be admitted pursuant to FRE 404(b) the court must also determine whether the evidence satisfies Rule 403, i.e. "the court must decide whether the probative value is substantially outweighed by the prejudicial impact under Rule 403". *United States v. Chea*, 231 F.3d 531, 534 (9th Cir. 2000). See also *United States v. DeGeorge*, 380 F.3d 1203, 1220 (9th Cir. 2004). In this case, the Defense submits that even if the court were to find the evidence admissible under FRE 404(b) it should be prohibited pursuant to FRE 403.

DEFENDANT'S MOTIONS *IN LIMINE* - Page 6

**SMITH LAW FIRM**
314 North Second Street
Yakima, WA 98901
(509) 457-5108

**5.      The Court should prohibit the introduction by the Government of statements made by Co-Defendants to law enforcement or others.**

The Government has withheld, if they exist, statements made by co-defendants to law enforcement at the time or after their arrest.  Under the Sixth Amendment to the United States Constitution, the defendant has the right to confront all witnesses against him.  Should there exist co-defendant statements and the co-defendant exercises their right to remain silent at trial, the defendant would be unable to question or cross-examine the incriminating statements that co-defendants have made against him.  Accordingly, Mr. Bravo Zambrano ask that these statements be provided to Defense Counsel and so that Defense Counsel can properly address whether the statements must be excluded from any trial against him.  See, *Bruton v. United States*, 391 U.S. 123 (1968).

**6.      The Court should prohibit statements made by any indicted or unindicted co-conspirators which directly or indirectly refer to Juan Bravo Zambrano or which otherwise might be used to incriminate Mr. Bravo Zambrano or other alleged co-conspirators.**

This motion is made pursuant to FRE 801(d)(2)(E).

Statements of co-conspirators are admissible if they were made "by the parties co-conspirator during and in furtherance of the conspiracy".

Mr. Bravo Zambrano objects to the admission of any statement alleged to be made against him or implicating him under the co-conspirator rule until it is determined that any proposed statement meets the requirements of FRE 801(d)(2). The Defendant objects to admissions of statements against him under the co-conspirator hearsay rule if (1) the statements are idle chatter or otherwise cannot be regarded in furtherance of a conspiracy; (2) made before the conspiracy was formed or

DEFENDANT'S MOTIONS *IN LIMINE* - Page 7

**SMITH LAW FIRM**
314 North Second Street
Yakima, WA  98901
(509) 457-5108

after the conspiracy ended; (3) was made by a co-conspirator to law enforcement before and after the arrest of the maker of the statement; and (4) if the statement is self-serving by accomplices and potential conspirators who are receiving benefits or consideration in exchange for their testimony against Mr. Bravo Zambrano. Such statements are inherently unreliable and must be tested and excluded under FRE 403.

7.    **Mr. Bravo Zambrano requests that the Government be required to present all statements it intends to introduce under FRE 801(d)(2)(E) at or before the pre-trial conference so that the court can determine their admissibility outside of the presence of the jury**.

8.    **Testifying witnesses should be excluded from the courtroom under FRE 615**.

The Defendant requests that all witnesses be excluded from the courtroom until they are excused from service, pursuant to FRE 615. Should the law enforcement agent chosen by the Government to sit at counsel's table during the trial be a percipient witness, the Defendant would ask that case agent's testimony be taken first, so as not to violate the spirit of FRE 615. See *United States v. Valencia-Riascos*, 696 F.3d 938 (9th Cir. 2012) ("good practice to require case agent witnesses to testify first").

9.    **Leave to file additional motions *in limine***.

The Defense hereby reserves the right to file additional motions *in limine* should the need arise prior to the trial.

/ / /

/ / /

DEFENDANT'S MOTIONS *IN LIMINE* - Page 8

SMITH LAW FIRM
314 North Second Street
Yakima, WA  98901
(509) 457-5108

DATED this 6th day of February, 2018.

Presented by: *Smith Law Firm*


/s/ *RICHARD A. SMITH*
RICHARD A. SMITH, WSBA 15127
Attorney for Defendant Zambrano
314 North Second Street
Yakima, WA 98901
rasmith@house314.com
Phone: (509) 457-5108
Fax:  (509) 452-4601

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury of the laws of the State of Washington that on February 6, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Stephanie A. Van Marter, Assistant United States Attorney.

/s/ *Lugene M. Borba*
LUGENE M. BORBA