Rick Hernandez
HERNANDEZ LAW OFFICES, LLC
P.O. Box 1039
Sunnyside, WA. 98944
(509) 837-3184

Attorney for Gabriela Mendoza Vasquez

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>                                                          )<br>             Plaintiff,                      )<br>                                                          )<br>vs.                                                     )<br>                                                          )<br>GABRIELA MENDOZA VASQUEZ, )<br>             Defendant.                  ) | NO. 4:15-CR-06049-EFS-7<br><br>MOTION TO SEVER<br><br>With Oral Argument<br>March 6, 2018 at 10:00am<br>Richland, WA |

BACKGROUND:

This case arises out of an investigation into alleged drug trafficking by Jesse David Carillo Casillas and others.

Gabriela Mendoza Vasquez is one of many co-defendants charged with conspiracy to distribute 500 grams or more of Methamphetamine, 5 Kilograms or more of cocaine, 1 Kilogram or more of Heroin and 400 grams or More of N-phenyl-N Propanamide in violation of 21 U.S.C. § 846.

In addition to being charged as a conspirator, Mendoza Vasquez is charged in Count 2 of the Superseding Indictment with one count of conspiracy to commit certain money laundering offenses under 18 U.S.C. §1956, and in Count 6, a money

MOTION TO SEVER
- 1 -

laundering offense.   Mendoza Vasquez now moves to sever her trial from that of other codefendants.

RELEVANT FACTS:

All of the charges arise out of an investigation into the activities of Jesse David Carillo Casillas and others over a lengthy period of time.

LAW:

Fed.R.Crim.P. 8(b) provides:

> Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transaction constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

The purpose of Rule 8(b) is to balance the need to avoid the potential prejudice to defendants from having multiple defendants charged and tried together with the desire for efficiency inherent in joint trials. *United States v. Adams*, 581 P.2d 193, 197 (9th Cir. 1978). Substantive offenses against multiple defendants may be charged and tried together only if the alleged acts constitute a "series of acts or transactions." To constitute a series of acts or transactions, the acts must be substantially related. It is not enough that the acts are of the same or similar character. *Id*.

Generally, where multiple defendants are charged with being part of a single conspiracy, the substantial relationship required by Rule 8(b) will be satisfied. *United States v. Donaway*, 447 F.2d 940, 943 (9th Cir. 1971). However, the government cannot add a conspiracy count simply to bypass the requirements of Rule 8(b). The conspiracy must be charged in good faith. *Id*. A conspiracy charge is made in good faith only when the government has a reasonable expectation that it will be able to prove the existence of the conspiracy at trial and that the defendant was part of the conspiracy. See, *United States v. Ong*, 541 F.2d 331, 337 (2nd Cir. 1976).

Fed.R.Crim.P. 14(a) provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

When a conspiracy count involving multiple defendants and multiple substantive counts has been improperly charged against a particular defendant, there is great potential for unfair prejudice. As stated in *United States v. Branker*, 395 F.2d 881, 887-88 (2nd Cir. 1968):

> This kind of prejudice is particularly injurious to defendants who are charged in only a few of the many counts, who are involved in only a small proportion of the evidence, and who are linked to only one or two of their co-defendants. The jury is subjected to weeks of trial dealing with dozens of incidents of criminal misconduct which do not involve these defendants in any way. As trial days go by, 'the mounting proof of guilt of one is likely to affect another.' Schaffer v. United States, 362 U.S. 511, 523, 80 S.Ct. 945, 952 (1960)(Douglas, J. dissenting). See Blumenthal v. United States, 332 U.S. 539, 559-560, 68 S.Ct.

248, 92 L.Ed.2d 154 (1947); United States v. Kelly, 349 F.2d 720, 759 (2nd Cir. 1965), cert. denied, 384 U.s. 947, 86 S.Ct. 1467, 16 L.Ed.2d 544 (1966). See also Kotteakos v. United States, 328 U.S. 750, 775-777, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946); United States v. Bentvena, 319 F.2d 916, 956 (2nd Cir.). cert. denied sub nom, Ormento v. United States, 375 U.S.940, 84 S.Ct. 345, 11 L.Ed.2d 271 (1963).

