RICHARD A. SMITH, WSBA 15127
SMITH LAW FIRM
314 No. Second Street
Yakima, WA 98901
Telephone: 509-457-5108

Attorneys for Defendant
Juan Bravo Zambrano

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
(Honorable Edward F. Shea)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JUAN BRAVO ZAMBRANO,<br><br>　　　　　Defendant. | NO. 4:15-cr-06049-EFS-19<br><br>DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE [ECF 652] TO DEFENDANT'S MOTION *IN LIMINE* [ECF 623] |

TO: Clerk, U.S. District Court, Eastern District of Washington; and
TO: Stephanie A. Van Marter, Assistant United States Attorney; and
TO: Caitlin Baunsgard, Assistant United States Attorney.

**COMES NOW** JUAN BRAVO ZAMBRANO by and through his attorney of record, Richard A. Smith of ***Smith Law Firm***, and submits this reply to the Government's response to his motion *in limine*.

DEFENDANT'S REPLY TO THE GOVERNMENT'S
RESPONSE [ECF 652] TO DEFENDANT'S MOTION *IN
LIMINE [ECF 623]* - Page 1

SMITH LAW FIRM
314 North Second Street
Yakima, WA 98901
(509) 457-5108

A. **Inextricably Intertwined**.

Here, the Government appears to argue that it will be denied the opportunity to offer a coherent story regarding an allegation the Defendant backpacked large quantities of methamphetamine, cocaine and heroin as well as loaded firearms into Canada if it is unable to show that on December 15, 2016, Mr. Zambrano had a legal marijuana grow consisting of 10 small plants and user amounts of methamphetamine, a pellet gun, shotgun and pistol at his home. The arrest and location of these items is separated by 16 months from the time of his detention as a passenger in the Mercedes vehicle in Canada. Even at that time, which is the single event and circumstances the Government can produce regarding Juan Zambrano, no direct evidence connects him to the controlled substances, firearms or money located in the vehicle. The Government argues the evidence found at his residence is necessary to "tell a consistent story of defendant's <u>continued involvement</u> in illegal activity". (ECF 652, page 13, lines 25-26.) (Emphasis added)

There is no evidence of Mr. Zambrano's continued involvement in the activities charged in the Indictment. Mr. Zambrano submits that this evidence cannot be considered inextricably intertwined and is only submitted for the unlawful purpose of showing disposition.

B. **FRE 404(b)**.

In its argument this evidence is admissible under FRE 404(b), the Government states, in conclusory fashion, that:

(1) Defendant's possession of narcotics, smaller quantities or not, firearms, does go directly to his knowledge and intent (ECF 652, page 15, lines 18-19; and
(2) His possession of documentation from the Canadian seizure and other evidence consistent with items found during that seizure again goes to establish his knowledge and intent, certainly his

DEFENDANT'S REPLY TO THE GOVERNMENT'S
RESPONSE [ECF 652] TO DEFENDANT'S MOTION *IN LIMINE [ECF 623]* - Page 2

**SMITH LAW FIRM**
314 North Second Street
Yakima, WA 98901
(509) 457-5108

           absence of mistake or accident (ECF 652, page 15, lines 19-22); and

(3)    In support of its argument that the probative value of this evidence outweighs any prejudicial impact the Government states "the probative value of this evidence far outweighs any prejudicial impact as it goes directly to prove the defendant's knowledge and intent". (ECF 652, page 17, lines 21-22.)

As previously noted in Defendant's Motion *in Limine* [ECF 623] the Government "must articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other act evidence". *United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982). When the government's theory is one of knowledge, the court has emphasized that the government must prove a logical connection between the knowledge gained as a result of the commission of the prior act and the knowledge of issue in the charged act. *United States v. Hernandez-Miranda*, 601 F.2d 1104 (9th Cir. 1979).

As with its argument that the evidence is inextricably intertwined, here again the Government does not support any of its broad statements with any analysis that would allow or require admissibility of the evidence.

In essence the Government argues that the possession of less than 7 grams of methamphetamine informs the trier of fact as to whether Mr. Zambrano possessed large quantities of cocaine, Fentanyl, methamphetamine, handguns, and money located in a secret compartment in the Mercedes-Benz 16 months previously.

The Government submits a similar argument regarding the Defendant's possessions of documentation from his detention in Canada. The Government states that this evidence is relevant to show knowledge or intent to possess the items concealed in the Mercedes-Benz, but fails to provide any analysis.

DEFENDANT'S REPLY TO THE GOVERNMENT'S
RESPONSE [ECF 652] TO DEFENDANT'S MOTION *IN LIMINE [ECF 623]* - Page 3

**SMITH LAW FIRM**
314 North Second Street
Yakima, WA 98901
(509) 457-5108

Because the items seized at his residence on December 15, 2016 are not relevant to whether Mr. Zambrano possessed drugs, money, and handguns located in a secret compartment in the Mercedes vehicle in August of 2015, he requests that the items located at his residence be excluded from the Government's evidence.

DATED this 27th day of February, 2018.

Presented by: **Smith Law Firm**

/s/ RICHARD A. SMITH
RICHARD A. SMITH, WSBA 15127
Attorney for Defendant Zambrano
314 North Second Street
Yakima, WA 98901
rasmith@house314.com
Phone: (509) 457-5108
Fax: (509) 452-4601

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury of the laws of the State of Washington that on February 27, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Stephanie A. Van Marter, Assistant United States Attorney; and
Caitlin Baunsgard, Assistant United States Attorney.

/s/ Lugene M. Borba
LUGENE M. BORBA

DEFENDANT'S REPLY TO THE GOVERNMENT'S
RESPONSE [ECF 652] TO DEFENDANT'S MOTION *IN LIMINE [ECF 623]* - Page 4

SMITH LAW FIRM
314 North Second Street
Yakima, WA 98901
(509) 457-5108