RICHARD A. SMITH, WSBA 15127
SMITH LAW FIRM
314 No. Second Street
Yakima, WA 98901
Telephone: 509-457-5108

Attorneys for Defendant
Juan Bravo Zambrano

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
(Honorable Edward F. Shea)

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> vs. <br> JUAN BRAVO ZAMBRANO, <br> Defendant. | NO. 4:15-cr-06049-EFS-19 <br><br> REPLY TO GOVERNMENT'S RESPONSE [ECF 648] TO DEFENDANT'S MOTION TO SUPPRESS [ECF 621] |

TO: Clerk, U.S. District Court, Eastern District of Washington; and
TO: Stephanie A. Van Marter, Assistant United States Attorney.

**COMES NOW** JUAN BRAVO ZAMBRANO, by and through his attorney of record, Richard A. Smith of *Smith Law Firm*, and submits his reply to the Government's response to Defendant's motion to suppress [ECF 621].

REPLY TO GOVERNMENT'S RESPONSE [ECF 648] TO
DEFENDANT'S MOTION TO SUPPRESS [ECF 621] - Page 1

SMITH LAW FIRM
314 North Second Street
Yakima, WA 98901
(509) 457-5108

A. **The DEA and RCMP were engaged in a joint venture to investigate the Cavillo DTO.**

The Government argues that a cash drop occurred on August 21, 2015, that was observed and recorded by the RCMP but that all actions that took place after the cash drop were wholly directed by the RCMP therefore Mr. Zambrano has no standing to challenge the unlawful stop on August 26, 2015 of the Mercedes vehicle in which he was a passenger.

In its memorandum the Government admits that RCMP was assisting the United States in "the cash money drop and the money laundering aspects of the investigation" [ECF 648, page 6, lines 14-15]. The Government argues that any further or continuing investigation should not be considered by this Court, essentially viewing the cash money drop as an isolated incident of cooperation between the DEA and the RCMP.

In the Affidavit in Support of the Search Warrant for the Zambrano residence at ███████████████████████████████, Benton City, Washington, executed on December 15, 2016, Agent Stanley stated:

> "In approximately the Spring of 2014 a companion investigation was initiated by a DEA undercover task force relative to the money laundering activities of this DTO."

Agent Stanley then states how, as part of this money laundering investigation, Juan Zambrano was identified by two cooperating defendants who testified before the Grand Jury as a member of this drug trafficking organization who was initially identified as a backpacker. (BN 1008) Although the statement is false that Mr. Zambrano was identified in any regard by two cooperating defendants, the fact

REPLY TO GOVERNMENT'S RESPONSE [ECF 648] TO
DEFENDANT'S MOTION TO SUPPRESS [ECF 621] - Page 2

SMITH LAW FIRM
314 North Second Street
Yakima, WA 98901
(509) 457-5108

remains the alleged backpacking of money and drugs into Canada was part and parcel of the joint investigation.

DEA reports recording the investigation and its targets and status document a joint operation, not only as between DEA and RCMP but the interrelationship between the money laundering and drug trafficking. (See attached BN 10000104 [attached as Attachment A] ... "over the course of several months undercover agents from the Boston Field Division [BFD] Drug Enforcement Administration [DEA] and Vancouver Royal Canadian Mounted Police [RCMP] have been negotiating for the delivery of a large shipment of heroin to the Seattle, Washington area.")

In discovery provided, BN 10001830-10001842 (attached as Attachment B), the Affidavit of RCMP Officer Jessica Maclean, she states that "This is an investigation into the offenses of possession of proceeds of crime, money laundering and trafficking in control substances". Her report documents the investigation of the cash money drop, surveillance of Sobeida Reynoso, Javier Calvillo and subsequent arrest of Juan Zambrano.

The money laundering investigation naturally included the drug trafficking investigation conducted jointly between the law enforcement agencies of the United States and the RCMP.

Although Defendant Zambrano, through his attorney and consistent with the discovery provided to date, argues that the DEA was engaged with the RCMP in a joint venture, just prior to the filing deadline for the Defendant's reply, the Government disclosed a document under seal titled "Information to Obtain". This document is in essence an application for a search warrant for room 203 and 204 of the Ramada Inn and for the Mercedes-Benz. Among other things the document

REPLY TO GOVERNMENT'S RESPONSE [ECF 648] TO
DEFENDANT'S MOTION TO SUPPRESS [ECF 621] - Page 3

SMITH LAW FIRM
314 North Second Street
Yakima, WA 98901
(509) 457-5108

identifies the initiation and chronology of the cooperation and joint venture between the DEA and the RCMP.

Defendant Zambrano references the sealed attachments provided by the Government here to support his argument that the DEA and RCMP worked together in this investigation. However, the Defendant has not had sufficient time to review this new discovery to determine if additional motions are appropriate or required.

The present case is similar to other cases in which a "joint venture" has been found. In *United States v. Emery*, 591 F.2d 1266 (9th Cir. 1978), a joint venture was found because the DEA tipped the Mexican authorities to a possible smuggling transaction to take place in Mexico. The DEA also planted an undercover operative with the suspected narcotic trafficker. Here, the Canadian government planted an undercover operative to obtain proceeds of the drug trafficking organization transportation of drugs into Canada and which was being investigated in the United States of America.

In *United States v. Peterson*, 812 F.2d 486 (9th Cir. 1987), a joint venture was found because the DEA roll was not subordinate to that of the Philippine police. Here, the benefits of evidence from the investigation including cash transactions and drug evidence were all delivered to the United States from the RCMP, its partner in the investigation.

**B.    The detention of Juan Zambrano was unlawful.**

The Government argues that the RCMP seizure of the Mercedes and its occupants on August 26, 2015 was legal because they violated IRPA by concealing individuals into the country without going through the proper immigration channels.

REPLY TO GOVERNMENT'S RESPONSE [ECF 648] TO
DEFENDANT'S MOTION TO SUPPRESS [ECF 621] - Page 4

SMITH LAW FIRM
314 North Second Street
Yakima, WA 98901
(509) 457-5108

The Defendant submits that there was no evidence to support this at the time of the stop.

The investigating agents had no information where the additional three occupants of the Mercedes came from. No information was identified as to whether there is a legal border crossing in the area. Whether these individuals came from another car that had crossed the border legally days or weeks previously. Whether the individuals were picked up from a residence or whether they were themselves Canadian citizens.

No information existed at the time of the stop that the occupants were not legally in Canada.

For these reasons Mr. Zambrano requests all evidence obtained from him pursuant to the unlawful stop and seizure on August 26, 2015, including his identification, be suppressed.

DATED this 27th day of February, 2018.

Presented by: *Smith Law Firm*

/s/ *RICHARD A. SMITH*
RICHARD A. SMITH, WSBA 15127
Attorney for Defendant Zambrano
314 North Second Street
Yakima, WA 98901
rasmith@house314.com
Phone: (509) 457-5108
Fax: (509) 452-4601

REPLY TO GOVERNMENT'S RESPONSE [ECF 648] TO
DEFENDANT'S MOTION TO SUPPRESS [ECF 621] - Page 5

**SMITH LAW FIRM**
314 North Second Street
Yakima, WA 98901
(509) 457-5108

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury of the laws of the State of Washington that on February 27, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Stephanie A. Van Marter, Assistant United States Attorney.

/s/ Lugene M. Borba
LUGENE M. BORBA

REPLY TO GOVERNMENT'S RESPONSE [ECF 648] TO
DEFENDANT'S MOTION TO SUPPRESS [ECF 621] - Page 6

**SMITH LAW FIRM**
314 North Second Street
Yakima, WA 98901
(509) 457-5108