RICHARD A. SMITH, WSBA 15127
SMITH LAW FIRM
314 No. Second Street
Yakima, WA 98901
Telephone: 509-457-5108

Attorneys for Defendant
Juan Bravo Zambrano

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON
(Honorable Edward F. Shea)

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 4:15-cr-06049-EFS-19 |
| Plaintiff, | |
| vs. | DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE [ECF 652] TO DEFENDANT'S MOTIONS TO SUPPRESS EVIDENCE [ECF 622 and 624] |
| JUAN BRAVO ZAMBRANO, | |
| Defendant. | |

TO: Clerk, U.S. District Court, Eastern District of Washington; and
TO: Stephanie A. Van Marter, Assistant United States Attorney.

**COMES NOW** JUAN BRAVO ZAMBRANO, by and through his attorney of record, Richard A. Smith of *Smith Law Firm*, and submits his reply to the Government's response to his motions to suppress [ECF 622 and 624].

DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE [ECF 652] TO DEFENDANT'S MOTIONS TO SUPPRESS EVIDENCE [ECF 622 and 624] - Page 1

SMITH LAW FIRM
314 North Second Street
Yakima, WA 98901
(509) 457-5108

The Government argues that although the affiant did not include information in the affidavit pertaining to a medical marijuana license that the information was not intentionally withheld and was not material to the court's finding of probable cause for the search warrant.

A copy of the Washington State medical marijuana authorization form for Juan Zambrano was attached to the original motion.

Here, the Defendant submits the officers were expressly advised that the marijuana grow was authorized to Washington state law.  In its response the Government submits that Task Force Officer Gilbert, "does not recall any discussions about a medical marijuana license from … the girlfriend".  That TFO Stanley "is out on leave and not available".  The Defense submits an evidentiary hearing is warranted to resolve these disputed facts.

In addition to the fact the agents were advised of the legal nature of the grow, the size of the grow at 10 small plants would have alerted agents to the probability of a medical marijuana grow.  The United States indicates in its brief that agents located "what was believed to be an additional eight pounds of processed marijuana" but this is misleading.  In fact there was not eight pounds of processed marijuana located at the residence. (In the detention hearing for Mr. Zambrano, the United States represented there was 20 pounds of processed marijuana found at the house. [See attached Exhibit A, page 2, transcript of Detention Hearing held 12/20/16].) Ultimately no weight was calculated for the marijuana found at the residence and subsequently destroyed. (See attached Exhibit B.)

The Government also argues that Mr. Zambrano was not in strict compliance with the Washington State Medical Marijuana laws because agents observed 10 plants which the Government alleges was more than the law allowed.  Mr.

DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE [ECF 652] TO DEFENDANT'S MOTIONS TO SUPPRESS EVIDENCE [ECF 622 and 624] - Page 2

SMITH LAW FIRM
314 North Second Street
Yakima, WA 98901
(509) 457-5108

Zambrano's authorization allows him to cultivate no more than 15 plants. (See Exhibit A to ECF 624.)

Ultimately, the Government argues that "Defendant's attempt to assert an affirmative defense is not only lacking in evidence but it has no effect in undermining the probable cause for a search warrant". [ECF 652, page 10, lines 10-11.) In support of this proposition the Government cites *State v. Fry*, 168 Wn.2d 1 (2010). In *State v. Fry, Id.*, officers received information there was a marijuana growing operation at the residence of Jason Fry. When they contacted Mr. Fry, he advised them he had a medical prescription for marijuana and his wife produced documentation titled "Medical Marijuana Authorization". After hearing arguments on Mr. Fry's motion to suppress, the court concluded the warrant supported probable cause to search based upon the strong odor of marijuana and other facts described in the telephonic affidavit.

The circumstance presented here is the agents knew, or should have known, the marijuana was authorized under Washington law and refused to provide the Magistrate with that information.

It is clear that the decision to seek a search warrant, and the search warrant itself, was based on the fact of the agents observations of the allegedly illegal marijuana grow. Although the affiant mentions multiple firearms were also observed, the affiant admits that Mr. Zambrano was a legal permanent resident and consequently allowed to possess firearms. The affiant fails to inform the Magistrate the only "firearms" observed were actually a pellet gun rifle and a shotgun.

For the first time in the history of these proceedings the Government admits that the affiant falsely stated in the affidavit for the search warrant that Juan Zambrano was identified by two cooperating defendants who testified before the

DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE [ECF 652] TO DEFENDANT'S MOTIONS TO SUPPRESS EVIDENCE [ECF 622 and 624] - Page 3

SMITH LAW FIRM
314 North Second Street
Yakima, WA 98901
(509) 457-5108

Grand Jury as a member of this drug trafficking organization who was identified as a backpacker. The entire statement is false. (1) No cooperating defendant has ever identified Juan Zambrano as a member of this drug trafficking organization. (2) No cooperating defendant has identified Juan Zambrano as a backpacker and testified to that fact before the Grand Jury.

These statements are made to support the Government's position that sometime in the past Mr. Zambrano engaged in criminal conduct. The affiant then goes on to support the credibility of the two nonexistent cooperating defendants by advising the Magistrate the cooperating defendants pled guilty and agreed to cooperate in exchange for a reduced sentence.

In fact, no cooperating defendant testified before the Grand Jury regarding Juan Zambrano.

Mr. Zambrano submits that if the false information is omitted and the omitted information included in the affidavit, the search warrant for the search of the residence at ▮▮▮▮▮▮▮▮▮▮, Benton City, Washington was unlawful.

DATED this 27th day of February, 2018.

Presented by: **Smith Law Firm**

/s/ *RICHARD A. SMITH*
RICHARD A. SMITH, WSBA 15127
Attorney for Defendant Zambrano
314 North Second Street
Yakima, WA 98901
rasmith@house314.com
Phone: (509) 457-5108
Fax: (509) 452-4601

DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE [ECF 652] TO DEFENDANT'S MOTIONS TO SUPPRESS EVIDENCE [ECF 622 and 624] - Page 4

**SMITH LAW FIRM**
314 North Second Street
Yakima, WA 98901
(509) 457-5108

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury of the laws of the State of Washington that on February 27, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Stephanie A. Van Marter, Assistant United States Attorney.

/s/ Lugene M. Borba
LUGENE M. BORBA

DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE [ECF 652] TO DEFENDANT'S MOTIONS TO SUPPRESS EVIDENCE [ECF 622 and 624] - Page 5

**SMITH LAW FIRM**
314 North Second Street
Yakima, WA  98901
(509) 457-5108