RONALD A. VAN WERT
ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, PC
618 W. RIVERSIDE AVENUE, SUITE 210
SPOKANE, WA  99201
TELEPHONE: (509) 747-9100
Attorney for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  4:15-CR-6049-EFS-24 |
| Plaintiff, | DEFENDANT SAUCEDO'S SENTENCING MEMORANDUM |
| vs. | |
| JULIO CESAR ROSALES SAUCEDO (9), | |
| Defendant. | |

Defendant JULIO CESAR ROSALES SAUCEDO, by and through his Attorney, Ronald A. Van Wert of Etter, McMahon, Lamberson, Van Wert & Oreskovich, P.C., hereby submits this Sentencing Memorandum.

Mr. Saucedo has pled guilty to one count of conspiracy to commit money laundering.  Mr. Saucedo has no criminal history and served a minor role in the asserted Drug Trafficking Organization ("DTO").  Influenced by Jese Casillas,

Mr. Saucedo transported unknown amounts of cash and allowed the use of his bank account for depositing relatively small amounts of cash. Mr. Saucedo was a carrier, a pawn. A sentence of no more than 18 months is sufficient to comply with the purposes of 18 U.S.C. § 3553(a)(2).

## I. **Base Offense Level & Enhancements**

The draft Presentence Investigation Report ("PSIR") (ECF 636) incorrectly finds a base offense level of 36 applicable to Mr. Saucedo. The error is the result of conduct attributed to Mr. Saucedo at ¶¶ 36 & 48 that is not based on a preponderance of the evidence. Undersigned counsel discussed Mr. Saucedo's objections with the PSIR writer on February 27, 2018. The PSIR writer agreed that facts in ¶ 36 were based on a misreading of the record and that Mr. Saucedo should not be attributed knowledge of 985.4 grams of Methamphetamine "Ice" as referenced in ¶¶ 40 & 55. The PSIR writer indicated an intent to revise the PSIR to only attribute 656 grams of Fentanyl (Exhibit 1, see ¶ 47) to Mr. Saucedo. This would lead to the PSIR identifying a base offense level of 30 and a total offense level of 29 with a corresponding sentencing imprisonment range of 87 to 108 months. However, for the reasons stated herein, the applicable total offense level for Mr. Saucedo should be no

DEFENDANT SAUCEDO'S
SENTENCING MEMORANDUM - 2

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

more than 23.

USSG 2S1.1 governs the base offense level for money laundering. 2S1.1(a) provides that the offense level for the underlying offense from which the laundered funds were derived shall be used if the individual would be accountable for the underlying offense as relevant conduct and the offense level for that offense can be determined. If the evidence does not establish both these criteria, then the base offense number is 8 plus the corresponding value of laundered funds and special offense characteristics per 2S1.1(b).

The PSIR attributes 656 grams of Fentanyl (Exhibit 1, see ¶ 47) to Mr. Saucedo. This is based entirely on fingerprints identified as Mr. Saucedo's found on tape surrounding the packaging of Exhibit 1. Notably, despite physical and electronic surveillance, and the involvement of undercover agents in the investigation of the DTO and of the delivery of Exhibit 1, in particular, there is no evidence of Mr. Saucedo possessing or being the vicinity of the Exhibit 1, or any other drugs, at any time. Furthermore, the proceeds from the sale of Exhibit 1 were not allocated for laundering in any way to Mr. Saucedo. Thus, Mr. Saucedo cannot be held accountable for the 656 grams of Fentanyl by a preponderance of the evidence.

DEFENDANT SAUCEDO'S
SENTENCING MEMORANDUM - 3

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

Accordingly, Mr. Saucedo's base offense level should be based on the value of the laundered funds. Although a large sum of money in a closed bag was seized from Mr. Saucedo's car in April 2016 in a traffic stop arranged by police after an undercover agent delivered the a bag to Mr. Saucedo, there is no evidence that Mr. Saucedo was going to do anything but deliver the bag to someone else. He was only acting as a carrier. The undercover agent does not identify what is in the bag or the amount of money or what it is payment for to Mr. Saucedo. There is no evidence that Mr. Saucedo knew the quantity of money in the bag, or knew the nature or amount of drugs the money was associated to. This money was never attempted to be laundered either. Thus, it is not included in the value of laundered funds.

As noted in the PSIR, Mr. Saucedo's bank account had the following amounts deposited into it per Mr. Casillas's instructions -- $4,900, $4,379.78, $2,599, and $1,000, totaling $12,878.78. That sum constitutes the value of laundered funds that are appropriately attributed to Mr. Saucedo. Per the table in USSG 2B1.1(b), that corresponds with a 2 level increase. Under USSG 2S1.1(b)(1), another 6 levels would be added for the laundered funds being proceeds from distribution of a controlled substance. Since Mr. Saucedo was

DEFENDANT SAUCEDO'S
SENTENCING MEMORANDUM - 4

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

convicted under 18 U.S.C. § 1956, another 2 levels are added pursuant to USSG 2S1.1(b)(2)(B).  Mr. Saucedo would receive a 3 level reduction for acceptance of responsibility.  The adjusted offense level would, therefore, be 15.  This corresponds with a sentencing range of 18-24 months.

As stated below, Mr. Saucedo should receive another 2 level reduction for being a minor participant.

