JOSEPH H. HARRINGTON
United States Attorney
Eastern District of Washington
Stephanie Van Marter
Caitlin Baunsgard
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 4:15-CR-6049-EFS-16 |
| Plaintiff, | |
| vs. | United States' Fed. R. Evid. 609 Notice |
| EDGAR OMAR HERRERA FARIAS, | |
| Defendant, | |

Plaintiff, United States of America, by and through Joseph H. Harrington, United States Attorney for the Eastern District of Washington, and Stephanie Van Marter and Caitlin Baunsgard, Assistant United States Attorneys for the Eastern District of Washington, submits the following memorandum to notify this Court and the Defendant that the United States' intends to use the Defendant's prior felony convictions as impeachment evidence if the Defendant testifies at trial. The United States is not seeking a pre-trial ruling on this issue – the United States is simply providing the requisite notice.

United States' Fed. R. Evid. 609 Notice - 1

## I. INTRODUCTION

The Defendant is currently before the Court charged by way of Second Superseding Indictment, returned on December 6, 2016. ECF. 105. The Defendant is charged with Conspiracy to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, 5 Kilograms or More of Cocaine, 1 Kilogram or More of Heroin, and 400 Grams or More of Fentanyl, in violation of 21 U.S.C. § 846. *See id.* The most relevant date for the alleged offense is January 2010. *See id.* Should the Defendant choose to testify at trial, the United States will seek to impeach him with the prior felony convictions of the Defendant congruent with Fed. R. Evid. 609.

## II. AUTHORITY

### A. Federal Rule of Evidence 609 Allows Evidence of a Defendant's Prior Felony Convictions for Purposes of Attacking Credibility.

Federal Rule of Evidence 609(a) allows evidence of prior criminal felony convictions of a defendant-witness for impeachment purposes if the "probative value of the evidence outweighs its prejudicial effect to the defendant." Fed. R. Evid. 609(a)(1). This rule of admissibility is limited for prior convictions that are more than ten years old. Fed. R. Evid. 609(b)(1). The ten-year period is defined as beginning on the later of "the date of conviction or date of the release of the witness from confinement imposed for that conviction." Fed. R. Evid. 609(b).

United States' Fed. R. Evid. 609 Notice - 2

The Ninth Circuit has outlined a five-factor test for balancing the probative value of a defendant's prior conviction against its potentially unfair prejudicial effect. The factors are:

> (1) the impeachment value of the prior crime; (2) the point in time of conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility.

*United States v. Martinez-Martinez*, 369 F.3d 1076, 1088 (9th Cir. 2004) (citation omitted) (declined to follow on other grounds *People v. Clemens*, -- P.3d – (2013)). The district court need not explicitly analyze each of the five factors; however, "the record should reveal, at a minimum, that the trial judge was aware of the requirements of Rule 609(a)(1)." *Id.* (citation omitted). "What matters is the balance of all five factors." *United States v. Alexander*, 48 F.3d 1477, 1488 (9th Cir. 1995).

If a defendant testifies and denies committing the charged offense, both the defendant's testimony and credibility become critical issues. *Id.* at 1489. A defendant's prior convictions thus have a substantial impeachment value and assessing her credibility can outweigh even highly prejudicial convictions. *Id.* at 1488-89. "[A]bsent exceptional circumstances, evidence of a prior conviction admitted for impeachment purposes may not include collateral details and circumstances attendant upon the conviction. Generally, only the prior

United States' Fed. R. Evid. 609 Notice - 3

conviction, its general nature, and punishment of a felony range [are] fair game for testing the defendant's credibility." *United States v. Osazuwa*, 564 F.3d 1169, 1175 (9th Cir. 2009) (quotation marks and citations omitted).

