JOSEPH H. HARRINGTON
United States Attorney
Eastern District of Washington
Stephanie Van Marter
Assistant United States Attorney
Caitlin Baunsgard
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 4:15-CR-6049-EFS |
| Plaintiff, | |
| vs. | United States Notice of Summary Exhibit |
| JESE DAVID CARILLO CASILLAS (2), GABRIELA MENDOZA VASQUEZ (7), BRITTANY LEE ZARAGOZA (10), SALVADOR GUDINO CHAVEZ (11), EDGAR OMAR HERRERA FARIAS (16), ALFREDO MAGANA GARIBAY (18), JUAN BRAVO ZAMBRANO (19), MIGUEL REYES GARCIA (21), and JOSE ADRIAN MENDOZA (23), | |
| Defendants. | |

United States Notice of Summary Exhibit - 1

The United States of America, by and through Joseph H. Harrington, United States Attorney for the Eastern District of Washington, Stephanie Van Marter and Caitlin A. Baunsgard, Assistant United States Attorneys for the Eastern District of Washington, respectfully submits the following Notice of Summary Exhibit.

The United States provides notice pursuant to Federal Rules of Evidence, Rule 1006 of its intention to introduce summary testimony and evidence regarding telephone toll, phone contact and GPS Ping coordinates.

**I**. **The telephone toll records, phone downloads and GPS Ping Records are "voluminous" records as defined by Federal Rules of Evidence 1006 and therefore appropriate for summary testimony.**

Although not a traditional summary testimony and evidence, the summary of telephone toll records (phone connectivity) and cellular phone downloads from seized phones is appropriate pursuant to Fed. Rule Evid. Rule 1006.  Rule 1006 allows for the introduction into evidence of summaries in a variety of forms, including recordings, photographs, charts and calculations.  To qualify under Rule 1006, the writings, documents, recordings, must be "voluminous".  "Voluminous" is defined in the text of 1006 as materials," which cannot be conveniently examined in court."

Additionally, in order to be admissible as summaries, several other requirements must be met.  First, the original documents upon which the summary is based upon

United States Notice of Summary Exhibit  - 2

must have been made available to the other party prior to the use of the summary in Court.  See, *see also United States v. Johnson,* 594 F.2d 1253, 1255 (9th Cir. 1979), cert. denied, 444 U.S. 964 (1979).  Second, the underlying original documents must themselves be admissible in order for the summary to be admissible.  *Id.* at 1255-1256; See also, *United States v. Catabran*, 836 F.2d 453 (9th Cir. 1988).  Lastly, the summary must then be authenticated.  See, Christopher B. Mueller & Laird C. Kirkpatrick, Evidence 315-316 (1997); See also, *United States v. Baker*, 10 F3d 1374 (9th Cir. 1993)(overruled on other grounds).

In *United States v. Meyers*, 847 F.2d 1408, 1412 (9th Cir. 1988), the Ninth Circuit upheld the use of a chart that summarized records of long distance phone calls between co-conspirators in a drug case. The exhibit used also summarized the surveillance logs of two FBI teams. *Id*. The underlying phone records were admitted into evidence and the surveillance logs were previously made available for inspection by the defense. *Id*. Two of the surveillance agents testified at trial and were available for cross examination on the accuracy of the chart. *Id.* In affirming the admission of the chart, this Court held that as long as the materials upon which the chart is based are admissible, the chart may be admitted into evidence even if the underlying materials are not. *Id;* See also*, United States v. Barriga,* 584 Fed Appx. 791, 793 (9th Cir. 2014).

In this case, the telephone toll records and phone downloads were either compiled by the phone company pursuant to subpoenas or downloaded from the seized

United States Notice of Summary Exhibit  - 3

cellular telephones pursuant to search warrants. These records have all been provided in discovery and otherwise been available to the defense since discovery began in this case. The United States anticipates witness testimony from representatives of the phone companies who produced the telephone toll records through records custodians[1]. The United States also anticipates testimony from law enforcement who downloaded the contents of the cellular telephones pursuant to the respective search warrants. These records contain thousands of pages of telephone connectivity and are compiled in different forms dependent upon the type of phone and the phone company producing those records. The GPS pings also pertain to tracker warrants that extended over several months. Therefore, the Ping records are likewise voluminous. Thus, the United States submits the records are "voluminous" records and in their original form, difficult to present to a jury in a manner that would make sense.

The United States would seek the admission of the original records into evidence and then present the summary exhibit and testimony through Analyst Kalyn Karlberg as to the telephone toll and phone download information and FBI Analyst Matthew Sonnefield as to the GPS Ping information. The summary exhibits have been provided to defense counsel in discovery. The United States would likewise make both

---

[1] The United States anticipates also filing a Notice of Business Records exception with certifications as to these phone company witnesses as well.

United States Notice of Summary Exhibit  - 4

witnesses available for counsel to question prior to his testimony if there are any questions as to the source of any given piece of information in the summary exhibit.

Thus, the Government respectfully contends that, assuming the foundations laid, such a summary is properly admissible pursuant to Fed. Rules of Evid., Rule 1006.

DATED March 5, 2018.

                              JOSEPH H. HARRINGTON
                              UNITED STATES ATTORNEY

                              *s/Stephanie Van Marter*
                              Stephanie Van Marter
                              Assistant United States Attorney

                              *s/Caitlin A. Baunsgard*
                              Caitlin A. Baunsgard
                              Assistant United States Attorney

## **CERTIFICATION**

I hereby certify that on March 5, 2018, I electronically filed the foregoing with the Clerk of the Court and counsel of record using the CM/ECF System.

      Nicolas Vieth, nick@viethlaw.com
      Victor Lara, vh_lara@hotmail.com
      Gregory Scott, gregory@scottlaw.net
      Peter Schweda, pschweda@wsmattorneys.com
      Michael Felice, mike@mvfelicelaw.com
      Richard Smith, rasmith@house314.com
      Ken Therrien, kenntherrien@msn.com
      Scott Johnson, scott@johnsonorr.com

                              *s/Stephanie Van Marter*
                              Stephanie Van Marter
                              Assistant United States Attorney

United States Notice of Summary Exhibit  - 5