FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 06, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

                    Plaintiff,

          v.

GABRIELA MENDOZA VASQUEZ,

                    Defendant.

No.  4:15-CR-6049-EFS-7

**ORDER REGARDING SCHEDULE FOR SENTENCING**

On this day, Defendant, accompanied by her attorney, Rick Hernandez, appeared and pleaded guilty or was found guilty in this matter.  The Government was represented by Stephanie Van Marter, Assistant United States Attorney.

**IT IS ORDERED** that the date of the sentencing is **Tuesday, June 12, 2018**, at **2:00 pm** in **RICHLAND**.  If a sentence of incarceration is imposed, the Defendant shall be placed in custody at the time of sentencing. Sentencing will be scheduled for a total of forty-five (45) minutes. If it is believed that the sentencing hearing will last longer, counsel shall contact Chambers within fourteen (14) days of disclosure of the presentence investigation report.  Pending sentencing, Defendant's detention status or release status shall remain pursuant to this court's previous order.  The United States Probation Office shall prepare a

ORDER REGARDING SCHEDULE FOR SENTENCING - 1

timely presentence investigation report that will comply with the following schedule:

1.  Not less than **thirty-five (35) days** prior to the sentencing hearing, the probation officer shall disclose the pre-sentence investigation report to the Defendant, counsel for Defendant, and the Government.

2.  Within **fourteen (14) days** of the disclosure of the pre-sentence investigation report, counsel shall communicate in writing to the probation office any objections they may have as to factual errors or omissions; sentencing classifications; conditions of supervised release/probation; sentencing guideline ranges; and policy statements contained in or omitted from the report.  Such communication may be oral initially but shall immediately be confirmed in writing to the probation officer and opposing counsel.

3. Also within **fourteen (14) days** of disclosure of the presentence investigation report, counsel shall file and serve all motions and memoranda pertaining to Defendant's sentence, including motions for downward or upward departures. Counsel shall utilize the following format when preparing initial memoranda which are limited to twenty pages (absent prior Court permission to file an overlength brief):  I. Base Offense Level & Enhancements, II.  Departures, III.  18 U.S.C. 3553(a).  Under the "Base Offense Level & Enhancements" section, counsel shall discuss whether the PSIR's Total Offense Level calculations (not including departures) are correct or incorrect, providing legal authority for the party's position.  Under the "Departure" section, counsel shall discuss whether a downward and/or upward departure is

ORDER REGARDING SCHEDULE FOR SENTENCING - 2

warranted under the Guidelines and provide legal authority for such position. Under the "18 U.S.C. 3553(a)" section, counsel shall discuss whether the resulting guideline range provides a reasonable sentence sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. 3553(a)(2), considering the other factors listed in 3553(a), and whether the party is challenging a recommended standard or special condition of supervised release. The parties are limited to one reply of no more than 7 pages. No other pleadings are allowed without advance permission of the Court. **FAILURE TO FILE AND SERVE A MOTION FOR DOWNWARD DEPARTURE WITHIN 14 DAYS OF RECEIPT OF THE PRESENTENCE INVESTIGATION REPORT WILL BE DEEMED A WAIVER OF THE RIGHT TO DO SO.** The time frame for filing and serving responses to such motions shall be governed by Local Rule 7.1. Any request with regard to self-reporting shall be made to the probation office at the same time any objections/motions are filed.

4. After receiving counsel's objections, the probation officer shall conduct any further investigation and make any revisions to the presentence report that may be necessary. The probation officer may require counsel for both parties to meet with the officer to discuss unresolved factual and legal issues, and counsel shall make themselves available for that purpose.

5. At least **ten (10) days** prior to the date of the sentencing hearing the probation officer shall submit the presentence report to the sentencing judge. The report shall be accompanied by an addendum setting forth any objections counsel may have made, including those that have not been resolved, together with the officer's comments and

1    recommendations thereon.  The probation officer shall certify that the
2    contents of the report other than sentencing recommendations, including
3    any revisions or addenda, have been disclosed to counsel for Defendant
4    and the Government, and that the addendum fairly states any remaining
5    objections.
6        6.    Except with regard to any written objection made under
7    subdivision (a), the report of the presentence investigation and
8    computations shall be accepted by the Court as accurate.  For good cause
9    shown, however, the court may allow a new objection to be raised at any
10   time before the imposition of sentence.  In resolving disputed issues
11   of fact, the court may consider any reliable information presented by
12   the probation officer, Defendant, or the Government.
13       7.    Nothing in this rule requires the disclosure of any portions
14   of the presentence report that are not disclosable under Rule 32 of the
15   Federal Rules of Criminal Procedure.
16       8.    The presentence report shall be deemed to have been disclosed
17   (1) when a copy of the report is physically delivered; or (2) one day
18   after the availability of the report for inspection is orally
19   communicated; or (3) three days after a copy of the report, or notice
20   of its availability is mailed to counsel, whichever date is earlier.
21       9.    Following sentencing, Defendant shall be taken into the
22   custody of the United States Marshal Service unless (1) Defendant has
23   been released prior to sentencing, (2) Defendant specifically requests
24   the opportunity to self-report, and (3) Defendant demonstrates that he
25   is a candidate for self-reporting.  If Defendant requests the
26

ORDER REGARDING SCHEDULE FOR SENTENCING - 4

opportunity to self-report, Defendant must demonstrate the financial ability to travel to a facility on the East Coast.

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this order and to provide copies to counsel, the U.S. Probation Office, and the U.S. Marshals Service.

**DATED** this  6th  day of March 2018.


                              s/Edward F. Shea
                              EDWARD F. SHEA
                    Senior United States District Judge