RONALD A. VAN WERT
ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, PC
618 W. RIVERSIDE AVENUE, SUITE 210
SPOKANE, WA  99201
TELEPHONE: (509) 747-9100
Attorney for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | No.  4:15-CR-6049-EFS-24 |
| | ) ) | DEFENDANT SAUCEDO'S |
| Plaintiff, | ) ) | RESPONSE TO UNITED STATES' SENTENCING |
| | ) ) | RECOMMENDATION |
| vs. | ) ) | |
| | ) | |
| JULIO CESAR ROSALES SAUCEDO (9), | ) ) ) | |
| | ) ) | |
| Defendant. | ) | |

Defendant JULIO CESAR ROSALES SAUCEDO, by and through his

Attorney, Ronald A. Van Wert of Etter, McMahon, Lamberson, Van Wert &

Oreskovich, P.C., hereby submits this Response to United States' Sentencing

Recommendation [ECF 677].

The Government's recommendation of an offense level of 32 and a 120-

month sentence is based on conclusory statements and not on reliable evidence

DEFENDANT SAUCEDO'S
RESPONSE TO UNITED STATES'
SENTENCING
RECOMMENDATION - 1

necessary to satisfy the Government's burden to enhance Mr. Saucedo's sentence.  Furthermore, the Government's recommendation is greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a)(2) and would lead to a disparate sentence when compared to the sentences received by individuals with significantly more culpability.

## I.  Conclusory statements do not satisfy the Government's burden

The 9th Circuit has established that facts used in sentencing must usually be proven by a preponderance of the evidence.  *United States v. Restrepo,* 946 F.2d 654, 656-59 (9th Cir.1991).  Although the sentencing court is given great deference in its factual determinations, the 9th Cir. "insist[s], however, that in establishing the facts, including approximations, underlying a sentence, the district court utilize only evidence that possesses "'sufficient indicia of reliability to support its probable accuracy.'" *United States v. Garcia-Sanchez*, 189 F.3d 1143, 1148–49 (9th Cir. 1999) (*quoting United States v. August,* 86 F.3d 151, 154 (9th Cir.1996) (*quoting* USSG § 6A1.3(a)).  The 9th Cir. further

> emphasize[s] that the preponderance of the evidence standard is a meaningful one that requires the judge to be convinced "by a preponderance of the evidence that the fact in question exists." *United States v. Streeter,* 907 F.2d 781, 792 (8th Cir.1990); *see also* 9 J. Wigmore, *Evidence* § 2498 (Chadbourn rev. 1981). It

DEFENDANT SAUCEDO'S
RESPONSE TO UNITED STATES'
SENTENCING
RECOMMENDATION - 2

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

is a "'misinterpretation [of the preponderance test] that it calls on the trier of fact merely to perform an abstract weighing of the evidence in order to determine which side has produced the greater quantum, without regard to its effect in convincing his mind of the truth of the proposition asserted.'" *Winship,* 397 U.S. at 367–68, 90 S. Ct. at 1074 (quoting Dorsen & Rezneck, *In Re Gault and the Future of Juvenile Law,* 1 Fam.L.Q. No. 4, 26–27 (1967)).

*United States v. Restrepo*, 946 F.2d 654, 661 (9th Cir. 1991).  In finding facts for purposes of sentencing, it is error for a sentencing court to "adopt conclusory statements unsupported by facts or the Guidelines." *United States v. Navarro*, 979 F.2d 786, 789 (9th Cir. 1992).

The Government attributes $385,939.00 in cash to Mr. Saucedo.  Yet, the Government fails to identify reliable facts for this Court to find that Mr. Saucedo had knowledge of the drug types, drug quantities, scope of the conspiracy or amounts of money relating to the conspiracy to support this calculation.  Despite the length of the investigation, the electronic and physical surveillance, and the infiltration of the DTO by confidential informants, the Government has presented no reliable information placing Defendant with any drugs, showing Defendant with Mr. Casillas, evidencing substantial contact between Defendant and Mr. Casillas, proving Defendant's knowledge of the

DEFENDANT SAUCEDO'S
RESPONSE TO UNITED STATES'
SENTENCING
RECOMMENDATION - 3

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

quantity of money he was tasked with carrying, or where the money initiated from. Instead the Government relies on conclusory statements to support its recommendation for a decade in prison; for instance, the Government states "Defendant was identified as a relative of Co-Defendant Jese Casillas" [ECF 677 at 3], "Defendant was identified assisting the organization in the Los Angeles area" [ECF 677 at 4], "his scope of knowledge and culpability arguably increased after Calvillo's death" [ECF 677 at 5], the "recipient of the money was subsequently identified" as Defendant [ECF 677 at 6], "Casillas again repeatedly refers to his person in Los Angeles referring to Defendant" [ECF 677 at 7], "Upon review of these facts, the money that can be attributed to the Defendant is approximately $385,939.00" [ECF 677 at 8].

