RICHARD J. TROBERMAN, P.S.
Attorney at Law
WSBA No. 6379
520 Pike Street, Suite 2500
Seattle, WA 98101-1385
Telephone:  (206) 343-1111
Facsimile:  (206) 340-1936
E-Mail: tmanlaw@aol.com

Attorney for Defendant
Adam Benjamin Goldring

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff,* | ) | No. 4:15-cr-6049-EFS-12 |
| | ) | |
| vs. | ) | **DEFENDANT'S SUPPLEMENTAL** |
| | ) | **SENTENCING MEMORANDUM** |
| ADAM BENJAMIN GOLDRING, | ) | |
| | ) | |
| *Defendant.* | ) | |
| ———————————————— | ) | |

## I.  **INTRODUCTION.**

Probation has correctly calculated the sentencing guidelines to include a four level reduction for minimal role pursuant to U.S.S.G. §3B1.2(a).  The government has waived any objection to this  guidelines calculation by failing to timely object to the Presentence Investigation Report.  Even if the government's objection has not been waived, its objection is without merit, as Probation properly concluded that Mr. Goldring was a minimal participant.

DEFENDANT'S SUPPLEMENTAL SENTENCING
MEMORANDUM;  Case No. 4:15-CR-6049-EJS - 1

## II. **ARGUMENT**.

**A.    THE GOVERNMENT HAS WAIVED ANY OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT BY FAILING TO TIMELY SUBMIT OBJECTIONS.**

The Draft Presentence Investigation Report was filed on February 20, 2018 (Dkt. #646).   ECF notice was provided to counsel for the government and the defendant on the same date.   Fed.R.Crim.P. 32 provides, in relevant part, as follows:

**(f) Objecting to the Report.**

> **(1).    Time to Object.**    Within 14 days after receiving the presentence report, the parties *must* state in writing any objections, including objections to material information, sentencing guideline ranges, and policy statements contained or omitted from the report. (Emphasis supplied)

Similarly, this Court's Order Regarding Schedule for Sentencing (Dkt. #556) provides:

> 2. Withing **fourteen (14) days** of the disclosure of the pre-sentence investigation report counsel shall communicate in writing to the probation office any objections they may have as to factual errors or omissions; sentencing classifications; conditions of supervised release/probation; sentencing guideline ranges; and policy statements contained in or omitted from the report. Such communication may be oral initially but shall immediately be confirmed in writing to the probation officer and opposing counsel.

In addition, the Scheduling Order also provides:

DEFENDANT'S SUPPLEMENTAL SENTENCING
MEMORANDUM;  Case No. 4:15-CR-6049-EJS - 2

3.   Also within **fourteen (14) days** of disclosure of the presentence report, counsel shall file and serve all motions and memoranda pertaining to the Defendant's sentence, including motions for downward or upward departures.. . . No other pleading are allowed without advance permission of the court.

The government did not timely file any objections to the presentence report as required by Fed.R.Crim.P. 32(f)(1) or the Court's Scheduling Order. Objections not timely submitted are deemed to be waived.

Counsel candidly admits that she "lost track of this sentencing memorandum in the midst of other matters and apologizes to the Court and counsel." United States Sentencing Memorandum at 1, fn. 1.  With all due respect to counsel, this explanation does not provide good cause to set aside the government's failure to timely submit objections.  There were no less than seven separate entries that  provided notice to the government of Mr. Goldring's pending sentencing hearing:

| DATE: | EVENT: | DKT. #; |
|-------|--------|---------|
| 10/31/2017 | Order Regarding Schedule For Sentencing | #556 |
| 02/20/2018 | Draft PSR filed | #646 |
| 02/26/2018 | Defendant's written objections to draft Presence Report filed. Copies both emailed and sent by regular mail to AUSA. | N/A |

**DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM;  Case No. 4:15-CR-6049-EJS - 3**

RICHARD J. TROBERMAN, P.S.
ATTORNEY AT LAW
520 PIKE STREET, SUITE 2500
SEATTLE, WASHINGTON 98101-1385
(206) 343-1111

| 02/28/2018 | ECF Notice of Change of Time of Hearing | #680 |
| 03/01/2018 | Defendant's Sentencing Memorandum filed | #683 |
| 03/14/2018 | Final Presentence Report filed | #714 |
| 03/14/2018 | Defendant's Supplemental Sentencing Exhibit filed | #717 |

Despite all of these events regarding the March 27, 2018 sentencing hearing, the government did not file anything with the Court until March 19, 2018. Moreover, counsel did not seek leave of court, as required by the Court's Scheduling Order (¶3), to file the government's untimely objections to the Presentence Report and Sentencing Memorandum. For all of these reasons, the government's untimely objections to the Presentence Report should be disregarded, and "the report of the presentence investigation and computations shall be accepted by the Court as accurate." Scheduling Order at ¶6.

