Peter S. Schweda
Waldo, Schweda & Montgomery, P.S.
2206 North Pines Road
Spokane, WA 99206
509/924-3686
Fax: 509/922-2196
pschweda@wsmattorneys.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. 4:15-cr-6049-EFS-16 |
| Plaintiff, ) | |
| ) | DEFENDANT EDGAR OMAR |
| vs. ) | HERRERA FARIAS' MOTION |
| ) | IN LIMINE TO PRECLUDE |
| EDGAR OMAR HERRERA FARIAS, ) | RULE 609 IMPEACHMENT |
| ) | |
| ) | Hearing: May 29, 2018 at 9:00 |
| Defendant. ) | a.m. at Richland |
| _____ ) | WITH ORAL ARGUMENT |

The defendant, Edgar Omar Herrera Farias, by and through counsel, Peter S. Schweda, moves the Court to preclude the Government from using Defendant's prior Yakima County conviction for Possession of Controlled Substances with Intent to Distribute dated August 23, 2012 based upon FRE 609 and FRE 403. See Government's FRE 609 Notice, ECF No. 682.

### RULE 609

Rule 609(a)(1)(B) provides, in part, that a prior felony conviction may be admitted to attack the credibility of the defendant "in a criminal case in which the

DEFENDANT'S MOTION IN LIMINE - 1

*Waldo, Schweda & Montgomery, P.S.*
*2206 North Pines Road*
*Spokane, WA 99206*
*509/924-3686*
*Fax: 509/922-2196*

witness is a defendant, if the probative value of the evidence outweighs it prejudicial effect to that defendant."

The Government's Notice states "Whether or not the Defendant stipulates to his status as a felon, the United States will seek to use the Defendant's prior felony convictions as impeachment evidence at trial if the Defendant testifies.  This prior conviction is admissible in accordance with the Ninth Circuit's five-factor test."

This five-factor test was first adopted by the Ninth Circuit in the *en banc* decision of *United States v. Cook,* 608 F.2d 1175, 1185 note 8 (9th Cir. 1979), which held the court should consider the following non-exclusive factors as to whether to admit evidence under Rule 609(a)(1).

1. the impeachment value of the prior crime.

2. the point in time of the conviction and the witness's subsequent history.

3. the similarity between the past crime and the charged crime.

4. the importance of the defendant's testimony.

5. the centrality of the credibility issue.

"Although the trial judge is not required to state his or her analysis of each of the five factors with special precision, the record should reveal, at a minimum that the trial judge was aware of the requirements of Rule 609(a)(1)" *United States v. Jimenez,* 214 F.3d 1095, 1098 (9th Cir. 2000).  (Internal quotations marks and citations

DEFENDANT'S MOTION IN LIMINE - 2

*Waldo, Schweda & Montgomery, P.S.*
*2206 North Pines Road*
*Spokane, WA 99206*
*509/924-3686*
*Fax:  509/922-2196*

omitted).

"The prosecution bears the burden of establishing the probative value of admitting a prior conviction outweighs its prejudicial effect." *United States v. Bagley,* 772 F.2d 482, 487 (9th Cir. 1985) citing *United States v. Hendershot,* 614 F.2d 648, 653 (9th Cir. 1980).

Here, the Government seeks to admit a conviction for possession of methamphetamine, the very object of the conspiracy charged against Mr. Herrara-Farias.

> To allow evidence of a prior conviction of the very crime for which a defendant is on trial may be devastating in it potential impact on a jury.  As we recognized in *United States v. Field,* 625 F.2d 862, 872 (9th Cir. 1980), where, as here, the prior conviction is sufficiently similar to the crime charged, there is a substantial risk that all exculpatory evidence will be overwhelmed by a jury's fixation on the human tendency to draw a conclusion which is impermissible in law:  because he did it before, he must have done it again.  Such a risk was clearly present in this case.

*Bagley,* 777 F.2d at 488.

Moreover, it is the Government's theory that the subject matter of this prior conviction, i.e. the seizure of methamphetamine from Mr. Herrara-Farias' home constitutes an act in furtherance of the conspiracy.  The prejudice to Mr. Herrara-Farias is extreme.  The admission of this prior conviction to impeach Mr. Herrara-Farias would be tantamount to a finding he was guilty and the jury should convict him.

