JOSEPH H. HARRINGTON
United States Attorney
Eastern District of Washington
Stephanie Van Marter
Caitlin Baunsgard
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> EDGAR OMAR HERRERA FARIAS, <br><br> Defendant, | 4:15-CR-6049-EFS-16 <br><br> United States Response to Defendant's Motion in Limine <br> ECF No. 757 |

Plaintiff, United States of America, by and through Joseph H. Harrington, United States Attorney for the Eastern District of Washington, and Stephanie Van Marter and Caitlin Baunsgard, Assistant United States Attorneys for the Eastern District of Washington, submits the following Response to Defendant's Motion *in Limine*, ECF No. 757.

## I.  INTRODUCTION

The Defendant is currently before the Court charged by way of Second Superseding Indictment, returned on December 6, 2016.  ECF No. 105.  The

United States Response to Defendant's Motion in Limine - 1

Defendant is charged with Conspiracy to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, 5 Kilograms or More of Cocaine, 1 Kilogram or More of Heroin, and 400 Grams or More of Fentanyl, in violation of 21 U.S.C. § 846.  *See id.*  The most relevant date for the alleged offense is January 2010.  *See id.*

Defendant previously filed a number of motions to include a motion to suppress evidence based upon the search of his residence in 2012.  ECF No. 614.  This Court denied Defendant's motion to suppress.  ECF No. 730.  The Defendant did plead guilty to Possession of Methamphetamine in state court based upon the evidence located during that search.

The United States filed a Notice of Intent to use that prior Felony conviction as impeachment evidence should the defendant decide to testify.  ECF No. 682.  Defendant now moves *in limine* to preclude the United States from impeaching his client with that prior conviction.  The United States responds as follows[1].

//

//

---

[1] The United States previously submitted briefing on this issue in its Notice. ECF No. 682.

United States Response to Defendant's Motion in Limine - 2

## II. AUTHORITY

**A. Although the Offenses are Factually Connected, the Defendant's Prior Conviction for a Separate Offense May Still be Utilized for Impeachment.**

Federal Rule of Evidence 609(a) allows evidence of prior criminal felony convictions of a defendant-witness for impeachment purposes if the "probative value of the evidence outweighs its prejudicial effect to the defendant." Fed. R. Evid. 609(a)(1). The Ninth Circuit has outlined a five-factor test for balancing the probative value of a defendant's prior conviction against its potentially unfair prejudicial effect. The factors are:

> (1) the impeachment value of the prior crime; (2) the point in time of conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility.

*United States v. Martinez-Martinez*, 369 F.3d 1076, 1088 (9th Cir. 2004) (citation omitted) (declined to follow on other grounds *People v. Clemens*, -- P.3d – (2013)). The district court need not explicitly analyze each of the five factors; however, "the record should reveal, at a minimum, that the trial judge was aware of the requirements of Rule 609(a)(1)." *Id.* (citation omitted). "What matters is the balance of all five factors." *United States v. Alexander*, 48 F.3d 1477, 1488 (9th Cir. 1995).

United States Response to Defendant's Motion in Limine - 3

The Defendant claims, "the Government seeks to admit a conviction for possession of methamphetamine, the very object of the conspiracy charged against Mr. Herrara-Farias" and relies upon *United States v. Bagley*, 772 F.2d 482, 487 (9th Cir. 1985) for its preclusion. However, here, the Defendant's state conviction for simple possession is not the same offense for which he is being tried. Simply because they are related to overall conduct does not then preclude its use as impeachment evidence.

First, the impeachment value of the Defendant's prior conviction is significant. The credibility of any witness, but especially the credibility of a Defendant-witness is a key component of the jury's deliberations. Thus the jurors have a right to know if the Defendant has any prior felony convictions. Specifically, prior drug conviction bears on the defendant's veracity. The Ninth Circuit has held that prior drug convictions are probative of veracity, regardless of type or level of drug offense. *Alexander*, 48 F.3d at 1488; *United States v. Cordoba*, 104 F.3d 225, 229 (9th Cir. 1997).

