FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 01, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARCIAL BRAVO ZAMBRANO,<br><br>Defendant. | No. 4:15-CR-06049-EFS-20<br><br>ORDER GRANTING UNITED STATES' MOTION FOR DETENTION<br><br>**MOTION GRANTED**<br>**(ECF No. 785)** |

At Defendant's June 1, 2018, detention hearing, Defendant was present, in custody, with counsel Zachary Ayers and Walter Ayers, and was assisted by federally-certified interpreter Bjelava Ana Rump. Assistant U.S. Attorney Patrick Cashman appeared for the United States.  Both sides presented argument.

The Court has considered the Pretrial Services Report, ECF No. 806, and the argument of counsel.

At the time of the hearing, the United States invoked the 18 U.S.C. § 3142(e) presumption that no condition or combination of conditions can assure Defendant's appearance in Court and the safety of the community.

The United States, in seeking Defendant's detention, contended Defendant, if released, would present a risk of flight and a danger to the safety of the community.

ORDER - 1

1    Pursuant to 18 U.S.C. § 3142, this Court has taken into account the nature
2 and circumstances of the offense charged, the weight of the evidence against the
3 Defendant, as well as Defendant's history and characteristics, including character,
4 physical and mental condition, family ties, employment, financial resources, length
5 of residence in the community, community ties, past conduct and history relating
6 to alcohol and drug abuse, and also criminal history, record concerning appearance
7 at court proceedings, whether Defendant was under supervision at the time of the
8 alleged offense, and the nature and seriousness of the danger to the community
9 posed by Defendant's release.
10    This Court finds there is probable cause Defendant has committed an offense
11 for which a maximum term of imprisonment of ten years or more is prescribed
12 under the Controlled Substances Act, 21 U.S.C. § 801-904, trigging the rebuttable
13 presumption that no condition or combination of conditions can reasonably assure
14 the safety of the community.  Defendant has rebutted this presumption by
15 production of some evidence that Defendant is not a flight risk nor a danger to the
16 community.  18 U.S.C. § 3142(e).
17    Before the Court are somewhat ambiguous accounts of Defendant's
18 incentive to flee the jurisdiction to avoid prosecution.
19    Defendant evidently has substantial ties to the community.  Nearly his entire
20 family resides legally in this District, and he has acquired the legal right to remain
21 in this country.  Given assertions that he "has been threatened" in Mexico, it is
22 arguably reasonable that Defendant's apprehension while entering the United
23 States from Mexico with his wife, could be regarded as evidence that he would
24 move his life into the United States, rather than intentionally flee to avoid
25 prosecution.
26    Evidence also suggests that Defendant was absent for two years while his
27 brother was in custody as a co-defendant in this case.  It is equally rational to infer
28 that Defendant was aware of the charges and possible punishment he faced and that

ORDER - 2

he remained out of the jurisdiction and away from his family to avoid apprehension.

The Court has also considered the alleged involvement with firearms, the two year length and international breadth of the conspiracy, and the threat to the community of such pervasive and sophisticated criminal activity.

Finally, the amount of narcotics allegedly distributed, and the correspondingly severe mandatory minimum sentences in the event of conviction provide an unusually strong incentive to flee.

Therefore, the Court finds the United States has established by the required preponderance of evidence an absence of conditions or combination of conditions that would reasonably assure this Defendant's presence at trial and has established by clear and convincing evidence that Defendant poses a present risk to the safety of other persons or the community.

**IT IS ORDERED:**

1. The United States' Motion for Detention, **ECF No. 785**, is **GRANTED**. Defendant shall be held in detention pending disposition of this case or until further order of the court.

2. Defendant is committed to the custody of the U.S. Marshal for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

3. Defendant shall be afforded reasonable opportunity for private consultation with counsel.

4. If a party desires this Court to reconsider conditions of release because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), that party shall file a two-page motion for reconsideration succinctly stating what circumstances are new, how they are established, and the requested change in conditions of release. The motion shall indicate whether opposing counsel or Pretrial Services object, whether a hearing is desired, and whether a

supplemental pretrial report is requested.  This Court will treat the motion as expedited and submitted without argument, and will set a hearing or issue other orders as may be appropriate.

    5.    If a party desires that another Court review this order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington.  Both parties shall cooperate to insure that the motion is promptly determined.

**IT IS SO ORDERED**.

DATED June 1, 2018.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER - 4