FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 11, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESE DAVID CASILLAS CARRILLO (2);<br>ALEXIS JOEL GARCIA PALOMINO (4);<br>BRITTNEY LEE ZARAGOZA (10);<br>EDGAR OMAR HERRERA FARIAS(16);<br>ALFREDO MAGANA GARIBAY (18);<br>JUAN BRAVO ZAMBRANO (19);<br>MARCIAL BRAVO ZAMBRANO (20);<br>MIGUEL REYES GARCIA (21); and<br>JOSE ADRIAN MENDOZA (23),<br><br>Defendants. | No.  4:15-CR-06049-EFS-2<br>4:15-CR-06049-EFS-4<br>4:15-CR-06049-EFS-10<br>4:15-CR-06049-EFS-16<br>4:15-CR-06049-EFS-18<br>4:15-CR-06049-EFS-19<br>4:15-CR-06049-EFS-20<br>4:15-CR-06049-EFS-21<br>4:15-CR-06049-EFS-23<br><br>**ORDER MEMORIALIZING RULINGS MADE AT MAY 29, 2018 PRETRIAL CONFERENCE** |

The Court held a pretrial conference in this matter on May 29, 2018. At the hearing, the Court heard argument on a number of motions in limine. *See* ECF No. 798. The Court issued oral rulings at the hearing, which this Order memorializes and further develops.

**I.   Discussion**

**A.   Defendant Farias' Motions in Limine, ECF Nos. 617 & 757**

In his first motion in limine, Defendant Farias moves the Court to limit or exclude the Government's use of expert testimony on the modus operandi of drug traffickers and money launderers.[1] ECF No. 617.

---

[1] Defendant Farias primarily requests the Court to make a "threshold" determination of the admissibility of this testimony; however, because his motion is styled as a motion in limine and he expressly requests the Court

ORDER - 1

He argues that such testimony will likely (1) be unnecessary under Federal Rules of Evidence 702 and 403; (2) be needlessly cumulative; (3) inappropriately conflate expert and key fact testimony; and (4) constitute opinions on an ultimate conclusion. ECF No. 617 at 2.

In the Ninth Circuit, expert testimony on drug trafficking organizations "is admissible when relevant, probative of a defendant's knowledge, and not unfairly prejudicial under the standard set forth in the Federal Rules of Evidence." *United States v. Sepulveda-Barraza*, 645 F.3d 1066, 1072 (9th Cir. 2011). Although Defendant Farias argues that such modus operandi testimony will be unhelpful, the Court disagrees. The structure and operations of drug trafficking organizations are complex subjects well outside the understanding of a typical juror; thus, expert testimony has the potential to be both helpful and relevant.[2] At this point, then, Defendant Farias' motion is **DENIED**.

Defendant Farias remains free to renew this motion at trial, when the Court will be better able to evaluate whether the testimony will be cumulative, risks opining on a defendant's mental state, or is otherwise inadmissible. Similarly, at trial, Defendant Farias will be permitted to object to fact testimony where he feels it delves into the realm of expert testimony and vice versa.

In his second motion in limine, Defendant Farias moves the Court to bar the Government from using his prior state conviction for

---

limit the expert testimony, the Court interprets Defendant Farias' motion as a request to limit or exclude the evidence.

[2] At the May 29, 2018 pretrial conference, counsel for Defendant Farias cited *United States v. Wells*, 879 F.3d 900 (9th Cir. 2018) in support of his motion in limine. The expert testimony at issue in *Wells* was criminal profile testimony, which is categorically different than modus operandi testimony. Accordingly, this case is not controlling.

ORDER - 2

Possession of Controlled Substances with Intent to Distribute for the purposes of impeachment pursuant to Federal Rule of Evidence 609. ECF No. 757.

At the hearing, the Government represented that it does not intend to introduce any corroborating evidence of his prior conviction, the date of conviction, or the charge with which he was convicted; after a question by the Court, the Government confirmed that it only intends to introduce that Defendant Farias was convicted of a felony crime punishable by imprisonment for a term of more than one year, should he choose to testify. Defendant Farias indicated he did not object, so long as his prior conviction was "sanitized" in this manner. Accordingly, this motion is **DENIED**. Defendant Farias remains free to raise this motion again at trial should the circumstances so warrant.

**B.    Defendant Vasquez's Motions in Limine, ECF No. 618**

On February 6, 2018, Defendant Vasquez filed a Motion and Memorandum in Support of Motions in Limine, ECF No. 618, which was joined by counsel for Defendants Edgar Omar Herrera Farias (16) and Brittney Lee Zaragoza (11). ECF Nos. 629 & 645. One month later, on March 6, 2018, she pleaded guilty to Count Two of the Second Superseding Indictment filed on December 6, 2016, charging her with Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(a)(1), (a)(2), and (h). *See* ECF No. 693 & 697. In accepting her guilty plea, the Court denied all pending motions filed by Defendant Vasquez as moot. ECF No. 696. However, because Defendant Vasquez's motions were joined by other defendants, the motions remain pending.

