FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 14, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ALEXIS JOEL GARCIA PALOMINO (4) and MARCIAL BRAVO ZAMBRANO (20),<br><br>    Defendants. | No. 4:15-CR-06049-EFS-4<br>    4:15-CR-06049-EFS-20<br><br>**CASE MANAGEMENT ORDER** |

The U.S. Attorney's Office (USAO) filed the Second Superseding Indictment in this matter on December 6, 2016. ECF No. 105. Defense counsel Jeffrey Scott Niesen appeared for Defendant Palomino on April 4, 2018, and defense counsel Walter Ayers appeared for Defendant Zambrano on May 25, 2018. At the May 29, 2018 pretrial conference, the Court indicated that Defendants Palomino and Zambrano, having only been recently brought into custody in the District, would be subject to a trial date in March 2019 with corresponding pretrial deadlines. The Court further instructed the parties to meet and confer and then file a joint status report with recommended dates and deadlines.

Having considered the parties' proposed case schedule and deadlines, ECF No. 814, the Court now enters the following Case Management Order, which sets forth the deadlines, hearings, and requirements the parties will observe in this matter. To the extent

CASE MANAGEMENT ORDER - 1

1 this Order conflicts with any previously entered orders in this matter,
2 this Order shall govern, but only as to Defendants Palomino (4) and
3 Zambrano (20). The Court will grant relief from the requirements in
4 this Order only upon motion and good cause shown.

5     **IT IS HEREBY ORDERED:**

6     **1.**    **Emailing the Court.** Where this Order requires counsel to
7         email documents to the Court, all documents shall be attached
8         to the email in Microsoft Word (.doc/.docx) or rich-text
9         (.rtf) format. The subject line of each email shall be
10        formatted as follows:

11           **[Case No.]; [Case Name]; [Title of Document]**
12           (e.g.: 17-*CR-9999-EFS; USA v. Doe; Trial Brief*)

13     **2.**    **CM/ECF Training**. The Eastern District of Washington uses
14        electronic filing through CM/ECF. Counsel must contact the
15        Clerk's Office to arrange CM/ECF training within 30 days of
16        appearance in this case or be otherwise experienced in the
17        use of CM/ECF either in the Eastern District of Washington
18        or another district.

19     **3.**    **Discovery**

20        **A.**    All discovery documents must be Bates-stamped with a
21           unique identifier and must be produced digitally in a
22           text-searchable format. The Court will grant relief
23           from this requirement only in exceptional
24           circumstances, upon motion and good cause shown.

25        **B.**    Pursuant to Eastern District of Washington Local
26           Criminal Rule 16, the Court presumes a defense request

CASE MANAGEMENT ORDER - 2

|   |   |   |
|---|---|---|
| 1 |   | for discovery under Federal Rule of Criminal Procedure |
| 2 |   | 16 for **documents and objects**, Fed. R. Crim. P. |
| 3 |   | 16(a)(1)(E), **reports of examinations and tests**, Fed. |
| 4 |   | R. Crim. P. 16(a)(1)(F), **AND expert witnesses**, Fed. R. |
| 5 |   | Crim. P. 16(a)(1)(G), and orders these items to be |
| 6 |   | disclosed. Therefore, the Court imposes a reciprocal |
| 7 |   | duty on defense counsel to provide discovery under Rule |
| 8 |   | 16(b)(1)(A)-(C) **for each of the above categories**. |
| 9 |   | Reciprocal discovery must be timely provided and |
| 10 |   | supplemented **not later than seven days** prior to the |
| 11 |   | pretrial motions deadline. <u>Defendants who do not wish |
| 12 |   | to invoke reciprocal discovery obligations must file a |
| 13 |   | notice with the Court and with opposing counsel prior |
| 14 |   | to accepting discovery from the Government.</u> |
| 15 | **C.** | The Court further presumes a request for discovery and |
| 16 |   | disclosure under Federal Rules of Evidence 404(b), |
| 17 |   | 608(b), and 609, *Brady v. Maryland*, 373 U.S. 83 (1963), |
| 18 |   | *Giglio v. United States*, 405 U.S. 150 (1972), *United |
| 19 |   | States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991), and |
| 20 |   | their progeny. These items are ordered to be disclosed. |
| 21 | **D.** | For those discovery matters ordered to be disclosed by |
| 22 |   | this Order, a party shall not file a motion seeking |
| 23 |   | such discovery, unless the disclosing party fails to |
| 24 |   | timely produce such discovery. |
| 25 | **E.** | Any party seeking discovery or disclosure not otherwise |
| 26 |   | provided for in this Order, or discovery that was |

CASE MANAGEMENT ORDER - 3

1 ordered by this Order and not timely provided, shall
2 file a motion that states the specific materials
3 sought, provides the legal authority for the specific
4 request, and certifies that the movant has in good faith
5 conferred or attempted to confer with the opposing
6 party in an effort to obtain the discovery or disclosure
7 without court action.

