# Attachment C

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | NO: 2:18-CR-0085-TOR |
|---|---|
| Plaintiff, | ORDER OF DETENTION |
| v. | |
| DAGOBERTO RODRIGUEZ-MORALES, | |
| Defendant. | |

BEFORE THE COURT is the United States' Motion to Review Order Denying Detention (ECF No. 27). A hearing was held on May 31, 2018. The United States was represented by AUSA Stephanie A. Van Marter. Defendant appeared personally and was represented by assistant Federal Defender John B. McEntire.

DISCUSSION

Under 18 U.S.C. § 3142(e), a defendant must be released pending trial unless "the judicial officer finds that no condition or combination of conditions

ORDER OF DETENTION ~ 1

will reasonably assure the appearance of the person as required and the safety of any other person." The Bail Reform Act of 1984 "requires the release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of the community." *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). "Only in rare circumstances should release be denied, and doubts regarding the propriety of release should be resolved in the defendant's favor." *Id*.

If a defendant is ordered released by a magistrate judge, the Government may file a motion for revocation of the order or amendment of the conditions of release with the court having original jurisdiction over the offense. 18 U.S.C. § 3145(a). A district court must make its own "de novo" determination of the facts "without deference to the magistrate's ultimate conclusion." *United States v. Koenig*, 912 F.2d 1190, 1193-94 (9th Cir. 1990). The district judge must review the evidence presented to the magistrate judge and make "its own independent determination whether the magistrate [judge's] findings are correct, with no deference" to either the magistrate judge's factual findings or ultimate conclusion regarding the propriety of detention. *Id*. at 1192-93.

### I. Statutory Factors under Consideration

The Court is required to consider, *inter alia*: the nature and circumstances of the offense charged, the weight of the evidence against the person, the history and

ORDER OF DETENTION ~ 2

characteristics of the person, including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, record concerning appearance at court proceedings, and the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *See United States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985); 18 U.S.C. § 3142(g).

The Court has reviewed the pleadings filed in this matter, the pretrial services report (ECF No. 17), and the audio recording of the magistrate judge's detention review hearing (ECF No. 22). The Grand Jury has found probable cause to issue an indictment charging Defendant with distribution of cocaine (Counts 1, 3, and 4) and distribution of 50 or more grams of actual methamphetamine (Counts 2 and 5), all in violation of 21 U.S.C. § 841(a). ECF No. 1. If convicted of Counts 1, 3, or 4, Defendant faces a maximum term of 20-years imprisonment, a $1,000,000 fine, not less than 3-years nor more than life term of supervised release, and a $100 special penalty assessment as to each count. If convicted of Counts 2 or 5, Defendant faces a term of imprisonment of not less than 10 years and not more than life, a $10,000,000 fine, not less than 5-years nor more than life term of supervised release, and a $100 special penalty assessment as to each count.

ORDER OF DETENTION ~ 3

1  Accordingly, each of the five charges carry a rebuttable presumption of
2  detention under 18 U.S.C. § 3142(e)(3)(A) ("it shall be presumed that no condition
3  or combination of conditions will reasonably assure the appearance of the person
4  as required and the safety of the community if the judicial officer finds that there is
5  probable cause to believe that the person committed . . . an offense for which a
6  maximum term of imprisonment of ten years or more is prescribed in the
7  Controlled Substances Act").
8  Although the presumption shifts a burden of production to the defendant, the
9  burden of persuasion remains with the government. *United States v. Hir*, 517 F.3d
10 1081, 1086 (9th Cir. 2008). "A finding that a defendant is a danger to any other
11 person or the community must be supported by 'clear and convincing evidence.'"
12 *Id.* citing 18 U.S.C. § 3142(f)(2)(B). The government bears the burden of showing
13 by a preponderance of the evidence that the defendant poses a flight risk. *United*
14 *States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). The presumption of risk of
15 flight and danger to the community is not erased when a defendant proffers
16 evidence to rebut it; rather the presumption "remains in the case as an evidentiary
17 finding militating against release, to be weighed along with other evidence relevant
18 to factors listed in § 3142(g)." *Id.* (citation omitted).
19 //
20 //

