Joseph H. Harrington
United States Attorney
Stephanie Van Marter
Caitlin Baunsgard
Assistant U.S. Attorney
Post Office Box 1494
Spokane, WA  99210-1494

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:15-CR-6049-EFS-20 |
| | ) | |
| Plaintiff, | ) | United States' Response to |
| | ) | Defendant's Motion to Reopen |
| v. | ) | Detention (ECF No. 830) |
| | ) | |
| MARCIAL BRAVO-ZAMBRANO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, United States of America, by and through Joseph H. Harrington, United States Attorney for the Eastern District of Washington, and Stephanie Van Marter and Caitlin A. Baunsgard, Assistant United States Attorneys for the Eastern District of Washington, submits this response to Defendant's Motion to Reopen Detention (ECF No. 830).

The Defendant is asking the Court to release him from custody submitting that he has the ability to obtain employment and can reside at an undisclosed residence with family in Benton City[1].  He therefore argues he is no longer a flight risk or danger to the community.  Respectfully, this exact same argument was raised at the time of the Defendant's original hearing.  Although it is unclear and not specified in his motion in regard to the proposed residence release plan, he previously made the same request to

---

[1] The United States has asked for the proposed release address and as of the filing of this response it has not yet been provided.

United States' Response to Defendant's Motion to Reopen Detention - 1

stay with family in Benton City. Thus, the United States is unclear as to what the change or newly discovered evidence is before this Court.

This Court previously found that the Defendant had in fact rebutted the presumption of evidence with some evidence that he is not a flight risk or danger to the community. ECF 808. However, based upon the application of the Bail Reform Acts factors, determined the Government had met its burden by the required preponderance of the evidence an absence of conditions or combination of conditions that would reasonably assure this Defendant's presence at trial and has established by clear and convincing evidence that Defendant poses a present risk to the safety of other persons or the community. *Id.*

The Defendant now claims he is not a risk of flight because his family lives in Benton City. Again, this information was previously argued before this court,

> Defendant evidently has substantial ties to the community. Nearly his entire family resides legally in this District, and he has acquired the legal right to remain in this country. Given assertions that he "has been threatened" in Mexico, it is arguably reasonable that Defendant's apprehension while entering the United States from Mexico with his wife, could be regarded as evidence that he would move his life into the United States, rather than intentionally flee to avoid prosecution.
>
> Evidence also suggests that Defendant was absent for two years while his brother was in custody as a co-defendant in this case. It is equally rational to infer that Defendant was aware of the charges and possible punishment he faced and that he remained out of the jurisdiction and away from his family to avoid apprehension.

*Id.* at 2-3.

As is also noted in the Pre-Trial Services Report (PTSR), prior to the Defendant fleeing to Mexico for several years, he had frequent cross border travel between Mexico, the United States and Canada, all during the time period of the alleged conspiracy in this case. As the Court referenced in its Order, on August 25, 2015, the Defendant was arrested in Canada along with Co-Defendants Juan Zambrano (his brother) and Miguel Reyes Garcia after backpacking 18 kilograms of methamphetamine, 4 kilograms of

United States' Response to Defendant's Motion to Reopen Detention - 2

cocaine, and 171 grams of heroin. See, ECF 808 at 2-3. The RCMP also located $50,000 in UC currency, two loaded firearms, ammunition, several backpacks, walkie talkies, jackets and one cellular phone amongst the items with the Defendants. This Defendant was deported out of Canada back to the United States where it appears he continued cross border travel. Thus, the Defendant erroneously argues there was no evidence of firearm possession during the offense.

The Defendant and his brother were originally indicted December 5, 2016[2]. On December 15th 2016, members of the FBI Eastern Washington Violent Gangs Safe Streets Task Force (EWVGSSTF) made contact at 10903 W. 464 PR NW Benton City, Washington a last known address for the Defendant. It was an address also associated with his parents. Members of the Task Force were directed to a trailer located nearby and made contact with Co-Defendant Juan Zambrano who was found to have begun a marijuana grow inside the residence and was in possession of smaller quantities of methamphetamine, additional walkie talkies and more firearms. Co-Defendant Juan Zambrano is also detained pending trial. Interestingly, the Defendant claims to have left to Mexico November 2017. *See,* ECF 806 at 3.

The Defendant also erroneously argues "Mr. Zambrano is not a flight risk and has appeared at every hearing in his case up to this point and will continue to do so." ECF 830 at 1. The Defendant left this jurisdiction reportedly after his brother was arrested and remained in Mexico to evade prosecution. Upon his attempt to return to the United States, he was arrested and has remained in custody since that time.

The Defendant further claims "He has worked in the United States and paid his taxes. See sealed exhibit 1. That illustrates that he would not flee the district especially with the prospect of a job lined up upon release (with Olsen Bros.), especially considering where he lives. See Sealed exhibits 2 and 3." However, upon review of these exhibits, the United States is perplexed as to how two photographs affirm the Defendant's proffer and argument. This is the same employment previously argued which was

---

[2] The first indictment in this cause number was actually filed December 2015.

United States' Response to Defendant's Motion to Reopen Detention - 3

problematic. The PTSR reported that the information provided by the Defendant was not accurate and that Olsen Bro's farm showed sporadic employment at best with the last known employment in 2016, not the past 2 to 3 years as claimed by the Defendant. *Id.*

The United States respectfully submits there is no new information with which to disturb this Court's previous Order of Detention.

DATED August 6, 2018.

                                    Joseph H. Harrington
                                    United States Attorney

                                    *s/Stephanie Van Marter*
                                    Stephanie Van Marter
                                    Assistant United States Attorney

United States' Response to Defendant's Motion to Reopen Detention - 4

## **CERTIFICATION**

I hereby certify that on August 6, 2018, I electronically filed the foregoing with the Clerk of the Court and counsel of record using the CM/ECF System.

Walter Ayers, walter@ayerslawfirm.net

Zachary Ayers, zach@ayerslawfirm.net

*s/Stephanie Van Marter*
Stephanie Van Marter
Assistant United States Attorney

United States' Response to Defendant's Motion to Reopen Detention - 5