Rick Hernandez
Hernandez Law Offices, LLC.
440 S. 6th St. P.O. Box 1039
Sunnyside, WA 98944
(509) 837-3184

Attorney for Gabriela Mendoza Vasquez

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | } | |
| Plaintiff, | } | No. 4:15-cr-06049-EFS-7 |
| vs. | } | SENTENCING MEMORANDUM & REQUEST FOR VARIANCE & OBJECTIONS TO THE PSIR |
| GABRIELA MENDOZA VASQUEZ, | } | |
| Defendant. | } | |

## SUMMARY

On March 6, 2018, the defendant appeared before Senior U.S. District Judge Edward F. Shea and entered a guilty plea to count 2 of the second superseding indictment, Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h).

The defendant agrees with the PSIR that the offense level should be 17. Based upon a criminal history category I and an offense level 17, the sentencing

SENTENCING MEMORANDUM
- 1 -

guideline range is 24-30 months. The defendant is also requesting a variance and recommends a sentence of credit for time served.

The defendant respectfully requests a sentence of credit for time served. This is a sentence that is sufficient, but not greater than necessary, to comply with the purposes set forth at 18 U.S.C. § 3553 (a)(2). It would:

- Reflect the seriousness of the offense, promote respect for the law, and provide just punishment;

- Afford adequate deterrence to criminal conduct;

- Protect the public from further crimes of the defendant;

- Provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner

## REASONS FOR A SENTENCE OF CREDIT FOR TIME SERVED

The court is required to impose a sentence that is sufficient, but not greater than is necessary to comply with the purposes set forth at 18 U.S.C. § 3553(a)(2).

The defendant agrees with the PSIR that the offense level should be 17. Based on a criminal history category I, the sentencing range is 24-30 months.

The defendant, however, is requesting a variance or a downward departure based on the extraordinary suffering that the defendant's young children would endure as a result of being separated from their only biological parent. The

defendant's children's biological father was murdered in Mexico just prior to the indictment in this case.

## SENTENCING FACTORS UNDER 18 U.S.C. § 3553 (a) WARRANT A SENTENCE OF CREDIT FOR TIME SERVED

As this court knows, the Sentencing Guidelines are now advisory, rather than mandatory. United States v. Booker, 125 S.Ct. 738, 756-57 (2005). While the Court must consider guideline ranges, the Court is permitted to tailor the sentence in light of other statutory concerns as well. 18 U.S.C. § 3553 (a)(4).

The purpose of the Sentencing Reform Act is to…reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, [and] protect the public. Booker, at 765; 18 U.S.C. § 3553(a)(2). A district court must not accord more weight to the Guidelines than to other factors under § 3553(a).

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

Ms. Mendoza Vasquez fully accepts responsibility for her unlawful conduct. She is remorseful for her actions. She is devastated at the prospect of being

SENTENCING MEMORANDUM
- 3 -

separated from her young children. Since the biological Father of the children was murdered, the children have had to rely solely on the defendant for all of their emotional, psychological and economic needs. The defendant is very concerned about the immediate and life-long impact that her children will suffer as a result of being separated for 2-years or longer.

In addition, Ms. Mendoza Vasquez was recently diagnosed with cervical cancer. She underwent surgery to remove the cancer. She is now awaiting her first check up to see whether or not additional treatment will necessary.

<u>Need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.</u>

By accepting responsibility, Ms. Mendoza Vasquez has shown respect for the law. In this case, the defendant accepted money from her husband who was drug dealer. The money the defendant received from her husband was used for living expenses for the defendant and her children. A sentence of credit for time served is adequate to promote greater respect for the law.

(3). <u>Need for the sentence to afford adequate deterrence to criminal conduct.</u>

Ms. Mendoza Vasquez essentially has no prior criminal history. She is raising 3 young children on her own. She will be on Supervised Release for 3-

SENTENCING MEMORANDUM
- 4 -

years. Credit for time served will afford adequate deterrence to criminal conduct. An imposition of a lengthier sentence would not accomplish more in this regard.

(4). <u>Need to protect the public from further crimes of the defendant.</u>

In this case the defendant accepted money from her husband. Her husband is dead. The defendant has no criminal history. We believe a sentence of credit for time served is sufficient punishment to protect the public.

(5). <u>Need for sentence to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.</u>

3-years of supervised release is sufficient time to meet these goals.

(6). <u>The kinds of sentences available.</u>

The court may impose any appropriate sentence.

(7). <u>The advisory guideline range.</u>

The advisory guideline range according to U.S. Probation is 24-30 months. The defendant agrees with these calculations. The defendant is asking for a variance and would submit that a sentence of credit for time served accomplishes the goals of the Sentencing Reform Act.

## OBJECTIONS TO THE PSIR

SENTENCING MEMORANDUM
- 5 -

The defendant objects to some of the factual allegations in paragraph 32, page 7 of the PSIR. She objects to the allegation that she assisted in driving loads of narcotics from California to Eastern WA. In regard to the incident report from the Pomona Police Department dated April 19, 2012, the defendant submits that she was neither arrested or charged with respect to the drugs that were found in the vehicle.

## CONCLUSION

For the reasons stated above, Ms. Mendoza Vasquez asks the court to impose a sentence of credit for time served.

DATED this 4th day of September 2018.  Respectfully Submitted,

s/ Ricardo Hernandez
Ricardo Hernandez

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2018 Stephanie VanMarter, Assistant United States Attorney, received a copy of the foregoing via ECF notification.

s/ Ricardo Hernandez
Ricardo Hernandez

SENTENCING MEMORANDUM

- 6 -

SENTENCING MEMORANDUM

- 7 -