UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

EDWARD F. SHEA                                                                                   825 Jadwin Avenue, Suite 320
Senior Judge                                                                                              Richland, WA 99352
                                                                                                              (509) 943-8190

September 12, 2018

Re:   United States v. Carillo Casillas, et al., Case No. 15-CR-6049-EFS
      Criminal Jury Trial Procedures

Dear Counsel:

You are currently scheduled to try a criminal jury trial in my Court. This letter explains my pretrial, trial, and courtroom protocols.

## I. PRETRIAL PROTOCOL

### A. Trial Briefs

Trial briefs shall not exceed 20 pages in length without prior Court approval. LR 39.1. To obtain Court approval, a party must file a motion to file an overlength brief demonstrating good cause why supplemental briefing is necessary.

### B. Jury Instructions

Jury instructions shall be filed 10 days prior to trial. Jury instructions shall be jointly filed. Joint proposed jury instructions shall (1) address issues that are unique to the case and (2) include instructions regarding the elements of each claim or defense and a proposed verdict form as the parties agree. Duplicative individual proposed jury instructions shall not be filed. The Court will only accept individual proposed jury instructions if, after conferring, no agreement could be reached by counsel.

The Court's standard jury instructions are the Ninth Circuit Model Jury Instructions.

### C. Voir Dire

Your proposed voir dire, which shall be filed at least 10 days prior to trial, shall not duplicate either the Court's standard questions or the questions elicited in the Jury Questionnaire distributed by the Clerk's Office.
At trial, the Court will ask each juror to stand and answer the following questions:

    (1)    Your juror number and area of residence.
    (2)    Any clubs, unions, or other public organizations that you belong to and whether you have in the past or currently hold any leadership positions in those groups.
    (3)    What was the last book you read?  What is your favorite book?
    (4)    If you watch television, what are your favorite television programs?
    (5)    Do you subscribe to or read a daily newspaper, or a weekly or monthly news magazine?  If so, which ones?
    (6)    Do you have any hobbies? If so, what are they?
    (7)    Have you ever served as a juror?
    (8)    Do you know any other juror?
    (9)    Do you know of any reason why you could not be fair to all parties in this case as it has been described to you?

### D. Evidence and Exhibits

Any audio or video evidence must be viewed by both counsel prior to trial. Objections, if any, shall be raised in a motion in limine to be filed in accordance with the applicable motion deadlines.  All exhibits are to be presented through a laptop or placed on the Elmo.  Poster boards will not be permitted.  Only those exhibits admitted AND used during trial will be given to the jury during deliberations.

As this Court now utilizes JERS (Jury Evidence Recording System) during trial, counsel shall submit all proposed exhibits on a DVD or CD on the date indicated in the Case Management Order.  The disc shall be labeled with the title of the case and the name of the party for whom the exhibits are submitted.  A hard copy of the party's exhibit list that includes the electronic file name for each exhibit shall be submitted with the DVD or CD.  Unless otherwise directed by the court, the disc will not be returned to counsel.  Parties shall be prepared, as is the usual practice, to submit hard copies of any exhibit admitted during trial.  Counsel shall contact the Courtroom Deputy, Ms. Vargas, no later than the deadline in the Case Management Order to discuss the JERS system.

### E. Media Presentation System

If using laptops or CD/DVD/thumb-drives for presentation of documents or audio or video recordings, you must call the Deputy Clerk and schedule an orientation of usage and test of compatibility pursuant to the Case Management Order.

## II.  TRIAL PROTOCOL

### A. Pretrial Conference

On the first day of trial, I will meet with counsel and parties one hour prior to the start of trial for 30 minutes.  At this meeting, the Court will address any unresolved issues.  Additionally, counsel will review any peremptory challenge questions, including backstriking, with the Court.

### B. Jury Introduction

Before trial, the Deputy Clerk will enter the juror names into a computer - this computer randomly assigns those jurors a number.  The jurors will then receive a card with their number.   Ten minutes prior to the start of trial, the Deputy Clerk will bring the jurors to the courtroom.  The first 14 jurors will be seated in the jury box.  The remaining jurors will be numerically organized in the public seating section.  The entire jury panel will be administered the oath regarding jury qualifications.

