Peter S. Schweda
Waldo, Schweda & Montgomery, P.S.
2206 North Pines Road
Spokane, WA 99206
509/924-3686
Fax: 509/922-2196
pschweda@wsmattorneys.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> EDGAR OMAR HERRERA FARIAS, ) <br> ) <br> Defendant. ) <br> _____ ) | No. 4:15-cr-6049-EFS-16 <br><br> MOTION IN LIMINE AND OBJECTIONS TO ADMISSION OF K-9 ALERT EVIDENCE AND PHOTOGRAPHS <br> Hearing:  September 18, 2018 at 9:00 a.m. at Richland <br> WITH ORAL ARGUMENT |

  Edgar Omar Herrera Farias moves in Limine and objects to the admission of K-9 alert evidence to suspected controlled substances seized on September 6, 2013 in Mount Vernon, Washington because the Government has failed to provide discovery under Fed. R. Crim. P. 16(a)(1)(F) and (G) demonstrating the reliability of evidence under FRE 702.

  K-9 alert evidence is subject to complying with the requirements of FRE 702 for admission of expert witness testimony.  FRE 702 permits expert testimony from "[a] witness who is qualified as an expert by knowledge, shill, experience, training, or

MOTION INLIMINE AND OBJECTIONS - 1

*Waldo, Schweda & Montgomery, P.S.*
*2206 North Pines Road*
*Spokane, WA 99206*
*509/924-3686*
*Fax:  509/922-2196*

education may testify in the form of an opinion," if the testimony meets the criteria of the Rule including:

(a) the testimony "will help the trier of fact to understand the evidence or determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principals and methods, and

(d) the expert has reliably applied the principles and methods to the facts of the case." FRE 702.

Rule 702 also requires "the trial judge [to] ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable" *Daubert v. Merrill Dow,* 509 U.S. 579, 589 (1993).

A K-9's drug alert must meet the requirements of reliability under FRE 702 to be admissible *United State v. Gadson,* 763 F.3d 1189, 1203 (9th Cir. 2014).

Here, the Government has failed to provide discovery on the K-9 required by Fed. R. Crim. P. 16(a)(F) and (G). This violates the disclosure requirements and notice contained in this Court's Trial Management Orders.

In *United States v. Cedano-Arellano,* 332 F.3d 568, 570-71 (9th Cir. 2003), the court held Rule 16(a)(1)(E) and (F) requires the government, in dog sniffing cases, to disclose the dog "handler's log, all training records and score sheets, certification

*MOTION INLIMINE AND OBJECTIONS - 2*

*Waldo, Schweda & Montgomery, P.S.*
*2206 North Pines Road*
*Spokane, WA 99206*
*509/924-3686*
*Fax: 509/922-2196*

records and training standards and manuals." *Id.* "These materials were held to be crucial [to the defendant's] ability to assess the dog's reliability … and conduct effective cross-examination of the dog's handler." *Id.* "These disclosures are 'mandatory' when the government seeks to rely on a dog alert" as evidence. *United States v. Thomas,* 726 F.3d 1086, 1096 (9th Cir. 2013, citing *United States v. Cortez-Rocha,* 394 F.3d 1115, 1118 Note 1 (9th Cir. 2005). "[A] defendant must be afforded the opportunity to challenge the 'evidence of a dog's reliability, whether by cross-examining the testifying officer or by introducing his own fact or expert witnesses.'" *Id.*, quoting *Florida v. Harris,* 568 U.S. 237, 247 (2013).

Mr. Herrera Farias is entitled to unredacted records on the dog. *Id., 1*096-97. See also, *United States v. Soto-Zuniga,* 837 F.3d 992, 1000-0 (9th Cir. 2016).

