VICTOR H. LARA
HURLEY & LARA
411 North 2nd Street
Yakima, WA 98901
(509)248-4282
Attorney for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR-15-06049-EFS-10 |
| Plaintiff, | |
| vs. | DEFENDANT'S TRIAL MEMORANDUM |
| BRITTNEY LEE ZARAGOZA, | |
| Defendant. | |

Defendant, BRITTNEY LEE ZARAGOZA, by and through her attorney, VICTOR H. LARA of HURLEY & LARA, submits this brief in advance of trial.

## I. STATUS OF THE CASE

A.   Trial is currently set for October 10, 2018 at 9:00 a.m., in the United States District Court for the Eastern District of Washington at Richland, Washington.

B.   The estimated time to present the Defendant's case is two to five hours. The Defendant may call four to six witnesses to present testimony on her behalf. Some of the witnesses will require a Spanish language interpreter.

C.   The Defendant is not in custody.

D.   Trial by jury has not been waived.

E.   Defendant will not require an interpreter, but some of her witnesses will require a Spanish language interpreter.

F.   The Second Superseding Indictment charges Ms. Zaragoza in three counts of a 15-count Indictment as follows:

### Count Two

Beginning on a date unknown but by on or about January 2010 continuing until December 2016, in the Eastern District of Washington and elsewhere, the Defendants and others known and unknown, unlawfully and knowingly combined, conspired, confederated and agreed together and with each other to commit certain money laundering offenses, all in violation of 18 U.S.C. § 1956(a)(1)(B)(i) as follows:

(1956(a)(1))

The Defendants named in this count: did conduct and attempt to conduct financial transactions, that is: transactions involving the movement of funds by wire and other means affecting interstate and foreign commerce, and transactions involving the use of a financial institution which is engaged in and affects interstate and foreign commerce, which in fact involved the proceeds of specified unlawful activity, that is, conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, knowing that the property involved in the financial transactions

represents the proceeds of some form of unlawful activity, knowing that the transactions are designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the specified unlawful activity, in violation of 18 U.S.C. 4 § 1956(a)(1)(B)(i); and

(1956(a)(2))

The Defendants named in this count: did transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States with the intent to promote the carrying on of specified unlawful activity, that is, conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; in violation of 18 U.S.C. § 1956(a)(2)(A).

The Grand Jury further alleges this offense was committed during and in 17 furtherance of the conspiracy charged in Count One, above.

All in violation of 18 U.S.C. § 1956(h).

## Count Twelve

On or about May 17, 2016 and continuing until on or about May 18, 2016, in the eastern District of Washington and elsewhere, the Defendant did conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit: a money wire transfer of U.S. funds to a Wells Fargo account in the name of Brittney Zaragoza located in Kennewick, Washington; which involve the proceeds of a specified

Defendant's Trial Memorandum     -3-     HURLEY & LARA
Attorneys at Law
411 North 2nd Street
Yakima, WA 98901
(509)248-4282

unlawful activity, that is conspiracy to distribute and the distribution of controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is funds in the amount of $3,000 represented the proceeds of some form of unlawful activity in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), and 2; and

## Count Fourteen

On or about May 26, 2016, and continuing until on or about June 3, 2016, in the Eastern District of Washington and elsewhere, the Defendant did conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit: a money wire transfer of U.S. currency to a Wells Fargo account in the name of Brittney Zaragoza located in Kennewick, Washington; which involved the proceeds of a specified unlawful activity, that is conspiracy to distribute and the distribution of controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is

funds in the amount of $3,000 represented the proceeds of some form of unlawful activity in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), and 2.

The Government also provides notice of criminal forfeiture allegations as follows:

## Notice of Criminal Forfeiture Allegations

The allegations contained in this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures. Pursuant to 21 U.S.C. § 853, upon conviction of an offense of violation of 21 U.S.C. § 846, Defendant(s) shall forfeit to the United States of America, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense(s) and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of the offense(s).

If any forfeitable property, as a result of any act or omission of the Defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

Defendant's Trial Memorandum                     -5-                         HURLEY & LARA
                                                                             Attorneys at Law
                                                                             411 North 2nd Street
                                                                             Yakima, WA 98901
                                                                             (509)248-4282

## II. PERTINENT STATUTES

Count Two charges the Defendant with conspiracy to commit money laundering in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and (2) and (h), which provide as follows:

(a)
    (1) Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity—

. . .

        (B) knowing that the transaction is designed in whole or in part—

            (i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity;

. . .

shall be sentenced to a fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater, or imprisonment for not more than twenty years, or both.

    (2) Whoever transports, transmits, or transfers, or attempts to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States—

        (A) with the intent to promote the carrying on of a specified unlawful activity;

. . .

>shall be sentenced to a fine of note more than $500,000.00 or twice the value of the monetary instrument or funds involved in the transportation, transmission, or transfer, whichever is greater, or imprisonment for not more than twenty years, or both.

Title 18, United States Code, Section 1956(h) provides:

>(h)   Any person who conspires to commit any offense defined in this section or section 1957 shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.

Counts Twelve and Fourteen charge the Defendant with money laundering in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and Section 2. Section 1956(a)(1)(B)(i) is cited above. Section 2 provides:

>(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
>
>(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

The Notice of Criminal Forfeiture allegations in the Second Superseding Indictment alleges property is subject to forfeiture pursuant to 21 USC § 853(a) which provides:

>(a)   Any person convicted of a violation of this subchapter or subchapter II punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of state law—

Defendant's Trial Memorandum                -7-                                HURLEY & LARA
                                                                               Attorneys at Law
                                                                               411 North 2nd Street
                                                                               Yakima, WA  98901
                                                                               (509)248-4282

(1) Any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as a result of such violation;

. . . .

The court, in imposing sentence on such person, shall order, in addition to any other sentence imposed pursuant to this subchapter or subchapter II, that the person forfeit to the United States all property described in this subsection ...

## III. SUMMARY OF EVIDENCE

Brittney Zaragoza will rely on the Government's burden of proving each and every element of the crimes charged by proof beyond a reasonable doubt.

## IV. PERTINENT QUESTIONS OF LAW

Defendant does not anticipate any unusual questions of law. However, leave is respectfully requested to file points and authorities on issues that may arise during the course of trial.

Respectfully submitted this ___ day of September, 2018.

VICTOR H. LARA, WSBA #13017
Attorney for Defendant

Defendant's Trial Memorandum          -8-          HURLEY & LARA
Attorneys at Law
411 North 2nd Street
Yakima, WA 98901
(509)248-4282

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: LAUREL J. HOLLAND, Assistant U.S. Attorney, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant(s): N/A.

*Gail M Kunz*

Gail M. Kunz, Secretary to Victor H. Lara

HURLEY & LARA
411 North 2nd Street
Yakima, WA 98901
Phone: (509)248-4282
Fax:     (509)575-5661
Email Address: vh_lara@hotmail.com