**KEN THERRIEN, PLLC**
**413 NORTH 2nd STREET**
**YAKIMA, WA 98901**
**(509) 457-5991**

Attorney for Defendant
Miguel Reyes-Garcia

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON
### (Honorable Edward F. Shea)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br>              Plaintiff, ) <br>   vs. ) <br> MIGUEL REYES GARCIA ) <br>              Defendant. ) <br> ) | NO. 15-CR-6049-21-EFS <br><br> DEFENDANT'S REQUESTED VOIR DIRE |

TO:     JOSEPH H. HARRINGTON, United States Attorney
AND TO:     STEPHANIE VAN-MARTER, Assistant United States Attorney

     COMES NOW the Defendant, Miguel Reyes-Garcia, and hereby requests that this Court propound the following questions to the jury panel during voir dire, or allow his attorney to propound the same as well as any follow-up questions which may be necessary.

     I.    PERSONAL BACKGROUND – Questions 1 – 9

          (A)    Family status

          (B)    Residence

          (C)    Occupation

          (D)    Education

REQUESTED VOIR DIRE
OF U.S.A v. Miguel Reyes Garcia
Page 1 of 10

**KEN THERRIEN, PLLC**
413 North 2nd Street
Yakima, Washington 98901
(509) 457-5991

(E) Military service

(F) Familiarity with parties, authorities, witnesses

PRIOR JURY SERVICE – Questions 10-15

    II.    EXPERIENCE WITH JUSTICE SYSTEM – Questions 16-17

    III.    CASE ON TRIAL – Questions 18-20

    IV.    LEGAL PRINCIPLES – Questions 21-33

    V.    RACE – Questions 34-39

(1) Each of you should state:

(a) your name;

(b) where you live;

(c) how long you have lived at this address

(d) your marital status (where married, single, widowed or divorced);

(e) the number and ages of your children, if any;

(f)(1) your occupation, its length, or previous employment

(f)(2) your spouse's occupation, its length, or previous employment

(g) the name of your present employer, if any;

(h) whether you have the authority to promote, hire or fire people

(i) how many people you supervise;

(j) how far you went in school;

(k) what degree(s) you acquired.

(2) Have you ever served in the United States military? If so:

(a) what branch?

REQUESTED VOIR DIRE
OF U.S.A v. Miguel Reyes Garcia
Page 2 of 10

KEN THERRIEN, PLLC
413 North 2nd Street
Yakima, Washington 98901
(509) 457-5991

(b) when?

(c) rank?

(d) where?

(3) Do you, or do any members of your family or friends know the presiding judge in this case?

(4) Do you, or do any members of your family or friends know the Assistant United States Attorney who will be prosecuting this case?

(5) Do you, or do any members of your family or friends know the defense attorney?

(6) Do you know or recognize any other prospective jury panelist in the courtroom this morning? If so, what is the basis of the relationship? Would such relationship or acquaintance influence your judgment in this case?

(7) Do you have any relatives or friends who are connected with:

(a) law enforcement;

(b) a district attorney's office;

(c) the United States Attorney's Office;

(d) any law enforcement or other quasi-law enforcement agency?

If you have any such relatives or friends connected with law enforcement, have you ever discussed the guilt or innocence of people charged with violating the law?

(8) Have you ever been a police officer or military police officer or worked in a security field either for the state or national government?

REQUESTED VOIR DIRE
OF U.S.A v. Miguel Reyes Garcia
Page 3 of 10

KEN THERRIEN, PLLC
413 North 2nd Street
Yakima, Washington 98901
(509) 457-5991

(9) Do you or do any members of your family know any of the persons who are employed by the government who worked on this case and who will testify in court, and any other witnesses who will testify for the prosecution in this case? (Request the prosecutor to read list of agents and proposed witnesses). United States v. Baldwin, 607 F.2d 1295 (9th Cir. 1979).

(10) Have any of you ever sat as a juror in a civil case? If so:

(a) when?

(b) where?

(c) how often?

(11) Have any of you ever sat as a juror in a criminal case? If so:

(a) when?

(b) Where?

(c) How often?

(d) Did you reach a verdict?

(e) What was the verdict?

(12) Is there anything about the nature of this charge that would make it difficult for you to be fair and impartial as a judge of the facts?

(13) Have you ever served on such a case in which there was an acquittal? If so, did the judge comment on the verdict after it was brought in by the jury? If so, what

REQUESTED VOIR DIRE
OF U.S.A v. Miguel Reyes Garcia
Page 4 of 10

KEN THERRIEN, PLLC
413 North 2nd Street
Yakima, Washington 98901
(509) 457-5991

was said by the judge, and who was the judge involved?

(14) Have any of you ever served on a federal or state grand jury? If so:

    (a)   when?

    (b)   Where?

    (c)   How often?

(15) Have any of you, any members of your immediate family, or friends been a party in a civil action? If so, please explain.

(16) Have any of you, any members of your family, or close personal friends ever testified in a civil or criminal trial or before a grand jury? If so, please explain.

(17) Do you agree with the fact that an indictment is merely a device for setting in motion the presentation of a case to the jury for your individual determination of a person's innocence or guilt; that it is not proof that no unfavorable inference may be drawn against a person merely because he or she is charged with a crime?

(18) How do you feel about our basic constitution presumption that every person charged with a criminal offense is presumed innocent of any crime until proven guilty beyond a reasonable doubt and to a moral certainty? Would you have any difficulty applying this presumption?

