Peter S. Schweda
Waldo, Schweda & Montgomery, P.S.
2206 North Pines Road
Spokane, WA 99206
509/924-3686
Fax:  509/922-2196
pschweda@wsmattorneys.com

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 4:15-cr-6049-EFS-16 |
| Plaintiff, | ) ) ) | DEFENDANT EDGAR OMAR HERRERA FARIAS' PROPOSED JURY INSTRUCTIONS |
| vs. | ) ) | |
| EDGAR OMAR HERRERA FARIAS, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

RESPECTFULLY submitted this 26th day of September 2018.


WALDO, SCHWEDA
& MONTGOMERY, P.S.
By: /s/ Peter S. Schweda _____
PETER S. SCHWEDA
Attorney for Defendant Herrera Farias

*DEFENDANT'S PROPOSED JURY INSTRUCTIONS - 1*

*Waldo, Schweda & Montgomery, P.S.*
*2206 North Pines Road*
*Spokane, WA 99206*
*509/924-3686*
*Fax:  509/922-2196*

## *CERTIFICATE OF SERVICE*

I HEREBY CERTIFY that on September 26, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Joseph H. Harrington
Acting United States Attorney
Eastern District of Washington
Stephanie Van Marter
Caitlin Baunsgard
Assistant United States Attorney
Eastern District of Washington
300 United States Courthouse
PO Box 1494
Spokane, WA 99210

By: /s/ KATHLEEN SCHROEDER
    Legal Assistant to Peter S. Schweda

Defendant's Proposed Instruction No. 1

A defendant in a criminal case has a constitutional right not to testify. You may not draw any inference of any kind from the fact that the defendant did not testify.

9th Cir. Model Jury Instruction 3.3

Defendant's Proposed  Instruction No. 2

The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

9th Cir. Model Jury Instruction 3.4

Defendant's Proposed Instruction No. 3

The law presumes a defendant to be innocent of the crime.  Thus, a defendant, although accused, begins the trial with a "clean slate" – with no evidence against him.  And, the law permits nothing, but legal evidence presented to the jury to be considered in support of the charge against the accused.  So the presumption of innocence alone is sufficient to acquit a defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

It is not required that the government prove guilt beyond all possible doubt.  The test is one of reasonable doubt.  A reasonable doubt is based upon reason and common sense – the kind of doubt that would make a reasonable person hesitate to act.  Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

The jury will remember that a defendant is never convicted on mere suspicion or conjecture.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt.  This burden never shifts to a defendant; for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

So, if the jury, after careful and impartial consideration of all the evidence in the case, has a reasonable doubt that a defendant is guilty of the charge, it must acquit.  If the jury views the evidence in the case as reasonably permitting either of two conclusions – one of reasonable doubt, the other of guilt – the jury must, of course, adopt the conclusion of reasonable doubt and find the defendant not guilty.

Devitt and Blackmar, 3d Ed., § 11.14 (1977) (modified to change the word "innocence" to "reasonable doubt" in the last sentence and change the words "adopt the conclusion of innocence" to include the words "adopted the conclusion of reasonable doubt and find the defendant not guilty").

Defendant's Proposed Instruction No. 4

The crime of conspiracy to distribute a controlled substance, in this case 500 grams or more of a mixture or substance containing a detectable amount of Methamphetamine, 5 kilograms or more of Cocaine, 1 kilogram or more of Heroin and 400 grams or more of N-phenyl-N Propenamide, requires proof beyond a reasonable doubt that the defendants had a specific mental intent to join the conspiracy charged before the defendant may be convicted of Count 1.

You are instructed that specific intent, as the term implies, means more than a general intent to commit an unlawful act.  To establish specific intent, the government must prove that the defendant knowingly did an act which the law forbids, purposely intending to violate the law.

Manual of Model Criminal Jury Instructions, 5.4, comment.  ("The Ninth Circuit has stated: 'Both the manual [on jury trial procedures] accompanying the Model Instructions and our case law discourage the use of generic intent instructions.'" United States v. Bell, 303 F.3d 1187, 1191 (9th Cir.2002).  The 'preferred practice' is to give an intent instruction that reflects the intent requirements of the offense charged."  Id.); and Devitt and Blackmar, 3d Ed., § 14.03 (1977).

