Joseph H. Harrington
United States Attorney
Eastern District of Washington
Stephanie Van Marter
Assistant United States Attorney
Caitlin Baunsgard
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone:  (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

            Plaintiff,

     vs.

BRITTANY LEE ZARAGOZA (10),
EDGAR OMAR HERRERA FARIAS
(16),
MIGUEL REYES GARCIA,

            Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

4:15-CR-6049-EFS

PROPOSED JURY
INSTRUCTIONS

        Plaintiff, United States of America, by and through Joseph H. Harrington,

United States Attorney, for the Eastern District of Washington, and Stephanie Van

Marter, and Caitlin Baunsgard, Assistant United States Attorneys for the Eastern

District of Washington, submits the following proposed Jury Instructions.

        Per the Court's Order, the parties conferred regarding the proposed jury

instructions.  Below are the proposed jury instructions submitted by the United States,

as well as an articulation of defendant's objections thereto.  Defendant FARIAS filed

United States Proposed Jury Instructions - 1

his own set of jury instructions.  Counsel for the other defendants have indicated their adoption of some of those proposed jury instructions.  The United States has attempted to organize the various submittals and objections below.

Additionally, Defendant Reyes-Garcia advised he intends to submit a multiple conspiracy instruction pursuant to Model Instruction 8.22.  The United States has no objection to that model instruction.  The United States is not aware of any other defense counsel taking a position on Defendant Reyes-Garcia's proposed additional instruction.

| United States' Proposed 9th Cir. Model Jury Instruction | Zaragoza | Reyes-Garcia | Herrera-Farias |
|---|---|---|---|
| 2.16 | | | |
| 3.2 | | | Objection – Would like Def. Proposed Instruction 3 |
| 3.3 | | | |
| 3.4 | | | |
| 3.5 | | | Objections – Would like Def. Proposed Instruction 3 |
| 3.6 | | | |
| 3.7 | | | |
| 3.8 | | | |
| 3.9 | | | |
| 3.10 | | | |
| 3.11 | | | |
| 3.13 | | | |
| 3.17 | | | |
| 3.18 | | | |
| 3.19 | | | |
| 4.9 | | | |
| 4.10 | | | Objection  - Entrapment not an issue |
| 4.14 | | | |
| 4.16 | | | |
| 4.17 | | | |
| 5.7 | | | |
| 7.4 | | | Objection – punishment relevant due to cooperating |

| | | | defendants testifying |
|---|---|---|---|
| 8.23 | | | Objection – wants the word "probable" deleted |
| 8.25 | Objection | | Objection – *Pinkerton* does not apply because Def. is not charged with substantive offense |
| 8.147 | Objection | | |
| 9.16 | | | |
| 9.19 | | | Objection – Def. contends client is charged with 371 conspiracy not an 846 conspiracy |
| Conspiracy Money Laundering | | | |

As outlined in the United States' trial brief, the United States submits the 9th Cir. Model Jury Instructions should apply. The United States therefore objects to Defendant Farias's proposed instructions that are contrary to the 9th Cir. Model Jury Instructions (2018).

| Defendant Farias Proposed Instructions | Zaragoza | Reyes-Garcia |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | Joins in Request | Joins in Request |
| 4 | | Joins in Request |
| 5 | | Joins in Request |
| 7 | | Joins in Request |
| 8 | | |
| 9 | | Joins in Request |
| 10 | | Joins in Request |
| Etc. | | |

The parties respectfully request leave to submit such additional or supplemental instructions as may be deemed necessary prior to or during the trial of this case and

United States Proposed Jury Instructions - 3

reserve the right to contest the final jury instructions prior to the Court charging the jury.

Dated: October 1, 2018.

Joseph H. Harrington
United States Attorney


*s/ Stephanie Van Marter*
Stephanie Van Marter
Assistant United States Attorney

*s/ Caitlin Baungard*
Caitlin Baunsgard
Assistant United States Attorney


## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Victor Lara, vh_lara@hotmail.com
Peter Steven Schweda, pschwed@wamattorneys.com
Kenneth D. Therrien, kentherrien@msn.com, jmora.ktlaw@outlook.com


*s/ Stephanie Van Marter*

Stephanie Van Marter
Assistant United States Attorney

## JURY INSTRUCTION NO. 1

For reasons that do not concern you, the case against some codefendants and others are not before you.  Do not speculate why.  This fact should not influence your verdict(s) with reference to the remaining defendants, and you must base your verdict solely on the evidence against the remaining defendants.

