1  Joseph H. Harrington
   United States Attorney
2  Eastern District of Washington
   Stephanie Van Marter
3  Caitlin Baunsgard
   Assistant United States Attorneys
4  Post Office Box 1494
   Spokane, WA 99210-1494
5  Telephone:  (509) 353-2767
6

7

8

9              UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF WASHINGTON
10

11 UNITED STATES OF AMERICA,           )
                                        )   4:15-CR-6049-EFS-16
12             Plaintiff,               )
                                        )
13     vs.                              )   UNITED STATES'
                                        )   CONSOLIDATED RESPONSE TO
14                                      )   DEFENDANT'S MOTION TO
   EDGAR OMAR HERRERA FARIAS,           )   SUPPRESS AND MOTION IN
15                                      )   LIMINE TO EXCLUDE EVIDENCE
                                        )
16             Defendant.               )

17

18         Plaintiff, United States of America, by and through, Joseph H. Harrington,

19 United States Attorney for the Eastern District of Washington, and Stephanie Van
20
   Marter and Caitlin Baunsgard, Assistant United States Attorneys for the Eastern
21
   District of Washington, submits the following response to the Defendant's Motion to
22
23 Suppress and Motion to Exclude Evidence (ECF. 894 and 896).

24         The Defendant has untimely moved to suppress evidence in this case.
25
   Specifically, the Defendant seeks to suppress his "seizure" stemming from a traffic
26
27
28 UNITED STATES' CONSOLIDATED RESPONSE TO DEFENDANT'S MOTION
   TO SUPPRESS AND MOTION IN LIMINE TO EXCLUDE EVIDENCE- 1

stop on September 6, 2013, noting the reason for the traffic stop is unclear.  ECF. 896.

Additionally, the Defendant is seeking to suppress evidence of a K9 sniff / alert

conducted on a white Ford Ranger in an apartment complex parking lot on the same

date.  ECF. 894.  The Defendant is also seeking to exclude photographs taken by law

enforcement officers during a period of surveillance on that date at a motel.  ECF.

894.  The United States respectfully submits this consolidated response to the

Defendant's motions as the issues presented are interrelated.

Upon receipt of the Defendant's untimely motion, the United States began its

due diligence in attempting to locate witnesses, documents, etc. to respond to the

Defendant's motions.  This has proven very difficult for the United States and the

investigating agents given the competing need and demands of preparing for this

witness-and exhibit-intensive approximate three-week trial.  Further, the witnesses are

out of this District, some have retired, and others are on scheduled vacations.  The

United States has done its best to respond and apologizes to the Court for any

perceived shortcomings by the United States.

A. **FACTS OF SEIZURE OF METHAMPHETAMINE AND A FIREARM FROM SKAGIT COUNTY IN SEPTEMBER 2013**.

According to police reports generated, Skagit County Interlocal Drug Unit Det.

Richardson was contacted by Drug Enforcement Administration ("DEA") Special

Agent Wheeler, who advised the DEA had reason to believe there was a white Ford

Ranger at a local hotel containing drugs.  *See* Exhibit "A", Skagit County Reports of

UNITED STATES' CONSOLIDATED RESPONSE TO DEFENDANT'S MOTION
TO SUPPRESS AND MOTION IN LIMINE TO EXCLUDE EVIDENCE- 2

Incident at p. 3. Det. Richardson and several other members of the drug task force located a white Ford Ranger, registered to Rosa Granados, at the Days Inn in the Mount Vernon, Washington area, and established surveillance. *See* Exhibit "A" at p. 3. While they were surveilling the Ford Ranger, a tow truck arrived, put the Ranger on the flatbed of the tow truck, and drove it away. *See id.* The tow truck was followed to an apartment complex in Sedro Woolley, Washington, where the Ranger was removed from the tow truck. *See id.* Law enforcement continued surveillance on the Ranger. *See id.*

Meanwhile, surveillance was continued at the Days Inn. *See id.* Surveillance units observed two Hispanic males exiting the Days Inn and looking around the parking lot, as if they were looking for a misplaced vehicle. *See id.* at p. 7. One of the males made a phone call on his cell phone. *See id.* at p. 7. After the phone call was made, a maroon Cadillac arrived. *See id.* at p. 3. The driver of the Cadillac exited the vehicle, spoke with the two Hispanic males who had exited the Days Inn, and then made a call on his cell phone. *See id.* The three males then returned to the Cadillac. *See id.* A short time later, a black BMW arrived just as the maroon Cadillac with three occupants was leaving the parking lot, and met with the occupants of the maroon Cadillac. *See id.* at p. 4. The Cadillac then left the parking lot. *Id.* After the vehicle left the parking lot, Sgt. Meyer initiated a traffic stop of the vehicle. *See id.* at p. 9. Initially, Sgt. Meyer was requested to perform a *Terry* stop on the vehicle per the

UNITED STATES' CONSOLIDATED RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS AND MOTION IN LIMINE TO EXCLUDE EVIDENCE- 3

Skagit County Detectives; however, Sgt. Meyer ultimately observed a traffic violation, namely a window tint violation.  *See id.* at p. 9.  Sgt. Meyer then initiated a traffic stop of the maroon Cadillac.  *See id.* at 9.  The driver was identified as Estevan Villalobos and was advised the reason for the stop was for a tint violation.  *Id.*  He had a suspended driver's license[1].  *See id.* at p. 5.  A K9 sniff occurred on the vehicle, and alerted.  *Id.* at p. 5.  One of the two Hispanic male passengers was identified as the Defendant.  *See id.* at p. 5.  A search of the vehicle resulted in no items of evidentiary value.  *See id.* at p. 5.

