FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 04, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>             v.<br><br>BRITTNEY LEE ZARGOZA (10);<br>EDGAR OMAR HERRERA FARIAS (16);<br>AND MIGUEL REYES GARCIA (21);,<br><br>                    Defendant. | CASE NO. 15-CR-6049-EFS<br><br>**ORDER REQUIRING PARTIES TO RESPOND TO THE ATTACHED DRAFT SET OF PRELIMINARY JURY INSTRUCTIONS** |

     Attached to this Order are the Court's draft set of Preliminary Jury Instructions.  The parties are **HEREBY ORDERED** to file their objections or exceptions to this draft set of jury instructions by no later than **5:00 p.m. on Monday, October 8, 2018**.  If a party has no objection or exception to this draft set, they are to file a notice indicating such.

     **IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order and provide copies to all counsel.

     **DATED** this  4th  day of October 2018.


                    s/Edward F. Shea
                    EDWARD F. SHEA
            Senior United States District Judge


Q:\EFS\Criminal\2014\6014.notice.prelim.JI.draft.comment.lc2.docx

ORDER - 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  4:15-CR-06049-EFS |
| Plaintiff, | |
| v. | |
| BRITTNEY LEE ZARGOZA (10); EDGAR OMAR HERRERA FARIAS (16); AND MIGUEL REYES GARCIA (21);, | |
| Defendant. | |

---

*DRAFT* PRELIMINARY JURY INSTRUCTIONS GIVEN BY THE COURT

---

**DATED** this _____ day of October 2018.

*DRAFT*

_____
EDWARD F. SHEA
Senior United States District Judge

PRELIMINARY JURY INSTRUCTIONS - 1 of 23

**PRELIMINARY INSTRUCTION NO. 1**

Jurors: You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions.  At the end of the trial I will give you more detailed written instructions that will control your deliberations.  When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence and the law before you.  Perform these duties fairly and impartially.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religion, national ancestry, or gender.  Please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be — that is entirely up to you.

**PRELIMINARY INSTRUCTION NO. 2**

This is a criminal case brought by the United States Government. The Government charges the Defendants with separate counts:

Defendant Brittany Lee Zaragoza is charged with:

1. Conspiracy to Commit Money Laundering

2. Money Laundering

Defendants Edgar Omar Herrera Farias and Miguel Reyes Garcia are charged with:

1. Conspiracy to Distribute Methamphetamine, Cocaine, Heroin and N-phenyl-N Propanamide (Fentanyl).

The charges against the Defendants are contained in a Second Superseding Indictment. An indictment simply describes the charges the Government is bringing against the Defendant. An indictment is not evidence and does not prove anything.

The Defendants have pleaded not guilty to the charges and are presumed innocent unless and until the Government proves a Defendant guilty beyond a reasonable doubt. In addition, a Defendant has the right to remain silent and never has to prove innocence or to present any evidence.

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes that the Government must prove to make its case.

**PRELIMINARY INSTRUCTION NO. 3**

Defendant Brittany Lee Zaragoza is charged in Count 2 of the Second Superseding Indictment with Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(h).  In order for the Defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about January 2010, and ending on or about December 2016, there was an agreement between two or more persons to commit at least one crime as charged in the indictment; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one of the overt acts.

**PRELIMINARY INSTRUCTION NO. 4**

Defendant Brittany Lee Zaragoza is charged in Counts 12 and 14 of the Second Superseding Indictment with Money Laundering in violation of Section 1956(a)(1)(B) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant conducted and/or attempted to conduct a financial transaction involving property that represented the proceeds of a specified unlawful activity, that is conspiracy to distribute and the distribution of controlled substances;

Second, the defendant knew that the property represented the proceeds of some form of unlawful activity; and

Third, the defendant knew that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, and the control of the proceeds; and

Fourth, the defendant did something that was a substantial step toward committing the crime and that strongly corroborated the defendant's intent to commit the crime.

Mere preparation is not a substantial step toward committing the crime. To constitute a substantial step, a defendant's act or actions must demonstrate that the crime will take place unless interrupted by independent circumstances.

Jurors do not need to agree unanimously as to which particular act or actions constituted a substantial step toward the commission of a crime.

A financial transaction is a transaction involving the movement of funds by wire or other means that affect[s] interstate or foreign commerce in any way.

PRELIMINARY JURY INSTRUCTIONS - 6 of 23

1
2
3
4
5
6

   The phrase "knew that the property represented the proceeds of some form of unlawful activity" means that the defendant knew that the property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constitutes a felony. I instruct you that conspiracy to distribute and the distribution of a controlled substance is a felony.

**PRELIMINARY INSTRUCTION NO. 5**

Defendants Edgar Omar Herrera Farias and Miguel Reyes Garcia are charged in Count 1 of the Second Superseding Indictment with Conspiracy to distribute 500 grams or more of a mixture containing a detectable amount of methamphetamine, 5 kilograms or more of cocaine, 1 Kilogram or more of heroin, and 400 grams or more of N-phenyl-N Propanamide (Fentanyl) in violation of Section 841(a) and Section 846 of Title 21 of the United States Code. In order for the Defendants to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about January 2010 and ending on or about December 2016, there was an agreement between two or more persons to distribute 500 grams or more of a mixture containing a detectable amount of methamphetamine, 5 kilograms or more of cocaine, 1 Kilogram or more of heroin, and 400 grams or more of N-phenyl-N Propanamide (Fentanyl); and

