1   Joseph H. Harrington
2   United States Attorney
    Stephanie Van Marter
3   Caitlin Baunsgard
    Assistant U.S. Attorneys
4   Post Office Box 1494
5   Spokane, WA  99210-1494
    (509) 353-2767
6

7               IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF WASHINGTON
8
    UNITED STATES OF AMERICA,        )
9                                    )    4:15-CR-6049-EFS
                                     )
10           Plaintiff,              )
                                     )
11       v.                          )    Response to Defendant's Exception
                                     )    to Preliminary Jury Instruction No. 5
12                                   )
    BRITTANY LEE ZARAGOZA (10),      )
13  EDGAR OMAR HERRERA FARIAS        )
    (16), and                        )
14  MIGUEL REYES GARCIA (21),        )
                                     )
15                                   )
                                     )
16           Defendants.             )

17       Plaintiff, United States of America, by and through, Joseph H. Harrington, United

18
    States Attorney for the Eastern District of Washington, and Stephanie Van Marter and
19

20  Caitlin Baunsgard, Assistant United States Attorneys for the Eastern District of

21
    Washington, submits the following response to the Defendant Farias' Exception to
22

23  Preliminary Jury Instruction No. 5. (ECF. 979).

24       Count 1 of the Second Superseding Indictment states:

25
         Beginning on a date unknown but by on or about January 2010 continuing
26

27  Response to Defendant's Exception to Preliminary Jury Instruction No. 5 - 1

28

until on or about December 6, 2016, in the Eastern District of Washington and elsewhere, the Defendants, JESE DAVID CARILLO CASILLAS, ROSA ARACELI GRANADOS (a.k.a. La China), ALEXIS JOEL GARCIA PALOMINO, GABRIELA MENDOZA VASQUEZ, JULIO CESAR ROSALES SAUCEDO, SALVADOR GUDINO CHAVEZ, ADAM BENJAMIN GOLDRING, JUVENAL LANDA, ERICA MARIA SOLIS, EDGAR OMAR HERRERA FARIAS (a.k.a. Burro), ALFREDO MAGANA GARIBAY (a.k.a. Freddy), JUAN BRAVO ZAMBRANO, MARCIAL BRAVO ZAMBRANO, MIGUEL REYES GARCIA, JAVIER CAMILO GOMEZ CALVILLO, JOSE ADRIAN MENDOZA, and VERONICA ELVIRA CORTEZ, ==did knowingly and intentionally combine, conspire, confederate and agree together with each other and other persons, both known and unknown to the Grand Jury, to commit the following offense against the United States==, to wit:  distribution of 500 grams or more of a mixture or substance containing a detectable amount of Methamphetamine, 5 kilograms or more of a mixture or substance containing a detectable amount of Cocaine, 1 kilograms or more of a mixture or substance containing a detectable amount of heroin and 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N Propanamide, all Schedule II controlled substances, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(i), (ii)(I), (vi), and (viii); all in violation of 21 U.S.C. § 846.

Relying upon *United States v. Arlt*, 252 F.3d 1032, 1036 (9th Cir. 2001).

Defendant Farias somehow claims that this is actually a general conspiracy charge based upon the inclusion of the language highlighted above.  To the contrary, as noted in *Arlt*, the analysis is focused upon the offense to which the Defendant conspired to commit, not presence of this introductory language, "[A]pplying the *Blockburger* test, we concluded in that case that Congress intended separate punishments for the two offenses, because the drug conspiracy required proof of an agreement to violate the drug laws, while the general conspiracy charged in the indictment required an agreement concerning failure to report currency. *Id.* (citing *United States v. Cuevas*, 847 F.2d 1417, 1429 (9th Cir.1988)).

Response to Defendant's Exception to Preliminary Jury Instruction No. 5 - 2

In finding that a person can be convicted of *both* a 18 U.S.C.§ 371 Conspiracy and a 21 U.S.C. § 846, Drug Conspiracy, the Ninth Circuit further concluded, "[W]hen applying the *Blockburger* test in a case in which a defendant is convicted under § 371, the element that we must consider is not "any offense against the United States" but rather the specific substantive offense that the defendant is alleged to have conspired to commit; that substantive offense is designated in the count of the indictment charging the defendant under § 371. *Id.*

Here, Defendant wholly ignores the specific substantive offense that Defendant Farias is alleged to have conspired to commit.  The preliminary instructions are therefore accurate as it is not a § 371 Conspiracy but rather a 21 U.S.C. § 846 drug conspiracy, as charged.

DATED this 9th day of October 2018.

Joseph H. Harrington
United States Attorney

*s/Stephanie Van Marter*
Stephanie Van Marter
Assistant United States Attorney

*s/Caitlin Baunsgard*
Caitlin Baunsgard
Assistant United States Attorney

Response to Defendant's Exception to Preliminary Jury Instruction No. 5 - 3

**CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2018, I electronically filed the foregoing with

the Clerk of the Court using the CM/ECF system which will send notification of such

filing to the following:

Victor Lara, vh_lara@hotmail.com
Peter Steven Schweda, pschwed@wamattorneys.com
Kenneth D. Therrien, kentherrien@msn.com, jmora.ktlaw@outlook.com

*s/Stephanie Van Marter*
Stephanie Van Marter
Assistant United States Attorney

Response to Defendant's Exception to Preliminary Jury Instruction No. 5 - 4