Nicholas W. Marchi
CARNEY & NARCHI, P.S.
7502 West Deschutes Place
Kennewick, WA 99336
(509)545-1055
Nmarchi@carmarlaw.com
Attorneys for Defendant
Alfredo MAGANA GARIBAY

UNITED STATES DISTRICT COURT
IN AND FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ALFREDO MAGANA GARIBAY,<br><br>Defendant | Case No. 4:15-CR-6049-EFS-18<br><br>OBJECTIONS TO PSR, REQUEST FOR DOWNWARD DEPARTURE AND SENTENCING MEMORANDUM |

Defendant ALFREDO MAGANA GARIBAY, by and through his attorneys, Carney & Marchi, hereby, submits this Sentencing Memorandum to aid the Court in the determination of a just and fair sentence in the above referenced cause of action. Counsel for the Defendant received the Pre-sentence Investigation Report on November 8, 2018.

### I.   OBJECTIONS TO PRESENTENCE REPORT

Mr. Magana-Garibay makes the following objections to the PSR Report:

Paragraph 37: Mr. Magana-Garibay denies the statements of the CS that he was one of the backpackers that crossed the border into Canada.

Paragraph 39: Mr. Magana-Garibay admits that he was involved with Mr. Calvillo but denies the statement made by the CS that he was actively involved the distribution of narcotics in Washington State.

DEFENDANT'S SENTENCING MEMORANDUM - 1

Paragraph 40: Mr. Magana-Garibay denies the statements of the CS that he was involved in the pickup of cocaine. He admits that he did maintain the residence on the Canadian border, that was used as stash house and was aware of the use of the house.

Paragraph 42: As a result of the death of Mr. Calvillo, Mr. Magana-Garibay's involvement all but ended in the organization.

Paragraph 46: Mr. Magana-Garibay disputes what the CDs stated about his actual involvement in the distribution of narcotics in Washington.

Paragraph 70: The bench warrant in Sunnyside was quashed when Mr. Magana-Garibay's Motion to Reopen Detention Hearing was granted, and conditions of release were set.

Paragraph 84: Mr. Magana-Garibay has had significant weight loss while being in custody. He has lost approximately 100 lbs., and has suffered depression.

Paragraph 120: Mr. Magana-Garibay maintains that there are grounds that would warrant a departure from the guidelines and or a variance downward. They include, but are not limited to, aberrant behavior; his family circumstances; his immigration status and the totality of the circumstances.

## II. FACTS

On September 18, 2018, Mr. Magana Garibay plead guilty to one count of Conspiracy to Distribute in violation of 21 U.S.C. §841(a)(1),(b)(1)(A)(viii) and 846. United States Probation maintains that the Total Offense Level is 25 and the sentence range is 57-71 months. Should Mr. Magana Garibay qualify for the safety valve provision for the Guidelines, his Total Offense Level would be 23 and his sentence range would be 46-57 months. Mr. Magana-Garibay is currently attempting to schedule an interview with the government to comply with the requirements of the safety valve provisions.

As this Court is ware this was a large-scale law enforcement investigation involving over 23 co-defendats and numerous related cases. Mr. Magana-Garibay's involvement in the action is limited to 2015 and prior to Mr. Calvillo's death. As noted, the government and the defendant maintain that Mr. Magana-Garibay was a minor participant in the organization.

DEFENDANT'S SENTENCING MEMORANDUM - 2

### III. ARGUMENT

**A.     Guideline Range**

United States Probation calculates Mr. Mgana-Garibay's Total Offense Level at 25 and with safety valve it's a total of 23. Mr. Magana Garibay agrees to this calculations.

**B.     Request for Downward Departure from Advisory Guidelines and Variance.**

<u>The Defendant's actions constitute aberrant behavior and warrants a downward departure.</u>

As Mr. Magana-Garibay has accepted responsibility for these acts, he maintains that his behavior in the instant action was aberrant behavior and is a basis for a departure downward pursuant to U.S.S.G. §5K2.0(a)(4).

Mr. Magana-Garibay has no criminal history. He does have one matter that is pending, but that is a misdemeanor out of Yakima County District Court. He has attempted lead a productive life and has maintained lengthy employment. He admits what he did was wrong and has accept responsibility for this action by pleading guilty. He is a man who made a mistake, which was a criminal one. See *United States v. Howe,* 543 F.3d 128 (3rd Cir. 2008) (Probation and home detention appropriate for wire fraud conviction with range of 18-24 months based on isolated mistake.)

