Jeffrey S. Niesen
1411 W. Pinehill Rd
Spokane WA 99218
Telephone: (509) 822-7140
Email: jsniesen1@yahoo.com

UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>ALEXIS GARCIA PALOMINO<br><br>　　　　　　　　　Defendant | 4:15-CR-06049-EFS-4<br><br>MEMORANDUM RE: SPEEDY TRIAL ISSUES |

　　ALEXIS PALOMINO, through counsel Jeffrey Scott Niesen in accordance with the Court's briefing order submits the following on the Speedy trial issue raised *sue sponte* by the Court. "Under the Speedy Trial Act a defendant must be brought to trial within 70 days from the filing date of the information or indictment, or from the date the defendant appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." *U.S. v. Duque*, 62 F.3d 1146, 1149 (9th Cir. 1995); citing 18 U.S.C. § 3161(c)(1).

/

## I. STANDARDS OF REVIEW

"We review the district court's disposition of a Speedy Trial Act issue for clear error as to factual findings and de novo as to application of legal standards." *United States v. Brickey*, 289 F.3d 1144, 1150 (9th Cir.2002) (internal quotation marks omitted).

## II. FACTS

On December 16, 2015 the United States indicted Alexis Garcia Palomino as the fourth defendant alleging his involvement in a drug conspiracy with Jese Casillas. On September 7, 2016 the United States filed its first superseding indictment again naming Palomino as a co-conspirator in the overall conspiracy. (ECF 67). In an Order dated October 3, 2016 the Court declared the entire case complex and set a trial date in October 2018 (ECF 101). A Second Superseding Indictment was filed and Defendant Palomino was arrested and arraigned March 28, 2018 on that Indictment.

A status conference was held and March 29, 2018 the Court stated as follows:

"Pursuant to 18 U.S.C. Sec. 3161 (h) (7) (B) (i), (iii) and (iv), the Court **DECLARES EXCLUDABLE from Speedy Act calculations**

the period from **March 29, 2018**, the date of this Order, though **October 10, 2018**, the new trial date, as the period of delay granted foe adequate preparation by counsel as to Defendant Palomino only". (ECF 740).

On May 14, 2018 Palomino filed a motion for a continuance of his trial. (ECF 774)

On May 30, 2018 the Court entered an order severing Palomino and a later appearing co-defendant from the October 10, 2018 trial and directed them to meet with government counsel to work out agreed case management dates including a date for trial. (ECF 802) . The parties recommended a trial date of March 25, 2019, which was ordered by the Court. (ECF 802).

While it was not specifically set forth, it was the understanding of counsel that case had been declared complex and that the continuance was granted so that counsel would have sufficient time to review discovery, prepare motions and prepare for trial.

III.  DISCUSSION

"The Sixth Amendment guarantees that, 'in all criminal prosecutions, the accused shall enjoy the right to a speedy …trial….'" *Doggett v. U.S.*, 505 U.S. 647, 651 (1992). The Supreme Court looks to four separate enquiries: (1) whether delay before trial was uncommonly

long, (2) whether the government or the criminal defendant is more to blame for that delay, (3) whether the defendant asserted his right to a speedy trial, and (4) whether he suffered prejudice as the delay's result. *Id.*; see *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

This case does not meet the first enquiry because the delay between accusation and trial is not presumptively prejudicial to Mr.Palomino . The initial trial date in this case was set within a few days after Mr. Palomino was arraigned. He subsequently requested a continuance of the trial ro allow counsel sufficient time to properly prepare."

The Speedy Trial Act has numerous exclusions from the computation of the 70-day period, including time designated for transport of defendants and for the preparation and hearing of motions. *Id.* These exclusions apply to all co-defendants in a case. *Id.*; citing *U.S. v. Butz*, 982 F.2d 1378, 1381 (9th Cir.), *cert. denied*, 114 S.Ct. 250 (1993).  "When a superseding indictment contains charges which must be joined with the original charges, Speedy Trial Act calculations begin from the date of the original indictment." *Id.* citing *U.S. Clymer*, 25 F.3d 824, 827 n.2 (9th Cir. 1994). Essentially, the new charges would retain the original Speedy Trial clock.

The main exclusion of concern is 18 U.S.C. § 3161(h)(7)(ii) that in the ends of justice served by the granting of a continuance outweighs the best interests of the public and the defendant in a speedy trial. The factor set

out in section (ii) states: " Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. §3161(h)(7)(ii).

"If any indictment or information is dismissed upon motion of the defendant, or any charge contained in a complaint filed against an individual is dismissed or otherwise dropped… and thereafter… an information or indictment is filed charging such defendant with the same offense or an offense based on the same conduct… [the Speedy Trial Act clock starts fresh]." Id. at 1150; citing 18 U.S.C. § 3161(b)(1); *see also U.S. v. McCown*, 711 F.2d 1441, 1446 (9th Cir. 1983 (when indictment dismissed on defense motion "any subsequent step toward prosecution causes the time period to begin running anew."). "If the indictment is dismissed at the government's behest, on the other hand, and thereafter a charge is filed against the defendant for the same offense, or any offense required to be joined with that offense, any period of delay from the date the charge was dismissed to the date the time limitation would commence to run as to the subsequent charge had there been no previous charge [is tolled]." *Id.*; citing 18 U.S.C. § 3161(b)(1); *see also U.S. v. Feldman*, 788 F.2d 544, 548 (9th Cir. 1986), *cert denied*, 479 U.S. 1067, (1987) (citation omitted).

PALIMINO MEMORANDUM RE: SPEEDY TRIAL ISSUES          5

"The text of the statute, as well as Ninth Circuit case law, thus suggest that the identity of the author of the motion for dismissal is paramount in determining whether the clock should be restarted or merely tolled." *Id*. at 1150.; *see Feldman*, 788 F.2d at 549 (noting that 18 U.S.C. § 3161(d)(1) may apply "to any manner of dismissal of an indictment except on the government's own motion," and should apply where the defendant rather than the government benefits from the dismissal); *see also McCown*, 711 F.2d 1446.

In the present case, Mr. Palomino has not moved the Court for dismissal of the indictment based upon the Speedy Trial Act. Neither party benefits from a dismissal of the indictment, because the Government can either re-indict the case or supersede, thereby bringing this case back to square one.  Counsel believes that the speedy trial clock has not run due to the entire case being declared complex, that ECF 101 binds Mr. Palomino even though he appeared subsequently and the fact that a motion to continue the trial was filed..  The complexity of this case derives from the significant amount of discovery and trial preparation involved.  Mr. Palomino did not disagree with the March 25, 2019, trial date and does not believe there are any speedy trial issues based upon the above.

Dated this 18th  day of January 2019.

Respectfully Submitted,

1
2
                                                    s/Jeffrey Niesen_____
                                                    WSBA # 33850
3
                                                    Attorney for Defendant Palomino
4
5
6
7

## **CERTIFICATE OF SERVICE**

8
9
      I hereby certify that on January 18, 2018, I electronically filed the

10
foregoing with the Clerk of the Court using the CM/ECF System which will

11
send notification of such filing to the following: Assistant United States

12
Attorney Stephanie Van Marter.

13
14
15
                                                    s/Jeffrey S, Niesen_____
16
                                                   WSBA # 33850
17
                                                  Attorney for Alexis Garcia Palomino
18
19
20
21
22
23
24
25
26
27
28