1

2

3

4

Zachary L. Ayers
Ayers Law Firm, P.L.L.C.
1312 N. Monroe Street, Suite 133
Spokane, WA 99201
Telephone/Fax: (509) 252-6005
Email: zach@ayerslawfirm.net

5

6

UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

7

8

9

10

11

12

13

UNITED STATES OF AMERICA,

Plaintiff,

v.

MARCIAL BRAVO-ZAMBRANO,

Defendant(s).

4:15-CR-06049-EFS-20

MEMORANDUM RE: SPEEDY TRIAL ISSUES

14

15

16

17

18

19

20

21

22

        MARCIAL BRAVO-ZAMBRANO, through counsel, Zachary L. Ayers and Walter L. Ayers, submits this briefing regarding speedy trial issues. It is recommended that the Court should accept the plea agreement and waiver of speedy trial already signed by the defendant. "Under the Speedy Trial Act a defendant must be brought to trial within 70 days from the filing date of the information or indictment, or from the date the defendant appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." *U.S. v. Duque*, 62 F.3d 1146, 1149 (9th Cir. 1995); citing 18 U.S.C. § 3161(c)(1).

23

**I.    STANDARDS OF REVIEW**

24

25

26

   "We review the district court's disposition of a Speedy Trial Act issue for clear error as to factual findings and de novo as to application of legal standards."   *United States v. Brickey*, 289 F.3d 1144, 1150 (9th Cir.2002) (internal quotation marks omitted).

27

*///*

28

## II.     FACTS

On October 3, 2016, the Court declared this case to be a complex case with regard to the initial set of defendants and made findings of fact pursuant to the interests of justice on October 3, 2016.  (ECF 101).[1]  There were also findings of fact complying with 18 U.S.C. §3161(h)(7)(a) on March 9, 2018. (ECF 712).[2] The government filed a second superseding indictment on December 6, 2016. (ECF 158).[3] Defendant Marcial Bravo-Zambrano was named in that second superseding indictment on December 6, 2016, but not in custody in the Eastern District of Washington or arraigned until May 25, 2018. (ECF 786)[4] (Mr. Zambrano was not named in the initial or first superseding indictment).

A pre-trial conference was held, but Mr. Bravo-Zambrano was not present due to transportation issues and an impending contested detention hearing. (ECF 790, 798, 807 and transcript of May 21, 2018 hearing)).[5] Defendant Zambrano appears to be the least culpable of all the defendants. ECF 808 indicates Mr. Zambrano's significant ties to the community and his ability to obtain employment. (ECF 830).[6]

The Court ordered Counsel for Mr. Bravo-Zambrano and Mr. Palomino to meet and confer with the Government and inform the courtroom deputy for a possible case timeline for trial setting in March 2019. (ECF 798, 802)[7]  Counsel asked for a continuance in the May 21, 2018, pre-trial conference. Defense counsel conferred with AUSA Stephanie Van Marter pursuant to the Court's order and agreed to a case management schedule that was acceptable to the Mr. Zambrano's counsel and Mr. Palomino's counsel. (ECF 802 and 820).[8]

---

[1] See ECF 101, page 2, line 12 through 21
[2] See ECF 712, page 2, line 5 through 16
[3] See ECF 158 second superseding indictment
[4] See ECF 786 Arraignment minutes
[5] See ECF 790 and ECF 798.
[6] See ECF 830
[7] See ECF 798, 802.
[8] See ECF 820 case management order.

MEMORANDUM RE: SPEEDY TRIAL ISSUES                    2

1
2
The findings of fact pursuant to 18 U.S.C. §(h)(7)(a) are not stated in either ECF 798, 802

3
or 820, nor are they contained in the transcript of the May 21, 2018 hearing where Mr.

4
Zambrano's Counsel was present.

5
### III.    DISCUSSION

6
"The Sixth Amendment guarantees that, 'in all criminal prosecutions, the accused shall

7
enjoy the right to a speedy …trial….'" *Doggett v. U.S.*, 505 U.S. 647, 651 (1992). The Supreme

8
Court looks to four separate enquiries: (1) whether delay before trial was uncommonly long, (2)

9
whether the government or the criminal defendant is more to blame for that delay, (3) whether the

10
defendant asserted his right to a speedy trial, and (4) whether he suffered prejudice as the delay's

11
result. *Id.*; see *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

12
This case may meet the first enquiry, because the delay between accusation and trial is

13
presumptively prejudicial to Mr. Bravo-Zambrano. The trial dates in this case were set within a

14
few days after Mr. Bravo-Zambrano's arraignment.  Five to six months of time passed between

15
the indictment of Mr. Bravo-Zambrano and his arrest. However, no oral or written findings were

16
made in the interest of justice regarding speedy trial.

