FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 31, 2019

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

ALEXIS JOEL GARCIA PALOMINO (4); AND MARCIAL BRAVO ZAMBRANO (20),

Defendant.

No. 4:15-CR-6049-EFS

**ORDER REGARDING SPEEDY TRIAL ISSUE**

On January 8, 2019, the Court ordered the Government and Defendants Alexis Joel Garcia Palomino and Marcial Bravo Zambrano to provide briefing as to whether there was a speedy trial issue under the Speedy Trial Act, 18 U.S.C. § 3161. The Court has reviewed the parties' briefing[1] and holds that, for the reasons articulated below, the period from May 29, 2018 and March 25, 2019 is excludable from Speedy Trial Act calculations.

[1] *See generally* ECF Nos. 1108–1110.

# I. BACKGROUND

On October 3, 2016 the Court declared this case complex.[2] At that point, neither Defendant Palomino nor Defendant Marcial Zambrano[3] had been arrested. The Government filed the Second Superseding Indictment on December 6, 2016.[4] Both of the defendants were named, but neither were in federal custody. Nearly two years later, on March 28, 2018, Defendant Palomino was arraigned on the Second Superseding Indictment.[5] On May 25, 2018, Defendant Marcial Zambrano was arraigned.[6]

On May 29, 2018, the Court held a pretrial conference.[7] Defendant Marcial Zambrano was not in Court due to confusion from his recent arraignment and availability of transportation.[8] When the Court set the March 2019 trial date, the Court stated:

> THE COURT: Okay. Well, Mr. Niesen, I don't know what – Mr. – the Ayerses, what is your position on going to trial in October, given your client's charges? . . . .
>
> MR. ZACHARY AYERS: We would agree to the continuance that other counsel is moving for as well today.
>
> THE COURT: This is not a continuance.
>
> MR. ZACHARY AYERS: Okay.

---

[2] *See* ECF No. 101.

[3] The Court refers to Defendant Marcial Zambrano by his first and last name because a co-defendant shares his last name.

[4] ECF No. 158.

[5] ECF No. 735.

[6] ECF No. 786.

[7] *See* ECF No. 1107.

[8] *See id.*

> THE COURT: You can have a –because the amended case management order in Palomino set his trial for October. There's been no amended case management order dealing with your client. So as I put in a footnote, flagging it the people who received all of that, all of the counsel, anybody recently arrested is going to trial in March of 2019.
>
> MR. ZACHARY AYERS: Understood, Your Honor.
>
> THE COURT: Okay.[9]

Mr. Ayers stated that his client anticipated a trial date in March 2019.[10] The Court noted that if Defendant Marcial Zambrano disagreed with the March 2019 date, another hearing would be set to further discuss.[11]

On May 30, 2018 the Court entered an Order Severing Defendants and Directing Parties to Meet and Confer.[12] The parties filed a Joint Status Report recommending a trial date of March 25, 2019.[13] The Court also entered a Case Management Order, setting the jury trial for March 25, 2019, which did not state that a continuance had been granted.[14]

On January 8, 2019 the Court reexamined the record and asked the parties to provide briefing as to whether there was a speedy trial issue.[15] The parties subsequently filed briefs.[16] Defendant Marcial Zambrano asserts that the Speedy Trial Act[17] was violated because the Court did not adequately state on the record the

---

9 ECF No. 1107.

10 *See id.*

11 *See id.*

12 ECF No. 802.

13 ECF No. 814.

14 ECF No. 820.

15 ECF No. 1095.

16 *See* ECF Nos. 1108–1110.

17 Both defendants cite the factors from *Barker v. Wingo*, 407 U.S. 514, 527 (1972), which are used to analyze whether a defendants' Sixth Amendment right to a speedy trial was violated. However, the issue here is whether the defendants' statutory right to a speedy trial under the Speedy Trial

reasons for its continuance.[18] Defendant Palomino states that, while the Court did not specifically state so, the complexity of the case was the basis for the Court's de-facto continuance.[19] Neither defendant moves to dismiss because both believe that the Government will be able to re-indict them.[20] The Government argues that the "record as a whole, most certainly supports the continuance Order" and that any error has been waived by the defendants.[21]

