Peter S. Schweda
Waldo, Schweda & Montgomery, P.S.
2206 North Pines Road
Spokane, WA 99206
509/924-3686
Fax:  509/922-2196
pschweda@wsmattorneys.com

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 4:15-cr-6049-EFS-16 |
| | ) | |
| Plaintiff, | ) | |
| | ) | DEFENDANT EDGAR OMAR |
| vs. | ) | HERRERA FARIAS' |
| | ) | OBJECTIONS TO |
| EDGAR OMAR HERRERA FARIAS, | ) | PRESENTENCE |
| | ) | INVESTIGATION REPORT |
| Defendant. | ) | (PSIR) |
| | ) | |
| _____ | ) | |

The Defendant, by and through his appointed to counsel, objects to the

Presentence Investigation Report (hereinafter "PSIR) as follows:

OBJECTION NO. 1:    On pg. 1 of the PSIR it states that Count 1 is a Class

A Felony punishable by 10 years to life imprisonment.  As stated herein, Mr. Herrera

Farias submits that due to the way Court 1 was drafted that he was charged with an 18

U.S.C. § 371 conspiracy for which the maximum sentence is not more than 5 years.

Count 1 charges that the Defendant and others conspired "to commit the following

offense against the United States."  This is a § 371 conspiracy, which punishes two or

*Waldo, Schweda & Montgomery, P.S.*
*2206 North Pines Road*
*Spokane, WA 99206*
*509/924-3686*
*Fax:  509/922-2196*

more persons who conspire "to commit any offense against the United States" as a required element.

21 U.S.C. § 846 punishes "any person who … conspires to commit any offense in this subchapter" which is Subchapter 13 of the Controlled Substance Act.

The Ninth Circuit sitting *en banc* has held that conspiracy offenses charged under 18 U.S.C. § 371, are separate offenses from conspiracies alleged under the Controlled Substance Act. *United States v. Arlt,* 252 F.3d 1032, 1039 (9th Cir. 2001). The Ninth Circuit concluded that "Congress intended that crimes charged in Count One [under 21 U.S.C. § 846) and Two [18 U.S.C. § 371 *to be separate offenses." Id.* (emphasis added).

OBJECTION NO. 2:    Mr. Herrera Farias objects to ¶ 34, 40, 45, 56, 97, 98 and 101.  Mr. Herrera Farias states he never transported drugs into Canada and was never in charge of backpackers after Ivan Calvillo was arrested.  Mr. Calvillo "was arrested in April 2012, in California subsequently deported." PSIR at ¶ 28.  Mr. Herrera Farias supposedly took over after Calvillo's arrest in 2012.  *Id.,* at ¶ 45.  Mr. Herrera Farias was arrested in Yakima County, Washington on March 22, 2012.  PSIR at ¶ 27 and 127.  On August 23, 2012 the Yakima County Superior Court sentenced Mr. Herrera Farias to three months confinement with credit for 47 days served and the balance to be served in home detention with GPS monitoring.  See attached Yakima County Felony Judgment and Sentence.  Mr. Herrera Farias was thereafter arrested on

*DEFENDANT'S OBJECTIONS TO PSIR -2*

*Waldo, Schweda & Montgomery, P.S.*
*2206 North Pines Road*
*Spokane, WA 99206*
*509/924-3686*
*Fax: 509/922-2196*

December 13, 2012 and held on an immigration hold until he was deported on March 27, 2013. PSIR at ¶ 138.  It would have been difficult for Mr. Herrera Farias to be in charge of drugs coming from California to Washington to be transported into Canada by backpackers.    This impeaches the Confidential Sources and Cooperating Defendants cited by the PSIR, who are unidentified.   All of these sources are co-conspirators in this case.    Their statements inculpating Mr. Herrera Farias are inherently unreliable.

In *United States v. Vera*, 893 F.3d 689, 692-93 (9th Cir. 2018), the Ninth Circuit recognized the "the Supreme Court's 'time-honored teaching' that 'a codefendant's confession inculpating the accused is inherently unreliable' is 'equally applicable in the sentencing as in the conviction context.'"  *Id.,* quoting *United States v. Pimental-Lopez,* 859 F.3d 1134, 1144) (9th Cir. 2016) in turn quoting *Lee v. Illinois,* 476 U.S. 530, 546 (1986).

