Lupe C. Rodriguez, Jr. (California State Bar No. 175449)
LAW OFFICE LUPE RODRIGUEZ, Jr. APC
444 West C Street, Suite 340
San Diego, California  92101
Telephone:  (619) 241-2105
Facsimile:   (619) 241-2106
LRodriguez@LRodLaw.com

Timothy Scott (Washington State Bar No. 30424)
911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Telephone: (619) 794-0451
tas@scotttriallawyers.com

Attorneys for Defendant
SALVADOR GUDINO CHAVEZ (11)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SALVADOR GUDINO CHAVEZ (11),<br><br>Defendant. | CASE NO.: 4:15-CR-6049-EFS-11<br><br>DEFENDANT SALVADOR GUDINO CHAVEZ' OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT<br><br>Sentencing Hearing Date: 03/11/2019<br>Time: 1:30 P.M. |

Now comes Defendant, SALVADOR GUDINO CHAVEZ (11) (hereinafter referred to as "Mr. Gudino Chavez"), by and through counsel, Lupe C. Rodriguez, Jr. of the Law Office of Lupe Rodriguez, Jr. APC and local counsel Timothy Scott, of Scott Trial Lawyers, submits the following Objections to the Presentence Investigation Report (hereinafter referred to as "PSIR").

//

//

**OJECTION NO. 1:** The probation officer states in the PSIR Page 7, Paragraph 34 that "Mr. Rosales Saucedo and Salvador Gudino Chavez were believed to be associates assisting in the organization as a mid-point/drop off for drug shipments in the Los Angeles, California area." However, Mr. Gudino Chavez was not assisting any organization as a "mid-point/drop off" for drug shipments during this investigation.

Mr. Gudino Chavez pled guilty to Count 2 of the Second Superseding Indictment which charged Mr. Chavez with conspiring to commit money laundering in accordance with the evidence compiled and provided by the Government. Mr. Gudino Chavez has not admitted, nor does the evidence show that he was knowingly involved in assisting with drug shipments in the Los Angeles, California area. Moreover, the probation officer indicates that Mr. Gudino Chavez was "believed to be" an associate assisting in the alleged drug activity with no indication from where that information was derived or whether there was any evidence or proof to support such an assertion. Therefore, this speculative, unsupported and unsubstantiated assertion against Mr. Gudino Chavez should be deleted from the PSIR.

**OBJECTION NO. 2:** The probation officer states in the PSIR Page 9, Paragraph 43 that "[o]n March 18, 2016, Mr. Gudino Chavez was observed with Mr. Carillo Casillas at a bus station in Riverside, California … During the surveillance, Mr. Gudino Chavez and Mr. Carillo Casillas loaded four tires onto a bus. The agents were aware the tires contained controlled substances." However, Mr. Gudino Chavez never traveled to Riverside, California with Mr. Carillo Casillas and does not believe that there is any surveillance showing him in Riverside, California with Mr. Carillo Casillas at any time.

//
//
//
//
//

1    Additionally, assuming that only the actual location of this occurrence is incorrect,
2 Mr. Gudino Chavez at no time had direct knowledge that any tires contained controlled
3 substances.  Moreover, Mr. Gudino Chavez in approximately 2012 suffered various work
4 related injuries, including a serious back injury and was under the care of a worker's
5 compensation physician during the period of time alleged herein and was unable to lift
6 anything, much less tires loaded with controlled substances.  Therefore, the assertions
7 contained in paragraph 43 of the PSIR are incorrect, unsupported and unreliable and
8 should be deleted in their entirety.

9    **OBJECTION NO. 3:**  Mr. Gudino Chavez objects the assertions contained at
10 Page 7, Paragraphs 31-34, Page 8, Paragraphs 36-39, and Pages 10-11, Paragraphs 46
11 through 55 because they are based upon speculation and/or ignore the requirement that
12 relevant conduct for jointly undertaken criminal conduct be "within the scope of the
13 jointly undertaken criminal activity."  More importantly the Government agreed and
14 stipulated, as part of the plea agreement, that Mr. Gudino Chavez "would not be
15 accountable under the provisions of Relevant Conduct for the overall conduct attributed to
16 the underlying offense under U.S.S.G. §1B1.3(a)(1)(B)(i).  (See Plea Agreement, Page 14,
17 Paragraph 9(a)).  Additionally, application note 3(B) to this guideline explains,

> [T]he accountability of the defendant for acts of others is
> limited by the scope of his or her agreement to jointly
> undertake the particular criminal activity.  Acts of
> others  that were not within the scope of the defendant's
> agreement, even if those acts were known or reasonably
> foreseeable to the defendant, are not relevant conduct
> under subsection (a)(1)(B).

24 //
25 //
26 //
27 //
28

Here, Mr. Gudino Chavez has admitted to participating in utilizing multiple bank accounts for the purpose of laundering money directly received from Mr. Carillo Casillas during a very limited period of time during this investigation (March 3, 2016 - April 11, 2016).  The total amount deposited or laundered through bank accounts controlled by Mr. Gudino Chavez was $30,160.00. (See PSIR, Pages 12-13, Paragraph 63)

His agreement to assist in this very limited criminal conduct during this very limited period of time is supported by the evidence in this case and constitutes the scope of Mr. Gudino Chavez' agreement to jointly undertake the particular criminal activity for which he now faces sentencing before this Court.  As a result, this Court should limit its consideration of relevant conduct to the scope of Mr. Gudino Chavez' actual agreement to participate in criminal activity and not on the unsubstantiated and speculative assertions related to the overall conspiracy which goes far beyond Mr. Gudino Chavez' actual involvement.

Law Office of Lupe Rodriguez, Jr. APC

Dated: February 25, 2019

   s/Lupe Rodriguez, Jr._____
Lupe C. Rodriguez, Jr.
Attorney for Defendant
Salvador Gudino Chavez (11)

Dated: February 25, 2019

   s/Timothy Scott_____
Timothy Scott
Associated Local Counsel and
Attorney for Defendant
Salvador Gudino Chavez (11)

# CERTIFICATION

I hereby certify that on February 25, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

AUSA Stephanie Van Marter, stephanie.vanmarter@usdoj.gov

Dated: February 25, 2019

        __s/Lupe Rodriguez, Jr._____
        Lupe C. Rodriguez, Jr.
        Attorney for Defendant
        Salvador Gudino Chavez (11)