1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31

KEN THERRIEN
413 NORTH 2nd STREET
YAKIMA, WA 98901
(509) 457-5991

**Attorney for Defendant**

Miguel Reyes Garcia

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON
### (Honorable Edward F. Shea)

UNITED STATES OF AMERICA,

            Plaintiff,

    vs.

MIGUEL REYES GARCIA,

            Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

NO.   4:15-CR-6049-EFS-21

OBJECTIONS & SENTENCING
MEMORANDUM

**March 20, 2019 at 10:30 a.m.**
**Richland, WA.**

TO:        JOSEPH H. HARRINGTON, United States Attorney
AND TO:   STEPHANIE VAN MARTER, Assistant United States Attorney
AND TO:   JANIE CORONADO, United States Probation Officer

     Miguel Reyes-Garcia, by and through his attorneys of record, Ken Therrien, hereby submits this sentencing memorandum in preparation for his sentencing hearing scheduled for March 20, 2019 at 10:30 a.m. in Richland, Washington.

     On October 10, 2018, Miguel Reyes Garcia entered a plea of guilty to Count 1: of the Second Superseding Indictment(ECF 160) 21 U.S.C. § 846 Conspiracy to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, 5 Kilograms or more of Cocaine, 1 Kilogram or more of Heroin and 400 grams or more of N-phenyl-N Propanamide before Senior United States District Judge Edward F. Shea. On October 10, 2018, the Court entered an "Order Regarding

SENTENCING MEMORANDUM
Page 1 of 6

**KEN THERRIEN, PLLC**
413 NORTH SECOND STREET
Yakima, Washington 98901
(509) 457-5991

Schedule for Sentencing (ECF 994)." At the time of Sentencing Mr. Reyes-Garcia will need the assistant of an interpreter.

## I. Base  Offense Level & Enhancements

Mr. Reyes Garcia agrees that the Base Offense Level computation has been correctly calculated at 38 and with a two-level reduction for acceptance of responsibility his total offense level is 36. Mr. Reyes Garcia agree that his criminal history score is "1" which places him in Criminal History Category I. Mr. Reyes Garcia agrees with the following Guide Line Ranges:

Count 1:  188-235 months

## II. Objections to PSIR

Mr. Reyes-Garcia has taken responsibility for his involvement in this case. Mr. Reyes-Garcia respectfully disagrees with much of the historical information provided by the controlled information and cooperating witnesses in this case. See PSIR (ECF 1130) paragraphs 32-33, 35-37, 52-53, 57, 68, 99. Mr. Reyes-Garcia does not believe the degree of disagreement is significant enough to be relevant to his request for a sentence of 120 months.

## III.  18 U.S.C. 3553(a)

18 § USC 3553 sets out factors to be considered by the Court when determining what sentence would be "sufficient but not greater than necessary" to comply with the purposes of the statute.  While no one factor is necessarily more determinative than the other, 18 § USC 3553 provides a sequential list of factors to assist the sentencing Court in its analysis.

The District Court may not presume that the guideline range is reasonable, nor should the guideline factors be given any more or less weight than any other.  **United States v. Carty**, 520 F.3d 984, 991 (9th Cir. 2008) en banc, citing **Rita**[1], **Gall**[2], and **Kimbrough**[3].  The guidelines are but one factor to be taken into account in arriving at an appropriate sentence.  **Id**.

### Nature of the Offense

---

[1] Rita v. United States, 127 S.Ct. 2456 (2007)
[2] Gall v. United States, 127 S.Ct. 2833 (2007)
[3] Kimbrough v. United States, 128 S.Ct. 558 (2007)

KEN THERRIEN, PLLC
413 NORTH SECOND STREET
Yakima, Washington 98901
(509) 457-5991

On October 10, 2018 Mr. Reyes-Garcia pled guilty to his participation in the crime charged in Count 1 of The Second Superseding Indictment (ECF 160). Mr. Reyes-Garcia's involvement is outlined in paragraph 103 page 19 of the PSIR (ECF 1130). Mr. Reyes-Garcia, at the time of sentencing, will be requesting that this Court impose a sentence of 120 months.

### The History and Characteristics of the Defendant

Mr. Reyes-Garcia is the father of 3 children from a current relationship. Mr. Reyes-Garcia also has 4 children from a previous relationship which has lasted intermittently for the past 15 years (PSIR page 24 paragraphs 139-142). All Mr. Reyes-Garcia's children were born in and reside in the United States. Mr. Reyes-Garcia respectfully asks for a 120-month sentence based on the argument set forth below.

### Children are blame less for the crimes of their parents:

The impact of the loss of a parent to incarceration by the children is a growing concern in this country.  Based on studies conducted, more than 1.7 million children in this country will have a parent incarcerated in a prison facility (*Federal Action Plan for Improving Responses to Children of Incarcerated Parents, 2009*).  Children of incarcerated parents are at risk of poor school performance, mental health problems and extreme poverty.  Id.  Parental imprisonment has emerged as a novel, and distinctly American, childhood risk that is concentrated among black children and children of low-education parents. (*In Prisoners' Wake, a Tide of Troubled Kids, Erik Eckholm, 2009*). The loss of a parent to prison can likely have a significant impact on the emotional, psychological, developmental and financial well-being of the child.  (*Families Left Behind: The Hidden Costs of Incarceration and Reentry, Urban Institute Justice Policy Center, 2005*).  Mr. Reyes-Garcia is not a parent who has been in and out of the criminal justice system.  The studies suggest that the quicker Mr. Reyes-Garcia is released, the better it will be for his children.

