FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 12, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>     v.<br><br>ALFREDO MAGANA GARIBAY,<br>                Defendant. | No.   4:15-CR-6049-EFS-18<br><br>**ORDER MEMORIALIZING RULINGS ON DEFENDANT'S OBJECTIONS TO PSIR** |

Defendant Alfredo Magana Garibay pled guilty to Count 1 of the Second Superseding Indictment: Conspiracy to Distribute 500 Grams or More of a Mixture Containing a Detectable Amount of Methamphetamine, 5 Kilograms or More of Cocaine, 1 Kilogram or More of Heroin, and 400 Grams or More of Fentanyl.[1] Defendant appeared for sentencing on March 5, 2019.[2] Prior to sentencing, Defense Counsel Nicholas Marchi filed a Sentencing Memorandum[3] and Objections to the Presentence Investigation Report.[4] Counsel for the Government, Stephanie Van Marter, filed a Review of the PSIR and Sentencing Recommendation.[5] The Court

---

[1] ECF No. 902.
[2] ECF No. 1170.
[3] ECF No. 1046.
[4] ECF No. 1041.
[5] ECF No. 1131.

ruled on each objection at Mr. Magana Garibay's sentencing, which are supplemented and, where necessary, corrected by this Order.

## I. OBJECTIONS

**A.     Objection 1: Overruled.**

Defendant objects to paragraph 37, page 8 of the draft Presentence Investigation Report (PSIR), which included a confidential source statement that Defendant was one of the backpackers that crossed the border into Canada.[6] The Court overruled this objection as moot because the U.S. Probation Office updated paragraph 37 to clarify that defendant was not identified as a backpacker but was identified as being involved with the DTO since 2012.[7]

**B.     Objection 2: Overruled.**

Defendant objects to paragraph 39, page 8 of the PSIR, which includes a statement made by a confidential source that Defendant was actively involved in the distribution of narcotics in Washington.[8]

A preponderance of the evidence[9] shows that Defendant was actively involved in the distribution of narcotics in Washington, based on statements from multiple confidential sources. Although hearsay statements are generally admissible in sentencing proceedings, due process requires that they be supported by "some

---

[6]   *See* ECF Nos. 1046 & 1015.
[7]   *See* ECF No. 1133.
[8]   *See* ECF Nos. 1046 & 1133.
[9]   The Court uses a preponderance of the evidence standard of proof when finding facts at sentencing. *United States v. Job*, 871 F.3d 852, 870 (9th Cir. 2017); Fed. R. Crim. Pro 32(b); U.S.S.G. § 6A1.3, commentary.

1 minimal indicia of reliability."[10] This requirement demands that hearsay 2 statements be supported by extrinsic corroborating evidence.[11] A confidential 3 informant stated that Defendant was responsible for finding the stash house, which 4 was used as a "jump off point" prior to making trips to Canada.[12] The same source 5 also stated that Defendant would pick up load cars from the confidential source and 6 placed drugs into the hidden compartments or remove drugs.[13] Another confidential 7 source similarly stated that Defendant obtained a stash house in Oroville and that 8 Defendant would deliver 10, 15, and 20 pounds of methamphetamine around 9 Pasco.[14] These statements were supported by extrinsic corroborating evidence, 10 including tracing the purchase of the stash house to the Defendant and his then-11 girlfriend.[15] Therefore, the objection was overruled.[16]

12 **C.    Objection 3:  Overruled.**

13 Defendant objects to paragraph 40, page 8 of the PSIR because he was not 14 involved in the pickup of cocaine.[17] The Court overruled this objection because 15 paragraph 40 does not state that Defendant was involved in the pickup of cocaine, 16 but noted he was observed picking up methamphetamine.[18]

---

[10] *United States v. Garcia-Sanchez*, 189 F.3d 1143, 1149 (9th Cir. 1999).
[11] *United States v. Egge*, 223 F.3d 1128, 1132 (9th Cir. 2000).
[12] ECF No. 1131 at 5.
[13] *Id.*
[14] *Id.*
[15] *See id.*
[16] Ultimately, this factual dispute has no bearing on the sentence imposed. Fed. Rule Crim. Pro. 32(i)(3)(B).
[17] ECF No. 1046.
[18] ECF Nos. 1015. & 1133.

