Peter S. Schweda
Waldo, Schweda & Montgomery, P.S.
2206 North Pines Road
Spokane, WA 99206
509/924-3686
Fax: 509/922-2196
pschweda@wsmattorneys.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:15-cr-6049-EFS-16 |
| Plaintiff, | |
| vs. | AMENDED[1] RESPONSE TO NOTICE OF SANCTIONS |
| EDGAR OMAR HERRERA FARIAS, | |
| Defendant. | |

This Response is presented to the Court's statement that it intended to sanction the undersigned for intentionally filing a late motion to suppress evidence in order to obtain a tactical advantage at trial. The motion to suppress and a motion to expedite were filed on September 17, 2018 as ECF No. 896 and 897, respectively.

The undersigned was not aware the Government intended to present evidence regarding an arrest of Mr. Herrera Farias on September 6, 2013 in Mt. Vernon,

---

1/ This Amended Response corrects the placement of Exhibits A and C which are out of order as filed in ECF No. 1222. There are no other changes.

Washington, until he received an email from AUSA Stephanie Van Marter on September 13, 2018. The email is attached as Exhibit A. The email included 27 photographs not provided before in discovery. This discovery was received past the discovery deadline.

The photographs offer visual evidence of surveillance done by the Skagit County Sheriff Department at a Days Inn motel and depict Mr. Herrera Farias and two other Hispanic males meeting and leaving the motel. Mr. Herrera Farias was the passenger in a car stopped by the deputies and searched. Mr. Herrera Farias was arrested and turned over to Federal authorities and eventually deported. Neither Mr. Herrera Farias nor his two companions were charged with any crime.

The surveillance at the motel was of a white Ford Ranger registered to a co-defendant, Rosa Granados. A tow truck arrived and towed the Ford Ranger to an apartment complex some distance away. The reason for or who requested the tow is not described in discovery. The Ford Ranger, after a K-9 alert, was searched and a handgun and plastic bag of white powdery substance were seized. Significantly, the white powdery substance was never tested to determine what it was. Therefore, no test results exist in discovery that would have alerted the undersigned of the seizure. Nor, were the K-9 disclosures required under Ninth Circuit law ever provided until well after the September 13, 2018 Van Marter email with the photographs.

In response to the Van Marter email, the undersigned sent the AUSA a letter

AMENDED RESPONSE TO SANCTIONS -2

Waldo, Schweda & Montgomery, P.S.
2206 North Pines Road
Spokane, WA 99206
509/924-3686
Fax: 509/922-2196

dated September 14, 2018 indicating the undersigned was compelled to file a motion to suppress to provide his client effective assistance of counsel. This included a demand for the required K-9 disclosures. See Exhibit B. AUSA Van Marter responded to this email on September 14, 2018. See Exhibit C.

The undersigned was unaware of the September 6, 2013 arrest of Mr. Herrera Farias, although it had been provided in discovery. While this was an oversight on the part of counsel, it was in no way intentional and, as stated above, counsel did not receive notice of the Government's intent to present the evidence at trial until September 14, 2018. See Exhibit A.

Also, counsel was late in proving reciprocal discovery. This discovery at ECF No. 1142, the Sentencing Exhibits of Mr. Herrera Farias, Mr. Herrera Farias wanted to present these documents at trial to prove he was in Mexico during a long period of the charged conspiracy. After Mr. Herrera Farias provided them to the undersigned, the documents were provided to all counsel for the parties in this case. There was no intent to withhold the discovery in order to obtain a tactical advantage. Moreover, the documents do not conform to the Federal Rules of Evidence and would be inadmissible at trial. See generally, the Hearsay Rule at FRE 803 and specifically Public Records exception at FRE 803(8).

In addressing when sanctions are appropriate, the Ninth Circuit has stated, "mere recklessness, without more, does not justify sanctions under the court's inherent

AMENDED RESPONSE TO SANCTIONS -3

Waldo, Schweda & Montgomery, P.S.
2206 North Pines Road
Spokane, WA 99206
509/924-3686
Fax: 509/922-2196

power." *Fink v. Gomez*, 29 F.3d 989, 993-94 (2001). This Court has inherent authority to sanction the attorneys appearing before it. See Local Civil Rule 83.3(a) and (K). However, "this power 'ought to be exercised with a great caution' it is nevertheless 'incidental to all courts.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, quoting *Ex Parte Burr*, 9. Wheat. 529, 531 (1824). "Because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers*, at 44, citing *Roadway Express, Inc., v. Piper*, 447 U.S. 752, 764 (1980). The Ninth Circuit has noted that its cases and Supreme Court cases on attorney sanctions "make clear that sanctions are available if the court specifically finds bad faith or conduct tantamount to bad faith." *Fink*, 239 F.3d at 994.

Here, there was no bad faith on the part of counsel.

RESPECTFULLY submitted this 11th day of April 2019.

