Law Office of Jeffrey S. Niesen
Jeffrey S. Niesen
1411 W. Pinehill Road
Spokane, Washington  99218
Tel: 509 822-7140
Jsniesen1@yahoo.com

Counsel for Defendant
Alexis Joel Garcia Palomino

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No.  15 CR 06049-EFS-4 |
| Plaintiff, | |
| vs. | **DEFENDANT'S SENTENCING MEMORANDUM & MOTION FOR VARIANCE** |
| ALEXIS JOEL GARCIA PALOMINO | |
| Defendant. | |

Comes now defendant  by and through ALEXIS JOEL GARCIA PALOMINO his attorney Jeffrey S. Niesen, in accordance with the Court's sentencing order of February 4. 2019 (ECF 1123) to present for the Court's consideration Defendant's sentencing memorandum and Motion for a Variance.

### Introduction

ALEXIS JOEL GARCIA PALOMINO  (hereinafter referred to as the "defendant" or "Alexis") is before the Court for sentencing arising from his plea of guilty to Count 1 of the Second Superseding Indictment filed December 6, 2016,

(ECF 727-2).

Count 1 charges Alexis with being part of a Conspiracy to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine,  5 Kilograms of More of Cocaine, 1 Kilogram or More of Heroin and 400 grams of More of N-phenyl-N Propanamide in violation of 21 U.S.C. Sec. 846.  Sentencing is scheduled for May 7, 2019, at 10:45 am.

## Criteria for Sentencing

With the Supreme Court's decision in *United States v. Booker* and *United States v. Fanfan, 125 S. Ct. 738 (2005),* the landscape for sentencing a federal criminal defendant changed.  Previously in fashioning a sentence the Court was bound by the mandatory provisions of the Federal Sentencing Guidelines, the *Booker* and *Fanfan* decisions made it clear that the Guidelines were advisory only.  While the guidelines were to be considered and given weight, it was just one of the factors the Court was to consider in deciding an appropriate sentence in accordance with 18 U.S.C. § 3553.  The ultimate test, taking all of the facts and circumstances into account, is whether the sentence imposed is reasonable.

In *United States v. Carty, 520 F.3d 984 (en banc) (9th Cir 2008),* the Ninth Circuit reviewed the three *post-Booker* Supreme Court opinions in order to clarify the requirements for the district court's determination of a "reasonable sentence" within the circuit.  The *Carty* court echoed the Supreme Court's dictate that "[a]ll sentencing proceedings are to begin by determining the applicable Guideline range." *Id. 991*.  The other factors to be considered are the criteria set forth in 18

U.S.C. § 3553(a). The overarching statutory goal is for the district court to "impose a sentence sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public and provide the defendant with training, medical care and correctional treatment. *Id.*

The sentencing court is also directed to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the types of sentences available, unwarranted sentencing disparities, and the need to provide restitution to the victims of the offence. *Id.*

## The Presentence Investigation Report

The pre-sentence report (ECF 58 filed 10/05/2018) with addendum was reviewed with the defendant. The Defendant has no objection to the report.

## Alexis' Sentence

**i. Base Offense level & Enhancements**

In the PIR the Probation Officer determined the Base Offence level to be a level 38. In addition, consistent with the parties agreement that the defendant receive the minor participant role adjustment pursuant to USSG Sec, 2D1.1(a)(5)(B)(iii) that was reduced to a level 34. Further adjustment reduced the level to 29. That is reduced further to a level 27 assuming that the Defendant meets the requirement of the Safety Valve adjustment set forth in Sec. 5C1.2(a) of the sentencing guidelines. Meeting the Safety Valve requirements also nullifies the

application of the minimum mandatory sentence of 120 months.  At a level 27 with a criminal history Category I, the recommended guideline range is from 70 to 87 months.

Pursuant to Paragraph 11 of the Plea agreement with the United States, the government will recommend the low end of that guideline range: 70 months.  The defense agrees that this result is the proper sentencing calculation assuming the defendant become Safety Valve qualified.

**ii. 18 U.S.C. Sec. 3553(a).**

In accordance with 18 U.S.C. 3553(a) the factors to be considered by the Court in imposing a sentence which is sufficient, but not greater than necessary are as follows: (1) the nature and circumstance of the offense and the history and characteristics of the defendant. (2) the need to reflect the seriousness of the offense, to promote respect for the law and provide just punishment, (3) to afford adequate deterrence to criminal conduct, (4) to protect the public from further crimes of the defendant, and (5) provide the defendant needed educational or vocational training , medical care or corrective treatment in an effective manner. Each of these criteria in the context of this case will be discussed in turn.

