Zachary L. Ayers
Ayers Law Firm, P.L.L.C.
1312 North Monroe Street, Suite 133
Spokane, Washington 99201
Telephone: (509) 252-6005

United States District Court
Eastern District of Washington
(Honorable Edward F. Shea)

| United States of America, | No. 4:15-CR-06049-EFS-20 |
|---|---|
| Plaintiff, | Sentencing Memorandum and Motion for Downward Variance. |
| v. | |
| Marcial Bravo-Zambrano, | |
| Defendant(s). | |

Marcial Bravo-Zambrano, by and through his attorney, Zachary L. Ayers of Ayers Law Firm, P.L.L.C., hereby submits this sentencing memorandum and motion for downward variance. Mr. Zambrano respectfully requests the Court sentence him to time served with two years of supervised release, the $100 special penalty assessment, and no fine with the application of safety valve.

**The presentence investigation report**

The draft presentence investigation report has been reviewed with and translated to the defendant. He does not have any factual objections to the report. Additionally, after review of the report, Counsel for Mr. Zambrano does not have any legal objections to the presentence investigation report at this time, assuming safety valve is granted for the defendant.

Sentencing Memorandum and Motion for Downward Variance    1

## I. Base offense level and enhancements

The parties agree that the base offense level is 38, but minimal role exists to place his base offense level at 32. There are no enhancements that were agreed upon by the parties and none should be applied based upon the agreement of the parties and Mr. Zambrano's limited role in the offense. The calculation is correct based upon USSG §2D1.1(c)(5)(1) and USSG §3B1.2. Mr. Zambrano agrees with the criminal history score of a "0" placing him in Criminal History Category I.

## II. 18 U.S.C. § 3553(a)

18 U.S.C. §3553 sets out facts that are helpful to the Court when determining what sentence is "sufficient but not greater than necessary" to comply with the purposes of the statute. The District Court may not presume that the guideline range is reasonable, nor should the guideline factors be given any more or less weight than any other. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) *en banc*, citing *Rita v. United States*, 127 S.Ct. 2456 (2007), *Gall v. United States*, 127 S.Ct. 2833 (2007), and *Kimbrough v. United States*, 128 S.Ct. 558 (2007). The guidelines are only one factor to be taken into account in arriving at an appropriate sentence. *Id.*

**Nature of the Offense**

Mr. Zambrano pled to Count 1 of the Second Superseding Indictment (ECF 160) on February 4, 2019. Mr. Zambrano's involvement is outlined in paragraph 46 of the PSIR (ECF 1211). Mr. Zambrano at the time of sentencing, assuming safety valve is granted, will be requesting that this Court impose a sentence of time served.

**The History and Characteristics of the Defendant**

Mr. Zambrano is a father of three children and married to Maria Christina Guitron-Mendoza for 8 years (ECF 1211, ¶ 112). Currently, his family is applying for asylum based upon physical threats they received while in Mexico just before Mr. Zambrano was arrested in Texas. Mr. Zambrano is fearful he will be threatened again if sent back to Mexico and respectfully asks the Court to recommend that he not be deported. Mr. Zambrano's family needs him to help support them.

**To Promote Respect for the Law**

A sentence of time served will satisfy this sentencing factor. By the time of sentencing he will have been incarcerated for more than one year. Mr. Zambrano is a legal resident alien who is anticipated to be deported upon release. The consequences of deportation mitigate the amount of time necessary to punish a resident alien. *Jordan v. DeGeorge*, 341 U.S. 223 (1951). (Deportation is a life sentence, a banishment in addition to the punishment which a citizen would suffer from the identical acts.) a deportable alien's status is a permissible basis upon which to depart downward. *United States v. Martinez-Ramos*, 184 F.3d 1055 (9th Cir. 1999). A person's deportable status is also a basis for departure in light of the alien's ineligibility for early release, minimum security or credits for participation in drug or alcohol abuse programs in prison. *United States v. Navaro-Diaz*, 420 F.3d 581 (6th Cir. 2005) and *United States v. Cordosa-Rodriguez*, 241 F.3d 613 (8th Cir. 2001).