## ARGUMENT:

1. <u>The Conspiracy in Count I Against Ms. Vasquez Mendoza Was Not Filed in Good Faith and Cannot Provide a Basis for Joinder Under Rule 8(b).</u>

To prove that Vasquez Mendoza was part of the conspiracy alleged in Count 1 of the Superseding Indictment, the government must prove at a minimum that she became a member of the conspiracy knowing of at least one of its objectives, that she knew or had reason to know that other conspirators were involved, and that she had reason to believe any benefits she obtained from her involvement in the conspiracy were probably dependent on the success of the entire venture. See, Ninth Cir. Model Criminal Jury Instructions 8.20 and 8.23. Even when viewed in a light extraordinarily favorable to the government, the evidence here falls far short of that needed to sustain a conviction under Count 1.

The evidence against Mendoza consists of money transactions where she picked up money that was deposited in her account. There was also a meeting that she attended at a restaurant in Seattle where she accompanied Mr. Casillas who was meeting with an informant.

There does not appear to be any evidence wherein Ms. Mendoza Vasquez was involved in any discussion of drugs or illegal activity of any kind. No controlled

purchases of drugs were conducted with Ms. Mendoza Vasquez and she was never found in possession of any drugs. Other than the one meeting where she accompanied Mr. Casillas there is no evidence whatsoever that Ms. Mendoza Vazquez had any contact with or knowledge of any of the other alleged co-conspirators or that she had knowledge of Casillas's alleged drug distribution activities.

The foregoing, even if proved at trial, does not prove that Mendoza Vasquez was part of a conspiracy as alleged in Count 1.

There is no evidence whatsoever of any agreement between Vasquez Mendoza and Casillas or any other named co-conspirator to distribute drugs. There is no evidence that any drugs were fronted to Mendoza Vasquez or that there was any express or implied understanding between Mendoza Vasquez and Casillas or any other named co-conspirator.

Thus, the evidence does not establish a conspiracy even as between Mendoza Vasquez and Casillas.  Nor does it establish that Vasquez Mendoza knew or had reason to know of the existence of a broad ranging conspiracy involving other co-conspirators.

Under the particular facts of this case, the government could not have had a good faith belief that it would be able to prove beyond a reasonable doubt at trial that Mendoza Vasquez was part of the conspiracy alleged in Count 1. Therefore, the inclusion of Mendoza Vasquez in Count 1 of the Superseding Indictment was not done in good faith, and joinder under Rule 8(b) is improper. The charges against

MOTION TO SEVER
- 5 -

Mendoza Vasquez should be severed from the charges against all other defendants, and she should be tried separately.

2. <u>Failure to Sever Mendoza Vasquez From Other Defendants Will Result in Substantial Unfair Prejudice.</u>

The type of prejudice described in *United States v. Branker* is clearly present here. Count 1 alleges a broad ranging conspiracy to distribute drugs involving numerous co-conspirators and numerous substantive offenses committed over a period of years. Only a tiny fraction of the discovery in this case relates in any way to Mendoza Vasquez. If Mendoza Vasquez's trial is not severed from that of other defendants, the jury will be subjected to extensive testimony and evidence about the activities of codefendants that has nothing whatsoever to do with Mendoza Vasquez. Thus, there is a high likelihood that the "mounting proof of guilt" of others will unfairly influence the jury's perception of the evidence against Mendoza Vasquez. There is also a high likelihood that limiting or curative instructions will be insufficient to ensure that the jury is able to sufficiently compartmentalize the evidence against Mendoza Vasquez and view that evidence separately from the evidence against other defendants. Therefore, the charges against Mendoza Vasquez should be severed from the charges against other defendants, even if joinder is proper under Rule 8(b).

CONCLUSION:

For the foregoing reasons, the Court should grant the motion and order that the charges against Gabriela Vasquez Mendoza be severed from the charges against all other defendants and that she be tried separately.

Dated this 6th day of February, 2018

s/ Ricardo Hernandez
Ricardo Hernandez
Washington State bar #21463
Attorney for Defendant
440 S. 6th Street/PO BOX 1039
Sunnyside, WA 98944
Telephone: (509) 837-3184
Fax: (509) 515-2093
Email: rick@rickhernandez.lawyer

CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2018, I electronically field the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Stephanie A Van Marter, Assistant United States Attorney.

s/ Ricardo Hernandez
Ricardo Hernandez
Washington State bar #21463
Attorney for Defendant
440 S. 6th Street/PO BOX 1039
Sunnyside, WA 98944
Telephone: (509) 837-3184
Fax: (509) 515-2093
Email: rick@rickhernandez.lawyer