## II. <u>Departures</u>

Although Mr. Saucedo does not identify any bases for departure under Chapter Five of the USSG, a downward adjustment for his mitigating role in the identified DTO is warranted.  The DTO at issue here spanned multiple states plus Canada, Australia and Mexico.  There were 24 indicted in this matter, including Mr. Saucedo.  The investigation entailed physical and electronic surveillance, along with cooperation from multi-state and multi-national law enforcement.  The DTO was also infiltrated by undercover agents, confidential sources and cooperating defendants.  Large quantities of controlled substances and money were traded throughout the life of the DTO.  Yet, Mr. Saucedo was never seen in the possession or proximity of drugs.  Mr. Saucedo's involvement relates entirely to serving as a money carrier and

DEFENDANT SAUCEDO'S
SENTENCING MEMORANDUM - 5

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

allowing his bank account to be used for the deposit of relatively small amounts of cash.  In fact, the use of Mr. Saucedo's bank account by Ms. Casillas appears to be an afterthought when Mr. Casillas's attempts to deposit money in Mexican bank accounts were rejected.  Pursuant to the list of factors identified in USSG 2B1.2, Mr. Saucedo (1) has not been shown to have an understanding of the scope and structure of the DTO other than his role as a carrier; (2) there is no evidence that Mr. Saucedo played a part in planning or organizing the DTO; (3) Mr. Saucedo had no decision-making authority nor influenced the exercise of decision-making; Mr. Saucedo did what he was told; (4) Mr. Saucedo's acts took place after the sale of the drugs in relation to the transport and deposit of money, so he played a minimal role in the total scheme of the DTO; (5) Mr. Saucedo did not to benefit a lot from his role.  As a carrier, there is no evidence that Mr. Saucedo earned much benefit from the DTO.

Based on the foregoing, at least a two point departure as a minor participant is appropriate for Mr. Saucedo under USSG 3B1.2.

## III.  18 U.S.C. § 3553(a)

In accordance with the United States Supreme Court's decision in *U.S. v. Booker*, 543 U.S. 220 (2005), when sentencing a defendant, the sentencing

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

court must consider the factors listed in 18 U.S.C. § 3553(a).  Section 3553(a)

provides, in pertinent part:

> The court shall impose a sentence <u>sufficient but not greater than</u>
> <u>necessary</u> to comply with the purposes set forth in paragraph (2) of
> this subsection. The court, in determining the particular sentence to
> be imposed, shall consider
>
> (1)  the nature and circumstances of the offense and the history and
> characteristics of the defendant;
>
> (2)  the need for the sentence imposed—
> >  a. to reflect the seriousness of the offense, to promote respect
> >  for the law, and to provide just punishment for the offense;
> >
> >  b. to afford adequate deterrence to criminal conduct;
> >
> >  c. to protect the public from further crimes of the defendant;
> >  and
> >
> >  d. to provide the defendant with needed educational or
> >  vocational training, medical care, or other correctional
> >  treatment in the most effective manner;
>
>  (3)  the kinds of sentences available . . ..

(Emphasis added.)

Sentencing is not mechanical, but rather a "difficult art."  *U.S. v. Diaz-*
*Argueta*, 447 F.3d 1167, 1172 (9th Cir. 2006), *overruled on other grounds by*
*United States v. Snellenberger*, 548 F.3d 699 (2008).  It is "an act of reason as

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

the judge looking at this particular person and the circumstances of the crime that this particular person has committed makes a judgment following the prescriptions of [§ 3553(a)]." *Id.* at 1172.

Mr. Saucedo is 25 years old with no criminal history.  He was a fulltime warehouse employee, who supported his wife and step-children.  He has no history of substance abuse or mental health issues.  Mr. Saucedo got caught up in this matter through the influence of Ms. Casillas.  As detailed above, his role was minimal, especially compared with the size and nature of the DTO. Sentencing Mr. Saucedo to imprisonment in the range established by the offense level in the PSIR would cause a disparity with those much more culpable and be contrary to § 3553(a).

With no criminal history, Mr. Saucedo has never faced lengthy incarceration.  With a minor participant adjustment, Mr. Saucedo's offense level, as established above, would be 13 with a corresponding imprisonment range of 12-18 months.  A sentence within this range serves the purposes of § 3553(a).  Also, considering that Mr. Saucedo is facing almost certain deportation upon his release, Mr. Saucedo will, in effect, be further punished by removal from his family and life he established in the United States.

DEFENDANT SAUCEDO'S
SENTENCING MEMORANDUM - 8

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

For the foregoing reasons, Mr. Saucedo respectfully requests that he be sentenced a bottom part of the range for an offense level of 13.

DATED this 27th day of February, 2018.

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.

By: _/s/ Ronald A. Van Wert_
    Ronald A. Van Wert, WSBA #32050
    Etter, McMahon, Lamberson,
    Van Wert & Oreskovich, P.C.
    618 West Riverside Avenue, Suite 210
    Spokane, WA  99201
    Telephone:  509-747-9100
    Email: rvw@ettermcmahon.com
    Attorney for Defendant Julio Cesar Rosales Saucedo.

DEFENDANT SAUCEDO'S
SENTENCING MEMORANDUM - 9

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of February, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Stephanie Van Marter, Assistant United States Attorney.

Dated this 27th day of February, 2017.

By:    /s/ Ronald A. Van Wert

DEFENDANT SAUCEDO'S
SENTENCING MEMORANDUM - 10

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100