### B. The Defendant's Relevant Prior Felony Conviction

Based on the information the United States currently has available as of the date of this filing, the United States submits the Defendant's following prior felony conviction would fall into the 10-year window under Rule 609 and intends to utilize it:

| Date of Offense | Description of Offense | Jurisdiction | Date of Disposition | Disposition |
|---|---|---|---|---|
| 03/22/2012 | Controlled Substance Violation | Yakima County Superior Court | 08/23/2012 | 3 months prison, 12 months community custody |

### C. The Defendant's Prior Convictions are Admissible under the Ninth Circuit's Five-Factor Test.

Whether or not the Defendant stipulates to his status as a felon, the United States will seek to use the Defendant's prior felony conviction as impeachment evidence at trial if the Defendant testifies. This prior convictions is admissible in accordance with the Ninth Circuit's five-factor test. *See Martinez-Martinez*, 369 F.3d at 1088.

First, the impeachment value of the Defendant's prior conviction is significant. The credibility of any witness, but especially the credibility of a Defendant-witness is a key component of the jury's deliberations. Thus the

United States' Fed. R. Evid. 609 Notice - 4

jurors have a right to know if the Defendant has any prior felony convictions. Specifically, prior drug conviction bears on the defendant's veracity. The Ninth Circuit has held that prior drug convictions are probative of veracity, regardless of type or level of drug offense. *Alexander*, 48 F.3d at 1488; *United States v. Cordoba*, 104 F.3d 225, 229 (9th Cir. 1997).

Second, as to the timing of the prior conviction, the conviction appears to fall within the 10-year period described in Rule 609. Fed. R. Evid. 609(a)(1). Therefore, the evidence is not impermissibly stale. *Alexander*, 48 F.3d at 1488 (citation omitted).

Third, as to the alleged offenses similarity with prior conviction, this Court can ameliorate that potential prejudice by following the course charted in prior cases when a party has been permitted to introduce the fact of conviction, but not the nature of it. *See Osazuwa*, 564 F.3d at 1175; *see also United States v. Hursh*, 217 F.3d 761,768 (9th Cir. 2000) ("the evidence of [defendant]'s prior felony conviction was 'sanitized' meaning the nature of the felony . . . was not discussed"). Specifically, the prior conviction can be sanitized by allowing the United States to refer to each of them as prior "felony conviction."

As to the fourth and fifth factors, if the Defendant testifies his credibility will be a crucial part of the jury's deliberations. *See Alexander*, 48 F.3d at 1489 ("[w]hen a defendant takes the stand and denies having committed the charged

United States' Fed. R. Evid. 609 Notice - 5

offense, he places his credibility directly at issue"); *United States v. Hickok*, 77 F.3d 992, 1007 (9th Cir. 1996) ("[t]he law is clear that when a defendant decides to take the stand and tell the jury a story, he does so at his own risk").

### D. General Impeachment

Lastly, the United States reserves any of the prior felony conviction noted above for potential general impeachment, even if not used as direct impeachment under FRE 609. If the Defendant takes the witness stand and denies, for example, that he has ever dealt with drugs or otherwise opens the door to the admissibility of any of the prior felony conviction, then the United State will seek to confront the Defendant with the fact of the prior felony conviction after obtaining a ruling from the Court.

### III. CONCLUSION

Therefore, in accordance with Fed. R. Evid. 609, the United States is providing notice that should the Defendant intend to testify, the United States will seek to introduce evidence of the Defendant's prior conviction for impeachment purposes.

Dated: March 3, 2017

JOSEPH H. HARRINGTON
United States Attorney

*s/ Caitlin Baunsgard*
Caitlin Baunsgard
Assistant United States Attorney

United States' Fed. R. Evid. 609 Notice - 6

**CERTIFICATE OF SERVICE**

I hereby certify that on February 28, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Pete Schweda: pschweda@wsmattorneys.com, kschroeder@wsmattorneys.com

*s/ Caitlin A. Baunsgard*
Caitlin A. Baunsgard
Assistant United States Attorney

United States' Fed. R. Evid. 609 Notice - 7