The Government has failed to present sufficient, reliable facts to attribute $385,939.00 in cash to Mr. Saucedo. Notably, none of the money arising from the Fentanyl transaction that the Government uses to calculate the majority of this cash total was deposited into Mr. Saucedo's account. Also, despite admitting it cannot quantify what amount of drugs were foreseeable by Mr. Saucedo, the Government makes the conclusory statement that this "amount of overall cash attributable to the Defendant therefore should carry with it

DEFENDANT SAUCEDO'S
RESPONSE TO UNITED STATES'
SENTENCING
RECOMMENDATION - 4

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

additional foreseeability and scope of knowledge as to the amount of controlled substances associated with this Conspiracy." [ECF 677 at 9.]   Deleting the conclusory statements from the Government's recommendation, the facts establish only that Mr. Saucedo was a money carrier and was used by Mr. Casillas for access to Mr. Saucedo's bank account to deposit relatively small amounts of cash.

"In modern federal practice sentencing is nearly as critical a stage for the defendant as the trial itself. The standard of proof is relaxed but proof there must be." *United States v. Rutgard*, 116 F.3d 1270, 1293–94 (9th Cir. 1997) (*citing Restrepo,* 946 F.2d at 661).

## II.  Government's recommendation is disparate

For the reasons detailed in Mr. Saucedo's Sentencing Memorandum [ECF 679], as well as those above, the Government's recommendation is more than necessary to carry out the purposes of 18 U.S.C. § 3553(a)(2).   Mr. Saucedo will not repeat the details from his Sentencing Memorandum here, but incorporates them in full.

The Government's recommendation would also lead to disparate sentences with co-defendants more culpable than Mr. Saucedo.   The Government

DEFENDANT SAUCEDO'S
RESPONSE TO UNITED STATES'
SENTENCING
RECOMMENDATION - 5

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

references two co-defendants, Francisco Figueroa and Junvenal Landa, in its Sentencing Recommendation [ECF 677 at 11] as being sentenced to 120 months and again makes a conclusory statement that "[i]n looking to the role this Defendant played in this overall conspiracy, a recommendation of 120 months is not disparate." Yet, the Government fails to note that Mr. Figueroa pled to possession with intent to distribute a kilogram of methamphetamine, had a firearm attributed to him, shared a residence with Mr. Casillas, was surveilled delivering drugs while Mr. Casillas performed counter-surveillance, was found to have communicated extensively with Mr. Casillas and other co-defendants, and pled to a mandatory minimum of 10 years. [ECF 391 & 482]. Similarly, in relation to Mr. Landa, the Government fails to note that he plead to possession with intent to distribute methamphetamine, was found in possession of two pounds of methamphetamine, had a large volume of contacts with Mr. Casillas based on a search of cell phones, requested to be introduced to Mr. Casillas and a part of the DTO, and pled to a mandatory minimum of 10 years. [ECF 471.] Mr. Saucedo shares none of these notable and incriminating facts with these co-defendants. Sentencing Mr. Saucedo, who is not subject to a mandatory minimum sentence, to the same sentence as these co-defendants is

DEFENDANT SAUCEDO'S
RESPONSE TO UNITED STATES'
SENTENCING
RECOMMENDATION - 6

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

glaringly disparate.

Between filing of this document and Mr. Saucedo's sentencing date, other co-defendants are expected to be sentenced.  Mr. Saucedo respectfully reserves the right to present further argument on disparate sentences as his co-defendants are sentenced.

For the foregoing reasons, Mr. Saucedo respectfully requests that he be sentenced consistent with his Sentencing Memorandum. [ECF 679.]

DATED this 6th day of March, 2018.

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.

By: __/s/ Ronald A. Van Wert_____
        Ronald A. Van Wert, WSBA #32050
        Etter, McMahon, Lamberson,
        Van Wert & Oreskovich, P.C.
        618 West Riverside Avenue, Suite 210
        Spokane, WA  99201
        Telephone:  509-747-9100
        Email: rvw@ettermcmahon.com
        Attorney for Defendant Julio Cesar Rosales Saucedo.

DEFENDANT SAUCEDO'S
RESPONSE TO UNITED STATES'
SENTENCING
RECOMMENDATION - 7

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

1
2                    **CERTIFICATE OF SERVICE**
3
4      I hereby certify that on this 6th day of March, 2018, I electronically filed
5
6  the foregoing with the Clerk of the Court using the CM/ECF System which
7  will send notification of such filing to the following:
8
9      Stephanie Van Marter, Assistant United States Attorney.
10
11
12     Dated this 6th day of March, 2018.
13
14                    By:___/s/ Ronald A. Van Wert_____
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32

DEFENDANT SAUCEDO'S                    ETTER, MᶜMAHON, LAMBERSON,
RESPONSE TO UNITED STATES'             VAN WERT & ORESKOVICH, P.C.
SENTENCING                             618 WEST RIVERSIDE AVENUE, SUITE 210
RECOMMENDATION - 8                     SPOKANE, WASHINGTON 99201   (509) 747-9100