## B.    PROBATION CORRECTLY INCLUDED A FOUR LEVEL REDUCTION FOR MINIMAL PARTICIPANT.

In arguing against the minimal role adjustment, the government complains, for the first time, that Mr. Goldring "was still more culpable than the 'average' Defendant." This bald assertion, however, is not supported by any facts, or any comparison of Mr. Goldring's role with that of any other

DEFENDANT'S SUPPLEMENTAL SENTENCING
MEMORANDUM;  Case No. 4:15-CR-6049-EJS - 4

RICHARD J  TROBERMAN, P.S.
ATTORNEY AT LAW
520 PIKE STREET, SUITE 2500
SEATTLE  WASHINGTON 98101-1385
(206) 343-1111

1  defendant.

2      The Guidelines instruct that the determination of whether to apply a

3

4  mitigating role adjustment involves a determination that is heavily dependent

5  on the facts of a particular case.  §3B1.2, Application Note 3(C).  A district

6

7  court's finding that a defendant qualifies for mitigating role adjustment is a

8  factual determination subject to the clearly erroneous standard.  *United States*

9

10  *v. Sanchez-Lopez,* 879 F.2d 541, 557 (9th Cir. 1989).

11      The Ninth Circuit makes clear that a district court "should consider [the

12  defendant's] culpability relative to the involvement of the other likely actors,"

13

14  and that a defendant's role is to be compared with that of <u>all</u> of the other actors

15  who participated in the offense, not just with that of the defendants charged.

16  Specifically rejecting the narrow view that co-participants was limited to the

17

18  defendants, the Ninth Circuit observed:

19          This narrow view cannot be squared with the

20          Guideline's minor participant provision's language or

21          purpose.  The Guidelines refer to minor
        "participants," not to minor "defendants."

22          U.S.S.G.§3B1.2, comment (n.3). Further-more, a

23          narrow view produces arbitrary results: by ignoring
        the actions of other participants, it subjects less

24          culpable defendants to longer sentences simply

25          because their more involved co-conspirators
        managed to escape arrest or were tried separately.

26          We see no reason why the Guidelines would sanction

27          such a regime, and we find confirmation in the
        language of §3B1.2 that the intent was not to do so.

28

---

**DEFENDANT'S SUPPLEMENTAL SENTENCING**
**MEMORANDUM; Case No. 4:15-CR-6049-EJS - 5**

RICHARD J. TROBERMAN, P.S.
ATTORNEY AT LAW
520 PIKE STREET, SUITE 2500
SEATTLE, WASHINGTON 98101-1385
(206) 343-1111

> We therefore conclude that prosecutors need not identify, arrest, or try together all "participants" in a scheme (and thus transform then into "defendants") in order for the district court to consider their conduct when evaluating a particular defendant's relative role.  To the contrary, we read §3B1.2 as instructing courts to look beyond the individuals brought before it to the overall criminal scheme when determining whether a particular defendant is a minor participant in the criminal scheme.

*United States v. Rojas-Millan,* 234 F.3d 464, 472-73 (footnote omitted) (9th Cir. 2000).

Mr. Goldring was a money courier.  On four occasions over a seven month period, at the direction of others, he dropped off packages containing money to persons whom he thought were co-conspirators.  Thus, his role is analogous to a courier in a drug conspiracy.  U.S.S.G. §3B1.2, Application Note 3(B) provides, in relevant part:

> A defendant who is accountable under §1B1.3 (Relevant Conduct) only for the conduct in which the defendant was personally involved and who preforms a limited function in the criminal activity may receive an adjustment under this guideline.  For example, a defendant who is convicted of a drug trafficking offense, whose participation in that offense was limited to transporting or storing drugs and who is accountable under §1B1.3 only for the quantity of drugs the defendant personally transported or stored may receive an adjustment under this guideline.