*DEFENDANT'S MOTION IN LIMINE - 3*

Waldo, Schweda & Montgomery, P.S.
2206 North Pines Road
Spokane, WA 99206
509/924-3686
Fax:  509/922-2196

The scope of inquiry under Rule 609 is limited to the fact of the prior conviction, its general nature and the fact that it was a felony. *United States v. Osazacoa,* 567 F.3d 1169, 1175 (9th Cir. 2009). Here, there will be direct evidence of obtaining and executing a search warrant at Mr. Herrara-Farias' home, the seizure of methamphetamine and his arrest. This would violate the rule that "[a]bsent exceptional circumstances, evidence of a prior conviction admitted for impeachment purposes may not include collateral details and circumstances attendant upon the conviction." *United States v. Sine,* 493 F.3d 1021, 1036 note 4 (9th Cir. 2007) quoting *United States v. Rubio,* 727 F.2d 786, 797 note 5 (9th Cir. 1983).

In addition, the prejudice necessary under Rule 609(a)(1)(B) is simply that "the probative value of the evidence outweighs its prejudicial effect" which is less rigorous standard than under Rule 403, which requires for a "substantially" more prejudicial than probative benchmark.

## RULE 403

Mr. Herrera-Farias moves the Court to preclude the Government from using this prior conviction under Rule 403 because although relevant it should be excluded because "its probative value is substantially outweighed by a danger of…unfair prejudice." Rule 403.

Allowing the Government to use the prior conviction, which it contends is part of the conspiracy charged, would allow the jury to give too much weight to the prior

DEFENDANT'S MOTION IN LIMINE - 4

*Waldo, Schweda & Montgomery, P.S.*
*2206 North Pines Road*
*Spokane, WA 99206*
*509/924-3686*
*Fax: 509/922-2196*

conviction and prejudge him guilty of the conspiracy.

In *Old Chief v. United States,* 519 U.S. 172, 180 (1997), the Supreme Court spoke of "unfair prejudice" as follows,

> The term "unfair prejudice," as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged. See generally 1 J. Weinstein, M. Berger, & J. McLaughlin, Weinstein's Evidence ¶ 403[03] (1996) (discussing the meaning of "unfair prejudice" under Rule 403). So, the Committee Notes to Rule 403 explain, "'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Advisory Committee's Notes on Fed. Rule Evid. 403, 28 U. S. C. App., p. 860.

The Government may still prove Mr. Herrera-Farias possessed methamphetamine in 2012. It has the ability to make this showing through less prejudicial means without supporting it with the conviction for the incident. See *Sine,* 493 F.3d at 1035.

## CONCLUSION

The Court should preclude the Government from impeaching Mr. Herrera-Farias with the 2012 Yakima County conviction.

RESPECTFULLY submitted this 27th day of April 2018.

*DEFENDANT'S MOTION IN LIMINE - 5*

*Waldo, Schweda & Montgomery, P.S.*
*2206 North Pines Road*
*Spokane, WA 99206*
*509/924-3686*
*Fax: 509/922-2196*

WALDO, SCHWEDA
& MONTGOMERY, P.S.
By: /s/ Peter S. Schweda
PETER S. SCHWEDA
Attorney for Defendant Herrera Farias

*DEFENDANT'S MOTION IN LIMINE* - 6

*Waldo, Schweda & Montgomery, P.S.*
*2206 North Pines Road*
*Spokane, WA 99206*
*509/924-3686*
*Fax: 509/922-2196*

## *CERTIFICATE OF SERVICE*

I HEREBY CERTIFY that on April 27, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Joseph H. Harrington
Acting United States Attorney
Eastern District of Washington
Stephanie Van Marter
Assistant United States Attorney
Eastern District of Washington
300 United States Courthouse
PO Box 1494
Spokane, WA 99210

By: /s/ KATHLEEN SCHROEDER
    Legal Assistant to Peter S. Schweda

*DEFENDANT'S MOTION IN LIMINE - 7*

*Waldo, Schweda & Montgomery, P.S.*
*2206 North Pines Road*
*Spokane, WA 99206*
*509/924-3686*
*Fax: 509/922-2196*