As the Supreme Court reiterated in *Ohler v. United States,* 1851, 1855, 529 U.S. 753, 759–60 (2000), the determination that a prior drug conviction would be admissible as impeachment evidence does not unconstitutionally interfere with their right to testify,

> "But here the rule in question does not prevent *Ohler* from taking the stand and presenting any admissible testimony which she chooses. She is of

United States Response to Defendant's Motion in Limine - 4

course subject to cross-examination and subject to impeachment by the use of a prior conviction. In a sense, the use of these tactics by the Government may deter a defendant from taking the stand. But, as we said in *McGautha v. California*, 402 U.S. 183, 215, 91 S.Ct. 1454, 28 L.Ed.2d 711 (1971):

> "It has long been held that a defendant who takes the stand in his own behalf cannot then claim the privilege against cross-examination on matters reasonably related to the subject matter of his direct examination.... It is not thought overly harsh in such situations to require that the determination whether to waive the privilege take into account the matters which may be brought out on cross-examination. It is also generally recognized that a defendant who takes the stand in his own behalf may be impeached by proof of prior convictions or the like.... Again, it is not thought inconsistent with the enlightened administration of criminal justice to require *760 the defendant to weigh such pros and cons in deciding whether to testify."

Second, impeachment as to this conviction is not "extremely" prejudicial as argued by the Defendant. The Defendant asserts prejudice exists because impeaching the Defendant with his offense of conviction would inherently then involve admitting the facts and circumstances of the conviction beyond just the fact of conviction. To the contrary, although the United States would seek to admit substantively the facts and evidence for the search warrant executed at the Defendant's home in its case in chief; it would not seek to admit his conviction. Rather, the fact of his conviction would not be raised until such time as the Defendant took the stand. The United States does understand that when admitting a prior conviction under Fed. Rules of Evidence, Rule 609, it is not

United States Response to Defendant's Motion in Limine - 5

generally permitted to admit collateral details of the crime of conviction. See, *United States v. Osazuwa*, 564 F.3d 1169, 1177 (9th Cir. 2009). Thus, the United States would limit its impeachment to the fact of conviction alone and not reiterate the facts and evidence as previously admitted in its case in chief.

The Defendant relies upon *Unites States v. Sines*, 493 F.3d 1021, 1036 note 4 (9th Cir. 2007). Despite the fact that the United States cannot locate that quote on the page cited by the Defendant, *Sines* is very distinguishable. In *Sines,* the testifying Defendant was impeached with a prior civil judgement related to the same overall fraudulent scheme. *Id.* at 1032-1035. However, what became problematic was the prosecution's recantation of specific factual findings by that civil Court Judge which included findings as to *Sine's* overall credibility. *Id.* The Ninth Circuit determined the reference to factual findings, specifically ones that comment upon credibility of the witness, was unduly prejudicial but noted, "Our determination that reference to facts found in a judicial opinion can unfairly prejudice a party does not mean that admission of such facts will always fail the balancing test of Rule 403." *Id.* at 1034.

The United States acknowledges this is a unique circumstance that will likely change as the trial commences. It will likely even change during the Defendant's testimony should he take the stand. However, the Defendant's argument that by admitting the evidence as to the search warrant in the

United States Response to Defendant's Motion in Limine - 6

Government's case in chief somehow automatically requires this Court to limit the United States' ability to impeach the Defendant based upon his prior drug conviction, is not supported by the law. Here, the evidence as to the search warrant is relevant and admissible evidence as to the Defendant's involvement in the overall conspiracy. The Defendant's prior drug conviction is likewise relevant for issues of impeachment should the Defendant testify. The two do not have to be mutually dependent or exclusive in how it is presented to the jury. As the United States has indicated, there are ways to address this issue while balancing the interests of Fed. Rules of Evidence, Rule 403.

### III. CONCLUSION

The United States respectfully submits the Defendant's prior drug conviction is admissible pursuant top Fed. Rules of Evidence, Rule 609.

Dated: May 9, 2018

JOSEPH H. HARRINGTON
United States Attorney

*s/ Stephanie Van Marter*
Stephanie Van Marter
Assistant United States Attorney

United States Response to Defendant's Motion in Limine - 7

**CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Pete Schweda: pschweda@wsmattorneys.com

*s/ Stephanie Van Marter*
Stephanie Van Marter
Assistant United States Attorney

United States Response to Defendant's Motion in Limine - 8