/

ORDER - 3

Counsel for Defendants Farias or Zaragoza did not raise any of Defendant Vasquez's motions at the May 29, 2018 pretrial conference. *See* ECF No. 798. Accordingly, the Court issues the following tentative rulings. **Within 7 days of this Order,** Counsel for Defendants Farias and Zaragoza and the Government may file a memorandum requesting reconsideration of one of more of the Court's tentative rulings. **If the aforementioned counsel do not file such a memorandum, the below tentative rulings will become final.**

1. Major Drug Task Force

Defendants Farias and Zaragoza move the Court to prevent the Government from informing the jury that counsel for the Government is affiliated with any Major Drug Enforcement Task Force. This motion is **TENTATIVELY GRANTED.**

2. Booking photographs

Defendants Farias and Zaragoza move the Court to bar the Government from introducing into evidence any booking photographs taken of them. This motion is **TENTATIVELY GRANTED.**

3. "Danger to the community"

Defendants Farias and Zaragoza move the Court to forbid the Government from arguing — or any Government witness to testify — that drug traffickers are a "danger to the community." This motion is **TENTATIVELY GRANTED.**

////

///

//

/

ORDER - 4

4.  <u>Vouching</u>

Defendants Farias and Zaragoza move the Court to prevent the Government or any of its witnesses to express a personal opinion on the credibility of a witness or the guilt or innocence of the accused. This motion is **TENTATIVELY GRANTED.**

5.  <u>Absence of evidence</u>

Defendants Farias and Zaragoza move the Court to bar the Government from arguing that defense counsel would have introduced favorable evidence if any such evidence existed. This motion is **TENTATIVELY GRANTED.**

6.  <u>Defendant's failure to call a witness</u>

Defendants Farias and Zaragoza move the Court to forbid the Government from encouraging the jury to draw an inference from the defendants' lack of witnesses. This is motion is **TENTATIVELY DENIED with leave to renew at trial.**

7.  <u>Hispanics and distribution of methamphetamine</u>

Defendants Farias and Zaragoza move the Court to prevent the Government from making reference to their ethnic background or citizenship status or otherwise blaming the drug problem on a particular race. This motion is **TENTATIVELY GRANTED**, with the understanding that a person's race and ethnicity may be relevant for identification purposes.

8.  <u>Witness commentary on other witnesses</u>

Defendants Farias and Zaragoza move the Court to bar the Government from asking a witness to judge whether or not another witness is lying. This motion is **TENTATIVELY GRANTED.**

ORDER - 5

9. Racial "profiles" of drug traffickers

Defendants Farias and Zaragoza move the Court to forbid the Government from eliciting testimony regarding the racial or ethnic "profile" of drug traffickers. This motion is adequately encompassed in the Court's grant of motion 7 and is thus **TENTATIVELY DENIED AS MOOT**.

10. Witness awards and commendations

Defendants Farias and Zaragoza move the Court to prevent the Government from introducing any awards or commendations that witnesses may have received. This motion is **TENTATIVELY GRANTED.**

11. General opinions concerning the "Hispanic drug dealing community"

Defendants Farias and Zaragoza move the Court to bar the Government from introducing testimony concerning general opinions of "the Hispanic drug dealing community." Because such evidence may be relevant to the operations of drug trafficking organizations that are primarily made of Hispanic members, this motion is **TENTATIVELY DENIED with leave to renew at trial.**

12. Conclusory statements about Defendants' knowledge

Defendants Farias and Zaragoza move the Court to prohibit Government witnesses from testifying that they were "knowingly" involved in the possession or transportation of methamphetamine or any other drug. This motion is **TENTATIVELY GRANTED**.

13. Government's obligation to inform witnesses of this Order

Finally, Defendants Farias and Zaragoza move the Court to direct the Government to inform the witnesses of this Order and instruct them to comply with it. This motion is **TENTATIVELY GRANTED as to all parties.**

ORDER - 6

**C.    Defendant Garcia's Motion in Limine, ECF No. 619**

Defendant Miguel Reyes Garcia (21) filed a Motion in Limine seeking to exclude all "alleged co-conspirator statements." ECF No. 619. While Defendant is quite correct that the Government must prove several elements before co-conspirator statements may be admitted, the Court cannot determine whether the Government has met its burden until the statements are before the Court at trial. Accordingly, Defendant's Garcia's motion is **DENIED as premature.** Defendant Garcia remains free to renew this motion at trial.