**4.    Expert-Witness Summaries**

**A.**   Each party shall produce to opposing counsel all summaries of its expert-witness testimony for which disclosure is required under Federal Rule of Criminal Procedure 16, by the deadlines set forth below:

**USAO's Experts:**         **January 22, 2019**
**Defendants' Experts:**    **January 26, 2019**
**USAO's Rebuttal Experts:** **January 29, 2019**

Also by the applicable deadline, counsel shall email an electronic copy of the summary to the Court at SheaOrders@waed.uscourts.gov and shall simultaneously file a Notice of Compliance with this requirement.

**B.**   All summaries of expert witness testimony must conform to Federal Rule of Criminal Procedure 16 and applicable case law interpreting that Rule.  The Court will not permit an expert witness to testify about opinions that are not explicitly expressed in that expert's summary. *See, e.g.*, *United States v. W.R. Grace*, 526 F.3d 499 (9th Cir. 2008).

      **C.**    A party is not permitted to call more than two expert witnesses on any issue, except with permission of the Court. L.R. 43(a)(3).

**5.**    **Motions Practice**

      **A.**    **Generally.** By no later than **January 29, 2019**, all pretrial motions — including discovery motions, *Daubert* motions, and motions in limine — must be filed and served**.** *See* Fed. R. Crim. P. 12(c). All motions shall either be: (i) noted for hearing without oral argument 14 days after filing, or (ii) noted for hearing with oral argument at the pretrial conference. Responses and replies to motions must be filed in accordance with Local Rule 7.1.

      **B.**    **Expedited Hearing.** Any party seeking an expedited hearing on a time-sensitive matter must file a motion to expedite that (i) demonstrates good cause, (ii) states the position of the opposing party to the motion, and (iii) sets a date of hearing that is no less than **seven days** after the motion's filing. Should the motion to expedite require more immediate judicial attention, the motion shall establish the necessity for an immediate hearing, and the filing party shall notify chambers staff of the motion.

**6.**    **Trial Continuances**

      **A.**    **Motion Deadline.** All motions to continue the trial must be heard before or at the pretrial conference.

**Any motion to continue trial made after the pretrial conference has occurred will not be granted absent exceptional circumstances**.

B. **Procedure.** Before filing a motion to continue, counsel shall first contact the Courtroom Deputy at (509) 943-8172 to obtain new pretrial conference and trial dates consistent with the length of the requested trial continuance. Thereafter, counsel shall confer with opposing counsel regarding new case management deadlines consistent with the new pretrial conference and trial date. **All motions to continue must include new proposed case management deadlines (either joint or individual) to ensure the to-be-imposed deadlines are best suited to this case.**

C. **Statement of Reasons.** Pursuant to 18 U.S.C. § 3161, if the Defendant seeks a continuance, a Statement of Reasons in support of the motion to continue must be filed contemporaneously with the motion.[1] The Statement of Reasons must (i) be signed by the Defendant, (ii) be signed by a certified translator, if applicable, and (iii) indicate the latest date upon which Defendant is willing to proceed to trial.

//

/

---

[1] The Court's Statement of Reasons template can be found on the Eastern District of Washington's public website: www.waed.uscourts.gov.

CASE MANAGEMENT ORDER - 6

1   **7.   Pretrial Conference**
2       **A.**   A Status Conference is hereby **SET** for **Tuesday, December
3             11, 2018** at **10:00 a.m.** in **Richland.**
4       **B.**   The Pretrial Conference remains **SET** for **Tuesday, March
5             5, 2019**, at **9:00 a.m.** in **Richland**.  At this hearing,
6             the Court will hear **ALL** pretrial motions.
7       **C.**   All pretrial conferences are scheduled to last no more
8             than **30 minutes**, with each side allotted **15 minutes** to
9             present their own motions and resist motions by
10            opposing counsel.  If any party anticipates requiring
11            longer than 15 minutes, that party must notify the
12            Courtroom Deputy at least seven days prior to the
13            hearing.  <u>**Any party who fails to provide this notice**</u>
14            <u>**will be limited to 15 minutes.**</u>
15  **8.   Confidential Informants (CIs).**  By no later than **March 8,**
16       **2019,** the USAO shall disclose to Defendants the identity of
17       any CIs used in the case, as well as any *Giglio* information,
18       and shall advise Defendants at that time whether any CI so
19       identified is willing to be interviewed by defense counsel.
20  **9.   Grand Jury Transcripts.**  By no later than **March 8, 2019,** the
21       USAO shall produce copies of the grand jury transcripts for
22       any witness it intends to call at trial.
23  **10.  Exhibit Lists**
24       **A.**   By no later than **March 14, 2019**, each party shall file
25            a list of exhibits the party intends to introduce at
26            trial.  Each party shall also email copies of their