ORDER OF DETENTION ~ 4

## 1. Nature and Circumstances of Offenses Charged

As the Court just recounted, Defendant has been charged with serious and repeated controlled substance offenses. The government recounts seven instances of distribution, spanning over a two year period of time. ECF No. 27 at 14-15. The first three distributions were conducted with a confidential informant and a confidential source. These three crimes were not charged in the Indictment. Afterward, an undercover officer was introduced to Defendant and conducted the next four purchases of drugs from the Defendant. Post-*Miranda* warnings, Defendant confessed to his involvement in drug trafficking. *Id*. at 16. Repeated distribution of controlled substances that are imported from a foreign country are serious crimes. This factor weighs heavily in favor of detention.

## 2. Weight of Evidence Against Defendant

The weight of the evidence is the least important of the various factors. *Motamedi*, 767 F.2d at 1408. Although the statute permits the court to consider the nature of the offense and the evidence of guilt, the statute neither requires nor permits a pretrial determination that the person is guilty. *Id*. (citations omitted). These factors may be considered only in terms of the likelihood that the person will fail to appear or will pose a danger to any person or to the community. *Id*. (citations omitted).

ORDER OF DETENTION ~ 5

1  Defendant contends, with unpersuasive citations to district court opinions, that the "weight of the evidence" factor concerns risk of flight and danger to the community, not evidence of guilt. The Court disagrees. In the context of the statute and its plain reading, "the weight of the evidence against the person" can only be read to mean the weight of the evidence proving the crime alleged. If Congress meant to address the risk of flight and danger to the community, there would be no reason, in the subsection immediately prior, for Congress to set forth the clear and convincing evidence standard that must be used to support the facts establishing the danger to the community finding. 18 U.S.C. § 3142(f)(2)(B) (third to last sentence). Indeed, were it otherwise, the weight of the evidence reference would properly recite both "for and against the person." Since it does not, and read in context with the rest of the statute, the "weight of the evidence against the person" means the strength of the evidence of guilt. The Ninth Circuit also reads the statute this way. *Motamedi,* 767 F.2d at 1403 ("Our court has stated, however, that **the weight of the evidence** is the least important of the various factors. . . . Although the statute permits the court to consider the nature of the offense and the evidence of guilt, the statute neither requires nor permits a pretrial determination that the person is guilty.") (citation omitted, emphasis added). In any event, the weight of the evidence of guilt is then used to determine its potential effect on flight or danger, not as a method of prematurely imposing punishment for the

ORDER OF DETENTION ~ 6

1  crime. This is the proper manner for the Court to consider the weight of the
2  evidence against the person–how it affects flight and danger risks.
3       The weight of the evidence is extremely strong. An undercover officer
4  conducted five purchases of drugs from Defendant and Defendant confessed. The
5  Court finds that the substantial weight of the evidence and the severe penalties
6  involved may cause Defendant to pursue flight as a prison sentence becomes more
7  certain. This factor, although the least important, weighs heavily in favor of
8  detention.
9       **3. History and Characteristics of Defendant**
10      Under 18 U.S.C. § 3142(g)(3)(A), courts shall consider the history and
11 characteristics of the person, including his character, physical and mental
12 condition, family ties, employment, financial resources, length of residence in the
13 community, community ties, past conduct, history relating to drug and alcohol
14 abuse, criminal history, and record concerning appearance at court proceedings.
15      Defendant has strong community ties. He has lived in the Moses Lake
16 community for 17 years. He has been married for 17 years and his wife and three
17 children all live with him in a rental home. He has nine adult siblings in the Moses
18 Lake area. For the last six years, he and his brothers have owned and operated a
19 restaurant in Moses Lake, where he is employed. Defendant has no criminal
20 record, no failures to appear, no passport, no firearms, no drug or alcohol abuse,

ORDER OF DETENTION ~ 7

and no physical or mental impairments. These factors certainly weigh in Defendant's favor but must be tempered within the context for which they exist.