When all jurors are seated, I will welcome them, briefly explain the case, provide an estimated trial length, and explain the importance of jury duty. Following that, I will read the indictment and inform them of the following:

(1) A charge or indictment is merely that — a claim or charge — it is not evidence of any kind against a person and does not permit even an inference of guilt.
(2) Though charged, the Defendant is presumed to be innocent — this is not an idle presumption but a true presumption.  This presumption exists at the very moment the trial starts and continues throughout the trial until such time, if ever, the Government establishes the guilt of the Defendant by proof in court beyond a reasonable doubt.
(3) If the Government does not sustain this heavy burden of proof, the jury has an obligation to return a verdict of not guilty.  If the Government does sustain its burden, then the verdict should be guilty.
(4) The burden is on the Government, there is never a burden on the Defendant.
(5) They are there to listen to the evidence and to judge the credibility or believability of all the witnesses and the adequacy of the Government's evidence.  If the Government has sustained its burden, the verdict is guilty. If not, they have a duty and obligation to return a verdict of not guilty.

I will then ask the jurors if anyone is unable to follow those instructions regarding the basic precepts of our criminal justice system or whether any individual has formed such a state of mind that they would refuse to follow those basic precepts as indicated: the presumption of innocence, the burden of proof of the Government, and the absence of any burden on the Defendant.  Should a juror indicate such a state of mind, I will note the juror's number and name and, at a

later time, ask the juror further questions on the record with counsel outside the presence of the larger jury.

Finally, I will advise the jurors that if there is anything in the questions either asked by me or by counsel that triggers a matter that is quite personal, they are to raise their hand and ask to approach the bench so that the matter can be discussed at the bench with the court and counsel rather than in public.

### C. Court Introduction

After the jury panel understands their responsibilities, I will do the following:

(1) Introduce court staff who are in the courtroom with a brief explanation of their roles.
(2) Introduce the AUSA who will introduce those at the Government's table. I will then ask the jury panel as a whole whether they are familiar with anyone at the Government's table and question anyone responding.
(3) Introduce defense counsel who will introduce those at the Defendant's table. I will ask the jury panel as a whole whether they are familiar with anyone at the Defendant's table and question anyone responding.
(4) Read the list of possible witnesses and their hometowns that has been provided to me by the parties, again, asking the jury if they are familiar with each witness as I name them and question anyone responding.
(5) I will then ask selected voir dire questions from those questions which have been submitted by counsel.
(6) Ask each juror to stand and answer the nine questions I listed above.

After each juror answers the Court's questions, I will ask the following questions to the entire panel:

(1) If you are selected to sit on this case, will you be able to render a verdict solely on the evidence presented at the trial and in the context of the law as I will give it to you in my instructions, disregarding any other ideas, notions, or beliefs about the law that you may have?
(2) Is there any member of the panel that has a special disability or problem that would make serving as a member of this jury difficult or impossible or that requires special needs or attentions during the course of the trial?
(3) After hearing the Court's questions, is there any other reason why you could not sit on this jury and render a fair verdict based on the evidence presented to you and in the context of the Court's instructions to you on the law?

### D. Voir Dire

After the Court concludes questioning the panel, counsel for each party will be allowed approximately 20 minutes of voir dire, with the Government proceeding first. If there is more than one Defendant, the Court shall set the total voir dire time for Defendants during that morning's pretrial conference if not previously set. The Defendants shall agree on what order to proceed.

### E. Jury Selection

After voir dire, jury selection will begin. Counsel will approach the Bench with their challenges for cause. Counsel shall write out the name and juror number so the Court may examine and rule on the challenge for cause. These challenges shall take place at the Bench, on the record, out of hearing of the jury.

Following the discussion at the Bench, the Court will ask counsel on the record if there are any other challenges for cause. If none are made, peremptory challenges will take place. Peremptory challenges shall occur as follows:

> 3 Government, then 5 Defendant;
> 3 Government, then 5 Defendant;

The parties **are not** permitted to backstrike when using their peremptory challenges; that is, a party may not strike a juror whose number is lower than that of the party's earlier peremptory challenges. For example, if the Government strikes Prospective Juror No. 5 with its first peremptory challenge, the Government may not then strike any prospective juror with a lower number with the Government's remaining peremptory challenges.