A dog's "history of making erroneous scent identifications is exculpatory evidence." *Aguilar v. Woodford,* 725 F.3d 970, 982 (9th Cir. 2013). This goes to "impeachment, as well as exculpatory evidence [which] falls within *Brady's* definition of evidence favorable to the accused." *Id.,* quoting *United States v. Marashi,* 913 F.3d 724m 732 (9th Cir. 1990). A *Brady* violation "occurs when the government fails to turn over even evidence that is only known to police and not the prosecutor." *Id.,* quoting *Youngblood v. West Virginia,* 547 U.S. 867, 869-70 (2206), quoting *Kyles v. Whitley,* 514 U.S. 419, 438 (1995). The "individual prosecutor has a duty to learn of any favorable evidence known to others acting on the government's behalf." *Kyles,*

514, U.S. at 437.

## ALLEGED METHAMPHETAMINE PHOTOGRAPHS.

Edgar Omar Herrera Farias objects and moves in limine to preclude the Government form admitting alleged photographs of alleged methamphetamine because the substance depicted in the photographs was never tested to determine whether it is a controlled substance.

On September 13, 2018, the Government sent an email to counsel with 27 photographs that had not previously been provided. Four photos depict multiple bags of a white substance and a pistol. These items are described in discovery as being seized from a white Ford Ranger on September 6, 2013, after a warrantless search. There is evidence that the Ranger was registered to Rosa Granados, a co-defendant in this case.

There is no evidence that the white substance in the photographs was ever tested to determine if it is a controlled substance. The Government has a duty to provide discovery of drug testing under Fed. R. Crim. P. 16(a)(E), (F) and (G). To be admissible the testing testimony must meet the requirements of FRE 702 and must be shown to be reliable. *Daubert,* 509 U.S. at 589.

The Government has failed to comply with the disclosure requirements and notice obligations contained in this Court's Case Management Orders.

If the Court permits the four photographs into evidence and permits the K-9 drug alert evidence, the only expert identification of the presence of a controlled substance will be that of the trained dog sniff of the Ranger, not the substance. Usually, drug sniffing dogs are trained to alert on multiple different controlled substances.

Further, Mr. Herrera Farias was never seen to occupy or operate the white Ford Ranger.

The four photographs of the white substance should not be allowed into evidence.

### OBJECTION TO REMAINING PHOTOGRAPHS

Edgar Omar Herrera Farias also objects to the admission of the other 23 photographs taken on September 6, 2013 in Mount Vernon, Washington. Some allegedly depict Mr. Herrera Farias walking in the Days Inn parking lot.

Photographs the Government intends to use in its case-in-chief are discoverable. Fed. R. Crim. P. 16(a)(1)(E). The Government has failed to timely provide this discovery in violation of this Court's Case Management Orders.

Moreover, the photographs are not relevant and would unfairly prejudice, confuse issues, mislead the jury and be a waste of time. FRE 401 and 403.

None of the photographs of the persons depicted are connected to the white Ford Ranger. The only evidence to the white Ford Ranger indicates it was hooked up to a tow truck at the hotel and towed to an apartment complex.

*MOTION INLIMINE AND OBJECTIONS* - 5

*Waldo, Schweda & Montgomery, P.S.*
*2206 North Pines Road*
*Spokane, WA 99206*
*509/924-3686*
*Fax: 509/922-2196*

RESPECTFULLY submitted this 17th day of September 2018.

                            WALDO, SCHWEDA
                            & MONTGOMERY, P.S.
                     By: /s/ Peter S. Schweda
                        PETER S. SCHWEDA
                        Attorney for Defendant Herrera Farias

MOTION INLIMINE AND OBJECTIONS - 6

*Waldo, Schweda & Montgomery, P.S.*
*2206 North Pines Road*
*Spokane, WA 99206*
*509/924-3686*
*Fax:  509/922-2196*

## *CERTIFICATE OF SERVICE*

I HEREBY CERTIFY that on September 17, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Joseph H. Harrington
Acting United States Attorney
Eastern District of Washington
Stephanie Van Marter
Assistant United States Attorney
Eastern District of Washington
300 United States Courthouse
PO Box 1494
Spokane, WA 99210

By: /s/ KATHLEEN SCHROEDER
    Legal Assistant to Peter S. Schweda

MOTION INLIMINE AND OBJECTIONS - 7

*Waldo, Schweda & Montgomery, P.S.*
*2206 North Pines Road*
*Spokane, WA 99206*
*509/924-3686*
*Fax:  509/922-2196*