(19) Do you realize that the burden of proof is greater for a criminal case than for a civil case? The proof to

REQUESTED VOIR DIRE  
OF U.S.A v. Miguel Reyes Garcia  
Page 5 of 10

KEN THERRIEN, PLLC  
413 North 2nd Street  
Yakima, Washington 98901  
(509) 457-5991

establish the guilt of any person must be beyond a reasonable doubt.

(20) Do you understand that the burden of proof beyond a reasonable doubt rests with the prosecution? Would you require the prosecution to prove each and every element of an offense to a moral certainty and beyond a reasonable doubt?

(21) Do you realize that you must give the defendant the benefit of the presumption of innocence without any mental reservations whatsoever and that you are to consider this presumption of innocence as actual proof of innocence until it is overcome by proof of guilt beyond a reasonable doubt?

(22) Knowing now that the burden of proof is for the prosecution to establish, would you require Miguel Reyes-Garcia at any time to satisfy you as to his innocence?

(23) Do you understand and accept the principle that a defendant in a criminal case is not required to explain his or her side of the case since the burden of proof does, in fact, rest with the prosecution?

(24) If Miguel Reyes-Garcia chose to exercise his constitutional right not to testify, would you consider this to be any indication whatsoever of guilt?

(25) If, after you hear the evidence, you thought that Miguel Reyes-Garcia was probably guilty and you weren't convinced and you thought the evidence showed he

REQUESTED VOIR DIRE
OF U.S.A v. Miguel Reyes Garcia
Page 6 of 10

KEN THERRIEN, PLLC
413 North 2nd Street
Yakima, Washington 98901
(509) 457-5991

was probably guilty – would you nevertheless be able to return a verdict of not guilty in this case?

(26) Do you realize that you are the sole and exclusive judge of the facts and that you are to judge this case solely on the evidence before you and not allow the fear of alter criticism to affect your verdict?

(27) Would any of you change your verdict if a majority of the other jurors believed that a person was guilty and you were in the minority?

(28) Would the fact that you were in the minority influence your vote at all?

(29) Have any of you at this time formed any opinion about the guilt or innocence of Miguel Reyes-Garcia that would require evidence to remove such opinion?

(30) Do you know of any reason, or has anything occurred during this questioning period, that might make you doubtful as to whether you could be a completely fair and impartial juror in this case? If there is, it is now your duty to disclose this.

(31) In deciding whether or not you are going to credit the testimony of a witness, would you consider the witness' conduct on the witness stand, the ability and opportunity to observed, any bias or prejudice, and the probability or improbability of the testimony?

(32) Would any of you tend to give any greater weight or credibility, no matter how slight, to the testimony of a federal agent or prosecution witness merely because

REQUESTED VOIR DIRE
OF U.S.A v. Miguel Reyes Garcia
Page 7 of 10

KEN THERRIEN, PLLC
413 North 2nd Street
Yakima, Washington 98901
(509) 457-5991

they are employees of, or are testifying on behalf of the government? Would you give their testimony greater weight or credibility over that of Miguel Reyes-Garcia or witnesses on his behalf? <u>United States v. Baldwin</u>, 607 F.2d 1295 (9th Cir. 1979).

(33) Do we have your assurance that you will not allow your personal feelings about attorneys to affect your judgment about the innocence of guilt of Miguel Reyes-Garcia?

(34) Is there anything about the Defendant's appearance that causes any of you to prejudge him or to question whether or not you can be fair to him in this case?

(35) Have you ever felt prejudged or labeled? How did that make you feel?

(36) Stereotypes are very common in our society. Have any of you ever heard any stereotypes regarding Mexican people? What have you heard?

(37) How many of you have friends or family members who are Mexican-American? What have your experiences with Mexican-Americans been? Have they been positive or negative?

(38) Imagine that you were a member of a minority group, sitting where the Defendant is sitting, and you discovered that the jury panel was composed of 12 identical clones of yourself. Would you feel that you were going to get a fair trial? Why or why not?

REQUESTED VOIR DIRE
OF U.S.A v. Miguel Reyes Garcia
Page 8 of 10

KEN THERRIEN, PLLC
413 North 2nd Street
Yakima, Washington 98901
(509) 457-5991

(39) Do you believe there is a perception or concern that most crime is caused by a particular group of people, such as people of a specific age or race or other background? How do you feel about this yourself? Are your feelings in this regard strong ones?

DATED this 27th day of September.

             *s/ Ken Therrien*
             KEN THERRIEN, WSBA #20291
             Attorney for Miguel Reyes-Garcia

REQUESTED VOIR DIRE
OF U.S.A v. Miguel Reyes Garcia
Page 9 of 10

**KEN THERRIEN, PLLC**
413 North 2nd Street
Yakima, Washington 98901
(509) 457-5991

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury of the laws of the State of Washington that on September 27, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Stephanie Van Marter, Assistant United States Attorney.

*s/ Ken Therrien*
KEN THERRIEN, WSBA #20291
Attorney for Miguel Reyes Garcia
413 North 2nd Street
Yakima, WA  98901
(509) 457-5991
Fax:  (509) 457-6197

REQUESTED VOIR DIRE
OF U.S.A v. Miguel Reyes Garcia
Page 10 of 10

**KEN THERRIEN, PLLC**
413 North 2nd Street
Yakima, Washington 98901
(509) 457-5991