Defendant's Proposed Instruction No. 5

A defendant's mere knowledge, approval of, or acquiescence in the object or purpose of a conspiracy, without the specific intent and agreement to accomplish a specific illegal objective, is not sufficient to find a defendant guilty of conspiracy.

United States v. Lennick, 18 F.3d 814, 818 (9th Cir. 1994) (citing United States v. Melchor-Lopez, 627 F.2d 886, 891 (9th Cir.1980)).

Defendant's Proposed Instruction No. 6

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crime of conspiracy in Count 1 of the Second Superseding Indictment. The defendant must be a participant and not merely a knowing spectator. The defendant's presence may be considered by the jury along with other evidence in the case.

Ninth Circuit Model Criminal Jury Instruction 6.10

Defendant's Proposed Instruction No. 7

Evidence that a defendant sold a controlled substance to other individuals is not sufficient to establish a conspiracy to distribute the controlled substance. Rather, the government must prove beyond a reasonable doubt the defendant had an agreement with another to commit the crime of conspiracy charged in Count 1 of the Second Superseding Indictment beyond the defendants committing the crime that consists of the sale itself.

United States v. Lennick, 18 F.3d 814, 819 (9th Cir. 1994) ("As most circuits have held, proof that a defendant sold drugs to other individuals does not prove the existence of a conspiracy.)  (citing United States v. Lechuga, 994 F.2d 346, 347-50 (7th Cir. 1993) (en banc); and United States v. Horn, 946 F.2d 738, 740-41 (10th Cir.1991)).  Were the rule otherwise, every narcotics sale would constitute a conspiracy.  Lennick, 18 F.3d at 819 ("the government must show not only that Lennick gave drugs to other people knowing that they would further distribute them, but also that he had an agreement with these individuals to so further distribute the drug.").

Defendant's Proposed Instruction No. 8

A defendant cannot be legally bound to a conspiracy unless the government proves beyond a reasonable doubt that the defendant's  understanding with co-conspirators were of sufficient scope to warrant the conclusion that the defendant embraced the common purpose of the conspiracy.  You should consider the defendant's degree of knowledge, actual or constructive, of the scope of the overall conspiracy, and consider the extent to which the defendant's own benefits depended on the success of the entire venture.

United States v. Umagat, 998 F.2d 770, 772-73 (9th Cir. 1993) (citing United States v. Bibbero, 749 F.2d 581, 588 (9th Cir.1984); United States v. Brown, 912 F.2d 1040, 1043 (9th Cir.1990)).

Defendant's Proposed Instruction No. 9

A defendant cannot be held criminally responsible for an overall conspiracy to distribute a controlled substance of which he was ignorant and upon which his own benefits did not depend. A defendant who has only a minor role is not a central igure in an overall drug distribution conspiracy.  Therefore, you must find a defendant not guilty of Count 1, conspiracy to distribute a controlled substance, if you find the defendant played a minor role in that he did not know and cannot be deemed to have known of the overall conspiracy.

United States v. Umagat, 998 F.2d 770, 774 (9th Cir. 1993).

Defendant's Proposed Instruction No. 10

Membership in a conspiracy may not be inferred merely because of family relationships or because of friendship or any other associations between alleged coconspirators.  A defendant may not be found guilty by association of violation of the conspiracy laws.

United States v. Ritz, 548 F.2d 510, 522 (5th Cir. 1977) ("as to the conspiracy charge, everyone knows that guilt of a conspiracy cannot be proven solely by family relationship or other type of close association.") (citing Causey v. United States, 352 F.2d 203 (5th Cir. 1965); United States v. Tyler, 505 F.2d 1329 (5th Cir. 1975); United States v. Martinez, 486 F.2d 15 (5th Cir. 1973); and United States v. Armone, 363 F.2d 385 (2d Cir. 1966)).

Defendant's Proposed Instruction No. 11

You must decide whether the conspiracy charged in the indictment existed, and, if it did, who at least some of its members were. If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you may find that some other conspiracy existed.  Similarly, if you find that any defendant was not a member of the charged conspiracy, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.