_____

Manuel of Criminal Jury Instructions – <u>Ninth Circuit</u> – 2018, Section 2.16

# JURY INSTRUCTION NO. 2

The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charges beyond a reasonable doubt.

_____

Manuel of Criminal Jury Instructions – Ninth Circuit – 2018, Section 3.2.

## JURY INSTRUCTION NO. 3

A defendant in a criminal case has a constitutional right not to testify. You may not draw any inference of any kind from the fact that the defendant did not testify.

_____

Manuel of Criminal Jury Instructions – Ninth Circuit – 2018, Section 3.3

## JURY INSTRUCTION NO. 3  (ALTERNATE)

The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

_____

Manuel of Criminal Jury Instructions – <u>Ninth Circuit</u> – 2018, Section 3.4

# JURY INSTRUCTION NO. 4

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

_____

Manuel of Criminal Jury Instructions – <u>Ninth Circuit</u> – 2018, Section 3.5.

# JURY INSTRUCTION NO. 5

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.

---

Manual of Criminal Jury Instructions – <u>Ninth Circuit</u> – 2018, Section 3.6.

# JURY INSTRUCTION NO. 7

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

(1) Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, [will say in their] closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

(2) Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

(3) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

_____

Manual of Criminal Jury Instructions – <u>Ninth Circuit</u> – 2018, Section 3.7.

# JURY INSTRUCTION NO. 8

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

_____

Manual of Criminal Jury Instructions – <u>Ninth Circuit</u> – 2018, Section 3.8.

### JURY INSTRUCTION NO. 9

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified unthruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things, but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

_____

Manual of Criminal Jury Instructions – <u>Ninth Circuit</u> – 2018, Section 3.9..

1

## JURY INSTRUCTION NO. 10____

2      You are here only to determine whether the defendant is guilty or not

3  guilty of the charges in the Indictment. The defendant is not on trial for any

4  conduct or offense not charged in the Indictment.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  _____

26  Manuel of Criminal Jury Instructions – <u>Ninth Circuit</u> – 2018, Section 3.10

27

28

**JURY INSTRUCTION NO. 11**

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

---

Manuel of Criminal Jury Instructions – <u>Ninth Circuit</u> – 2018, Section 3.11.

**JURY INSTRUCTION NO. 12**

A separate crime is charged against one or more of the defendants in each count. The charges have been joined for trial. You must decide the case of each defendant on each crime charged against that defendant separately. Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All the instructions apply to each defendant and to each count unless a specific instruction states that it applies only to a specific defendant or count.

---

Manuel of Criminal Jury Instructions – <u>Ninth Circuit</u> – 2018, Section 3.13.

# JURY INSTRUCTION NO. 13

You have heard testimony of a witness who testified in the Spanish language. Witnesses who do not speak English or are more proficient in another language testify through an official interpreter. Although some of you may know the Spanish language, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

You must not make any assumptions about a witness or a party based solely on the fact that an interpreter was used.

_____

Manual of Criminal Jury Instructions – <u>Ninth Circuit</u> – 2018, Section 3.17.

**JURY INSTRUCTION NO. 14**

The second superseding indictment charges that the offenses alleged in Counts 1, 2, 12 and 14 were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in Counts 1, 2, 12 and 14 of the second superseding indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

_____

Manuel of Criminal Jury Instructions – <u>Ninth Circuit</u> – 2018, Section 3.18

# JURY INSTRUCTION NO. 15

The Spanish language has been used during this trial.

The evidence you are to consider is only that provided through the official court interpreter. Although some of you may know the non-English language, it is important that all jurors consider the same evidence. Therefore, you must accept the evidence presented in the English interpretation and disregard any different meaning.

_____

Manual of Criminal Jury Instructions – <u>Ninth Circuit</u> – 2018, Section 3.19.