Meanwhile, a K9 sniff was conducted on the white Ford Ranger, with a positive alert.  A search of that vehicle resulted in the location and seizure of what appeared to be methamphetamine and a handgun.  *See id.* at p. 5.

## B. PHOTOGRAPHS FROM SKAGIT COUNTY

The Defendant seeks to exclude photographs taken by law enforcement officers during their surveillance operation and the subsequent search of the Ford Ranger. ECF. 894.  In support of his request, the Defendant states the photos were not provided within the timeline in the Court's Case Management Order, are not relevant, and would confuse the jury.  ECF. 894.  The United States agrees the photographs

---

[1] The United States submits at that point, law enforcement would have identified the passengers in an attempt to see if anyone would be able to drive the vehicle away from the scene vs. it being impounded.   Hence, the Defendant would likely still have been identified as an occupant of that vehicle.

UNITED STATES' CONSOLIDATED RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS AND MOTION IN LIMINE TO EXCLUDE EVIDENCE- 4

were not provided to the Defendant until September 13, 2018, which is the date the United States received them from Skagit County. The United States respectfully submits such disclosure date does not warrant the exclusion of the photographs.

The photographs are very relevant to this case and would be greatly beneficial to the jury in understanding the timeline of the Defendant's involvement in this case. This is especially true now that the Defendant has advised his intent is to explain to the jury that he was in Mexico during the time-period alleged in the conspiracy and his proposed "alibi" instruction. A photograph of him in the United States would certainly be relevant for the jury's consideration. Additionally, it is anticipated that multiple cooperating defendants will testify about the white Ranger, its connection to this Defendant, and the location of the methamphetamine and firearm in a secret compartment in the vehicle. These law enforcement observations and photographs would corroborate these multiple cooperating defendant statements.

The Defendant also asserts the photographs of the methamphetamine and firearm should be also excluded because the methamphetamine was not tested. ECF. 894. The Defendant does not cite to any authority to support his proposition. Additionally, it is anticipated multiple cooperating defendants will testify as to their independent understanding that there was methamphetamine contained in the trap in the white Ranger. The United States respectfully submits such a challenge is not a basis to exclude a photograph of the substance and the firearm.

UNITED STATES' CONSOLIDATED RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS AND MOTION IN LIMINE TO EXCLUDE EVIDENCE- 5

## C. <u>K9 SNIFF RECORDS & EVIDENCE</u>

At the outset, it should be noted that the United States does not intend to rely on K9 sniff alert results at trial.  Upon the Defendant's request, the United States provided the Defendant with all available records for the K9 and handler that Skagit County in their files, which includes all the certifications for the K9 / Handler team, on September 25, 2018, which is the date received by the United States.  The United States has been advised that the K9 and Handler has retired, and the Lt. for the police department is currently still looking through all their old retained records in an attempt to locate any additional K9 materials responsive to the defense request.

## D. <u>UNITED STATES' INTENT TO OFFER EVIDENCE AT TRIAL.</u>

Given the time constraints and the pending trial, and despite the fact the reports (Exhibit "A") lay out a basis for the traffic stop, the United States does not feel comfortable proceeding to an evidentiary hearing on the issue of the legality of the traffic stop.  The United States instead intends to introduce this evidence as follows. The United States will call surveillance officers from the Skagit County Interlocal Drug Task Force to testify about their observations during the surveillance and discussing the photographs they took during that surveillance.  They will end their testimony as to this portion of the events with the red Cadillac driving away from the parking lot.  A law enforcement officer will also testify about the search of the white Ranger, and the discovery of a substance consistent with methamphetamine and a

firearm.  Multiple cooperating defendants will identify the Defendant in the photographs taken by Skagit County Detectives during the surveillance.  These multiple cooperating defendants will also testify about their independent knowledge of the Defendant's presence in the Mount Vernon area associated with this event, his use of the white Ford Ranger as well as the presence of a secret compartment in the Ranger for the purpose of transporting controlled substances.

DATED this 3rd day of October 2018.

Joseph H. Harrington
United States Attorney

*s/ Caitlin Baunsgard*
Caitlin Baunsgard
Assistant United States Attorney

*s/ Stephanie Van Marter*
Stephanie Van Marter
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Peter S. Schweda, pschweda@wsmattorneys.com

*s/ Caitlin Baunsgard*
Caitlin Baunsgard
Assistant United States Attorney