Second, the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

"To distribute" means to deliver or transfer possession of methamphetamine, cocaine, heroin, and N-phenyl-N Propanamide (Fentanyl) to another person, with or without any financial interest in that transaction.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply

met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object or purpose of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

PRELIMINARY JURY INSTRUCTIONS - 9 of 23

**PRELIMINARY INSTRUCTION NO. 6**

The evidence you are to consider in deciding what the facts are consists of:

1. The sworn testimony of any witness; and

2. The exhibits which are received in evidence.

PRELIMINARY JURY INSTRUCTIONS - 10 of 23

**PRELIMINARY INSTRUCTION NO. 7**

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

1. Statements and arguments of the attorneys;

2. Questions and objections of the attorneys;

3. Testimony that I instruct you to disregard; and

4. Anything you may see or hear when the Court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

1

**PRELIMINARY INSTRUCTION NO. 8**

2    Evidence may be direct or circumstantial.  Direct evidence is

3  direct proof of a fact, such as testimony by a witness about what that

4  witness personally saw or heard or did.  Circumstantial evidence is

5  indirect evidence, that is, it is proof of one or more facts from which

6  one can find another fact.

7    You are to consider both direct and circumstantial evidence.

8  Either can be used to prove any fact.  The law makes no distinction

9  between the weight to be given to either direct or circumstantial

10  evidence.  It is for you to decide how much weight, if any, to give to

11  any evidence.

12    By way of example, if you wake up in the morning and see that the

13  sidewalk is wet, you may find from that fact that it rained during the

14  night.  However, other evidence, such as a turned-on garden hose, may

15  provide an explanation for the water on the sidewalk.  Therefore, before

16  you decide that a fact has been proven by circumstantial evidence, you

17  must consider all the evidence in the light of reason, experience, and

18  common sense.

19

20

21

22

23

24

25

26

**PRELIMINARY INSTRUCTION NO. 9**

There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**PRELIMINARY INSTRUCTION NO. 10**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. The witness's opportunity and ability to see or hear or know the things testified to;

2. The witness's memory;

3. The witness's manner while testifying;

4. The witness's interest in the outcome of the case, if any;

5. The witness's bias or prejudice, if any;

6. Whether other evidence contradicted the witness's testimony;

7. The reasonableness of the witness's testimony in light of all the evidence; and

8. Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.  What is important is how believable the witnesses are, and how much weight, if any, you think their testimony deserves.

**PRELIMINARY INSTRUCTION NO. 11**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the Court.

> Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved — including the parties, the

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

witnesses or the lawyers — until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the Court immediately.

## PRELIMINARY INSTRUCTION NO. 12

At the end of the trial, you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

1

**PRELIMINARY INSTRUCTION NO. 13**

2        If you wish, you may take notes to help you remember the evidence.

3   If you do take notes, please keep them to yourself until you and your

4   fellow jurors go to the jury room to decide the case.  Do not let note-

5   taking distract you from being attentive.  When you leave court for

6   recesses, your notes should be left in the jury room.  No one will read

7   your notes.

8        Whether or not you take notes, you should rely on your own memory

9   of the evidence.  Notes are only to assist your memory.  You should not

10  be overly influenced by your notes or those of your fellow jurors.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PRELIMINARY JURY INSTRUCTIONS - 18 of 23

**PRELIMINARY INSTRUCTION NO. 14**

Throughout trial, I will admit certain exhibits and allow the attorneys to show them to you.  During your deliberations, you will be able to view most of these exhibits in the jury room by using a computer with the Jury Evidence Recording System (JERS), which provides easy access to the exhibits in digital form.  The Deputy Clerk will instruct you on the use of JERS.

Some exhibits that might be admitted into evidence — such as drugs, will not be sent back to the jury room; however, you may send me a written request to examine any such exhibit.  The Deputy Clerk will bring any requested exhibits back to the jury room for your examination. You may take as much time as you need to examine such exhibits, but you must not discuss the exhibits or any other aspect of the case in the presence of the Deputy Clerk.  After your examination, the Deputy Clerk will retrieve the exhibits and you will resume your deliberations.

**PRELIMINARY INSTRUCTION NO. 15**

A language other than English will be used for some evidence during this trial.  When a witness testifies in another language, the witness will do so through an official court interpreter.  When recorded evidence is presented in another language, there will be an official court translation of the recording.

The evidence you are to consider and on which you must base your decision is only the English-language interpretation or translation provided through the official court interpreters or translators. Although some of you may know the non-English language used, you must disregard any meaning of the non-English words that differ from the official interpretation or translation.

You must not make any assumptions about a witness or party based solely upon the use of an interpreter to assist that witness or party.

**PRELIMINARY JURY INSTRUCTION NO. 16**

Although the defendants are being tried together, you must give separate consideration to each defendant.  In doing so, you must determine which evidence in the case applies to each defendant, disregarding any evidence admitted solely against some other defendants. The fact that you may find one of the defendants guilty or not guilty should not control your verdict as to any other defendants.

**PRELIMINARY JURY INSTRUCTION NO. 17**

From time to time during trial, it may become necessary for me to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

**PRELIMINARY INSTRUCTION NO. 18**

The next phase of the trial will now begin.  First, each party may make an opening statement.  An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The Government will then present evidence and counsel for the Defendants may cross-examine.  Then, if a Defendant chooses to offer evidence, counsel for the Government may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case, and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.