Mr. Magana-Garibay maintains that his action in the case at bar where aberrant given his prior history and as well as the family dynamics of his situation and are exceptional thus warranting a departure and variance. See *United States v. Jones,* 158 F.3rd 492 (10th Cir. 1998); *United States v. Tsosie,* 14 F.3rd 1438 (10th Cir. 1994)

<u>The Defendant's Age, Family and Community Ties, and Employment Experience Individually or in Combination Are Appropriate Grounds for A Downward Departure.</u>

Section 5H1.6 of the guidelines states that "[f]amily ties and responsibilities and community ties are not ordinarily relevant in determining whether a sentence should be outside the guidelines". The language implies that there may be extraordinary circumstances where family

ties and responsibility may be relevant to the sentencing decision. *United States v. Aguirre,* 214 F.3d 1122 (9th Cir. 2000); *United States v. Pena,* 930 F. 2d 1486, 1495 (10th Cir. 1991) See also *United States v. Big Crow,* 898 F. 2d 1326 (8th Cir. 1990) ("Big Crow's excellent employment history, solid community ties, and consistent efforts to live a decent life in a difficult environment are sufficient grounds for a departure from the guidelines in this case.") The clear implication of section 5H1.6 is that if the court finds that the circumstances related to family ties are extraordinary, it is not precluded as a matter of law from taking them into account in making a downward departure. *United States v. Sharpsteen,* 913 F. 2d 59,63 (2nd Cir 1990)

A downward departure is permissible where the defendant is an irreplaceable caretaker of children, elderly or seriously ill family member and the departure serves to protect those individuals from the impact of long incarceration. *United States v. Leon,* 341 F.3rd 928 (9th Cir. 2003) See also *United States v. Pereira,* 272 F.3rd 76 (1st Cir. 2001); *United States v. Faria,* 161 F.3rd 761 (2nd Cir. 1998)

Mr. Magana-Garibay maintains that his family situation is extraordinary and thus supports a departure and variance. Mr. Magana-Garibay's mother has severe health issues. Prior to his arrest, he would assist his mother in taking care of her and taking her to her medical appointments. Mr. Magana-Garibay's presence would be beneficial to his mother. A sentence within the government's proposed range would not assist the family.

<u>Cultural Assimilation and the Affects of Deportable Alienage</u>

Mr. Magana-Garibay had legal status in the United States under DACA. His status was improperly revoked by ICE when he was charged in this action. He has maintained employment. A majority of his family resides in the United States. He attends church and provides his family and the community with emotional support. As he has been assimilated into American society, this would warrant a departure. See *United States v. Lipman,* 133 F.3d 726 (9th Cir. 1998)

Mr. Magana-Garibay would also contend that as he has been convicted, he cannot take advantage of BOP programs because of the ICE/DHS detainer that will attach after he has entered BOP custody. Therefore, he would be treated harsher than United States citizens. This disparate

treatment has been a basis for a downward departure. *United States v. Davoudi,* 172 F.3d 1130 (9th Cir. 1999); *United States v. Smith,* 27 F.3d 649 (DC Cir. 1994)

Mr. Magana-Garibay will be removed from the United States once he completes his sentence. Because of this conviction, he will never be allowed to return. This is also a basius for a departure.

<u>Mr. Magana-Garibay's Felon Status as punishment</u>

Mr. Magana-Garibay would maintain that as a result of his conviction he is now a felon. This collateral consequence is a form of punishment that the guidelines fail to consider. He is foreclosed from many of the liberties he once had as a result of this conviction. Not to mention the shame that he feels for what he has done. Employment opportunities will further be limited because Mr. Magana-Garibay is now a convicted felon. A departure as requested by Mr. Magana-Garibay would appear to be a reasonable sentence.

<u>Mr. Magana-Garibay's totality of the circumstances warrant a Departure</u>

Mr. Magana-Garibay maintains that the Court has authority to depart and grant a variance based on the totality of the circumstances. See *United States v. Anders,* 956 F.2d 907 (9th Cir. 1992)(a combination of factors can constitute a mitigating circumstance for a downward departure)

Mr. Magana-Garibay would maintain that there are sufficient reasons to depart from the advisory guideline range.