17
The Speedy Trial Act has numerous exclusions from the computation of the 70-day period,

18
including time designated for transport of defendants and for the preparation and hearing of

19
20
motions. *Id*. These exclusions apply to all co-defendants in a case. *Id.*; citing *U.S. v. Butz*, 982

21
F.2d 1378, 1381 (9th Cir.), *cert. denied*, 114 S.Ct. 250 (1993).  "When a superseding indictment

22
contains charges, which must be joined with the original charges, Speedy Trial Act calculations

23
begin from the date of the original indictment." *Id*. citing *U.S. v. Clymer*, 25 F.3d 824, 827 n.2

24
(9th Cir. 1994). Essentially, the new charges would retain the original Speedy Trial clock.

25
18 U.S.C. §3161(h) states: "the following periods of delay shall be excluding in

26
27
computing the time within which an information or an indictment must be filed or in computing

28

1   the time within which the trial of any such offense must commence…" 18 U.S.C. §3161(h). 18

2   U.S.C. § 3161(h)(7)(a) states:

3
4       Any period of delay resulting from a continuance granted by any judge on his own
        motion or at the request of the defendant or his counsel or at the request of the attorney
5       for the Government, if the judge granted such continuance on the basis of his findings
        that the ends of justice served by taking such action outweigh the best interest of the
6       public and the defendant in a speedy trial. *No such period of delay resulting from a
        continuance granted by the court in accordance with this paragraph shall be
7       excludable under this subsection unless the court sets forth, <u>in the record of the case,</u>
        <u>either orally or in writing,</u> its reasons for finding that the ends of justice served by the
8       granting of such continuance outweigh the best interests of the public and the defendant
        in a speedy trial.*
9

10  18 U.S.C.§ 3161(h)(7)(a) (*emphasis added*). There is nothing in the written record or transcript

11  related to Mr. Marcial Bravo-Zambrano containing the findings of fact required by the Speedy

12  Trial Act.  (ECF 623).

13
14      An exclusion of concern is 18 U.S.C. § 3161(h)(7)(ii) that in the ends of justice served by

15  the granting of a continuance outweighs the best interests of the public and the defendant in a

16  speedy trial. The factor set out in section (ii) states: " Whether the case is so unusual or so

17  complex, due to the number of defendants, the nature of the prosecution, or the existence of novel

18  questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial

19  proceedings or for the trial itself within the time limits established by this section." 18 U.S.C.

20  §3161(h)(7)(b)(ii).
21
22      "If any indictment or information is dismissed upon motion of the defendant, or any

23  charge contained in a complaint filed against an individual is dismissed or otherwise dropped…

24  and thereafter… an information or indictment is filed charging such defendant with the same

25  offense or an offense based on the same conduct… [the Speedy Trial Act clock starts fresh]." *Id*.

26  at 1150; citing 18 U.S.C. § 3161(b)(1); *see also U.S. v. McCown*, 711 F.2d 1441, 1446 (9th Cir.

27  1983 (when indictment dismissed on defense motion "any subsequent step toward prosecution

28

1   causes the time period to begin running anew."). "If the indictment is dismissed at the

2   government's behest, on the other hand, and thereafter a charge is filed against the defendant for

3   the same offense, or any offense required to be joined with that offense, any period of delay from

4   the date the charge was dismissed to the date the time limitation would commence to run as to the

5   subsequent charge had there been no previous charge [is tolled]." *Id.*; citing 18 U.S.C. §

6   3161(b)(1); *see also U.S. v. Feldman*, 788 F.2d 544, 548 (9th Cir. 1986), *cert denied*, 479 U.S.

7   1067, (1987) (citation omitted).

8

9       "The text of the statute, as well as Ninth Circuit case law, thus suggest that the identity of

10  the author of the motion for dismissal is paramount in determining whether the clock should be

11  restarted or merely tolled." *Id.* at 1150.; *see Feldman*, 788 F.2d at 549 (noting that 18 U.S.C. §

12  3161(d)(1) may apply "to any manner of dismissal of an indictment except on the government's

13  own motion," and should apply where the defendant rather than the government benefits from the

14  dismissal); *see also McCown*, 711 F.2d 1446.

15

16      In the present case, no party has moved for dismissal of the indictment based upon the

17  Speedy Trial Act. Neither party benefits in this case from a dismissal of the indictment, because

18  the Government can either re-indict the case or supersede, thereby bringing this case back to

19  square one. Although Counsel recalls the Court discouraging the filing of any further superseding

20  indictments in this case, there is no legal prohibition from the Government doing so.[9] The

21  complexity of this case derives from the significant amount of discovery and trial preparation

22  involved. From May 25, 2018 to January 22, 2019, 242 days will have passed since Mr. Bravo-

23  Zabrano was arraigned. By the time trial is set to commence on March 25, 2019, 204 days will

24  have passed. Mr. Bravo-Zambrano does not disagree with the March 25, 2019, trial date.

25

26  ///

27

28  ---

[9] Counsel believes this may have it occurred at the September 18, 2018 hearing.