## II. APPLICABLE LAW & ANALYSIS

The Court holds that the time is excludable under the Speedy Trial Act.[22] Although the Court did not make its findings clear at the time it continued the case, the Court now holds that it continued the case because the ends of justice gained by delaying the case outweighed the interest of the public and defendants in a speedy trial.[23] Alternatively, the defendants will waive any violation of the Speedy Trial Act upon entering their anticipated guilty pleas.[24]

---

Act was violated. The Speedy Trial Act has mooted much litigation about the requirements of the Speedy Trial Clause, and the analyses are different. *Betterman v. Montana*, 136 S. Ct. 1609, 1616 (2016) (citations omitted). *See McNeely v. Blanas*, 336 F.3d 822, 828 n.7 (9th Cir. 2003) (differentiating "Speedy Trial Act case[s]" from Sixth Amendment cases).

18 *See* ECF No. 1109.

19 *See* ECF No. 1108.

20 Upon a violation of the Speedy Trial Act, the Court would determine whether the case should be dismissed with or without prejudice. 18 U.S.C. § 3162(a)(2).

21 *See* ECF No. 1110.

22 18 U.S.C. § 3161.

23 18 U.S.C. § 3161(h)(7)(A).

24 The defendants have upcoming change of plea hearings. ECF Nos. 1111 & 1112.

**A. The time is excludable under the Speedy Trial Act because the Court continued the case based on proper motivations.**

Over 70 days have passed since the arraignments of both defendants.[25] Congress passed the Speedy Trial Act, 18 U.S.C. § 3161, to give effect to the Sixth Amendment's right to a speedy trial.[26] The Act directs—on pain of dismissal of the charges—that no more than 70 days pass between indictment, or a defendant's arraignment, and trial.[27]

However, the Act contains certain exceptions. One of those exceptions is found in § 3161(h)(7)(A), which excludes from the 70-day calculation:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of his attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.[28]

Therefore, although 70 days have passed since the arraignments, the excess time would be excludable under the Speedy Trial Act if the Court granted an "ends of justice" continuance under § 3161(h)(7).

---

[25] Defendant Palomino was arraigned on the Second Superseding Indictment on March 28, 2018. ECF No. 735. On May 25, 2018, Defendant Marcial Zambrano was arraigned. ECF No. 786.

[26] *Betterman*, 136 S. Ct. at 1616 (citations omitted).

[27] 18 U.S.C. § 3161(c)(1).

[28] 18 U.S.C. § 3161(h)(7)(a).

Although the Court did not clearly articulate so at time, the Court now holds that it sua sponte continued the case under § 3161(h)(7). Although the Court stated that no continuance was being considered, the Court meant that say that no continuance was being considered in the larger case—in other words, the case of the co-defendants in 4:15-CR-6049-EFS was not being continued.[29]

Additionally, according to the Speedy Trial Act, the Court should have been more precise about its reasons for finding that the ends of justice served by continuing the case through March 2019 outweighed the best interests of the public and the defendants in a speedy trial.[30] Section 3161(h)(7)(B) provides four reasons for the Court to consider when making an "ends of justice" finding.[31] The Court agrees with Defendant Marcial Zambrano that these findings were not adequately made at the time the Court continued the case.

However, although the Court did not clearly state these findings contemporaneously when continuing the case, the excess time may still be excluded under the Speedy Trial Act because the Court granted the continuance based on the proper statutory factors. The Court need not contemporaneously set down the factual predicate for its determination of a continuance at the time it is granted, as long as the Court can later show the delay was motivated by proper considerations.[32] Further, the Court need not cite to the statute when it is clear the Court "considered the factors in § 3161(h)(7)(B) and determined that the continuance was merited

---

29 The co-defendants case was set for October 2018. ECF No. 740.

30 18 U.S.C. § 3161(h)(7)(A).

31 18 U.S.C. § 3161(h)(7)(B).

32 *See United States v. Bryant*, 726 F.2d 510, 511 (9th Cir. 1984).

based on the applicable factor or factors."[33] The Court now makes the appropriate record.