A co-conspirator "may adopt facts that the government wants to hear in exchange for some benefit, usually a lesser sentence." *Id.,* at 693.  The statements implicating others "were made in an attempt to curry favor from federal authorities." *Id.,* quoting *United States v. Magana-Olvera,* 917 F.2d 401, 409 (9th Cir. 1990).  Thus, the statements are inherently unreliable.

Further, ¶ 98 states that some conversations the CD and Mr. Herrera Farias were recorded, this is not true.  When questioned, the Government determined that there

*Waldo, Schweda & Montgomery, P.S.*
*2206 North Pines Road*
*Spokane, WA 99206*
*509/924-3686*
*Fax: 509/922-2196*

were no recorded calls.

In ¶ 29-30, a CD explains that it was Rosa Granodos that organized and drove backpackers to trail locations near the Canadian border in 2012. Mr. Herrera Farias is not identified. Likewise, ¶ 31 another CD describes large quantities of methamphetamine was transported from California to Washington in 2012 and the person involved. Again, Mr. Herrera Farias is not mentioned.

Mr. Herrera Farias' sentencing exhibits ECF No. 1142 demonstrate that Mr. Herrera Farias was in his home town of Michoacán from October 2013 to August 2016.

Paragraphs 34, 40, 45, 56, 97, 98 and 101 should be stricken from the PSIR as unreliable because they are contradicted by Mr. Herrera Farias' Yakima County conviction and statements made by other CD's.

OBJECTION NO. 3:    ¶ 98 states that "[s]ome conversations between [a CD and Mr. Herrera Farias] were recorded by agents." If the Court does not delete the ¶ based upon Objection No. 2, this sentence should be removed because the conversations were not recorded.

OBJECTION NO. 4:    ¶ 99 should be corrected to state that Mr. Herrera Farias was arrested on December 13, 2016, instead of the incorrect date of December 15, 2016.

OBJECTION NO. 5:    Mr. Herrera Farias requested a CD to find witnesses to verify he sold, purchased and repaired motor vehicles which he, in fact, did. Mr.

*DEFENDANT'S OBJECTIONS TO PSIR -4*

Herrera Farias did not ask a CD to find witnesses to say that was his only work and ¶'s 100 and 104 of the PSIR should be corrected accordingly.

OBJECTION NO. 6:   ¶ 101 should be corrected to state that Mr. Herrera Farias is from the village of Michoacán, not from Colima where Ivan Calvillo was from.  The description of Mr. Herrera Farias and Mr. Calvillo having a "close" relationship is conclusory and not based on any articulated facts.  Mr. Herrera Farias denies working with backpackers.  ¶ 101, if not deleted on the basis of Objection No. 2, it should be corrected accordingly.

OBJECTION NO. 7:     Mr. Herrera Farias objects to ¶'s 102, 109 and 110 because they are based upon speculation, and ignore the requirement that relevant conduct for jointly undertaken criminal conduct be "within the scope of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3 (a)(1)(B)(i).  As application note 3(B) to this guideline explains,

> [T]he accountability of the defendant for acts of others in limited by the scope of his or her agreement to jointly undertake the particular criminal activity.  Acts of others that were not within the scope of the defendant's agreement, even if those acts were known or reasonably foreseeable to the defendant, are not relevant conduct under subsection (a)(1)(B).
>
> In cases involving contraband (including controlled substances), the scope of the jointly undertaken criminal activity (and thus the accountability of the defendant for the contraband that was the object of that jointly undertaken activity) may depend upon whether, in the particular circumstances, the nature of the offense is more appropriately viewed as one jointly undertaken criminal activity or as number of

*Waldo, Schweda & Montgomery, P.S.*
*2206 North Pines Road*
*Spokane, WA 99206*
*509/924-3686*
*Fax: 509/922-2196*

separate criminal activities.