### To Promote Respect for the Law

A 120-month sentence will satisfy this sentencing factor. Mr. Reyes-Garcia is an alien who will be deported upon his release. The consequences of deportation mitigate the amount of time necessary to punish an alien. **Jordan v. DeGeorge, 341 U.S.**

SENTENCING MEMORANDUM
Page 3 of 6

**KEN THERRIEN, PLLC**
413 NORTH SECOND STREET
Yakima, Washington 98901
(509) 457-5991

**223(1951).** (Deportation is a life sentence, a banishment in addition to the punishment which a citizen would suffer from the identical acts.) A deportable alien's status is a permissible basis upon which to depart downward. **U.S. v. Martinez-Ramos, 184 F.3d 1055(9th Cir. 1999).** A person's deportable status is also a basis for departure in light of the alien's ineligibility for early release, minimum security or credits for participation in drug or alcohol abuse programs in prison.  **U.S. v. Navaro-Diaz, 420 F.3d 581(6th Cir. 2005)** and **U.S. v. Cordosa-Rodriguez, 241 F.3d 613** (8th Cir. 2001)

### To Afford Adequate Deterrence to Criminal Conduct

The Court need not incarcerate Mr. Reyes-Garcia for more than 120 months to deter him from further criminal conduct. Prior to this sentence, Mr. Reyes-Garcia has never done more than 30 days. In United States v. Baker, 445 F.3d 987, 992(7th Cir. 2006) the District Court Judge imposed a 78-month sentence rather than a 108-month sentence partly because the sentencing judge determined a prison sentence would mean more to a defendant who has never been to prison before than to one who has and it resonated with the goal of a "just punishment" and "adequate deterrence".

"Generally, a lesser period of imprisonment is required to deter defendant not previously subject to lengthy incarceration than is necessary to deter defendant who has already served serious time yet continues to offend." United States v. Quails, 373 F.Supp.2d 873(E.D. Wis. 2005). "If a defendant served no time or only a few months for the prior offenses, a sentence of even 3 or 5 years for the current offenses might be expected to have the requisite deterrent effect" U.S. v. Mishoe, 241 F.3d 214(2nd Cir. 2001).

Miguel Reyes-Garcia respectfully submits that a sentence of 120 months would be an adequate deterrence to future criminal behavior. Should Mr. Reyes-Garcia return to the United States and commit a crime in the future he would not only violate the conditions of supervised release, which could be revoked, he would likely serve a sentence well in excess of 120 months.

### Protection of the Public

A term of 120 months would satisfy this sentencing factor. After this sentence Mr. Reyes-Garcia will be deported. Should Mr. Reyes-Garcia return to this country significant criminal penalties await him.

KEN THERRIEN, PLLC
413 NORTH SECOND STREET
Yakima, Washington 98901
(509) 457-5991

### Provide Vocational and Educational Training

It is unclear if Mr. Reyes-Garcia would be able to take advantage of the opportunities available to citizen inmates.

### Prevent Unwarranted Sentencing Disparties

18 § U.S.C 3553(6) addresses the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. A review of the sentences previously imposed upon co-defendants in this case PSIR(ECF 1130) pages 3-5 paragraphs 2-23 would support that the imposition of a 120 month sentence in Mr. Reyes-Garcia's case would be consistent with co-defendants with similar conduct.

### IV. CONCLUSION

18 USC § 3553 instructs the sentencing court to impose a sentence "sufficient but not greater than necessary" in order to comply with the purposes set forth in paragraph 2 of its subsections. Based upon the information provided to the Court in this sentencing memorandum and the final pre-sentence investigation report Miguel Reyes-Garcia respectfully requests that this Court impose a sentence of 120 months.

Dated this 4th day of March 4, 2019.

Respectfully submitted by:

/s/Ken Therrien
KEN THERRIEN, WSBA #20291
ATTORNEY FOR
MIGUEL REYES-GARCIA
413 NORTH 2nd STREET
Yakima, WA  98901
(509) 457-5991
Fax: (509) 457-6197

**KEN THERRIEN, PLLC**
413 NORTH SECOND STREET
Yakima, Washington 98901
(509) 457-5991

1
2
## CERTIFICATE OF SERVICE
3
4     I hereby certify under penalty of perjury of the laws of the State of Washington that
5  on March 4, 2019, I electronically filed the foregoing with the Clerk of the Court using
   the CM/ECF System:
6
7     • **JOSEPH H. HARRINGTON**, United States Attorney
8     • **STEPHANIE VAN MARTER**, Assistant United States Attorney
9     • **JANIE CORONADO**, United States Probation Officer
10
11
12                              */s/ Ken Therrien*
                               KEN THERRIEN, WSBA #20291
13                             Attorney for Miguel Reyes Garcia
                               413 North Second Street
14                             Yakima, WA  98901
15                             (509) 457-5991
                               Fax: (509) 457-6197
16                             kentherrien@msn.com
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31