**D.  Objection 4: Overruled.**

Defendant objects to the phrasing of paragraph 42, page 8 of the PSIR, which states "Once Mr. Calvillo as murdered, Mr. Magana Garibay's involvement lessened."[19] Defendant states that his involvement "all but ended" in the organization after Mr. Calvillo died.[20] The Court overruled this objection because "all but ended" and "involvement lessened" are substantially similar.[21]

**E.  Objection 5: Overruled.**

Defendant objects to paragraph 46, page 9 of the PSIR, which contains a statement of a cooperating defendant about Defendant's involvement in distributing narcotics in Washington.[22] The Court overruled this statement for the same reasons the Court overruled objection #2, and because paragraph 46 already stated that Defendant denied some of the statements.[23] Further, Probation clarified the paragraph to note specifically that Defendant denied involvement in distribution of drugs in Washington.[24]

**F.  Objection #6: Overruled.**

Defendant objects to paragraph 70, page 12 of the PSIR, which states that a bench warrant was issued by the Yakima County District Court and remained active.[25] Defendant states that the bench warrant in Sunnyside was quashed when

---

[19] ECF Nos. 1046, 1015 & 1133.
[20] ECF No. 1046.
[21] Ultimately, this factual dispute died not affect sentencing. Fed. Rule Crim. Pro. 32(i)(3)(B).
[22] *See* ECF Nos. 1046, 1015 & 1133.
[23] ECF No. 1015.
[24] ECF No. 1133.
[25] *See* ECF Nos. 1046, 1015 & 1133.

1 2 Defendant's Motion to Reopen Detention hearing was granted, and conditions of release were set.[26]

3 4 5 6 7 8 9 10 11 The Court finds by a preponderance of the evidence that the Yakima County District Court warrant remains active at this time. Defendant originally had a bench warrant issued on August 17, 2017, which was quashed on June 15, 2018, as requested by his attorney.[27] Defendant filed a motion to reopen detention on August 1, 2018.[28] The Yakima County District Court set a hearing for August 22, 2018 and mailed a letter to Defendant.[29] Defendant failed to appear, as he was still in federal custody, and the court ordered another bench warrant on August 22, 2018.[30] The warrant was issued on December 24, 2018 and remains active.[31] Therefore, the Court overruled the objection.

**G.  Objection #7: Overruled.**

Defendant objects to paragraph 84, page 15 of the PSIR which stated that he was 290 pounds.[32] Defendant has lost 100 pounds since being in custody.[33] The Court overruled the objection as moot because the U.S. Probation Office corrected paragraph 84.[34]

---

[26] ECF No. 1046.
[27] ECF No. 1132.
[28] *Id.*
[29] *Id.*
[30] *Id.*
[31] *Id.*
[32] *See* ECF Nos. 1046 & 1015.
[33] ECF No. 1046.
[34] ECF No. 1132.

**H.     Objection #8: Overruled.**

Defendant objects to paragraph 120, page 19 of the PSIR, which states that the Probation Officer did not identify any factors that would warrant a departure from the applicable sentencing guideline range.[35] Defendant maintains that there are grounds that would warrant a departure from the guidelines and or a variance downward.[36] They included: aberrant behavior, his family circumstances, his immigration status, and the totality of the circumstances.[37] The Court determined that there were no grounds for a downward departure under 18 U.S.C. § 3553(a). Therefore, the Court overruled the objection.

**IT IS HEREBY ORDERED:**

**1.**     All objections are **OVERRULED** for the aforementioned reasons.

**2.**     The Court adopts the findings in the PSIR.

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order and provide a copy to counsel for Defendant and the Government, and the U.S. Probation Office.

**DATED** this __10th__ day of March 2019.

_____s/Edward F. Shea_____
EDWARD F. SHEA
Senior United States District Judge

---

[35] *See* ECF Nos. 1046, 1015 & 1133.
[36] ECF No. 1046.
[37] *Id.*