>WALDO, SCHWEDA
>& MONTGOMERY, P.S.
>By: /s/ PETER S. SCHWEDA
>PETER S. SCHWEDA
>Attorney for Defendant Herrera Farias

AMENDED RESPONSE TO SANCTIONS -4

Waldo, Schweda & Montgomery, P.S.
2206 North Pines Road
Spokane, WA 99206
509/924-3686
Fax: 509/922-2196

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 11, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Joseph H. Harrington
Acting United States Attorney
Eastern District of Washington
Stephanie Van Marter
Caitlin Baunsgard
Assistant United States Attorney
Eastern District of Washington
300 United States Courthouse
PO Box 1494
Spokane, WA 99210


By: /s/ KATHLEEN SCHROEDER
Legal Assistant to Peter S. Schweda

AMENDED RESPONSE TO SANCTIONS - 5

*Waldo, Schweda & Montgomery, P.S.*
*2206 North Pines Road*
*Spokane, WA 99206*
*509/924-3686*
*Fax: 509/922-2196*

# EXHIBIT A

## Pete Schweda

**From:** Van Marter, Stephanie A. (USAWAE) <Stephanie.VanMarter@usdoj.gov>
**Sent:** Thursday, September 13, 2018 1:42 PM
**To:** Pete Schweda
**Cc:** Baunsgard, Caitlin A. (USAWAE)
**Subject:** FW: Emailing: DSC06154, DSC06155, DSC06156, DSC06157, DSC06158, DSC06159, DSC06160, DSC06161, DSC06162, DSC06163, DSC06164
**Attachments:** DSC06154.jpg; DSC06155.jpg; DSC06156.jpg; DSC06157.jpg; DSC06158.jpg; DSC06159.jpg; DSC06160.jpg; DSC06161.jpg; DSC06162.jpg; DSC06163.jpg; DSC06164.jpg

Hello,
We were able to obtain photographs from the Skagit County traffic stop and arrest of your client. See, Discovery pages 10002160-2166; 10001797-1813.
There are two additional emails with photographs that will be forwarded. Please contact me with any questions.
Stephanie

-----Original Message-----
From: Brazeau, Joseph P. (SE) (TFO) <jpbrazeau@fbi.gov>
Sent: Thursday, September 13, 2018 1:11 PM
To: Van Marter, Stephanie A. (USAWAE) <svanmarter@usa.doj.gov>
Subject: FW: Emailing: DSC06154, DSC06155, DSC06156, DSC06157, DSC06158, DSC06159, DSC06160, DSC06161, DSC06162, DSC06163, DSC06164

These are the photos from the Skagit County case. It will be in three emails.

Joe

-----Original Message-----
From: Routon, Linda [mailto:Lindad@mountvernonwa.gov]
Sent: Thursday, September 13, 2018 1:04 PM
To: Brazeau, Joseph P. (SE) (TFO) <jpbrazeau@fbi.gov>
Cc: Routon, Linda <Lindad@mountvernonwa.gov>
Subject: Emailing: DSC06154, DSC06155, DSC06156, DSC06157, DSC06158, DSC06159, DSC06160, DSC06161, DSC06162, DSC06163, DSC06164


Your message is ready to be sent with the following file or link attachments:

DSC06154
DSC06155
DSC06156
DSC06157
DSC06158
DSC06159
DSC06160
DSC06161
DSC06162
DSC06163
DSC06164

Note: To protect against computer viruses, e-mail programs may prevent sending or receiving certain types of file attachments. Check your e-mail security settings to determine how attachments are handled.

# EXHIBIT B

# Waldo, Schweda & Montgomery, P.S.

*Attorneys at Law*

PETER S. SCHWEDA
JOHN MONTGOMERY
ROBERT D. WALDO (1940-2015)

TELEPHONE (509) 924-3686
FAX  (509) 922-2196

September 14, 2018

Ms. Stephanie Van Marter
Assistant United States Attorney
Eastern District of Washington
300 United States Courthouse
PO Box 1494
Spokane WA, 99210

*VIA EMAIL HARD COPY TO FOLLOW*

    Re:    *USA v. Edgar Omar Herrera Farias*
            *4:15-cr-6049-EFS-16*

Dear Ms. Van Marter:

    Thank you for sending me the photographs taken on September 6, 2013 in Mount Vernon, Washington, concerning my client's arrest.

    I had not seen these reports until you drew my attention to them in your email. In order to provide my client with effective assistance of counsel, I am compelled to file a motion to suppress. I plan to have that to you Monday morning. I will also file a motion to expedite to set it for the Pre-Trial Conference on Tuesday, September 18, 2018 at 9:00 a.m. for the purpose of obtaining a hearing date to give you an opportunity to respond. Let me know your position on the motion to expedite so that I can include it in my motion. It is my intent to maintain the current trial date.