**1. Nature of the Offense and characteristics of Defendant:**

Alexis is an Alien Hispanic Male, 26 years old born in Tecoman, Colima Mexico.  With the untimely death of his mother when the defendant was two and the abandonment of the family by his father, Alexis was raised by his grandparents with whom he remains very close.  He has a maternal sister living in Kennewick ,

WA, with who he is sometimes in contact. Alexis met his father when he was 20 years old. He has no contact with his father.

Alexis attended school in Mexico. His education is minimal. He gave up his education when he was 12 years old to start work. He had a rough childhood. His grandparents were extremely poor. His goal was to make money to improve his life as well as provide support for his grandparents.

Alexis is not married. He believes he may have a child with a former girlfriend that he had to leave when he came to the United States. Being desperately poor he says that he has no prospects to marry.

Alexis first came to the United States from Mexico when he was 20. He has been back and forth between the Countries since approximately 2012. He has been removed back to Mexico 3 times. His original intention in coming to America was to meet his father (who lived in Fresno, CA) and then find work to help out this grandparents. Work was a succession of low paying jobs in the agriculture industry. He became involved in moving drugs when a friend asked for help. For the short time he was involved he made more money than he ever made in his life.

Alexis was a very minor actor in the Conspiracy serving the cartel as a drug "mule". His role was to carry backpacks provided by other members of the cartel across the border with Canada. Those backpacks came to him already packed and locked and could not be opened. He had no idea of how much or what he was actually carrying. He did know that whatever he carried was drugs illegal in both

the United States and Canada. Aside from what he was paid, he had no share in the ultimate drug profits that was received.

With the help of the United States Border Patrol he was arrested by Canadian Officials for drug trafficking in March 2016.  He pled guilty to that charge and spent approximately 2.0 years in jail in Canada. He was released by Canada back to Mexico.  His conviction involved the very same conduct which resulted in the instant indictment.

After several months in Mexico, and at least once fearing for his life from the drug cartels, he decided to return to the United States.  He was arrested at the border.  He had no idea that he had been indicted or that he was at risk since he thought he had already dealt with the matter by serving his time in Canada.

Once released. Alexis plans to return to Mexico and never again set foot illegally in the United States.

2. **The seriousness of the offense, promote respect for the law and provide just punishment.**

This is a very serious offense.  The defendant faces years in jail.   That reality fosters both respect for the law and provides adequate and just punishment.

**3.  Afford adequate deterrence, and, 4.  Protect the Public.**

The potential risk of imposition of a lengthy jail sentence is sufficient to provide deterrence and protect the public.

**5. Education and vocational training etc.**

The defendant should be provided all of the education and vocational training available to an alien illegally in the United States.

### iii. Departures and/or Variances

Defendant moves the Court for a variance to take into account that he has already served 2.0 years in a Canadian Prison for the same conduct for which he was indicted.

While the Defense recognizes that the Court is under no legal obligation to grant any relief to defendant due to his prior incarceration it is manifestly unjust that he be punished twice for this conduct. The Court, using its inherent power of equity, and cognizant of the circumstances that led to both his arrests and convictions, is in a unique position to taken into account Alexis' unique situation. It is just and fair that Alexi receive consideration for his prior prison sentence. The Supreme Court requires that the Court fashion a reasonable sentence. It would not be inappropriate that such sentence to take into account credit for his prior jailing.

### Conclusion

The government has agreed to recommend the low end of the guideline range as determined by the Court. Assuming the Safety Value requirement has been met, and given full consideration to the facts, it is the defense request that the Court sentence the defendant to no more than 50 months of further imprisonment.

Due to a lack of financial resources, a fine would be counter-productive.

Alexis has been incarcerated by the federal government since his arrest on March 8, 2018. It is requested that the court credit him with that time in federal custody.

Dated: April 12, 2019            Respectfully Submitted,

Law Office of Jeffrey S. Niesen
s/Jeffrey S. Niesen for
Alexis Joel Garcia Palomino

Certificate of Service

I hereby certify that April 12, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: AUSA Stephanie Van Mater, Counsel for the United States of America.

s/Jeffrey S. Niesen (33850)
Law Office of Jeffrey S. Niesen
1411 W. Pinehill Rd.  Spokane WA,  99218
509-822-7140

jsniesen1@yahoo.com