///

**To afford adequate deterrence to criminal conduct**

Incarceration of a period more than time served for Mr. Zambrano will not add to deterrence of criminal conduct. Prior to this sentence, Mr. Zambrano does not have a criminal history.

"Generally, a lesser period of imprisonment is required to deter a defendant not previously subject to lengthy incarceration than is necessary to deter defendant who has already served serious time yet continues to offend." *United States v. Quails*, 373 F.Supp.2d 873 (E.D. Wis. 2005). "If a defendant served no time or only a few months for prior offenses, a sentence of even 3 or 5 years for the current offenses might be expected to have the requisite deterrent effect." *United States v. Mishoe*, 241 F.3d 214 (2nd Cir. 2001).

Mr. Zambrano respectfully requests a sentence time served, which would be an adequate deterrence to future criminal behavior. He would then be subject to deportation. Should Mr. Zambrano re-enter the United States and commit crime in the future, he would not only violate his conditions of supervised release, he would likely serve a greater sentence. Additionally, Mr. Zambrano does not have the ability to pay a fine.

**Protection of the Public**

A term of time served would satisfy this sentencing factor. After his sentence is completed, Mr. Zambrano will most likely be deported.

///

Sentencing Memorandum and Motion for Downward Variance  4

**Provide Vocational and Educational Training**

Mr. Zambrano hopes to be able to take advantage of the opportunities available to most inmates in the bureau of prisons if the sentence is higher than time served.

**Preventing unwarranted sentencing disparities**

18 U.S.C. § 3553 considers the need to avoid unwarranted sentencing disparities among defendant with similar records who were found guilty of similar conduct. Mr. Zambrano would be consistent with other defendants who have received a low sentence in this case with the application of safety valve.

### III. Motion for downward variance

Mr. Zambrano seeks a downward variance from 37 months on the low end of the sentencing guidelines calculation to time served, based upon his family need for his financial, emotional, and parental support. He is greatly needed to support his wife and children financially as he did while in Mexico.

Additionally, the virtual certainty of Mr. Zambrano's deportation mitigates the need for a sentence longer than time served. Further, he clearly withdrew from the conspiracy after the last trip to Canada and has not appeared in any other situations involving or supporting the conspiracy up to the date of indictment. Therefore 37-months in prison would not help Mr. Zambrano as the amount of time he has served thus far has impaired his ability to be the supporting father he needs to be for his wife and children. See *Gall v. United States*, 552 U.S. 38, 43 (2007) (upholding district court's decision to impose probation where defendant voluntarily withdrew from drug

Sentencing Memorandum and Motion for Downward Variance            5

conspiracy in order to live a law-abiding life years before he was charged).

## IV. Conclusion

The court should impose a sentence "sufficient but not greater than necessary." Assuming Mr. Zambrano has met the requirements of safety valve, a sentence of time served with two years of supervised release (with a significant possibility of deportation), a $100 special penalty assessment, and no fine is an appropriate sentence. The sentence should take into account all the time he has served since he was arrested in Texas in April of 2018.

DATED this 15th day of April 2019.

                  Respectfully Submitted,

                  s/Zachary L. Ayers
                  Zachary L. Ayers, WSBA#46496
                  Attorney for Marcial Bravo-Zambrano.
                  Ayers Law Firm, P.L.L.C.
                  1312 N. Monroe St., Ste. 133
                  Spokane, WA 99201
                  Telephone: (509)252-6005
                  Email: zach@ayerslawfirm.net

## Service Certificate

I hereby certify that on April 15, 2019, I electronically filed the foregoing with the Court Clerk using the CM/ECF System which will send notification to the following: Stephanie Van Marter, Assistant United States Attorney; and Janie Coronado, United States Probation Officer.

s/Zachary L. Ayers
Zachary L. Ayers, WSBA#46496
Attorney for Marcial Bravo-Zambrano.
Ayers Law Firm, P.L.L.C.
1312 N. Monroe St., Ste. 133
Spokane, WA 99201
Telephone: (509)252-6005
Email: zach@ayerslawfirm.net