It is hard to envision a participant in a money laundering conspiracy who is

RICHARD J. TROBERMAN, P.S.
ATTORNEY AT LAW
520 PIKE STREET, SUITE 2500
SEATTLE, WASHINGTON 98101-1385
(206) 343-1111

less involved than one who merely transports other people's money from point A to point B.  Unlike every other defendant in this case, Mr. Goldring did not commit a single act in furtherance of the conspiracy in the United States, nor did he even know that the conspiracy involved violation of United States law.

U.S.S.G. §3B1.2 was amended in 2015, in part because the Commission believed that mitigating role adjustments were not being applied as often as the Commission intended.  Amendment 794.[1]  As noted by the government, the Ninth Circuit recently addressed the 2015 amendment in *United States v. Diaz,* 2018 WL 1220508 (9th Cir. March 9, 2018).  The *Diaz* court noted the purpose of the amendment:

> In stating its purpose for the Amendment, the Sentencing Commission explained that minor-role adjustments had been "applied inconsistently and more sparingly than the Commission intended," and that it intended to address the caselaw than might discourage courts from applying minor-role adjustments.  U.S.S.G. App. C. Amend. 794.  We have since observed that, as clarified, §3B1.2 provides "'a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered' for the reduction, and 'the fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative'" of

---

[1]

By its express terms, the Amendment applies to both minimal and minor participant adjustments ("In determining whether to apply subsection (a) or (b), or an intermediate adjustment . . . ").

**DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM; Case No. 4:15-CR-6049-EJS - 7**

RICHARD J. TROBERMAN, P.S.
ATTORNEY AT LAW
520 PIKE STREET, SUITE 2500
SEATTLE, WASHINGTON 98101-1385
(206) 343-1111

whether minor-role adjustment should be granted. *United States v. Quintero-Leyva,* 823 F.3d 519, 523 (9th Cir. 2016)(brackets omitted)(quoting U.S.S.G. §3B1.2 cmt. N.3(C).

Id., at 4. The Ninth Circuit in *Diaz* also confirmed that *Rojas-Millan* remains good law following Amendment 794 and that "the size of the appropriate comparison group" remains unchanged following the Amendment. Id. at 5.

Significantly, the *Diaz* court also observed that Amendment 794 makes clear that when a defendant, like Mr. Goldring, "knows little about the scope and structure of the criminal enterprise in which he was involved, that fact weighs in favor of granting a minor role adjustment." Id., at 5.

Amendment 794 includes a list of non-exclusive factors for the court to consider in deciding whether to grant a mitigating role adjustment. An analysis of these factors follows.

**(I) The degree to which the defendant understood the scope and structure of the criminal activity**.

It is indisputable that Mr. Goldring knew little about the scope and structure of the conspiracy. He was given money in Canada by Canadians and told to deliver it to other Canadians in Canada. He was not told how much money was in the packages he was delivering. Although he was not expressly told that the money was drug proceeds, he reasonably believed that it was. He did not know any of the other participants other than the person who provided

RICHARD J. TROBERMAN, P.S.
ATTORNEY AT LAW
520 PIKE STREET, SUITE 2500
SEATTLE, WASHINGTON 98101-1385
(206) 343-1111

the money to him (on each occasion he delivered the money to an undercover RCMP officer) and he had no knowledge of any co-conspirators acting in the United States, or that the conspiracy involved violation of United States law.

**(ii) The degree to which the defendant participated in planning or organizing the criminal activity.**

There can be no question that Mr. Goldring did not participate in planning or organizing the criminal activity.  On four occasions he was given money by others to deliver to people he was told to deliver it to.  The government disingenuously argues that because Mr. Goldring coordinated the exact time and place of delivery with the recipient, who's contact information had been provided to him, he somehow "controlled the events surrounding the money drops."  That stilted view is clearly not the type of "planning or organizing" contemplated by the Amendment.

**(iii) The degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority.**

Mr. Goldring did not exercise any decision making authority or influence the exercise of decision-making authority.  He did what he was told when he was told to do it.  The government's claim that Mr. Goldring "communicated directly with the UC to arrange the details of the cash drops; details he could control" is unavailing.  The only communication he had with

RICHARD J. TROBERMAN, P.S.
ATTORNEY AT LAW
520 PIKE STREET, SUITE 2500
SEATTLE, WASHINGTON 98101-1385
(206) 343-1111

the UC was to agree on a time and place to meet.   The locations were determined by the UC, and the time often depended on Mr. Goldring's employment schedule (he was gainfully employed throughout the course of the conspiracy).