**D.    Defendant Zambrano's Motion in Limine, ECF No. 623**

Defendant Juan Bravo Zambrano (19) filed a number of motions in limine. ECF No. 623.

1.    <u>Opinion testimony by non-identified experts</u>

Defendant Zambrano moves the Court to exclude the expert opinion testimony of any person who has not been previously identified as an expert and/or identified by the Government pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G). This motion is **GRANTED**; accordingly, neither party may introduce opinion testimony by an expert that was not disclosed pursuant to Rule 16.

2.    <u>Statements from cooperating witnesses or confidential informants</u>

Defendant Zambrano moves the Court to bar law enforcement witnesses from testifying as to "evidence or statements alleged to be made by cooperating witnesses or confidential informants." ECF No. 623 at 2. This motion is overly broad and is thus **DENIED**.

/

ORDER - 7

3.  Evidence relating to December 15, 2016 raid

Defendant Zambrano moves the Court to exclude any evidence relating to the Government's execution of a search warrant at his residence on December 15, 2016.[3] He argues this evidence is not relevant, and if it is relevant, its probative value is substantially outweighed by the danger of unfair prejudice to him. ECF No. 623 at 3 (citing Fed. R. Evid. 401, 403).

While it is true that the raid occurred on December 15, 2016, nine days after the end of the conspiracy as alleged in the Second Superseding Indictment, that does not mean the evidence seized is irrelevant to the conspiracy. For example, marked bills seized six months after a bank robbery are still probative evidence of the robbery. In the same way, evidence seized after the conclusion of a conspiracy may still be relevant evidence of the conspiracy. And after consideration of the evidence, the Court does not find its probative value would be substantially outweighed by the risk of unfair prejudice. *See* Fed. R. Evid. 403. Accordingly, this motion is **DENIED.**

4.  Co-defendant statements[4]

Defendant Zambrano moves the Court for an order directing the Government to provide all "statements made by co-defendants to law enforcement at the time or after their arrest." ECF No. 623 at 7. At the May 29, 2018 pretrial conference, counsel for the Government indicated it did not foresee any *Bruton* issues as part of this case.

---

[3] The Court previously denied Defendant Zambrano's motion to suppress the evidence seized at the home. *See* ECF No. 730.

[4] Although Defendant Zambrano's filing lists this motion under heading 5, it is his fourth motion. All subsequent motions will similarly be misaligned by one number.

ORDER - 8

Accordingly, this motion is **DENIED.** Defendant Zambrano remains free to renew this motion at trial should circumstances so warrant.

5. Co-conspirator statements that refer to or incriminate Defendant Zambrano

Defendant Zambrano moves the Court to exclude "statements made by any indicted or unindicted co-conspirators which directly or indirectly refer to Juan Bravo Zambrano or which otherwise might be used to incriminate Mr. Bravo Zambrano or other alleged co-conspirators." ECF No. 623 at 7. This motion is too broad and is thus **DENIED.**

6. Request for disclosure of statements

Defendant Zambrano next moves the Court for an order directing the Government to disclose any statements it intends to introduce under Federal Rule of Evidence 801(d)(2)(E). The Government responded that it does not intend to introduce any such statements. Accordingly, this motion is **DENIED.**

7. Exclusion of testifying witnesses

Finally, Defendant Zambrano requests the Court exclude all testifying witnesses pursuant to Federal Rule of Evidence 615. This motion is **GRANTED as to all parties** — with the exception of the Government's case agent.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant Edgar Omar Herrera Farias' Motion in Limine, **ECF No. 617,** is **DENIED.**
2. Defendant Edgar Omar Herrera Farias' Motion in Limine to Preclude Rule 609 Impeachment, **ECF No. 757**, is **DENIED.**

ORDER - 9

    **3.** Defendant Gabriela Mendoza Vasquez's Motion in Limine, **ECF No. 618**, joined by Defendants Edgar Omar Herrera Farias and Brittney Lee Zaragoza, ECF Nos. 629 & 645, is **TENTATIVELY GRANTED IN PART AND DENIED IN PART.**

        **a. Within 7 days of this Order,** Counsel for Defendants Farias and Zaragoza and the Government may file a memorandum requesting reconsideration of one of more of the Court's tentative rulings. **If the aforementioned counsel do not file such a memorandum, the above tentative rulings shall become final.**

    **4.** Defendant Miguel Reyes Garcia's Motion in Limine, **ECF No. 619**, is **DENIED as premature**.

    **5.** Defendant Juan Bravo Zambrano's Motion in Limine, **ECF No. 623,** is **GRANTED IN PART AND DENIED IN PART.**

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this __11th__ day of June 2018.

                _s/Edward F. Shea_____
                     EDWARD F. SHEA
            Senior United States District Judge