CASE MANAGEMENT ORDER – 7

1 exhibit list to the Court at
2 SheaOrders@waed.uscourts.gov.  The parties shall
3 provide their exhibit list in the following format:

| Ex. # | Admitted | Description |
|---|---|---|
| 1 | | Photograph of items seized |
| 2 | | Aerial video surveillance from 01/01/2016.<br>Start Time: 01:03:23<br>End Time:   01:09:54 |

Exhibit lists shall include a unique exhibit number and a brief description of the exhibit.  For all exhibits consisting of an audio or video file, the exhibit list must designate the precise beginning and ending time indexes of the portion of the file the party intends to use at trial.

**B.** The USAO shall consecutively number its exhibits from **1 to 999.**  In single-defendant cases, Defendant shall consecutively number exhibits from **1000 to 1999**; in multi-defendant cases, Defendants shall consecutively number exhibits from x000 to x999, substituting "x" for each Defendant's assigned case identifier (e.g. Defendant 3 would number exhibits from 3000 to 3999, etc.).  Exhibits shall be pre-marked for identification before trial commences.

**11. Witness Lists.**  By no later than **March 14, 2019,** each party shall file and serve a list of witnesses that party intends to call to testify at trial.  **The witness list must identify the existence, but need not include the name, of any CI the**

CASE MANAGEMENT ORDER - 8

1  **USAO intends to call to testify.** Each party shall email a
2  copy of its witness list to the Court at
3  SheaOrders@waed.uscourts.gov.
4  12. **Witnesses Requiring Counsel.** By no later than **March 14, 2019**,
5  each party must advise the Court of any witness whose
6  anticipated testimony may warrant the exercise of his/her
7  rights under the Fifth Amendment and whether the witness
8  requires the appointment of counsel.
9  13. **Requested Voir Dire, Trial Briefs, Proposed Jury**
10 **Instructions, and Verdict Form.** By no later than **March 14,**
11 **2019,** each party shall file requested voir dire, a trial
12 brief, proposed jury instructions, and verdict form, in
13 accordance with the requirements below. Each party shall
14 email copies to the Court at SheaOrders@waed.uscourts.gov.
15     **A. Requested Voir Dire.** The parties may request that the
16     Court include specific questions during the Court's
17     standard voir dire. Requested voir dire shall not
18     duplicate information elicited in the Clerk's Office
19     Jury Questionnaire and the Court's Criminal Jury Trial
20     Procedures Letter.
21     **B. Trial Briefs.** Trial briefs shall not exceed 20 pages
22     without prior Court approval, upon motion and good
23     cause shown. LR 39.1.
24     **C. Proposed Jury Instructions and Verdict Form.** Jury
25     instructions shall (i) address issues that are unique
26     to the case, and (ii) include instructions regarding

the elements of each charge or defense. If a Ninth Circuit Model Jury Instruction exists for a particular charge or defense, the parties shall provide the model instruction or shall submit argument as to why the instruction is inadequate or no longer supported by law. Proposed jury instructions shall be accompanied by a proposed verdict form. **The parties must confer to develop joint proposed jury instructions and the verdict form.** The Court will only accept an individual party's proposed jury instructions on those points/issues upon which the parties could not agree, and only if the party's memorandum accompanying the individually proposed instructions sets forth the legal authority and justification for why the instructions are necessary.

14. **Trial Notices.** By no later than **March 14, 2019,** each party shall file a notice that indicates the amount of time requested for voir dire and for opening statement. In addition, defense counsel must indicate if his/her client waives presence at sidebar and jury questions. If a defendant waives presence at sidebar and jury questions, a waiver signed by the defendant must be filed with the Court.