Defendant is a citizen of Mexico and has a prior voluntary departure record in May 2000. Defendant returned to the United States illegally and has successfully evaded detection and apprehension for 17 years. While Defendant rents a home in Moses Lake, he owns a home in Mexico. Defendant's parents and one other sibling still reside in Mexico. Defendant is unlawfully employed in the United States. Defendant has fraudulently used someone else's Social Security number and has falsely used a non-existent Social Security number. According to the pretrial services report, Defendant has virtually no assets in the United States; a 2014 Nissan Altima and a couple hundred dollars in the bank. He rents the home where his family lives now. In the pretrial services report, Defendant did not disclose that he owns any portion of the restaurant where he works. Defendant is prohibited by law from working in this country. Overall, these factors weigh heavily against the release of Defendant.

**4. Nature and Seriousness of Danger to any Person or the Community**

Although Defendant has not been charged with a violent crime, his alleged distribution of illegal drugs poses a generalized, but serious risk to the community if it were to continue. Drug trafficking is a serious offense and methamphetamine and cocaine are Schedule II controlled substances. Neither is presently produced

ORDER OF DETENTION ~ 8

in the United States, but rather both are imported from Mexico. This factor weighs heavily in favor of detention to protect the public.

## II.     Immigration and Extradition Considerations

Defendant is a citizen of Mexico and lacks legal authority to work or remain in the United States. The Court accepts the United States' proffer that if Defendant were released from this Court's custody, the current Immigration and Customs Enforcement (ICE) detainer would be executed without the ability of the Executive Branch to exercise discretion. Consequently, Defendant would then be timely removed from the United States to Mexico, again without the exercise of discretion on behalf of the Executive branch, and Defendant would no longer be allowed to legally return to this court.

This Court is unwilling to abdicate its primary jurisdiction over Defendant for this serious offense. If this Court were to release the Defendant, the immigration detainer will result in civil immigration authorities taking custody of the Defendant and immediately processing him for deportation. There is no immigration court in this judicial district. Consequently, if this Court were to release the Defendant, he would be unable to appear for this proceeding, even if he wanted to.

"Normally, the sovereign which first arrests an individual acquires priority of jurisdiction for purposes of trial, sentencing, and incarceration." *United States*

ORDER OF DETENTION ~ 9

1 *v. Reynolds*, 603 F.3d 1144, 1152 (9th Cir. 2010) (internal quotation marks and citation omitted); *see Taylor v. Reno*, 164 F.3d 440, 444 n.1 (9th Cir. 1998) (noting that "primary jurisdiction" over prisoner controls "priority of custody and service of sentence between state and federal sovereigns"). The Ninth Circuit has recognized that the release of a defendant on bail relinquishes primary jurisdiction. *See Reno*, 164 F.3d at 445. In so holding, the Ninth Circuit focused on whether the sovereign maintained "physical possession" of the defendant, reasoning that "[t]he sovereign who lacks possession of the body permits another to proceed against the accused[.]" *Id*. (internal quotation marks and citation omitted).

Here, the Court is unwilling to relinquish primary jurisdiction of the Defendant for these serious drug trafficking offenses. His release would result in civil immigration authorities obtaining priority of custody and by operation of the immigration laws, he would not be available for prosecution in this district.

While the immigration processing could take some time, Defendant could conceivably waive certain rights to a hearing and be expeditiously removed. None of those proceedings or hearings would take place in this judicial district. Consequently, Defendant would not be available for prosecution in this district. Were this Court to release Defendant to immigration authorities, this Court would then be forced to monitor the progress of the immigration proceedings and issue a writ of habeas corpus ad prosequendum to obtain his presence back for prosecution

ORDER OF DETENTION ~ 10

before Defendant is removed or deported. Such convoluted scenario is unacceptable to this Court.

Finally, it bears stating that while the Defendant has a right to a speedy and public trial under the Sixth Amendment to the United States Constitution, *Gannett Co. v. DePasquale*, 443 U.S. 368, 379-80 (1979), the public also has an interest in a speedy trial under the Speedy Trial Act, 18 U.S.C. § 3161, *Zedner v. United States*, 547 U.S. 489 (2006). So it is no answer to this Court's relinquishment of primary jurisdiction that someday by the grace of an executive agency Defendant may be extradited from Mexico to face prosecution.