After the peremptory challenges, the Deputy Clerk will renumber the first twelve unchallenged jurors as the jury. The parties will then each have one final peremptory challenge to utilize when the two alternate jurors are selected who will be selected from the remaining jury pool.

Any *Batson* challenges will then be heard at the Bench, on the record, out of hearing of the jury.

All jurors will be removed from the jury box and then the first fourteen (14) jurors who have not been challenged will be seated in sequence. The alternate jurors will be known to the parties — jurors 13 and 14 — but this will not be announced to the jury until the end of the case.

The parties will then be asked on the record if the seated jury is the jury that they selected. If both parties agree, the jury will be sworn. Following the administration of the oath to the seated jury, the remaining jurors will be excused with the thanks of the parties through the Court.

The seated jurors will each receive a notebook. In the notebook is a page welcoming them to the court and giving them some brief instructions. If you wish to receive a copy of this page, my assistant, Lisa Hernandez, can provide you with a copy. Also in the notebook is a writing utensil, notebook paper, and Preliminary Jury Instructions. A copy of the Preliminary Jury Instructions will be provided to you on the first morning of trial.

We will then proceed with opening statements.

### F. Monitors

Please make sure to turn the monitors on your counsel table so that they face away from the jury.

### G. Witnesses

Should a trial have more than six witnesses, a photo of each witness will be taken by the Deputy Clerk immediately prior to the witness testifying. You should advise your witnesses that they should stand next to the podium to take their oath and have their picture taken prior to being seated in the witness stand. The photo will then be placed in a binder and given to the jury during deliberations.

Counsel are to advise their witnesses that if they require reading glasses to read, they must bring their reading glasses to trial.

### H. Objections

Objections shall be stated in a simple manner such as "Relevance" or "Hearsay." There shall not be lengthy speaking objections. Counsel shall inform the Court if an objection requires a Bench Conference.

### I. Closing Argument

During closing argument, counsel are reminded not to express their personal beliefs as to the credibility of any witness. Specifically, counsel should not indicate they believe or do not believe the testimony provided by particular witnesses. In addition, counsel must refrain from encouraging jury members to place themselves in the position of the plaintiff or defendant when considering the evidence and determining their verdict.

**Jury Deliberations**

After the case has been submitted to the jury, each party must designate an attorney to be contacted during jury deliberations and provide that attorney's contact phone number. When the jury has reached a verdict, each party and counsel will have twenty minutes to reach the courtroom to hear the verdict.

### III. COURTROOM PROTOCOL

**A.  Trial Schedule**

Trial days are typically Monday–Friday, 9:00 a.m. – 5:00 p.m., unless the Court orders otherwise. The Court will take a 15 minute break around 10:00 a.m. and a short break about 11:15 a.m. Lunch recess is normally 12:00 p.m. to 1:30 p.m. There will be two breaks during the afternoon session usually around 2:45 p.m. and 4:00 p.m. If the parties estimate the trial will exceed two full weeks, then Court will follow a normal trial day schedule Monday – Thursday with trial on Friday beginning at 9:00 a.m. and concluding at 2:30 p.m., with a half-hour lunch and two fifteen-minute breaks.

**B. Courtroom Practice and Civility**

Counsel are expected to arrive early to Court and be prepared for trial each day. Counsel will stand when addressing the Court. The Court is always addressed as "Your Honor" or "Judge," not "Sir."

**All counsel and witnesses must turn any cellular phones off or to "airplane mode" while in the courtroom.**

Counsel must speak into the microphone and stay at the podium when addressing the Court and the jury.

Please familiarize yourselves with the Local Rules of the Eastern District of Washington — in particular, Local Rule 83.1, "Courtroom Practice and Civility."

I look forward to seeing you on the first day of trial. Please call my assistant, Lisa Hernandez, if you have any questions.

Thank you.

          Very truly yours,

          _____s/ Edward F. Shea_____

          EDWARD F. SHEA
         Senior United States District Judge