Ninth Circuit Model Criminal Jury Instruction 8.22 (Comment, "Use this instruction when the indictment charges a single conspiracy and the evidence indicates two or more possible conspiracies.").  See United States v. Perry, 550 F.2d 524, 533 (9th Cir.1997).

Defendant's Proposed Instruction No. 12

The Indictment in Count 1 charges a conspiracy that spanned from the year 2010 and continuously operated thereafter up through and including December 6, 2016. The Indictment also charges twenty-four (24) defendants as members of this overall conspiracy.

In order to convict any defendant of the conspiracy as charged in Count 1, the jury must be unanimous as to the duration of the conspiracy. All of you must agree that the government has proved beyond a reasonable doubt the duration of the conspiracy charged in Count 1 and agree on the dates upon which the conspiracy as charged operated. If you are unable to unanimously agree on the duration of conspiracy charged in Count 1, then you must find each of the defendants not guilty.

In order to convict any defendant of the conspiracy charged in Count 1, the jury must be unanimous that the conspiracy was to distribute at least or more of the following controlled substances:  500 grams or more of a mixture or substance containing a detectable amount of Methamphetamine, 5 kilograms or more of Cocaine, 1 kilogram or more of Heroin and 400 grams or more of N-phenyl-N Propenamide. All of you must agree that the Government has proved beyond a reasonable doubt that the stated minimum amount of controlled substances or more were the object of the conspiracy as charged. If you are unable to unanimously agree that the stated minimum amount of controlled substances were the object of the conspiracy charged

in Count 1, then you must find each of the defendants not guilty.

Ninth Circuit Model Jury Instruction 7.9 (citing United States v. Echeverry, 719 F.2d 974, 975 (9th Cir. 1983) (unanimity instruction regarding duration of conspiracy charged should have been given in light of proof of multiple conspiracies).  "[A] specific unanimity instruction is appropriate 'where the complex nature of the evidence, a discrepancy between the evidence and the indictment, or some other particular factor creates a genuine possibility of juror confusion.'"  United States v. Payseno, 782 F.2d 832, 836 (9th Cir. 1986).

Defendant's Proposed Instruction No. 13

You have heard evidence that the defendant has previously been convicted of a crime. You may consider that evidence only as it may affect the defendant's believability as a witness. You may not consider a prior conviction as evidence of guilt of the crime for which the defendant is now on trial.

9th Cir. Model Jury Instruction 4.6

Defendant's Proposed Instruction No. 14

You have heard testimony from ███████████████████████ ███████, a witness who received benefits, compensation and favored treatment from the government in connection with this case;

admitted being an accomplice to the crime charged. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime;

pleaded guilty to a crime arising out of the same events for which the defendant is on trial.  This guilty plea is not evidence against the defendant, and you may consider it only in determining this witness's believability.

For these reasons, in evaluating the testimony of ████████████ ████████████████████, you should consider the extent to which or whether his testimony may have been influenced by any of these factors.  In addition, you should examine the testimony of ████████████████████████ with greater caution than that of other witnesses.

9th Cir. Model Jury Instruction 4.9

Defendant's Proposed Instruction No. 15

You have heard testimony from ███████████████████████, a witness who received benefits, compensation and favored treatment from the government in connection with this case;

admitted being an accomplice to the crime charged. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime;

pleaded guilty to a crime arising out of the same events for which the defendant is on trial. This guilty plea is not evidence against the defendant, and you may consider it only in determining this witness's believability.

For these reasons, in evaluating the testimony of ███████████████████ ██████████, you should consider the extent to which or whether her testimony may have been influenced by any of these factors. In addition, you should examine the testimony of ██████████████████████████ with greater caution than that of other witnesses.

9th Cir. Model Jury Instruction 4.9

Defendant's Proposed Instruction No. 16

You have heard testimony from ███████████████████████████████,
a witness who received benefits, compensation and favored treatment from the
government in connection with this case;

admitted being an accomplice to the crime charged. An accomplice is one who
voluntarily and intentionally joins with another person in committing a crime;

pleaded guilty to a crime arising out of the same events for which the defendant
is on trial.  This guilty plea is not evidence against the defendant, and you may
consider it only in determining this witness's believability.