**JURY INSTRUCTION NO. 16**

You have heard testimony from the following cooperating defendant: [*names to be provided after testimony*] who:

pleaded guilty to a crime arising out of the same events for which the defendant is on trial.  This guilty plea is not evidence against the defendant, and you may consider it only in determining this witness's believability.

For this reason, in evaluating the testimony of these witnesses, you should consider the extent to which or whether their testimony may have been influenced by this factor.  In addition, you should examine this testimony with greater caution than that of other witnesses.

_____

Manuel of Criminal Jury Instructions – <u>Ninth Circuit</u> – 2018, Section 4.9

**JURY INSTRUCTION NO. 18**

You have heard testimony from an informant who was involved in the government's investigation in this case. Law enforcement officials may engage in stealth and deception, such as the use of informants and undercover agents, in order to investigate criminal activities. Undercover agents and informants may use false names and appearances and assume the roles of members in criminal organizations.

Manuel of Criminal Jury Instructions – <u>Ninth Circuit</u> – 2018, Section 4.10

**JURY INSTRUCTION NO. 19**

You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for their opinions.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Manuel of Criminal Jury Instructions – <u>Ninth Circuit</u> – 2018, Section 4.14

**JURY INSTRUCTION NO. 20**

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case. These charts and summaries were not admitted into evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

—————

Manuel of Criminal Jury Instructions – <u>Ninth Circuit</u> – 2018, Section 4.16

## JURY INSTRUCTION NO. 21

Certain charts and summaries have admitted into evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

---

Manuel of Criminal Jury Instructions – <u>Ninth Circuit</u> – 2018, Section 4.17

**JURY INSTRUCTION NO. 22**

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that the acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

_____

Manual of Criminal Jury Instructions – <u>Ninth Circuit</u> – 2018, Section 5.7

**JURY INSTRUCTION NO.   23**

The punishment provided by law for this crime is for the Court to decide.  You may not consider punishment in deciding whether the Government has proved its case against the Defendant beyond a reasonable doubt.

Manuel of Criminal Jury Instructions – <u>Ninth Circuit</u> – 2018, Section 7.4

1

**JURY INSTRUCTION NO. 24**

A conspiracy may continue for a long period of time and may include the performance of many transactions.  It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

_____

Manual of Criminal Jury Instructions – <u>Ninth Circuit</u> – 2018, Section 8.23

**JURY INSTRUCTION NO. 25**

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

_____

_____

Manual of Criminal Jury Instructions – <u>Ninth Circuit</u> – 2018, Section 8.25

## JURY INSTRUCTION NO. 26

The defendant, Brittney Lee Zaragoza, is charged in Counts 2, 12 and 14 of the second superseding indictment with laundering money in violation of Section 1956(a)(1)(B) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant conducted a financial transaction involving property that represented the proceeds of a specified unlawful activity, that is, conspiracy to distribute controlled substances;

Second, the defendant knew that the property represented the proceeds of some form of unlawful activity;

Third, the defendant knew that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership or control of the proceeds; and

A financial transaction is a transaction involving the movement of funds by wire or other means that or through the use of a financial institution that is engaged in, or the activities of which affect[s] interstate or foreign commerce in any way.

The phrase "knew that the property represented the proceeds of some form of unlawful activity" means that the defendant knew that the property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constitutes a felony. I instruct you that Conspiracy to Distribute and Distribution of a Controlled Substance is a felony.

Proceeds means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity.

_____

Model Crim. Jury Instr. 9th Cir. 8.147 (2018), Model Crim. Jury Instr. 9th Cir. 8.147 (2018)

18 U.S.C. § 1956(c)(9) (subsection (c)(9) was added by Pub. L. 111-21, 123 Stat. 1618).

**JURY INSTRUCTION NO. 27**

If you find the defendants Edgar Omar Herrera Farias, and Miguel Reyes Garcia guilty of the charge in Count 1 of the second superseding indictment, you are then to determine whether the government proved beyond a reasonable doubt that:

1)      the amount of mixture or substance containing methamphetamine relevant to the conspiracy equaled or exceeded 500 grams of a detectable amount of methamphetamine;

2)      the amount of mixture or substance containing cocaine relevant to the conspiracy equaled or exceeded 5 kilograms of cocaine;

3)      the amount of mixture or substance containing heroin relevant to the conspiracy equaled or exceeded 1 kilogram of heroin, or

4)      the amount of mixture or substance containing N-phenyl-N propanamide relevant to the conspiracy equaled or exceeded 400 grams of N-phenyl-N propanamide.