It is ultimately the Courts decision to impose a reasonable sentence. A sentence with in the guideline range is unreasonable given the facts of the case at bar.

Mr. Magana-Garibay would request a sentence below that range given the totality of the circumstances and based on his family situation. Mr. Magana-Garibay would request a sentence of 18 months.

**C.    Reasonable Sentence**

18 U.S.C. § 3553(a) lists the general purposes of sentencing and directs that the sentencing courts "shall consider" certain factors when imposing sentence. Among the factors listed are "the

kinds of sentence and the sentencing range established" by the Guidelines. *United States v. Wilson*, Case No. 2:03-CR-0082, 2005 WL 78552, at 1 (D. Utah Jan. 13, 2005).

These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentences and the sentencing range established by the Sentencing Guidelines; (5) pertinent policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities among defendants who have similar criminal records and have been found guilty of similar conduct; and (7) the need to provide restitution to victims. 18 U.S.C. § 3553(a). "These factors are to be applied parsimoniously-the sentence must be 'sufficient, but not greater than necessary, to comply with the purposes' of punishment." *United States v. Barsumyan,* 517 F.3d 1154, 1157-58 (9th Cir. 2008) (quoting 18 U.S.C. § 3553(a)).

In every case, courts must now consider all of the § 3553(a) factors, not just the guidelines and those listed prohibited areas no longer apply. Whether the district court imposed a sentence inside or outside the applicable advisory range, the sentence still must be reasonable. See also *United States v. Plouffe*, 436 F.3d 1062, 1063 (9th Cir. 2006), as amended, 445 F.3d 1126 (establishing jurisdiction to review sentences within the advisory guidelines). The court must provide specific reasons for their sentencing decisions, such that the record on appeal demonstrates explicit or implicit consideration of the sentencing factors set forth in § 3553(a). See 18 U.S.C. § 3553(c); *United States v. Miqbel,* 444 F.3d 1173, 1181-82 (9th Cir. 2006); *United States v. Menyweather*, 431 F.3d 692, 701 (9th Cir. 2005), as amended, 447 F.3d 625; see also *United States v. Working,* 224 F.3d 1093, 1102 (9th Cir. 2000) (en banc). Given these holdings, the Court now has the authority to consider the factors raised by the defendant. A sentence of probation would comply with the court precedents and the statute.

Mr. Magana-Garibay has accepted responsibility of his action. He knows what he did was wrong. He has a strong support network that will assist him with whatever sentence the Court may impose. Mr. Magana-Garibay would request a reasonable sentence that is tied to his involvement

in this matter and his family situation. In addition to his punishment he will also be banished from the United States and never allowed to return.  A sentence of 18 months is reasonable.

Finally, 18 U.S.C. § 3553(a)(6) allows courts in determining a sentence to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. Mr. Magana-Garibay would maintain that there are similar cases in this District in which the Court sentenced defendants to much less than the range that has been proposed by the government.  Ms. Cortez who was similarly situated received a sentence of 6 months home confinement. A sentence of 18 month would thus be reasonable.

### IV.  CONCLUSION

For the reasons stated herein and based on Mr. Magana-Garibay's involvement in this matter as well as his acceptance of responsibility and his family situation; and based on the facts of the case at bar, it is respectfully requested that he be sentenced a 18 months or any sentence the Court determines as reasonable.  Mr. Magana-Garibay also requests that the Court not impose a fine given his financial situation.

Dated this 28th day of November 2018.

Respectfully submitted,
*s/ Nicholas Marchi*
Nicholas W. Marchi
Attorney for Defendant

DEFENDANT'S SENTENCING MEMORANDUM - 7

**CERTIFICATE OF SERVICE**

I certify that a copy of the Defendant's Sentencing Memorandum was emailed via ECF or mailed first class; postage prepaid on 11/28/2018 to S. Van Marter, Assistant United States Attorney, P.O. Box 1494, Spokane WA 99210 and to United States Probation, Yakima WA.

*S/Nicholas Marchi*
CARNEY & MARCHI, P.S.
Attorneys for Defendant