**REMEDY ANALYSIS**

As it currently stands, there are three options available to the Court: dismissal with prejudice, dismissal without prejudice, or accept the plea agreement that waives the speedy trial issue.[10]  When an alleged speedy trial violation has occurred, the it must be determined if the delay reaches the standard of a dismissal with prejudice or the lesser standard of without prejudice. But other options exist as well.

    1.   Dismissal with prejudice analysis

"In determining whether to dismiss a case with or without prejudice, 'the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a re-prosecution on the administration of [the STA] and on the administration of justice." *U.S. v, Barragan-Garcia*, 2017 U.S. Dist. Lexis 154542 (S. Dist. CA); citing *U.S. v. Medina*, 524 F.3d 974, 986 (9th Cir. 2008). If the crime is serious, that fact normally weighs in favor of dismissal without prejudice. *U.S. v. Medina*, 524 F.3d 974, 986-987 (9th Cir. 2008). For this case to be dismissed with prejudice, the following facts would have had to happen: (1) the crime would be a lesser crime or misdemeanor, (2) the government would have to be the primary cause of the delay, and (3) the government would have to waste public funds to re-prosecute Mr. Zambrano.

In this case, the crime is serious because Mr. Zambrano is charged in a very large drug conspiracy case (although he appears to be a minimal participant). The government does not appear to be the primary cause of delay since the facts and circumstances that led to the dismissal were the missing oral and written findings of fact. Finally, it is debatable as to whether it would be a waste of funds to re-prosecute Mr. Zambrano given the size of the conspiracy and his

---

[10] To be clear, these options are solely in the discretion of the Court. The remedy section **is not** a negotiation on behalf of any party.

1    minimal participation.

2         2.   Dismissal without Prejudice

3         The impact of re-prosecution is that if the Court dismisses the indictment without

4
     prejudice as to Marcial Bravo-Zambrano, the Government can re-indict or supersede the current
5
6    indictment thereby restarting the statutory Speedy Trial clock anew. This will involve significant

7    time and expense to the Court and the Government.

8         3.   Mr. Zambrano enters a plea agreement and the Court accepts with a waiver of speedy
               trial.
9

10        Mr. Zambrano was offered a plea agreement before briefing was directed on this issue and

11   thereafter signed the plea agreement. That plea agreement contains a speedy trial waiver.

12   If Mr. Zambrano pleads guilty and waives speedy trial, it cures the issue raised in this case.

13   Waiving speedy trial is a significant concession for Mr. Zambrano in this case given his minimal

14
     participation in the conspiracy and the non-excludable time involved. The benefits of the plea
15
16   agreement far outweigh the risk at trial for Mr. Zambrano since the Government has made

17   reasonable concessions. The plea agreement's benefits also outweigh the time and expense to the

18   Government and the Court for further re-indictment, arraignment, detention hearings, motion

19   practice, trial, and appeal.

20                                      **CONCLUSION**

21        There must be findings of fact pursuant to the Speedy Trial Act 18 U.S.C. §

22   3161§(h)(7)(a). There are no findings of fact, either oral or written, in the record as to this

23   defendant.

24
          The Court has three choices: (1) dismiss with prejudice; (2) dismiss without prejudice; or
25
26   (3) accept the plea.

27        The Court should accept the plea agreement and waiver of speedy trial already signed by

28   the defendant.

MEMORANDUM RE: SPEEDY TRIAL ISSUES          7

1    Dated this 18th day of January 2018.

2                                                    Respectfully Submitted,

3
                                                    *s/Zachary L. Ayers*_____
4                                                    WSBA # 46496
                                                    Attorney for Marcial Bravo-Zambrano
5                                                    Ayers Law Firm, P.L.L.C.
                                                    1312 N. Monroe Street, Suite 133
6                                                    Spokane, WA 99201
                                                    Telephone/Fax: (509) 252-6005
7                                                    Email: zach@ayerslawfirm.net

8
                                                    *s/Walter L. Ayers*
9                                                    WSBA #19707

10

11

12                          **<u>CERTIFICATE OF SERVICE</u>**

13        I hereby certify that on January 18, 2018, I electronically filed the foregoing with the

14   Clerk of the Court using the CM/ECF System which will send notification of such filing to the

15   following: Assistant United States Attorney Stephanie Van Marter.

16

17

18                                                  *s/Zachary L. Ayers*_____
                                                    WSBA # 46496
19                                                  Attorney for Marcial Bravo-Zambrano
                                                    Ayers Law Firm, P.L.L.C.
20                                                  1312 N. Monroe Street, Suite 133
                                                    Spokane, WA 99201
21                                                  Telephone/Fax: (509) 252-6005
                                                    Email: zach@ayerslawfirm.net
22

23

24

25

26

27

28

MEMORANDUM RE: SPEEDY TRIAL ISSUES              8