Considering statutory factors § 3161(h)(7)(B)(i), (ii) and (iv), the Court believed that the ends of justice served by continuing the case outweighed the best interest of the public and the defendants in a speedy trial. The Court stated that it set trial in March 2019 to give the defendants "adequate time to prepare, given the amount of time every other attorney has had."[34] The bulk of the co-defendants had been arraigned in 2016.[35] Further, the Court had previously declared the case complex due to the overwhelming amount of discovery.[36] The Court believed that setting Defendants Palomino and Marcial Zambrano's trial within 70 would deny counsel the reasonable time necessary for effective preparation, and would result in a miscarriage of justice.[37] Therefore, the Court believed that ends of justice served by allowing Defendants Palomino and Marcial Zambrano's attorneys more time to review the complex case, in light of the significant amount of time the co-defendants attorneys' received,[38] outweighed the interest of the public and the defendants in a speedy trial. The resulting delay is therefore excluded under the Speedy Trial Act.

---

33 *United States v. McCarns*, 900 F.3d 1141, 1145 (9th Cir. 2018) (internal quotations and citations omitted).

34 *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

35 *See, e.g.*, ECF Nos. 199, 207, 253. Some were also arraigned in early 2017. *See, e.g.*, ECF No. 271.

36 ECF No. 101.

37 *See* 18 U.S.C. § 3161(h)(7)(B)(i).

38 The co-defendants were set for trial in October of 2018 and most had been arraigned in 2016. See ECF Nos. 199, 207, 253, 740. *See* 18 U.S.C. § 3161(h)(7)(B)(ii).

**B. The Court declines to hold whether the Speedy Trial Act was violated, because the defendants have not made a motion to dismiss.**

Alternatively, the defendants will waive their right of dismissal upon pleading guilty. The Court currently has change of plea hearings set for February 4, 2019.[39] Both defendants state that they do not want the case dismissed.[40] The Court raised this issue sua sponte, in recognition that "the primary burden [is] on the courts and the prosecutors to assure that cases are brought to trial" in a manner that protects defendants' speedy trial rights.[41] However, the defendants have stated that they are not filing motions to dismiss.[42] Under § 3162(c) the Court may dismiss only upon motion by a defendant.[43] Upon entering a plea of guilty, defendants waive their right of dismissal.

Waiver of the speedy trial right is unlike the waiver of other fundamental rights, where the Supreme Court has placed the entire responsibility on the Government to show that the claimed waiver was knowingly and voluntarily made.[44] The speedy trial right is "amorphous" and "slippery," and it is often uncertain as to when and under what circumstances it must be asserted or may be deemed waived.[45]

---

39 ECF Nos. 1111 & 1112.

40 In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice. 18 U.S.C. § 3162(a)(2).

41 *Barker v. Wingo*, 407 U.S. 514, 529 (1972).

42 *See* ECF Nos. 1108 & 1109.

43 Upon a violation of the Speedy Trial Act time limits, "the information or indictment shall be dismissed on motion of the defendant. The defendant shall have the burden of proof of supporting such motion but the Government shall have the burden of going forward with the evidence in connection with any exclusion of time under subparagraph 3161(h)(3)." 18 U.S.C. § 3162(a)(2).

44 *Barker*, 407 U.S. at 529.

45 *See Vermont v. Brillon*, 556 U.S. 81, 89–90 (2009) (citations omitted); *Barker*, 407 U.S. at 529.

Although the primary duty is placed on the Government and the Court, "a defendant has some responsibility to assert a speedy trial claim"—for example, under the Speedy Trial Act, a defendant must make motion to dismiss upon a violation of the Act.[46] Importantly, the Supreme Court has said it "would be reluctant indeed to rule that a defendant was denied this constitutional right on a record that strongly indicates . . . that the defendant did not want a speedy trial."[47] Defendants indicate that they do not want a speedy trial, as they have not raised any objections to the March 2019 trial date.[48]

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Pursuant to 18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv), the Court **DECLARES EXCLUDABLE from Speedy Trial Act calculations** the period from **May 29, 2018,** the date the Court continued the case, through **March 25, 2019,** as the period of delay granted for adequate preparation by counsel.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to counsel.

**DATED** this 31st day of January 2019.

s/Edward F. Shea
EDWARD F. SHEA
Senior United States District Judge

---

46 *Barker*, 407 U.S. at 529.

47 *Id.* at 536.

48 The transcript from the May 29, 2018 pretrial conference indicates that Mr. Zachary Ayers, counsel for Defendant Marcial Zambrano, stated that he anticipated a trial date in March 2019 and would let the Court know if his client disagreed. *See* ECF No. 1107.