Here, Mr. Herrera Farias has admitted he distributed drugs for Ivan Calvillo. The only actual evidence of drugs in Mr. Herrera Farias possession is found in ¶'s 27 and 99. Mr. Herrera Farias was not in the United States for almost three years, from October 2013 to August 2016. See Sentencing Exhibits.

In ¶ 27 Mr. Herrera Farias was found to be in possession of 211.3 grams of methamphetamine on March 22, 2012. In ¶ 99, Mr. Herrera Farias was in possession of "$130 cash, about an ounce of suspected cocaine, and, a cell phone." Apparently the suspected "cocaine" was never tested and should not be used in determining Mr. Herrera Farias' offense level.

The PSIR relies on unreliable statements by co-conspirators that are impeached. See Objection No. 1. Moreover, even if the unreliable co-conspirators statements are used, they are conclusory and not based on facts. The PSIR admits that it is speculating as to the amount of drugs and number of times Mr. Herrera Farias had drugs in arriving at the base offense level of 38. PSIR at ¶ 109.

In *Unites States v. Garcia-Sanchez,* 189 F.3d 1143, 1148-48 (9th Cir. 1999), the Ninth Circuit reversed a sentence based upon the case agent's interview of two co-conspirators that reported how much drugs were being distributed on a weekly basis. The Court reversed and remanded for re-sentencing because "[t]he district court's estimate of the conspiracy's weekly sales is supported only by the unexplained

*DEFENDANT'S OBJECTIONS TO PSIR -6*

*Waldo, Schweda & Montgomery, P.S.*
*2206 North Pines Road*
*Spokane, WA 99206*
*509/924-3686*
*Fax: 509/922-2196*

conclusions drawn from unrevealed out-of-court statements."

The Government bears the burden to prove the weight quantity of drugs by a preponderance of evidence. *United States v. Culp,* 300 F.3d 1069, 1076 (9th Cir. 2002). The Court must "err on the side of caution" in approximating drug quantity. *United States v. Kilby,* 443 F.3d 1135, 1141 (9th Cir. 2006).

Therefore, it is submitted that Mr. Herrera Farias' base offense level should be 26 under §2D.1.1(c)(7) for the 211.3 grams of methamphetamine seized on March 22, 2012.

OBJECTION NO. 8:    Mr. Herrera Farias should receive a downward adjustment on of 3 levels pursuant to 2X1.1(b)(2) in ¶ 113.

OBJECTION NO. 9:   The three-level enhancement because Mr. Herrera Farias is alleged to be a manager or supervisor in ¶ 113 under §3B1.1(b) should be deleted. Mr. Herrera Farias was neither an organizer, leader, manager or supervisor. His participation in the conspiracy was short-lived in 2012 and evidenced by the seizure of the 211.3 grams of methamphetamine on March 22, 2012.

Furthermore, Mr. Herrera Farias has an oral plea agreement with the Government, which was placed on the record at the time of the change of plea on October 10, 2018. The Government agreed not to seek an enhancement under §3B1.1. In the interests of fostering the settlement of criminal cases, the Court should honor this agreement and not impose the enhancement.

*DEFENDANT'S OBJECTIONS TO PSIR -7*

*Waldo, Schweda & Montgomery, P.S.*
*2206 North Pines Road*
*Spokane, WA 99206*
*509/924-3686*
*Fax: 509/922-2196*

OBJECTION NO. 10:   Mr. Herrera Farias' Total Offense Level in ¶ 118 should therefore be changed 21 (base level 26, less 3 conspiracy guideline, less 2 acceptance of responsibility).

OBJECTION NO. 11:     The two criminal history points in ¶ 137 should be removed.  The Yakima County conviction possession of a controlled substance is relevant conduct under § 1B1.3 for the instant case.  See ¶ 27.  There is no further reliable evidence of Mr. Herrera Farias' involvement in the conspiracy. It is not just or correct to make his criminal history higher based on the very conduct he is now being sentenced for.  This conviction is not criminal history, rather it is the basis of what Mr. Herrera Farias is now being sentenced.