    It appears there is some additional discovery that has not been received. Your email directed me to Bates 10002160-66 (which was received in Disclosure 23 on March 5, 2018) and 10001797-1813 (which we have not located in any disclosure, although your email provided it and in substance it duplicates the material from Disclosure 23). I note Disclosure 23 came after the discovery cut-off date and after the deadline for filing pre-trial motions.

    Moreover, the disclosures you have made are insufficient.

    It appears that the only probable cause comes from a K-9 alert. Required discovery for the dog has not been provided. Rule 16(a)(1)(E) required the government in dog sniffing cases to disclose the dog "handler's log, all training records and score sheets, certification records and training manuals." *United States v. Cedano-Arellano,* 332 F.2d 568, 570-71 (9th

9/14/2018
Page 2

Cir. 2003). "These disclosures are 'mandatory' when the government seeks to rely on a dog alert" evidence. *United States v. Thomas*, 726 F.3d 1086, 1096 (9th Cir. 2013), citing *United States v. Cortez-Rocha*, 394 F.3d 1115, 1118 Note 1 (9th Cir. 2005).

"[A] defendant must be afforded the opportunity to challenge the 'evidence of a dog's reliability, whether by cross-examining the testifying officer or by introducing his own fact or expert witnesses.'" *Id.*, quoting *Florida v. Harris*, 568 U.S. 237, 247 (2013).

A dog's "history of making erroneous scent identifications is exculpatory evidence." *Aguilar v. Woodford*, 725 F.3d 970, 982 (9th Cir. 2013). This goes to "impeachment, as well as exculpatory evidence [which] falls within *Brady's* definition of evidence favorable to the accused." *Id.*, quoting *United States v. Marashi*, 913 F.3d 724m 732 (9th Cir. 1990). A *Brady* violation "occurs when the government fails to turn over even evidence that is only known to police and not the prosecutor." *Id.*, quoting *Youngblood v. West Virginia*, 547 U.S. 867, 869-70 (2206), quoting *Kyles v. Whitley*, 514 U.S. 419, 438 (1995). The "individual prosecutor has a duty to learn of any favorable evidence known to others acting on the government's behalf." *Kyles*, 514, U.S. at 437.

I have also searched the discovery on whether the substance seized was positively tested to be a controlled substance. I have found no test results. Please explain.

One of the reports states that the DEA contacted the police about "a white Ford Ranger at a local hotel containing drugs." There is no discovery explaining this. Please let me know if there is additional information.

The report states that the police "performed a traffic stop on the vehicle" Mr. Herrera Farias was a passenger in. Please provide any discovery that provides probable cause for the stop. See *Wren v. United States*, 517 U.S. 806, 810 (1996). When a vehicle is stopped, a passenger, like Mr. Herrera-Farias, has also been "seized" and has standing to challenge the legality of the seizure. See *Bredin v. California*, 551 U.S. 249 (2007).

Should you have any questions, please do not hesitate to contact me.

Very truly yours,

WALDO, SCHWEDA
& MONTGOMERY, P.S.

[signature]

PETER S. SCHWEDA
Attorney at Law
PSS/ks

# EXHIBIT C

**Pete Schweda**

**From:** Van Marter, Stephanie A. (USAWAE) <Stephanie.VanMarter@usdoj.gov>
**Sent:** Friday, September 14, 2018 2:00 PM
**To:** Pete Schweda
**Cc:** Baunsgard, Caitlin A. (USAWAE)
**Subject:** RE: USA v. Farias
**Attachments:** Discovery Letter (7) 040717.pdf

Hello,

The information relative to the Skagit County arrest was actually first disclosed in **disclosure number 7 dated April 7, 2017** in pages 10001797-10001805. See attached letter confirming its disclosure date.
This arrest was also referenced in numerous affidavits see pages 00001590, 1627.

The same information was re-disclosed in bates pages 10002160-2166 in disclosure 23 (these are the same pages as disclosed in April 2017).

Therefore, this information was timely disclosed in April 2017.

We intend to call the officers present during this arrest and have them testify as to what occurred. We will not be seeking to admit the drug evidence other than the photographs. There will also be co-defendant testimony as to this traffic stop of the Defendant.

As to your additional requests for discovery received today regarding this traffic stop, I have made inquiries and will provide you the response.

We object to your untimely motion to suppress and motion to expedite.


**From:** Pete Schweda <pschweda@wsmattorneys.com>
**Sent:** Friday, September 14, 2018 1:24 PM
**To:** Van Marter, Stephanie A. (USAWAE) <svanmarter@usa.doj.gov>; Baunsgard, Caitlin A. (USAWAE) <CBaunsgard@usa.doj.gov>
**Subject:** FW: USA v. Farias

Please see attached letter. Thanks, Pete Schweda

**From:** Kathy Schroeder
**Sent:** Friday, September 14, 2018 1:23 PM
**To:** Pete Schweda <pschweda@wsmattorneys.com>
**Subject:** USA v. Farias

1