**(iv) The nature and extent of the defendant's participation in the commission of the criminal activity, including acts the defendant performed and the responsibility and discretion the defendant had in performing those acts.**

On four occasions, Mr. Goldring dropped off cash as directed by others. It was not his money.  He did not know where or to whom it was ultimately going, or for what purpose it was to be used.  He received no direct benefit from his conduct.  The government submits, without any basis in statute or caselaw,  that because the total amount of cash Mr. Goldring delivered was "significant" – even though Mr. Goldring didn't know the amounts he was delivering-- that is somehow "reflective of someone who is more than minimally involved."  This self-serving non sequitur is not supported by the guidelines and begs the question of Mr. Goldring's actual role.

The government also notes that Mr. Goldring, when asked during the March 1, 2016 delivery of cash about future deliveries of "pants," replied that "he would pass it on to the bosses, further reflective of a knowledge that is more than minimal."  First, Mr. Goldring has consistently denied knowing that

**DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM;  Case No. 4:15-CR-6049-EJS - 10**

RICHARD J. TROBERMAN, P.S.
ATTORNEY AT LAW
520 PIKE STREET, SUITE 2500
SEATTLE, WASHINGTON 98101-1385
(206) 343-1111

"pants" was a slang term for heroin.  See Plea Agreement at 9, lines 2-3.

Second, the government fails to note that when asked about future deliveries of "pants," Mr. Goldring was caught unaware and "began to stammer and fidget saying he had things to do and couldn't meet right now and he really needed to speak to [his bosses] first."  Bates 2014E-6632-5000 Doc-3499, Page 5 of 11.  In fact, Mr. Goldring never spoke with the UC again after that meeting; there is no evidence that he ever discussed the UC's offer with anyone; nor is there any evidence that the person who provided the money to Mr. Goldring ever responded to the UC's offer.

### (v) The degree to which the defendant stood to benefit from the criminal activity.

Mr. Goldring did not have a "proprietary interest in the criminal activity."  See, *Diaz*, at 4 ("a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for the reduction. . .").  His payment was not dependent on the success of the enterprise (which he knew little or nothing about).  Over a period of a little under one year, Mr. Goldring did periodic "favors" for another individual, and he was compensated for his work on a random basis, such as help with a <u>few</u> rent payments and other expenses.  Thus, there is no merit to the government's claim that "for the year period of

**DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM; Case No. 4:15-CR-6049-EJS - 11**

1    time he was involved, he was benefitting by way of monetary payment in the

2

3    way of rent payments and expenses." That is a tortured reading and a gross

4    exaggeration of what Mr. Goldring asserted in his Sentencing Memorandum,

5    and the government offers no evidence to support this claim.

6

7        For all of these reasons, Probation correctly concluded that Mr.

8    Goldring was a minimal participant in the criminal activity, deserving of a four

9    level downward adjustment pursuant to U.S.S.G. §3B1.2(a), and that his Total

10

11    Offense Level is 19, with a guideline range of 30-37 months. And for all of

12    the reasons set forth in Defendant's Sentencing Memorandum, a variance

13

14    pursuant to the factors enumerated in 18 U.S.C. §3553(a) is warranted in this

15    case, and a sentence of 18 months would be a sufficient, but not greater than

16

17    necessary sentence for Mr. Goldring.

18        DATED this 22 day of March, 2018.

19                      RICHARD J. TROBERMAN, P.S.

20

21                By: _____

22                     RICHARD J. TROBERMAN

23                     WSBA #6379

24                     Attorney for Defendant
                        Adam Benjamin Goldring

25

26

27

28

RICHARD J. TROBERMAN, P.S.
ATTORNEY AT LAW
520 PIKE STREET, SUITE 2500
SEATTLE, WASHINGTON 98101-1385
(206) 343-1111

## CERTIFICATE OF SERVICE

I  hereby certify that on March ᴜᴜ, 2018, I electronically filed the foregoing  "DEFENDANT'S  SUPPLEMENTAL  SENTENCING MEMORANDUM" with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorneys of record in this case.

RICHARD J. TROBERMAN

DEFENDANT'S SUPPLEMENTAL SENTENCING
MEMORANDUM;  Case No. 4:15-CR-6049-EJS - 13

RICHARD J. TROBERMAN, P.S.
ATTORNEY AT LAW
520 PIKE STREET, SUITE 2500
SEATTLE, WASHINGTON 98101-1385
(206) 343-1111