15. **Exhibits**

    A. **Exchange of Exhibits.** By no later than **March 15, 2019**, each party must provide to all other parties a copy of the exhibits it intends to introduce at trial. The

1    exhibits must be provided in digital format, unless the
2    parties agree otherwise.
3    **B.    JERS**
4        i. The Court utilizes the Jury Evidence Recording
5           System (JERS), a system that makes evidence
6           digitally available to the jury during
7           deliberations. **Counsel shall promptly consult the**
8           **Court's JERS Information web page to acquaint**
9           **themselves with JERS procedures and to ensure they**
10          **acquire, retain, and provide evidence to the Court**
11          **in the necessary format**.[2]
12       ii. By no later than **March 15, 2019,** each party who
13          intends to introduce evidence at trial must supply
14          its JERS exhibits to the Courtroom Deputy in the
15          manner and format set forth in the JERS – Basics for
16          Lawyers document. **Counsel should pay special**
17          **attention to the file naming convention and include**
18          **a PDF placeholder for any audio, video, and/or**
19          **physical exhibits intended for use at trial**. Counsel
20          may contact the Courtroom Deputy at (509) 943-8172
21          with any questions.
22   **C.    Exhibit Binders.** By no later than **March 18, 2019,** each
23          party must provide to the Court two Bates-stamped
24          copies — or, in the case of physical exhibits, a

---

[2] *See* http://www.waed.uscourts.gov/jers-information.

CASE MANAGEMENT ORDER - 11

photograph or other reproduction — of all trial exhibits the party intends to introduce at trial. **All trial exhibits shall be placed in a three-ring binder, organized sequentially by exhibit number, and marked with labelled tabs for easy reference**. The exhibit binders provided to the Court will <u>not</u> be available for use by the attorneys at trial.

16. **Technology Readiness Meeting.** By no later than **March 18, 2019,** any party seeking to offer video or audio evidence at trial must meet with Court staff at the location of the trial to verify compatibility with the Court's presentation systems. The parties shall contact the Courtroom Deputy at (509) 943-8172 to arrange this meeting.

17. **Final Pretrial Conference**. Counsel and Defendants shall be prepared to meet with the Court one hour prior to commencement of the trial; a Final Pretrial Conference is **SET** for **Monday, March 25, 2019**, at **9:00 a.m.** in **Richland**.

18. **Trial**. The jury trial remains **SET** for **Monday, March 25, 2019**, at **10:00 a.m.** in **Richland**.

19. **Summary of Deadlines**

| | |
|---|---|
| **PRETRIAL CONFERENCE** | **Tuesday, September 18, 2018 9:00 a.m. — Richland** |
| **STATUS CONFERENCE** | **Tuesday, December 11, 2018 10:00 a.m. — Richland** |
| Reciprocal discovery provided and supplemented | **January 22, 2019** |
| Rule 16 expert summaries produced to other parties and emailed to Court:<br>    USAO's Experts<br>    Defendants' Experts<br>    USAO's Rebuttal Experts | <br><br>**January 22, 2019**<br>**January 26, 2019**<br>**January 29, 2019** |

CASE MANAGEMENT ORDER - 12

| | |
|---|---|
| All pretrial motions, including discovery motions, *Daubert* motions, and motions in limine, filed with the Court | **January 29, 2019** |
| **PRETRIAL CONFERENCE**<br>*Deadline for motions to continue trial* | **Tuesday, March 5, 2019**<br>**9:00 a.m. — Richland** |
| CIs' identities, *Giglio* disclosures, and willingness to be interviewed disclosed to Defendants (if applicable) | **March 8, 2019** |
| Grand jury transcripts produced to Defendants | **March 8, 2019** |
| Exhibit and witness lists filed and emailed to the Court | **March 14, 2019** |
| Notice of any witness likely to exercise Fifth Amendment rights and/or require appointed counsel filed with the Court | **March 14, 2019** |
| Trial briefs, requested voir dire, and proposed jury instructions and verdict forms filed and emailed to the Court | **March 14, 2019** |
| Trial notices filed with the Court | **March 14, 2019** |
| Exhibits delivered to all other parties | **March 15, 2019** |
| JERS-compatible digital evidence delivered to the Courtroom Deputy | **March 15, 2019** |
| Exhibit binders delivered to the Court | **March 18, 2019** |
| Technology readiness meeting (in-person) | **March 18, 2019** |
| **FINAL PRETRIAL CONFERENCE** | **Monday, March 25, 2019**<br>**9:00 a.m. — Richland** |
| **JURY TRIAL** | **Monday, March 25, 2019**<br>**10:00 a.m. — Richland** |

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel, the U.S. Probation Office, and the U.S. Marshals Service.

**DATED** this  14th  day of June 2018.

s/Edward F. Shea<br>
EDWARD F. SHEA<br>
Senior United States District Judge

Q:\EFS\Criminal\2015\15-6049.Group 2.CMO.docx

CASE MANAGEMENT ORDER - 13