Defendant contends this Court cannot detain him pending trial based on the immigration detainer, citing *United States v. Santos-Flores*, 794 F.3d 1088 (2015). *Santos-Flores* involved a criminal charge of illegal reentry after deportation under 8 U.S.C. § 1326. *Id*. at 1089. For that offense, the Ninth Circuit observed reinstatement of a prior order of removal was neither automatic nor obligatory. *Id*. at 1091. The Circuit explained that the government may exercise its discretion to deport or elect to deliver the alien for prosecution, but having made the choice to prosecute, it cannot use its discretionary power of removal to trump a defendant's right to an individualized determination under the Bail Reform Act. *Id*. Thus, the Circuit concluded that the district court erred in relying on the existence of an ICE detainer and the probability of defendant's immigration detention and removal

ORDER OF DETENTION ~ 11

1  from the United States to find that no condition or combination of conditions will

2  reasonably assure defendant's appearance. *Id.* at 1092. In other words, the Circuit

3  condemned the Executive Branch use of its discretionary power to construct a

4  scenario that required detention in the criminal proceeding to prevent the court

5  from losing custody of the defendant to its exercise of discretionary civil authority.

6  It bears noting that the Ninth Circuit affirmed the district court's detention order

7  that no condition of release would reasonably assure that Santos-Flores would

8  voluntarily appear, even for the relatively minor offense of reentry after

9  deportation. Defendant is charged with much more serious drug trafficking

10 offenses and has all the more incentive to abscond, one way or another.

11       Here, the Executive Branch is not constructing the scenario that would

12 require detention, Congress did. The immigration laws require detention and

13 deportation of aliens where there is reason to believe they have committed

14 controlled substance offenses. 8 U.S.C. §§ 1182(a)(2); 1226(c)(1)(A)-(D). Indeed,

15 "any alien convicted of, or who admits having committed, or who admits

16 committing acts which constitute the essential elements of . . . . a violation of (or a

17 conspiracy or attempt to violate) any law or regulation . . . . relating to a controlled

18 substance is inadmissible." § 1182(a)(2)(A). In this case, Defendant confessed to

19 being a drug distributor. There is no provision for bail for these inadmissible

20 aliens, 8 U.S.C. § 1226(c)(1)-(2), and no court may review or set aside such

ORDER OF DETENTION ~ 12

detention, § 1226(e). It is not a possibility that Defendant will be deported or removed, it is a certainty and it is not discretionary, it is mandatory.

## CONCLUSION

The Court finds that Defendant has not rebutted the presumption of detention provided for under 18 U.S.C. § 3142(e)(3)(A). In any event, the Court finds by a preponderance of the evidence that there are no conditions or combination of conditions other than detention that will reasonably assure the appearance of Defendant as required. Defendant has evaded detection and apprehension for 17 years, has fraudulently used Social Security numbers not assigned to him, faces a considerable sentence in prison if convicted, and has every reason and incentive to flee. Whether ICE executes its detainer or not, no condition or combination of conditions will assure Defendant's appearance as required.

The Court also finds by clear and convincing evidence that there are no conditions or combination of conditions other than detention that will reasonably assure the safety of the community. While Defendant was arrested for these drug distributions, his suppliers have not been arrested. If released, Defendant presents a substantial risk of reoffending as substantial and relatively easy money is the motivation for distributors in Defendant's position.

//

ORDER OF DETENTION ~ 13

1     Alternatively, the Court is not willing to relinquish its primary jurisdiction over the Defendant.  If released by this Court, Defendant will mandatorily be detained and deported.  Once released to Mexico, any conditions this Court could impose would be a nullity, Defendant cannot and would not return to court.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The United States' Motion to Review Order Denying Detention (ECF No. 27) is **GRANTED**.  Defendant is **DETAINED** pending trial.
2. Defendant is committed to the custody of the United States Marshal for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.
3. Defendant shall be afforded reasonable opportunity for private consultation with counsel.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel and the United States Marshal.

**DATED** June 5, 2018.



                THOMAS O. RICE
                Chief United States District Judge

ORDER OF DETENTION ~ 14