For these reasons, in evaluating the testimony of ██████ ████████████
███████████████, you should consider the extent to which or whether his testimony
may have been influenced by any of these factors.  In addition, you should examine
the testimony of ██████████████████████████████ with greater caution
than that of other witnesses.

9th Cir. Model Jury Instruction 4.9

Defendant's Proposed Instruction No. 17

You have heard testimony from ██████, a witness who received benefits, compensation and favored treatment from the government in connection with this case;

admitted being an accomplice to the crime charged. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime;

pleaded guilty to a crime arising out of the same events for which the defendant is on trial.  This guilty plea is not evidence against the defendant, and you may consider it only in determining this witness's believability.

For these reasons, in evaluating the testimony of ██████, you should consider the extent to which or whether her testimony may have been influenced by any of these factors.  In addition, you should examine the testimony of ██████ with greater caution than that of other witnesses.

9th Cir. Model Jury Instruction 4.9

Defendant's Proposed Instruction No. 18

You have heard testimony from ████████████, a witness who received benefits, compensation and favored treatment from the government in connection with this case;

admitted being an accomplice to the crime charged. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime;

pleaded guilty to a crime arising out of the same events for which the defendant is on trial.  This guilty plea is not evidence against the defendant, and you may consider it only in determining this witness's believability.

For these reasons, in evaluating the testimony of ████████████, you should consider the extent to which or whether his testimony may have been influenced by any of these factors.  In addition, you should examine the testimony of ████████████ with greater caution than that of other witnesses.

9th Cir. Model Jury Instruction 4.9

Defendant's Proposed Instruction No. 19

You have heard testimony from ██████████████████, a witness who received benefits, compensation and favored treatment from the government in connection with this case;

admitted being an accomplice to the crime charged. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime;

pleaded guilty to a crime arising out of the same events for which the defendant is on trial. This guilty plea is not evidence against the defendant, and you may consider it only in determining this witness's believability.

For these reasons, in evaluating the testimony of ██████████████████, you should consider the extent to which or whether his testimony may have been influenced by any of these factors. In addition, you should examine the testimony of ██████████████████ with greater caution than that of other witnesses.

9th Cir. Model Jury Instruction 4.9

Defendant's Proposed Instruction No. 20

You have heard testimony from ██████████████████████, a witness who received benefits, compensation and favored treatment from the government in connection with this case;

admitted being an accomplice to the crime charged. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime;

For these reasons, in evaluating the testimony of ████ ██████████████, ██████, you should consider the extent to which or whether his testimony may have been influenced by any of these factors.  In addition, you should examine the testimony of ██████████████████ with greater caution than that of other witnesses.

9th Cir. Model Jury Instruction 4.9

Defendant's Proposed Instruction No. 21

The government has failed to produce a witness whose testimony would have been material to an issue in this case.  You are allowed to infer that the testimony would have been favorable to the defendant.

9th Cir. Model Jury Instruction No. 4.13

Defendant's Proposed Instruction No. 22

You [have heard] [are about to hear] testimony from [name] who [testified] [will testify] to opinions and the reasons for [his] [her] opinions.  This opinion testimony is allowed because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

9th Cir. Model Jury Instruction 4.14

Defendant's Proposed Instruction No. 23

You [have heard] [are about to hear] testimony from [name] who [testified] [will testify] to both facts and opinions and the reasons for [his] [her] opinions.

Fact testimony is based on what the witness saw, heard or did.  Opinion testimony is based on the education or experience of the witness.

As to the testimony about facts, it is your job to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  [Take into account the factors discussed earlier in these instructions that were provided to assist you in weighing the credibility of witnesses.]

As to the testimony about the witness's opinions, this opinion testimony is allowed because of the education or experience of this witness.  Opinion testimony should be judged like any other testimony.  You may accept all of it, part of it, or none of it.  You should give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

9th Cir. Model Jury Instruction 4.15

Defendants Proposed Instruction No. 24

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case.  These charts and summaries were not admitted into evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

9th Cir. Model Jury Instruction 4.16

Defendant's Proposed Instruction No. 25

Certain charts and summaries have been admitted into evidence.  Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