Your determination of weight must not include the weight of any packaging material. Your decision as to weight must be unanimous. The government does not have to prove that the defendant knew the type or quantity of the controlled substances.

_____

Manual of Criminal Jury Instructions – <u>Ninth Circuit</u> – 2018, Section 9.16; *see also* case cite in comment *United States v. Soto-Zuniga*, 837 F.3d 992, 1004-1005 (9th Cir. 2016) (knowledge of type and quantity of drugs not element of offense)

# JURY INSTRUCTION NO. 28

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object or purpose of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

---

Manuel of Criminal Jury Instructions – <u>Ninth Circuit</u> – 2018, Section 9.19.

# JURY INSTRUCTION NO. 29

The defendants Edgar Omar Herrera Farias and Miguel Reyes Garcia are charged in Count 1 of the second superseding indictment with conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, 5 kilograms or more of cocaine, 1 kilogram or more of heroin, and 400 grams or more of N-phenyl-N propanamide (hereafter Fentanyl), in violation of 21 U.S.C. §§ 846, 841(a), (b)(1)(A)(i), (ii)(I), (vi), and (viii).   In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

*First*, beginning on a date unknown, but by on or about January 2010, continuing until on or about December 6, 2016, there was an agreement between two or more persons to distribute methamphetamine or cocaine or heroin or Fentanyl; and

*Second* , the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

"To distribute" means to deliver or transfer possession of methamphetamine to another person, with or without any financial interest in that transaction.

"Methamphetamine" is a Schedule II Controlled Substance.

"Cocaine" is a Schedule II Controlled Substance.

"Heroin" is a Schedule I Controlled Substance.

"Fentanyl is a Schedule II Controlled Substance

_____

Manuel of Criminal Jury Instructions – <u>Ninth Circuit</u> – 2018, Section 9.19;  *See also* 21 U.S.C. § 812(c).

# JURY INSTRUCTION NO. 30

The defendant, Brittney Lee Zaragoza, is charged in Count 2 of the second superseding indictment with Consiracy to Commit Money Laundering or International Money Laundering, in violation of Section 1956(a)(h) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

*First*, beginning on a date unknown but by on or about January 2010 and continuing until March 2017, in the Eastern District of Washington and elsewhere, the Defendant entered into an agreement with one or more persons to commit the crime of Money Laundering or International Money Laundering, in violation of 18 U.S.C. § 1956(a)(1)and (a)(2), as charged in the Second Superseding Indictment; and

*Second*, the Defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan — and voluntarily joined in the plan on at least one occasion — that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy. Also a person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

The elements of Money Laundering, in violation of 18 U.S.C. §1956(a)(1)(B) are as follows:

First, the Defendant conducted or caused to be conducted a financial transaction involving property that represented proceeds of the Conspiracy to and Distribution of Controlled Substances;

Second, the Defendant knew that the property represented proceeds of some form of unlawful activity;

Third, the Defendant knew that the transaction was designed in whole or in part to disguise the nature, location, source, ownership or control of the proceeds with the intent to promote the specified unlawful activity.

The elements of International Money Laundering, in violation of 18 U.S.C. 1956(a)(2) are as follows:

*First,* the Defendant knowingly transferred or caused to be transferred money from a place outside the United States to a place inside the United States;  and

*Second,* the Defendant acted with the intent to promote the conspiracy to and distribution of controlled substances.

Model Crim. Jury Instr. 9th Cir. 8.147 (2018), Model Crim. Jury Instr. 9th Cir. 8.147 (2018)

Pattern Crim. Jury Instr. 11th Cir. OI O74.5 (2016), Pattern Crim. Jury Instr. 11th Cir. OI O74.5 (2016)

_____

Manuel of Criminal Jury Instructions – Ninth Circuit – 2010, Section 8.148