OBJECTION NO. 12:     The two criminal history points in ¶ 134 should be removed.  ¶ 134 adds the two points because "the defendant committed the instant offense while under a criminal sentence of probation for the Union Gap Municipal Court."  However, the basis of putting him on probation was the relevant conduct described in ¶ 27.  Further, no evidence exists that Mr. Herrera Farias committed any further conduct in the conspiracy after being placed on probation.

OBJECTION NO. 13:   Based on the foregoing, the total criminal history score should be one resulting in a Criminal History Category of I.  ¶ 135 should be corrected accordingly.

OBJECTION NO. 14:    ¶ 144 should be clarified by striking the last sentence

*DEFENDANT'S OBJECTIONS TO PSIR -8*

*Waldo, Schweda & Montgomery, P.S.*
*2206 North Pines Road*
*Spokane, WA 99206*
*509/924-3686*
*Fax: 509/922-2196*

and replaced by the following:  The Defendant was never seen in or around the truck.

Officers located suspected narcotics in the truck, however, the substance was never

tested to determine what it was.  A firearm was located in the truck.

OBJECTION NO. 15:    Per Objection No. 1, ¶ 169 should be changed to read:

Statutory Provisions:  The maximum term of imprisonment is not more than 5 years.

18 U.S.C. § 371.

OBJECTION NO. 16:    Per Objections No. 7, 8, 9,11, 12 and 13, ¶ 170 should

to be changed to read:  Guideline Provisions:    Based upon a total offense level of 21

and Criminal History Category of I, the guideline imprisonment is 37 months to 46.

OBJECTION NO. 17:    Per Objection No. 1, ¶ 171 should be changed to read:

Statutory Provisions:  The Court may impose supervised release of not more than three

years.  18 U.S.C. § 3583(b)(2) and 3559 (a)(4).

OBJECTION NO. 18:    Per Objection No. 1, ¶ 172 should be changed to read:

Guideline Provisions:  The guideline range for a term of supervised release is at least

one year but not more than three years.  U.S.S.G. 5D1.2(a)(2).

OBJECTION NO. 19:    Per Objection No. 1, ¶ 173 should be changed to read:

Statutory Provisions:  The Defendant is eligible for probation.  18 U.S.C. § 3561(a).

OBJECTION NO. 20:    Per Objections No. 1, 7, 8, 9, 11, 12 and 13 the cite to

the U.S.S.G. should be changed to 5B1.1(a)(1) and (2).

OBJECTION NO. 21:    Per Objection No. 1, ¶ 175 should be changed to read:

*DEFENDANT'S OBJECTIONS TO PSIR -9*

*Waldo, Schweda & Montgomery, P.S.*
*2206 North Pines Road*
*Spokane, WA 99206*
*509/924-3686*
*Fax:  509/922-2196*

Statutory Provisions:  The maximum fine is per 18 U.S.C. § 371.

OBJECTION NO. 22:    The table in ¶ 189 should be changed to be consistent with the foregoing Objections.

RESPECTFULLY submitted this 20th day of February 2019.

WALDO, SCHWEDA
& MONTGOMERY, P.S.
By: /s/ Peter S. Schweda
PETER S. SCHWEDA
Attorney for Defendant Herrera Farias

*DEFENDANT'S OBJECTIONS TO PSIR -10*

*Waldo, Schweda & Montgomery, P.S.*
*2206 North Pines Road*
*Spokane, WA 99206*
*509/924-3686*
*Fax:  509/922-2196*

### ***CERTIFICATE OF SERVICE***

I HEREBY CERTIFY that on February 20, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:


Joseph H. Harrington
Acting United States Attorney
Eastern District of Washington
Stephanie Van Marter
Assistant United States Attorney
Eastern District of Washington
300 United States Courthouse
PO Box 1494
Spokane, WA 99210


By: /s/ KATHLEEN SCHROEDER
Legal Assistant to Peter S. Schweda

*DEFENDANT'S OBJECTIONS TO PSIR -11*

*Waldo, Schweda & Montgomery, P.S.*
*2206 North Pines Road*
*Spokane, WA 99206*
*509/924-3686*
*Fax: 509/922-2196*