9th Cir. Model Jury Instruction 4.17

Defendant's Proposed Instruction No. 26

The defendant is charged in Count 1of the Second Superseding Indictment with conspiring to distribute at least or more of the following controlled substances:  500 grams or more of a mixture or substance containing a detectable amount of Methamphetamine, 5 kilograms or more of Cocaine, 1 kilogram or more of Heroin and 400 grams or more of N-phenyl-N Propenamide in violation of Section 846 of Title 21 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about 2010, and ending on or about December 6, 2016, there was an agreement between two or more persons to commit at least one crime as charged in the Second Superseding Indictment; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

"To distribute" means to deliver or transfer possession of 500 grams or more of a mixture or substance containing a detectable amount of Methamphetamine, 5 kilograms or more of Cocaine, 1 kilogram or more of Heroin and 400 grams or more of N-phenyl-N Propenamide to another person, with or without any financial interest in the transactions.

A conspiracy is a kind of criminal partnership—an agreement of two or more

persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy.

The government is not required to prove that the defendant personally did one of the overt acts.

9th Cir. Model Jury Instruction 8.20

Defendant's Proposed Instruction No. 27

Once a person becomes a member of a conspiracy, that person remains a member until that person withdraws from it.  One may withdraw by doing acts which are inconsistent with the purpose of the conspiracy and by making reasonable efforts to tell the co-conspirators about those acts.  You may consider any definite, positive step that shows that the conspirator is no longer a member of the conspiracy to be evidence of withdrawal.

If you find that the government has proved beyond a reasonable doubt each element of a conspiracy and that the defendant was a member of the conspiracy, the burden is on the defendant to prove by a preponderance of the evidence that he withdrew from the conspiracy before the overt act—on which you all agreed—was committed by some member of the conspiracy.  A preponderance of the evidence means that you must be persuaded that the things the defendant seeks to prove are more probably true than not true.  This is a lesser burden of proof than the government's burden to prove beyond a reasonable doubt each element of the conspiracy and that the defendant was a member of the conspiracy.

If you find that the defendant withdrew from the conspiracy, you must find the defendant not guilty of conspiracy to distribute at least or more of the following controlled substances:  500 grams or more of a mixture or substance containing a detectable amount of Methamphetamine, 5 kilograms or more of

Cocaine, 1 kilogram or more of Heroin and 400 grams or more of N-phenyl-N

Propenamide.

9th Cir. Model Jury Instruction 8.24

Defendant's Proposed Instruction No. 28

Evidence has been admitted that the defendant was not present at the time and place of the commission of the crime charged in the indictment. The government has the burden of proving beyond a reasonable doubt the defendant was present at that time and place. The defendant does not have the burden of proving an alibi defense, nor does the defendant have to convince you that he was not present at the time and place of the commission of the crime.

If, after consideration of all the evidence, you have a reasonable doubt that the defendant was present at the time the crime was committed, you must find the defendant not guilty.

9th Cir. Model Jury Instruction 6.1

Defendant's Proposed Instruction No. 29

An act is done knowingly if the defendant is aware of the act and does not act or fail to act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

9th Cir. Model Jury Instruction 5.7

Defendant's Proposed Instruction No. 30

The evidence you are to consider in deciding what the facts are consists of:

(1)     the sworn testimony of any witness; and

(2)     the exhibits received in evidence; and

(3)     any facts to which the parties have agreed.

9th Cir. Model Jury Instruction 3.6

Defendant's Proposed Instruction No. 31

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

1.  Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.  Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3.  Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

9th Cir. Model Jury Instruction 3.7

Defendant's Proposed Instruction No. 32

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

9th Cir. Model Jury Instruction 3.8

Defendant's Proposed Instruction No. 33

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully

about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

9th Cir. Model Jury Instruction 3.9

Defendant's Proposed Instruction No. 34

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

9th Cir. Model Jury Instruction 3.10

Defendant's Proposed Instruction No. 35

A separate crime is charged against one or more of the defendants in each count.  The charges have been joined for trial.  You must decide the case of each defendant on each crime charged against that defendant separately.  Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All the instructions apply to each defendant and to each count unless a specific instruction states that it applies only to a specific [defendant] [count].

9th Cir. Model Jury Instruction 3.13

Defendant's Proposed Instruction No. 36

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

9th Cir. Model Jury Instruction 3.15