1

```
 1                   UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF WASHINGTON
 2

 3   UNITED STATES OF AMERICA,        ) Case No.
                                      ) 4:15-CR-6049-EFS-10, 16, 21
 4                  Plaintiff,        )
                                      ) October 10, 2018
 5   v.                               )
                                      ) Richland, Washington
 6   BRITTNEY LEE ZARAGOZA (10),      ) **EXCERPT**
     EDGAR OMAR HERRERA FARIAS (16),  ) Final Pretrial
 7   MIGUEL REYES GARCIA (21),        ) Conference/Change of Plea
                                      ) Hearings
 8   _____Defendants._____ ) Pages 1 to 67

 9

10             BEFORE THE HONORABLE EDWARD F. SHEA
            SENIOR UNITED STATES DISTRICT COURT JUDGE
11

12                          APPEARANCES:

13   For the Plaintiff:          Stephanie A. Van Marter
                                 Stephanie.Van Marter@usdoj.gov
14                               Caitlin Baunsgard
                                 US Attorney's Office-SPO
15                               920 W Riverside, Suite 300
                                 P.O. Box 1494
16                               Spokane, WA 99210
                                 509-353-2767
17

18   For the Defendant Zaragoza  Victor H. Lara
     (10):                       Vh_lara@hotmail.com
19                               Hurley Lara & Hehir
                                 411 North Second Street
20                               Yakima, WA  98901
                                 509-248-4282
21

     For the Defendant Herrera   Peter Steven Schweda
22   Farias (16)                 Pschweda@wsmattorneys.com
                                 Waldo & Schweda, PS
23                               2206 N Pines Road
                                 Spokane, WA  99206
24                               509-924-3686

25
```

2

1

2    For the Defendant Reyes        Kenneth D. Therrien
     Garcia (21):                   Kentherrien@msn.com
3                                    Kenneth Therrien Law Office
                                     413 North Second Street
4                                    Yakima, WA  98901
                                     509-457-5991

5

6    Court-Certified Interpreters: Carolina Hickey, Kenneth Barger

7

8    Official Court Reporter:        Kimberly J. Allen, CCR #2758
                                     United States District Courthouse
9                                    P.O. Box 685
                                     Richland, Washington 99352
                                     (509) 943-8175
10

11   Proceedings reported by mechanical stenography; transcript
     produced by computer-aided transcription.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

3

1                                    **INDEX**

2    **Proceedings:**                                              **Page**

3           Change of Plea Colloquy Regarding              6
            Edgar Omar Herrera Farias and Miguel
4           Reyes Garcia
            Edgar Omar Herrera Farias Change of           20
5           Plea Colloquy With the Court
            Miguel Reyes Garcia Change of Plea            29
6           Colloquy With the Court
            Continuation of the Change of Plea            49
7           Colloquy with the Court of Edgar Omar
            Herrera Farias

8

9                               **GENERAL INDEX**

10

11                                                              **Page**

12    Reporter's Certificate............................67

13

14

15

16

17

18

19

20

21

22

23

24

25

*USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21*
***EXCERPT** of Final PTC/Change of Plea Hearings*
*October 10, 2018*

4

1    (October 10, 2018; 9:11 a.m.)

2         THE COURTROOM DEPUTY:  Please rise.

3       (Call to Order of the Court.)

4         THE COURT:  Good morning.  Please be seated.

09:11:22   5         THE COURTROOM DEPUTY:  Matter before the Court is *United*

6    *States of America v. Brittany Lee Zaragoza, Edgar Omar Herrera*

7    *Farias, and Miguel Reyes Garcia*, Cause No. 15-CR-6049-EFS,

8    Defendant Nos. 10, 16, and 21.  Time set for final pretrial

9    conference, followed by a jury trial.

09:11:41  10         Counsel, please state your presence for the record.

11         MS. VAN MARTER:  Good morning, Your Honor.  Stephanie

12    Van Marter, Caitlin Baunsgard, and Task Force Officer Brazeau

13    present.

14         MR. LARA:  Victor Lara for Ms. Zaragoza.

09:11:53  15         MR. THERRIEN:  Ken Therrien for Miguel Reyes Garcia.

16         MR. SCHWEDA:  And Pete Schweda for Mr. Herrera Farias.

17         THE COURT:  Where is Mr. Herrera Farias?

18         MS. VAN MARTER:  I think the marshals are bringing them

19    up.

09:12:10  20         THE COURTROOM DEPUTY:  I'm sorry.

21       (Court and courtroom deputy conferring.)

22       (Defendant Herrera Farias and Defendant Reyes Garcia

23    entered the courtroom.)

24         THE COURT:  All right.  The case has been called.  I

09:14:15  25    have considered the need for shackling, and I've entered an

USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21          5
**EXCERPT** of Final PTC/Change of Plea Hearings
October 10, 2018

1    order to that effect.

2         Let's get started.

3         MS. VAN MARTER:  Your Honor, we do have a change in

4    status.

09:14:23  5         THE COURT:  What is the change of status?

6         MS. VAN MARTER:  It's my understanding that Mr. Farias

7    and Mr. Miguel Reyes Garcia are going to be entering pleas of

8    guilty to Count 1.  There is no written plea agreement.  The

9    United States --

09:14:35 10         THE COURT:  I'm sorry?  Pursuant to a written plea

11   agreement?

12         MS. VAN MARTER:  There is no written plea agreement.

13   The United States, however, as to each defendant will orally

14   agree that it will not seek a leader/organizer enhancement for

09:14:49 15   either defendant, and that it will recommend they receive two

16   levels, not three, for acceptance of responsibility.  Other than

17   that, everything is open, including the defendants' right to

18   appeal their sentence.

19         THE COURT:  Well, I've gone through this before with

09:15:21 20   Mr. Reyes Garcia, and it was unsuccessful.

21         What makes you think it's going to change?

22         MS. VAN MARTER:  All I can tell the Court is I have been

23   advised that it will go through this morning, and that they

24   would like the opportunity to change their plea.

09:15:37 25         THE COURT:  Hmm.  Okay.

*USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21*
***EXCERPT** of Final PTC/Change of Plea Hearings*
*October 10, 2018*                                        6

1      Okay.  Well, let's start with -- with you, Mr. Schweda.

2      Why don't you come to the podium.

3           MR. SCHWEDA:  With my client, Your Honor?

4           THE COURT:  Yes.

09:17:14   5

6    CHANGE OF PLEA COLLOQUY REGARDING EDGAR OMAR HERRERA FARIAS AND

7                    MIGUEL REYES GARCIA

8

9           MR. SCHWEDA:  I need to -- if I need a copy of the

09:17:27  10    indictment, I need to retrieve it.  I didn't bring it up.

11           THE COURT:  I didn't hear what you said.

12           MR. SCHWEDA:  If my client needs to have a copy of the

13    indictment in front of him, I need to retrieve it from --

14           THE COURT:  It's up to you.

09:17:40  15           MR. SCHWEDA:  I think he understands what he's charged

16    with.

17           THE COURT:  I don't know.  Have you gone over it with

18    him?

19           MR. SCHWEDA:  Yes.

09:17:47  20           THE COURT:  Well, listen, I think probably you need to

21    tell me what's going on, because I'm perplexed.  You've been

22    filing motions, and suddenly you're telling me there's a

23    possible plea today.

24           MR. SCHWEDA:  Correct, Your Honor.  I spent a couple

09:18:03  25    hours with my client earlier this morning, and he's said he

USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21        7
**EXCERPT** of Final PTC/Change of Plea Hearings
October 10, 2018

1    wants to enter a guilty plea now.

2         THE COURT:  Okay.  And the guilty plea is to what count

3    of the indictment?

4         MR. SCHWEDA:  Count 1.

09:20:06  5      (Court and law clerk conferring.)

6         THE COURT:  That's not what I need.

7         (Court and law clerk conferring.)

8         THE COURT:  I'm trying to remember, using as a

9    template -- wasn't there a notice that Mr. Vieth filed to plead

09:20:16  10  his client without a plea agreement?  I seem to recall that.

11        Isn't that right?

12        MS. VAN MARTER:  He did, Your Honor.

13        THE COURT:  Okay.  That's what I want.

14        Okay.  Do you recall that?  You weren't here, were you?

09:20:26  15      MS. VAN MARTER:  Yes, I was, Your Honor; I was by video.

16        THE COURT:  Okay.

17        MS. VAN MARTER:  And he did file a notice that had a

18   summary.  It was pretty specific to Mr. Casillas.

19        THE COURT:  Well, it was, and it wasn't.  It has the

09:20:38  20  general outline of a plea agreement, and so that's what I was

21   looking for.

22        Okay.  Thanks.

23        If there's somebody else that pled to Count 1, let me --

24   remind me, and we'll pull that plea agreement as an outline to

09:20:54  25  orally go through this with these two.

*USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21*   8
**EXCERPT** of Final PTC/Change of Plea Hearings
*October 10, 2018*

1        MS. VAN MARTER:  The Court could pull Ms. Rosa

2   Granados'.

3        THE COURT:  Did she plead to Count 1?

4        MS. VAN MARTER:  Yes, she did.

09:21:05  5        THE COURT:  Okay.  Rosa Granados' plea agreement then,

6   Cora.  Thank you.

7        What stipulations, if any, or -- are there to the drugs

8   and the amount of drugs for this defendant?

9        MR. SCHWEDA:  There are none from the defendant, Your

09:24:07 10   Honor.

11        MS. VAN MARTER:  You mean in terms of the proposed plea?

12        THE COURT:  Yes.

13        MS. VAN MARTER:  There are no stipulations.  It's open

14   for the parties to argue.

09:24:13 15        THE COURT:  Okay.

16      (Court and courtroom deputy conferring.)

17        THE COURT:  Let me understand this.  Ms. Van Marter, are

18   you telling me that -- I've read your brief, your trial brief,

19   and my recollection is in your trial brief, you're very specific

09:25:10 20   about this individual being the person who took over after Ivan

21   was -- Calvillo was killed.

22        MS. VAN MARTER:  Your Honor, actually, the first person

23   who took over after Ivan was killed was an individual by the

24   name of Juan Pablo Gonzalez, known as AR.  Then he was removed

09:25:29 25   from the picture.  There was a period of time where the

USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21    9
**EXCERPT** of Final PTC/Change of Plea Hearings
October 10, 2018

1   witnesses will indicate that this defendant did take over some

2   operations.  However, he was deported back down to Mexico.

3          THE COURT:  And continued, according to your

4   confidential sources, to work with Ivan Calvillo down in Mexico.

09:25:47   5          MS. VAN MARTER:  That is correct.

6          THE COURT:  And so part of the plea deal that you're

7   negotiating is you're not going to seek leader/organizer.

8          MS. VAN MARTER:  We are not going to seek

9   leader/organizer if he pleads today.

09:26:01   10          THE COURT:  Does he have a prior drug distribution?

11          MS. VAN MARTER:  He has a prior drug conviction that was

12   part of --

13          THE COURT:  It was drug distribution, wasn't it?

14          MS. VAN MARTER:  It was for possession with intent to

09:26:10   15   distribute.

16          THE COURT:  Okay.

17          MS. VAN MARTER:  It was during the course of this

18   conspiracy.

19          THE COURT:  Does that qualify for an 851?

09:26:15   20          MS. VAN MARTER:  We have not filed it as an 851 because

21   of its relationship to this conspiracy.  That's -- part of the

22   evidence that we would seek to admit at trial was from that

23   search warrant, and we litigated that in the pretrial phase.

24   That was the LEAD search warrant, if the Court recalls, that was

09:26:31   25   executed at his residence.  That was in 2012, right in the

*USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21*
**EXCERPT** *of Final PTC/Change of Plea Hearings*
*October 10, 2018*

10

1    middle of his involvement in this conspiracy.

2          So we are using that as substantive evidence of his

3    involvement in the conspiracy, but we have not filed an

4    enhancement based upon his prior.

09:26:46    5          THE COURT:  Okay.  All right.

6          A couple of other things.  Let's see, so only two levels

7    for timely acceptance is recommended.

8          MS. VAN MARTER:  From the United States, Your Honor,

9    yes.

09:27:04    10          THE COURT:  This is the day set for trial.

11          You're telling me that -- you're still saying this is

12    timely acceptance?  Because I don't see that.  I don't get it.

13          MS. VAN MARTER:  The United States is agreeing to make

14    that recommendation to this Court.  There is no written

09:27:16    15    agreement between the parties.  The defendant understands the

16    Court will make its own determination.  However, we've done

17    something similar in *United States v. Cano*, where if they wanted

18    to come in and change their plea the day of trial, we would

19    recommend a two-level off.

09:27:31    20          However, sentencing is still open.  So the defendant

21    knows he will pleading to a mandatory minimum ten-year count.

22    We will not seek the additional enhancement for

23    leader/organizer, and we will recommend two levels off.

24          Other than that, everything else is still open.

09:27:47    25          THE COURT:  Well, it's all open.  You can make what

USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21          11
**EXCERPT** of Final PTC/Change of Plea Hearings
October 10, 2018

1    recommendations you want.

2         MS. VAN MARTER:  Correct.

3         THE COURT:  But it's open because I haven't decided what

4    I'm going to do.

09:27:56  5         MS. VAN MARTER:  Correct.

6         THE COURT:  And I haven't seen what the probation

7    officer is going to recommend under the history of the case.

8         MS. VAN MARTER:  Correct.

9         THE COURT:  Which may be that he qualifies for

09:28:04  10   leader/organizer.

11        MS. VAN MARTER:  Correct.

12        THE COURT:  Okay.  Is he on a deportation hold --

13        MS. VAN MARTER:  Yes, Your Honor.

14        THE COURT:  -- by ICE?

09:28:18  15        Okay.  Thank you.

16        Oh, I think probably one other thing.  Why don't you

17   make a proffer of the facts that you believe support this guilty

18   plea.

19        MS. VAN MARTER:  Yes, Your Honor.

09:28:33  20        THE COURT:  Excuse me.

21        Step back.

22      (Counsel and defendant returned to counsel table.)

23        MS. VAN MARTER:  All right.  Your Honor, the factual

24   proffer in support of a plea --

09:28:51  25        THE COURT:  Excuse me.  I'm sorry.  I did ask for that,

USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21                12
**EXCERPT** of Final PTC/Change of Plea Hearings
October 10, 2018

1    but I need one other thing.

2         Mr. Schweda, I want you and your client to listen

3    carefully to this proffer, because I'm going to ask you specific

4    questions about it, and I want to make sure that you, of record,

09:29:06    5    have a recitation of or an agreement or disagreement with

6    specific facts.

7         Go ahead.

8         Would I find much of this in your trial brief?

9         MS. VAN MARTER:  It is, Your Honor.

09:29:20    10        THE COURT:  Okay.  Let me take a look at that.

11        MS. VAN MARTER:  In fact, I was going to refer to that

12    ECF number as a basis of the United States' proffer for both

13    Mr. Farias and Mr. Miguel Reyes Garcia.

14        THE COURT:  Okay.

09:29:38    15        MS. VAN MARTER:  We're trying to get a copy right now I

16    could hand up to the Court.

17        THE COURT:  It's not that.  It's that I have a lot of

18    binders.

19        I need the trial binder.  I have everything but the

09:29:50    20    trial binder.

21        Would you check my desk and the tables upstairs?  Thank

22    you for that.

23        Give us a second, Ms. Van Marter.  I want to get a copy

24    of that, and it's in my trial binder upstairs, and I just --

09:30:20    25    more binders; I forgot to count them.

*USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21*    13
*\*\*EXCERPT\*\* of Final PTC/Change of Plea Hearings*
*October 10, 2018*

1    THE COURTROOM DEPUTY:  Is it something I can print?  I'm

2  not sure what you're needing.

3    THE COURT:  I think Reina is going to print it.

4    What's the ECF?

09:30:37  5    MS. VAN MARTER:  950.

6    THE COURT:  950.  Thanks.

7    MS. VAN MARTER:  I can hand my copy up to the Court.

8    THE COURT:  No, that's all right.  We'll get one.

9  Thanks.

09:31:14  10    THE COURT:  All right.  I do have a copy.  The court

11  reporter is kind enough to give me hers, but print one anyway in

12  case she needs it back to follow some of the facts.

13    Let's take a look at the factual background.  And this

14  is on Page -- yes.  Okay.  So Page 2 of 950 begins on Line 17

09:31:35  15  with "Defendant Farias," and recites what you believe the

16  evidence will show regarding his participation in this

17  conspiracy based on the testimony of several different

18  undercover agents and cooperating defendants; is that right?

19    MS. VAN MARTER:  That is correct.  And there was also

09:31:54  20  some independent pieces of evidence.  For instance, as the

21  defendant was identified as a distributor and transporter for

22  Ivan Calvillo, that included transporting backpackers up to the

23  trail system for the purpose of backpacking what was a

24  consistent amount of 20 kilos per time up into Canada and a

09:32:18  25  return of drug cash proceeds.

USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21    14
**EXCERPT** of Final PTC/Change of Plea Hearings
October 10, 2018

1    There was a location, a house on Eastlake Road that was

2    identified as utilized by the organization.  A defendant,

3    Veronica Cortez, was staged in that house to make it look like a

4    normal home.  She would accept backpackers to and from.

09:32:35    5    Some of the independent corroborating evidence is the

6    defendant --

7    THE COURT:  Was there a woman involved who -- she was

8    there just to maintain the appearance of a normal home --

9    MS. VAN MARTER:  Yes, she --

09:32:46    10    THE COURT:  -- and it was a stash or a waypoint for

11    these transporters; is that right?

12    MS. VAN MARTER:  That's correct.  She has already pled

13    and been sentenced based upon her role.

14    THE COURT:  That's what I recall, yeah.

09:32:56    15    MS. VAN MARTER:  She -- I apologize, Your Honor.

16    THE COURT:  Who was it?

17    MS. VAN MARTER:  Veronica Cortez.

18    THE COURT:  Veronica Cortez.  Okay.  Thanks.

19    MS. VAN MARTER:  This defendant, for instance, had

09:33:04    20    vehicles registered in his name at the Eastlake Road address, as

21    well as vehicles that were identified as having secret

22    compartments contained in them that they would utilize to secret

23    the backpacks and narcotics as it would travel up to the

24    Canadian border.  So there was some independent, verifiable

09:33:25    25    evidence by way of records in the defendant's name tied not only

USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21                15
**EXCERPT** of Final PTC/Change of Plea Hearings
October 10, 2018

1    to the stash house but also to several load vehicles.

2           During the time of the investigation, LEAD ended up

3    executing a search warrant on the defendant's residence.  There

4    was a co-defendant that had lived there with him, who is still a

09:33:43  5    fugitive, has not been arrested at this time.

6           On Page 3 of the United States' trial memorandum, it

7    lists the evidence that was located during the course of that

8    search warrant, to include quantities of methamphetamine,

9    digital scales, firearms, and ledgers.

09:34:01 10           THE COURT:  Let me catch up with you.

11           I'm there.  On Page 3 of 950.

12           MS. VAN MARTER:  Yes, Your Honor.

13           THE COURT:  Okay.

14           MS. VAN MARTER:  Consistent with his identified role in

09:34:14 15    the investigation, as the Court also recalls, there was a period

16    of time when Mr. Calvillo was caught down in California and

17    deported during a reverse kilo transaction.  During that time

18    period --

19           THE COURT:  Are you talking about this defendant?

09:34:32 20           MS. VAN MARTER:  No, Mr. Calvillo, Ivan.

21           THE COURT:  Okay.  So there was that stop, and he was

22    deported but no charges brought, and there was a -- it was like

23    40 kilos or something?

24           MS. VAN MARTER:  It was 40 pounds, 20 kilos.  But

09:34:47 25    Ivan Calvillo brought over 400,000 --

USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21          16
**EXCERPT** of Final PTC/Change of Plea Hearings
October 10, 2018

1     THE COURT:  So it was a lot.

2     MS. VAN MARTER:  It was a lot.

3     THE COURT:  And they didn't charge anybody.

4     MS. VAN MARTER:  They just deported them, yes, Your

09:34:53  5  Honor.  And Ivan's wife, Gabriela Mendoza, was present with

6     their child --

7     THE COURT:  I recall.

8     MS. VAN MARTER:  -- and she was released from the scene.

9     THE COURT:  I sentenced her to three years, didn't I?

09:35:03  10  MS. VAN MARTER:  Yes, 30 months.

11    After that point in time, Calvillo, Ivan, remained in

12    Mexico --

13    THE COURT:  Right.

14    MS. VAN MARTER:  -- during operations.

09:35:11  15  This defendant was deported after the August -- or,

16    excuse me, the search warrant by LEAD, which occurred in March

17    of 2012.  He returned to the district and returned, as will be

18    testified by witnesses, assisting in transportation until he was

19    again caught in September of 2013 driving a vehicle registered

09:35:32  20  to co-defendant Rosa Granados.

21    THE COURT:  Do you have sworn statements from your

22    undercover people?

23    MS. VAN MARTER:  (Nodded.)

24    THE COURT:  Sworn statements, declarations under oath?

09:35:44  25  MS. VAN MARTER:  There are some witnesses who testified

USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21          17
**EXCERPT** of Final PTC/Change of Plea Hearings
October 10, 2018

1   before the grand jury, but not all of the cooperating defendants

2   that did testify have previous sworn statements.

3          THE COURT:  For sentencing purposes, when you're

4   asserting what the facts are, then those statements will or will

09:35:58   5   not be used?

6          MS. VAN MARTER:  They may be used.  We may also decide

7   whether we're going to call any of them for purposes of the

8   sentencing hearing.  But there were sworn statements by

9   individuals who provided testimony as to this defendant

09:36:11  10   previously.

11          THE COURT:  Okay.  All right.  So I'm reading 950.  I'm

12   on Page 3 and 4.  Okay.

13          MS. VAN MARTER:  Your Honor, during the time when Ivan

14   was first deported back, as I indicated, the operation was put

09:36:26  15   in the charge of an individual by the name of AR-15 for a period

16   of time.  That individual would testify as to the defendant's

17   continued involvement until he was again deported in September

18   of 2013, and that is the subject of that additional traffic stop

19   that occurred in Mount Vernon -- or not traffic stop, excuse me,

09:36:47  20   enforcement action that occurred in Mount Vernon where the

21   defendant was with a truck that had previously been utilized by

22   the organization that also had a secret compartment, that was

23   placed in the name of Rosa Granados, and there were narcotics

24   and a firearm located in that vehicle as well.

09:37:02  25          The defendant was deported again after that arrest,

USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21          18
**EXCERPT** of Final PTC/Change of Plea Hearings
October 10, 2018

1    remained in Mexico on -- for periods of time.  The testimony

2    will be that he assisted other individuals who were hired or

3    recruited by the organization, for instance, Mr. Jimenez, who

4    was utilized to transport backpackers up to the border after the

09:37:22    5    defendant.

6            Mr. Jimenez, when deported, was assisted by Ivan and

7    Mr. Farias to come back into the country in order to work for

8    the organization.  They kept him at a safe house in Tijuana for

9    a period of time, paid for his crossing or his coyote fees so he

09:37:41   10    could go back to work for the organization.  Mr. Jimenez was

11    caught with two backpacks full of 20 kilos of cocaine during his

12    time working for the organization.

13            The defendant, while in Mexico, continued to do things

14    at the request of Ivan up until the time of his death.

09:37:57   15            THE COURT:  I think you're right; 950 lays out all of

16    the factual basis that you think you could prove at time of

17    trial, and you've recited a good deal of it.  But I think

18    probably, for example, CD-4 on Page 8 -- CD-4 on Page 8, has

19    that person been identified to the defendants?

09:38:18   20            MS. VAN MARTER:  Yes.

21            THE COURT:  And who is that?  They know who it is, so --

22    I just can't remember -- I just don't know who it is.  And that

23    person was a cooperating defendant --

24            MS. VAN MARTER:  Yes, Your Honor.

09:38:28   25            THE COURT:  -- who was going to testify?

*USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21*      19
**EXCERPT** of Final PTC/Change of Plea Hearings
*October 10, 2018*

1        MS. VAN MARTER:  Yes, Your Honor.  I am just making sure

2   I have my numbers correct in my head.  There are three who have

3   been identified in this summary.  One is Rosa Granados.

4        THE COURT:  Okay.  Ms. Granados.  And then who else?

09:38:41  5        MS. VAN MARTER:  AR-15, one Pablo Mendoza.

6        THE COURT:  Give me a second.  Granados.  Mendoza.

7   And?

8        MS. VAN MARTER:  Mr. Jimenez Ranchero.

9        THE COURT:  Jimenez.

09:38:56  10        And they were going to testify as to this gentleman's

11   role in the conspiracy?

12        MS. VAN MARTER:  That is correct.

13        THE COURT:  Okay.  I think I've got enough.  Thanks very

14   much.  I just wanted to refresh my memory of that.

09:39:06  15        MS. VAN MARTER:  Thank you, Your Honor.

16        THE COURT:  Okay.  Mr. Schweda.  Let's get started.

17   Mr. Farias.

18        MR. SCHWEDA:  May I have one word with my client, Your

19   Honor?

09:39:18  20        THE COURT:  Yeah.

21        (Counsel and defendant conferring.)

22        THE COURT:  Have you sworn him in yet?

23        THE COURTROOM DEPUTY:  I have not yet, Judge.

24        THE COURT:  Okay.  Let's swear him in in the beginning.

09:39:41  25        (Counsel and defendant conferring.)

USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21          20
**EXCERPT** of Final PTC/Change of Plea Hearings
October 10, 2018

1    THE COURT:  Mr. Schweda, if you're not ready, we can do

2    something else.

3    MR. SCHWEDA:  No, Your Honor.  We're ready.

4    THE COURTROOM DEPUTY:  Will you please raise your right

09:41:21  5    hand?

6

7    EDGAR OMAR HERRERA FARIAS CHANGE OF PLEA COLLOQUY WITH THE COURT

8

9                    EDGAR OMAR HERRERA FARIAS,

10       having first sworn or affirmed, testified under oath as

11                         follows:

12    DEFENDANT HERRERA FARIAS (through the interpreter):

13    Yes.

14    THE COURT:  Is your true name Edgar Omar Herrera Farias?

09:42:01  15    DEFENDANT HERRERA FARIAS (through the interpreter):

16    Yes.

17    THE COURT:  Do you go by the nickname Burro?

18    DEFENDANT HERRERA FARIAS (through the interpreter):  Um,

19    yes.

09:42:13  20    THE COURT:  If at any time I ask you a question that you

21    don't understand, Mr. Farias, please tell me that, and I'll say

22    it in a different way.

23    Will you do that?

24    DEFENDANT HERRERA FARIAS (through the interpreter):

09:42:35  25    Well, regarding that question, some people do call me that way,

*USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21*                    21
*\*\*EXCERPT\*\* of Final PTC/Change of Plea Hearings*
*October 10, 2018*

1    but I don't always go by that name.

2            THE COURT:  Okay.  Thank you for the clarification.

3            What's the highest grade in school that you completed?

4            DEFENDANT HERRERA FARIAS (through the interpreter):

09:42:55   5    Secondary school.

6            THE COURT:  Okay.  Are you under the care of a physician

7    for any condition?

8            DEFENDANT HERRERA FARIAS (through the interpreter):  No.

9            THE COURT:  Are you taking medication prescribed for you

09:43:32  10   by a physician?

11           DEFENDANT HERRERA FARIAS (through the interpreter):  Not

12   right now.

13           THE COURT:  As you stand before me right now, are you

14   under the influence of drugs or alcohol?

09:43:47  15           DEFENDANT HERRERA FARIAS (through the interpreter):  No.

16           THE COURT:  Has anybody threatened you or any member of

17   your family to force you to plead guilty to Count 1 of your

18   indictment?

19           DEFENDANT HERRERA FARIAS (through the interpreter):  No.

09:44:00  20           THE COURT:  Before you decided to plead guilty, have you

21   conferred with your attorney, Mr. Schweda, on more than one

22   occasion?

23           DEFENDANT HERRERA FARIAS (through the interpreter):

24   Yes.

09:44:11  25           THE COURT:  I've looked at his vouchers for billing, and

USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21          22
**EXCERPT** of Final PTC/Change of Plea Hearings
October 10, 2018

1    I noticed that he and his investigator have met with you over

2    the months of this year.

3            Is that true?

4            DEFENDANT HERRERA FARIAS (through the interpreter):

09:44:26  5    Yes.

6            THE COURT:  And that was at the Benton County jail,

7    correct?

8            DEFENDANT HERRERA FARIAS (through the interpreter):

9    Yes, that's correct.

09:44:32  10    THE COURT:  Do you speak English?

11            DEFENDANT HERRERA FARIAS (through the interpreter):

12    Some.

13            THE COURT:  Even if you think you know what I ask you,

14    you think you know what I said in English, please wait for the

09:44:44  15    interpreter.

16            Would you do that for me?

17            DEFENDANT HERRERA FARIAS (through the interpreter):

18    Yes.

19            THE COURT:  At some point Mr. Schweda discussed the

09:45:00  20    possibility of pleading guilty to some, one or more of the

21    counts in the indictment; is that true?

22            DEFENDANT HERRERA FARIAS (through the interpreter):

23    Yes.  That's correct.

24            THE COURT:  And then today you met with him; is that

09:45:17  25    correct?

*USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21*      23
*\*\*EXCERPT\*\* of Final PTC/Change of Plea Hearings*
*October 10, 2018*

1    DEFENDANT HERRERA FARIAS (through the interpreter):

2  Yes, that's correct.

3    THE COURT:  For how long did you meet today?

4    DEFENDANT HERRERA FARIAS (through the interpreter):

09:45:25   5  Today?

6    THE COURT:  Yes.

7    DEFENDANT HERRERA FARIAS (through the interpreter):  30,

8  40 minutes.

9    THE COURT:  I thought Mr. Schweda said he met with you

09:45:38   10  for a couple of hours.

11    DEFENDANT HERRERA FARIAS (through the interpreter):

12  Maybe I just lost track of time.

13    THE COURT:  Mr. Schweda?

14    MR. SCHWEDA:  Your Honor, I was here about 7:15, and

09:45:53   15  maybe it wasn't quite two hours, but it was over an hour and a

16  half that I met with him.  So ...

17    THE COURT:  Before today had Mr. Schweda talked with you

18  about the possibility of pleading guilty?

19    DEFENDANT HERRERA FARIAS (through the interpreter):

09:46:04   20  Yes.

21    THE COURT:  And then you and he would talk about what

22  was in your best interest and how things should go; is that

23  true?

24    DEFENDANT HERRERA FARIAS (through the interpreter):

09:46:14   25  Yes.

USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21          24
**EXCERPT** of Final PTC/Change of Plea Hearings
October 10, 2018

1      THE COURT:  And he used a person who spoke Spanish that

2  you understood when he met with you; is that true?

3      DEFENDANT HERRERA FARIAS (through the interpreter):

4  Yes, a private investigator.

09:46:27  5      THE COURT:  Right.  And what was his name?

6      MR. SCHWEDA:  Larry Valadez.

7      THE COURT:  Mr. Valadez used to work at U.S. Probation

8  Office here in the district; is that correct?

9      MR. SCHWEDA:  Yes, Your Honor.

09:46:38  10      THE COURT:  And you understood the Spanish that

11  Mr. Valadez used; is that correct?

12      DEFENDANT HERRERA FARIAS (through the interpreter):

13  Yes.

14      THE COURT:  And at some point today your attorney came

09:46:49  15  to you and you talked about whether you would enter a plea

16  rather than go through a trial; is that correct?

17      DEFENDANT HERRERA FARIAS (through the interpreter):

18  Yes, today, in the morning.

19      MR. SCHWEDA:  May I interrupt, Your Honor?  Mr. Valadez

09:47:05  20  was connected; I had him on the telephone, and he interpreted

21  the full time that we were speaking together --

22      THE COURT:  Is that correct, Mr. Farias?

23      DEFENDANT HERRERA FARIAS (through the interpreter):

24  Yes, that's correct.

09:47:17  25      THE COURT:  And you decided now to plead guilty to

USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21          25
**EXCERPT** of Final PTC/Change of Plea Hearings
October 10, 2018

1    Count 1; is that true?

2              DEFENDANT HERRERA FARIAS (through the interpreter):

3    Yes, that's what he recommended.

4              THE COURT:  And you believe that to be in your best

09:47:32  5  interest?

6              DEFENDANT HERRERA FARIAS (through the interpreter):  I

7    think so.

8              THE COURT:  Okay.  Well, this is your -- this is your

9    situation.  I'm required to give you a fair trial and a timely

09:47:46  10  trial.  I have a jury waiting to go to trial today, and they're

11   ready to go, as am I and my staff, who have all put in many

12   hours to be prepared to give you a fair trial in this matter

13   today.  So this is -- this is your case, and you can do as you

14   wish.

09:48:05  15        Is it your wish to go ahead and plead guilty to Count 1

16   charging you with a conspiracy?

17             DEFENDANT HERRERA FARIAS (through the interpreter):  I

18   will plead guilty.

19             THE COURT:  Okay.  Are you satisfied with the services

09:48:22  20  of your attorney, Mr. Schweda?

21             DEFENDANT HERRERA FARIAS (through the interpreter):

22   Yes.

23             THE COURT:  Okay.  You have a number of rights under the

24   United States Constitution.  By pleading guilty, you will give

09:48:40  25  up these rights.  Please listen carefully.  You have a right to

USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21        26
**EXCERPT** of Final PTC/Change of Plea Hearings
October 10, 2018

1  plead not guilty and to persist in that plea.  By entering a

2  plea of not guilty, you're presumed to be innocent.  The

3  Government then must prove your guilt beyond a reasonable doubt

4  at trial.  At all stages of the proceedings, you're entitled to

09:49:01  5  have the services of an attorney to assist you, and if you

6  cannot afford one, one will be appointed at no expense to you.

7  So even if there's no trial because I accept your plea of

8  guilty, you still have the right to those free legal services

9  for assistance with sentencing and any appeal that you wish to

09:49:22  10  file.

11  At trial, you and the attorney have a right to subpoena

12  people and require them to come to court and testify for you,

13  and you have a right to question all of the witnesses at trial

14  while they're under oath.  At trial, you could decide whether or

09:49:39  15  not you will plead guilty, whether you will call any witnesses,

16  or whether you will put on any evidence.

17  If at such a trial you decided that you were not going

18  to testify, I would tell the jury that they could not consider

19  that in determining your guilt to the charges against you.

09:50:04  20  Do you understand that you have each of these rights?

21  DEFENDANT HERRERA FARIAS (through the interpreter):

22  Yes, I do.

23  THE COURT:  And do you understand by pleading guilty to

24  Count 1 of the second superseding indictment, if I accept the

09:50:17  25  plea, there will not be a trial, and you'll have given up these

USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21          27
**EXCERPT** of Final PTC/Change of Plea Hearings
October 10, 2018

1   valuable rights?  Do you understand that?

2        DEFENDANT HERRERA FARIAS (through the interpreter):

3   Yes.  Yes, I do.

4        THE COURT:  If at any time you think you need to talk

09:50:33  5   privately with your attorney, just tell me that you do, and I'll

6   give you that time.

7        Do you understand?

8        DEFENDANT HERRERA FARIAS (through the interpreter):

9   Yes.  Thank you.

09:50:43  10        THE COURT:  Okay.  Count 1 of the second superseding

11   indictment filed on December 6th, 2016, charges you with

12   conspiracy to distribute 500 grams or more of a mixture or

13   substance containing a detectable amount of methamphetamine,

14   5 kilograms or more of cocaine, one kilogram or more of heroin,

09:51:27  15   and 400 grams or more of N-phenyl-N propanamide, which is

16   thought of as fentanyl, in violation of 21, United States Code,

17   841(a)(1), (b)(1)(A)(i),(ii)(I),(vi),(viii); all in violation of

18   21, United States Code, Section 846.

19        Is it your intention to plead guilty to that count?

09:52:10  20        DEFENDANT HERRERA FARIAS (through the interpreter):

21   Could I have a minute to talk to my attorney?

22        THE COURT:  Certainly.

23      (Counsel and Defendant Herrera Farias conferring.)

24        THE COURT:  Ms. Van Marter, while they're conferring,

09:54:01  25   I'm going to ask about Ms. Zaragoza.

USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21          28
**EXCERPT** of Final PTC/Change of Plea Hearings
October 10, 2018

1          What is the status of that case?

2          MS. VAN MARTER:  Your Honor, depending how these next

3     two go, we were going to ask the Court for a brief recess so

4     that Mr. Lara and I could have a conversation.  It obviously

09:54:15  5     changes everything in terms of the presentation of evidence.

6          THE COURT:  All right.

7          And you, Mr. Therrien, your client is -- you think he's

8     going to plead guilty today?

9          MR. THERRIEN:  I think he's going to plead guilty today.

09:54:28  10          THE COURT:  To Count 1?  To Count 1?

11          MR. THERRIEN:  To Count 1.

12          THE COURT:  Without a plea agreement.

13          MR. THERRIEN:  Without a plea agreement.

14          THE COURT:  Wasn't there a proposed plea agreement in

09:54:37  15     this case?

16          MS. VAN MARTER:  There was, Your Honor, and I -- I was

17     not -- that's the video plea that I had to leave.

18          THE COURT:  I recall.

19          MS. VAN MARTER:  And so there was one particular fact in

09:54:49  20     that proposed plea that I'm going to correct.  This defendant

21     did not receive instructions directly from the UC on any money

22     drops, so other than that, all the facts as we previously

23     proposed would be a good basis for the Court, as well as what's

24     contained in the trial memorandum on 950.

09:55:06  25          THE COURT:  So what we should do is pull that plea

*USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21*   29
**EXCERPT** *of Final PTC/Change of Plea Hearings*
*October 10, 2018*

1    agreement and use that as a model in his case?

2         MS. VAN MARTER:  We could use that as a model, or we

3    could also use the trial brief, as we used with Mr. Farias.

4         THE COURT:  Okay.  All right.  Let's see.

09:55:21    5         Mr. Reyes Garcia, are you prepared to enter a plea

6    today?  Isn't that your client, Mr. Therrien?

7         DEFENDANT REYES GARCIA (through the interpreter):  Yes.

8         THE COURT:  Okay.  Well, I'm ready to proceed with them

9    while these other folks take care of their business.  We've got

09:55:36    10    a jury waiting.

11         So if you'd like to get started with your client, that

12    will be great.  Let's start him.

13         Can you break the record, Kim, and we can pick up again

14    on Mr. Farias when he and his attorneys are finished?

09:55:46    15

16     MIGUEL REYES GARCIA CHANGE OF PLEA COLLOQUY WITH THE COURT

17

18         THE COURTROOM DEPUTY:  Will you please raise your right

19    hand?

09:55:56    20

21                    MIGUEL REYES GARCIA,

22    having first sworn or affirmed, testified under oath as follows:

23         THE DEFENDANT REYES GARCIA (through the interpreter):

24    Yes.

09:56:14    25         THE COURT:  Okay.  Pull a copy of that proposed plea the

USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21      30
**EXCERPT** of Final PTC/Change of Plea Hearings
October 10, 2018

1    last time we had it.

2          Okay.  Your true name, let's see, is Miguel Reyes

3    Garcia, correct?

4          DEFENDANT REYES GARCIA (through the interpreter):  Yes.

09:56:43   5          THE COURT:  And, Mr. Reyes Garcia, you and I have gone

6    through this before, haven't we?

7          DEFENDANT REYES GARCIA (through the interpreter):  Yes.

8          THE COURT:  Okay.  And you know that I didn't accept

9    your plea because you were not willing to admit the facts that

09:56:55   10   would support the plea.

11         Are you prepared to do that today?

12         DEFENDANT REYES GARCIA (through the interpreter):  Yes.

13         THE COURT:  And I want to remind you that you sent a

14   letter to me.

09:57:05   15         Do you remember sending that letter to me?

16         DEFENDANT REYES GARCIA (through the interpreter):  Yes.

17         THE COURT:  Okay.  That letter contained statements by

18   you that -- that are -- that support the plea of guilty to

19   Count 1.  Whatever -- what you said in that letter was enough to

09:57:25   20   convict you.  In other words, if a jury heard that, the jury

21   would, in my mind, would convict you of Count 1.

22         That's what you put in the letter, and when I saw the

23   letter I said to myself, "This gentleman has just told me all I

24   need to know to support his conviction under Count 1."  Now,

09:57:47   25   if -- so that's my position, what you put in there.  So it

USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21          31
**EXCERPT** of Final PTC/Change of Plea Hearings
October 10, 2018

1    didn't surprise me that you want to plead guilty, because with

2    that letter, I believe you admitted all of the elements of the

3    crime charged in Count 1.

4              What is your position, Mr. Therrien?

09:58:03    5              MR. THERRIEN:  I would agree with that, Your Honor.

6              THE COURT:  Okay.  Well, I want to go through this with

7    you, and I don't want to waste my time or your time.  Please

8    remember that my job is to get you a fair trial today, and I've

9    got a jury waiting, and they're prepared to come up here.  My

09:58:18    10   staff and I are all ready to go.  We've prepared fully for this,

11   and we're ready to rule on all of the motions that are pending,

12   and to bring in the jury and to swear them in and to get you a

13   trial on the charges in the indictment.  That's what I'm

14   required to do, and we're prepared to do that.

09:58:34    15             Do you understand?

16             DEFENDANT REYES GARCIA (through the interpreter):  Yes,

17   I do.

18             THE COURT:  Okay.  What do you want to do today?  Do you

19   want to plead guilty to Count 1?  I mean, are you going to?  You

09:58:44    20   may not want to, but are you going to plead guilty to Count 1?

21             DEFENDANT REYES GARCIA (through the interpreter):  Yes.

22             THE COURT:  And will you be pleading guilty because you

23   truly are guilty?

24             DEFENDANT REYES GARCIA (through the interpreter):  Yes.

09:58:57    25             THE COURT:  Okay.  Count 1 of the second superseding

USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21          32
**EXCERPT** of Final PTC/Change of Plea Hearings
October 10, 2018

1  indictment charges you with, let's see, conspiracy to distribute

2  500 grams or more of a mixture or substance containing a

3  detectable amount of methamphetamine, 5 kilograms or more of

4  cocaine, 1 kilogram or more of heroin, and 4 grams -- 400 grams

09:59:24  5  or more of N-phenyl-N propanamide, which is known as fentanyl,

6  in violation of 21, United States Code, Section 841(a)(1),

7  (b)(1)(A)(i),(ii)(I), and (vi); all in violation of 21, United

8  States Code, Section 846.  That's Count 1.

9          Is that your intention, to plead guilty to that count?

09:59:56  10          DEFENDANT REYES GARCIA (through the interpreter):  Yes.

11          THE COURT:  That is a Class A felony, and it carries

12  these penalties by law, by statute:  Not less than ten years in

13  prison, which cannot be suspended or paroled, up to a maximum

14  possible penalty of life in prison; a fine not to exceed

10:00:12  15  $10 million; a term of supervised release of not less than five

16  years up to life; denial of certain benefits here in the United

17  States; and a $100 mandatory payment.

18          Do you understand those are the maximum penalties?

19          DEFENDANT REYES GARCIA (through the interpreter):  Yes.

10:00:30  20          THE COURT:  For the benefit of the parties and the

21  defendants, the jury is supposed to be up here at 10 o'clock.

22  It is now after 10:00.  I propose to have my judicial assistant

23  tell the jury that the attorneys and the judge are conferring,

24  and that it will be approximately an hour before we are ready

10:00:57  25  for them.

*USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21*    33
**EXCERPT** *of Final PTC/Change of Plea Hearings*
*October 10, 2018*

1    MS. VAN MARTER:  I have no objection to that, Your

2    Honor.

3    MR. THERRIEN:  No objection, Your Honor.

4    MR. LARA:  No objection, Your Honor.

10:01:06    5    MR. SCHWEDA:  No objection.

6    THE COURT:  And so they're free to -- they can get a cup

7    of coffee, walk around; they don't have to stay in the

8    auditorium, but they cannot leave the building.  And they have

9    to be in the building, and we'll be with them at approximately

10:01:21    10    11 o'clock.

11    Okay?

12    All right.  Then let's resume, Mr. Reyes Garcia.

13    Since we've gone through this before, you know that if

14    you need to talk with your attorney, I'll give you that time,

10:01:43    15    don't you?

16    DEFENDANT REYES GARCIA (through the interpreter):  Yes.

17    THE COURT:  And you know that if I ask you a question

18    that you don't understand, that you can just tell me to -- that

19    you don't, and I'll say it in a different way, right?

10:01:55    20    Is that correct?

21    DEFENDANT REYES GARCIA (through the interpreter):  Yes.

22    THE COURT:  As you stand before me right now, are you

23    under the influence of drugs or alcohol?

24    DEFENDANT REYES GARCIA (through the interpreter):  No.

10:02:00    25    THE COURT:  Has anybody prescribed -- or are you taking

*USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21*    34
**EXCERPT** *of Final PTC/Change of Plea Hearings*
*October 10, 2018*

1    medication prescribed for you by a medical care provider?

2        DEFENDANT REYES GARCIA (through the interpreter):  No.

3        THE COURT:  Are you under the care of a medical care

4    provider?

10:02:11   5        DEFENDANT REYES GARCIA (through the interpreter):  No.

6        THE COURT:  Has anybody threatened you to force you to

7    agree to plead guilty today?

8        DEFENDANT REYES GARCIA (through the interpreter):  No.

9        THE COURT:  Is it your intention to plead guilty today

10:02:23   10   without a written plea agreement?

11       DEFENDANT REYES GARCIA (through the interpreter):  Yes.

12       THE COURT:  Now, before, you have signed a plea

13   agreement in the past, haven't you?

14       DEFENDANT REYES GARCIA (through the interpreter):  Yes.

10:02:33   15       THE COURT:  Okay.  But that's not on the table today.

16   You understand this is different?

17       DEFENDANT REYES GARCIA (through the interpreter):  Yes.

18       THE COURT:  Okay.  So whatever you had negotiated with

19   the U.S. Attorney then, that's not the negotiation.  Today it's

10:02:49   20   just a plea of guilty to Count 1, and I'll go through that with

21   you.

22       Do you understand that?

23       DEFENDANT REYES GARCIA (through the interpreter):  Yes.

24       THE COURT:  Has anybody threatened you to -- you say no

10:02:59   25   one threatened you.

*USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21*   35
**EXCERPT** of Final PTC/Change of Plea Hearings
*October 10, 2018*

1      Is that correct?

2      DEFENDANT REYES GARCIA (through the interpreter):  No,

3   nobody.

4      THE COURT:  Okay.  And you've fully discussed this with

10:03:05   5   your attorney, Mr. Therrien, on more than one occasion, haven't

6   you?

7      DEFENDANT REYES GARCIA (through the interpreter):  Yes.

8      THE COURT:  Because we had a written plea agreement that

9   I went through the last time we were here, and I didn't accept

10:03:15   10   your plea.

11      Remember that?

12      DEFENDANT REYES GARCIA (through the interpreter):  Yes.

13      THE COURT:  Okay.  And since then you've had contact

14   with Mr. Therrien, correct?  Mr. Therrien has called you, come

10:03:26   15   and visited you; that sort of thing?

16      DEFENDANT REYES GARCIA (through the interpreter):  Yes.

17      MR. THERRIEN:  I have.

18      THE COURT:  Okay.  And you've used an investigator as

19   well; is that correct?

10:03:35   20      MR. THERRIEN:  Yes, I have.

21      THE COURT:  And that was Mr. ...?

22      MR. THERRIEN:  Abel Campos.

23      THE COURT:  Mr. Campos?

24      MR. THERRIEN:  Yes.

10:03:41   25      THE COURT:  And he's fluent in Spanish?

USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21          36
**EXCERPT** of Final PTC/Change of Plea Hearings
October 10, 2018

1          MR. THERRIEN:  Yes.

2          THE COURT:  Did you understand the Spanish that

3    Mr. Campos used when he interpreted for you and Mr. Therrien?

4          DEFENDANT REYES GARCIA (through the interpreter):  Yes.

10:03:49    5          MR. THERRIEN:  Your Honor, for the record, most of the

6    time when I met with him with Mr. Campos, I also had an

7    interpreter as well, so there was very rarely that I -- I just

8    wanted --

9          THE COURT:  Who was speaking Spanish, Mr. Campos or

10:04:02   10    someone else?

11          MR. THERRIEN:  Ms. Castro was the interpreter.  When she

12    wasn't there, it was Mr. Campos.

13          THE COURT:  All right.  You recognize that both

14    Ms. Castro and Mr. Campos used Spanish that you understood; is

10:04:16   15    that right?

16          DEFENDANT REYES GARCIA (through the interpreter):  Yes.

17          THE COURT:  And while this is a difficult time for you,

18    Mr. Reyes Garcia, because nobody wants to -- likes the notion of

19    pleading guilty and going to prison, Mr. Therrien has fully

10:04:28   20    explained what the consequences will be of a trial, hasn't he?

21          DEFENDANT REYES GARCIA (through the interpreter):  Yes.

22          THE COURT:  And he's explained what the Government's

23    evidence is; isn't that right?

24          DEFENDANT REYES GARCIA (through the interpreter):  Yes.

10:04:36   25          THE COURT:  And he's told you about the people who will

*USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21*
**EXCERPT** of Final PTC/Change of Plea Hearings
*October 10, 2018*

37

1    testify against you; isn't that true?

2              DEFENDANT REYES GARCIA (through the interpreter):  Yes.

3              THE COURT:  And those are some people who are also

4    charged in this case and have pled guilty; is that right?

5              DEFENDANT REYES GARCIA (through the interpreter):

6    That's right.

7              THE COURT:  Okay.  The maximum penalties I think I've

8    told you about, but let me make sure that I've done that

9    correctly.

10             It's a Class A felony, the maximum penalties:  Not less

11   than ten years, cannot be suspended, cannot be paroled; possible

12   maximum penalty under the law of life in prison; a fine not to

13   exceed $10 million; a term of supervised release of not less

14   than five years up to life of supervised release; denial of

15   certain federal United States benefits; and a $100 mandatory

16   payment.

17             Do you understand those are the maximum penalties by

18   law?

19             DEFENDANT REYES GARCIA (through the interpreter):  Yes.

20             THE COURT:  And that supervised release is that period

21   of time, Mr. Reyes Garcia, when you have to follow the

22   conditions that I impose, or if I find at a hearing that you've

23   violated those conditions, I have the authority to put you back

24   in prison for the full term of the supervised release without

25   any credit for time you've already served on post-release

10:04:50
10:05:05
10:05:28
10:05:38
10:05:56

USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21   38
**EXCERPT** of Final PTC/Change of Plea Hearings
October 10, 2018

1    supervision.

2            Do you understand?

3            DEFENDANT REYES GARCIA (through the interpreter):  Yes.

4            THE COURT:  So it's important that you follow the

10:06:05  5    conditions, right?

6            DEFENDANT REYES GARCIA (through the interpreter):  Yes.

7            THE COURT:  Okay.  Under the 21, United States Code,

8    Section 862(a), you're no longer eligible for various food stamp

9    program benefits, such as Temporary Assistance For Needy

10:06:24 10   Families.

11           Do you understand?

12           DEFENDANT REYES GARCIA (through the interpreter):  Yes.

13           THE COURT:  And at sentencing I will decide whether to

14   deny you other federal benefits under 21, United States Code,

10:06:33 15   Section 862.

16           Do you understand?

17           DEFENDANT REYES GARCIA (through the interpreter):  Yes.

18           THE COURT:  As you know, this is an agreement -- this,

19   actually, this is not an agreement.  You simply have decided to

10:06:45 20   plead guilty.

21           And the Government -- have you made any agreements with

22   this gentleman?

23           MS. VAN MARTER:  Your Honor, the same as Mr. Farias; the

24   United States will agree to not seek a leader/organizer

10:06:59 25   enhancement.

USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21    39
**EXCERPT** of Final PTC/Change of Plea Hearings
October 10, 2018

1         THE COURT:  Okay.

2         MS. VAN MARTER:  And we will agree to recommend to the

3    Court two levels, not three levels, for acceptance of

4    responsibility.  Other than that, everything else is open.

10:07:08   5         THE COURT:  Okay.  Thank you.

6         Is that what your understanding is?

7         DEFENDANT REYES GARCIA (through the interpreter):  Yes.

8         THE COURT:  Okay.  Because of the -- because of the

9    nature of this crime, it is virtually certain that you will be

10:07:19   10   deported from this country.

11        Do you understand that?

12        DEFENDANT REYES GARCIA (through the interpreter):  Yes.

13        THE COURT:  I'm not an immigration judge, and I can't

14   tell you that with absolute certainty, but because of the kind

10:07:30   15   of crime charged in Count 1 of the second superseding

16   indictment, it is -- it is almost automatic that you'll be

17   removed from the United States and can never return legally.

18        Knowing that, do you still wish to plead guilty to

19   Count 1 of your second superseding indictment?

10:07:49   20        DEFENDANT REYES GARCIA (through the interpreter):  Yes.

21        THE COURT:  Okay.  To convict you of the crime charged

22   in Count 1, which I've already outlined for you, the Government

23   has to prove beyond a reasonable doubt at trial the three

24   elements of that crime.  First, beginning on a day unknown but

10:08:07   25   by on or about January 2010, continuing until on or about

*USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21*
***EXCERPT** of Final PTC/Change of Plea Hearings*
*October 10, 2018*

40

1    December 6th, 2016, you, here in the Eastern District, entered

2    into an agreement with one or more persons to commit the crime

3    of distribution of methamphetamine and/or cocaine and/or heroin

4    and/or fentanyl as charged in that second superseding

10:08:37    5    indictment; second, you became a member of that conspiracy

6    knowing of at least one of its objects and intending to help

7    accomplish it; and, third, the agreement to distribute involved

8    more than 500 grams or more of a mixture or substance containing

9    a detectable amount of methamphetamine, 5 kilograms or more of

10:09:00    10    cocaine, 1 kilogram or more of heroin, and 400 grams or more of

11    fentanyl, and would be reasonable foreseeable to a member of

12    that conspiracy.

13        Do you understand that's what the Government has to

14    prove to convict you at trial of Count 1?

10:09:20    15        DEFENDANT REYES GARCIA (through the interpreter):  Yes.

16        THE COURT:  Okay.  In every case I have to do a

17    sentencing guideline analysis and calculation.  I don't have to

18    follow that, but it advises me what a reasonable sentence might

19    be in your case.

10:09:41    20        There's no agreement here, but it would appear that,

21    given the nature of your drugs, the drugs in Count 1, and

22    depending upon the amount, it's possible that your offense level

23    could begin at 38, and there may or may not be some additions to

24    that offense level.  I can't tell you that.

10:10:05    25        The Government says that it will not -- that it will

USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21          41
**EXCERPT** of Final PTC/Change of Plea Hearings
October 10, 2018

1    recommend two levels for timely acceptance of responsibility.  I

2    don't know what other increases or decreases might apply, so I

3    can't tell you what a Final Offense Level would be in your case.

4         I also can't tell you what your Criminal History

10:10:27   5    Category is because I don't have the report that will tell me

6    all about your criminal history, if any, so I can't tell you

7    today what your -- what the guideline calculations are because

8    there's no written plea agreement, no agreement of the parties,

9    and I don't have the probation report about you.

10:10:43   10    Do you understand?  So I can't tell you what the range

11    of imprisonment might be.

12         What I can tell you is the mandatory minimum is ten

13    years.  That's what I have to impose at least, all the way up to

14    life.

10:10:58   15    Do you understand that?

16         DEFENDANT REYES GARCIA (through the interpreter):  Yes.

17         THE COURT:  Okay.  Do you agree that there's no

18    agreement between you and the Government about length of prison

19    time or incarceration?  Is that correct?

10:11:22   20    DEFENDANT REYES GARCIA (through the interpreter):  Yes.

21         THE COURT:  I have to impose a criminal fine against

22    you, unless I make a finding that you just cannot afford to pay

23    it.

24         Do you understand?

10:11:33   25    DEFENDANT REYES GARCIA (through the interpreter):  Yes.

*USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21*
***EXCERPT** of Final PTC/Change of Plea Hearings*
*October 10, 2018*

42

1    THE COURT:  There's $100 that you have to pay.

2       Will you agree to pay it while you're in prison or at

3    the time of sentencing?

4       DEFENDANT REYES GARCIA (through the interpreter):  Yes.

10:11:52  5    THE COURT:  Since this is an agreement without -- since

6    you're pleading guilty without a plea agreement, there is --

7    many of the things that I've talked with you before are not

8    applicable now.  So, for example, you still have the right to

9    appeal this case.

10:12:09  10       Do you understand that?

11       DEFENDANT REYES GARCIA (through the interpreter):  Yes.

12    THE COURT:  All right.  Mr. Therrien, have you read,

13    through an interpreter, Count 1 of the second superseding

14    indictment to your client?

10:12:40  15    MR. THERRIEN:  I haven't had the opportunity to do that

16    today, Judge.

17    THE COURT:  Well, you read it to him before when --

18    MR. THERRIEN:  Right.

19    THE COURT:  -- I assume when it was the plea agreement

10:12:49  20    in --

21    MR. THERRIEN:  Well, the Court went through it on his

22    previous plea agreement.

23    THE COURT:  Right.  I did.

24       And so I'm going to read it to you now.  This is Count 1

10:12:58  25    of the second superseding indictment.

USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21        43
**EXCERPT** of Final PTC/Change of Plea Hearings
October 10, 2018

1    (Reading):  Beginning on a date unknown, but by on or

2  about January 2010, continuing until on or about December 6th,

3  2016, in the Eastern District of Washington and elsewhere, the

4  defendants, Jese -- well, there are a number of defendants

10:13:17  5  listed in that, including yourself, Miguel Reyes Garcia, among

6  others, such at Alexis Palomino and Rosa Granados, and all the

7  others named in the second superseding indictment in Count 1,

8  did knowingly and intentionally combine, conspire, confederate,

9  and agree together and with each other and with other persons,

10:13:42  10  both known and unknown to the grand jury, to commit the

11  following offenses against the United States, to wit:

12  distribution of 500 grams or more of a mixture or substance

13  containing a detectable amount of methamphetamine, 5 kilograms

14  or more of a mixture or substance containing a detectable amount

10:14:06  15  of cocaine, 1 kilogram or more of a mixture or substance

16  containing a detectable amount of heroin, and 400 grams or more

17  of a mixture or substance containing a detectable amount of

18  N-phenyl-N propanamide, all Schedule II controlled substances in

19  violation of 21, United States Code, Section 848, 841(a)(1)

10:14:36  20  (b)(1)(A)(i),(ii)(I),(vi), (viii); all in violation of 21,

21  United States Code, Section 846.

22    To that count of the second superseding indictment how

23  do you plead, Mr. Reyes Garcia, guilty or not guilty?

24    DEFENDANT REYES GARCIA (through the interpreter):

10:14:58  25  Guilty.

*USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21*   44
**EXCERPT** of Final PTC/Change of Plea Hearings
*October 10, 2018*

1        THE COURT:  Are you pleading guilty because you truly

2    are guilty?

3        DEFENDANT REYES GARCIA (through the interpreter):  Yes.

4        THE COURT:  Okay.  Were you -- were you -- between

10:15:10   5    January 10th of 2010 -- I'm sorry, between January 2010 and

6    December 6th of 2016, were you from time to time here in the

7    Eastern District of Washington?

8        DEFENDANT REYES GARCIA (through the interpreter):  Yes.

9        THE COURT:  And during that time, were you working with

10:15:29  10    an organization that was conspiring to distribute various drugs?

11        DEFENDANT REYES GARCIA (through the interpreter):  Yes.

12        THE COURT:  And those drugs were the ones I just read to

13    you in the second superseding indictment; is that true?

14        DEFENDANT REYES GARCIA (through the interpreter):  Yes.

10:15:45  15        THE COURT:  And tell me what your role was.  So, for

16    example, I know that you were with backpackers and went into

17    British Columbia.

18            Is that correct?

19        DEFENDANT REYES GARCIA (through the interpreter):

10:15:57  20    That's right.

21        THE COURT:  Did you know the backpackers were carrying

22    drugs?

23        DEFENDANT REYES GARCIA (through the interpreter):  Yes,

24    I -- I did.

10:17:00  25        THE COURT:  Did you work with Ivan Calvillo?

*USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21*   45
**EXCERPT** of Final PTC/Change of Plea Hearings
*October 10, 2018*

1    DEFENDANT REYES GARCIA (through the interpreter):  Yes.

2    THE COURT:  And is it true that you would utilize a

3  piece of currency, the serial number on a piece of currency,

4  like a dollar bill or a $5 bill or some denomination, and you

10:17:21  5  would use the serial number on that as a -- as an introduction

6  or a confirmation?  Is that correct?

7    MS. VAN MARTER:  No, Your Honor.  That should actually

8  read "Defendant Casillas."  I apologize.  It is not -- this

9  defendant did not have to do with the money transactions.

10:17:37 10    THE COURT:  That's what it says, 950 --

11    MS. VAN MARTER:  Correct.

12    THE COURT:  -- Page 10.

13    MS. VAN MARTER:  Yes, and I needed to amend that to say

14  "Defendant Casillas," not this defendant.

10:17:44 15    THE COURT:  Okay.  Thank you.

16    MS. VAN MARTER:  This defendant was utilized for the

17  purpose of the backpacking, and also identified as a

18  distributor, and there's some additional information from an

19  individual who would have provided testimony.

10:17:54 20    THE COURT:  Thank you.

21    So on August 26th, 2015, were you in British Columbia?

22    DEFENDANT REYES GARCIA (through the interpreter):  Yes.

23    THE COURT:  And you got into British Columbia how?

24    DEFENDANT REYES GARCIA (through the interpreter):

10:18:12 25  Walking through the woods.

*USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21*   46
***EXCERPT** of Final PTC/Change of Plea Hearings*
*October 10, 2018*

1      THE COURT:  And why did you walk through the woods?

2      DEFENDANT REYES GARCIA (through the interpreter):

3  That's the way they were going, and I was just following them.

4      THE COURT:  And you were going with them because you'd

10:18:33  5  been told to go with them; is that correct?

6      DEFENDANT REYES GARCIA (through the interpreter):  Yes.

7      THE COURT:  And you were told to go with them because

8  there had been some money involved in a drug transaction that

9  you were going to check on; is that true?

10:18:54  10      DEFENDANT REYES GARCIA (through the interpreter):  There

11  was money that hadn't been paid to a person, and I was supposed

12  to go see if the drugs were there or -- or if the money was

13  there.

14      THE COURT:  All right.  So you knew it was drugs or

10:19:03  15  money that you were going to check on, correct?

16      DEFENDANT REYES GARCIA (through the interpreter):  Uh,

17  yes.

18      THE COURT:  Okay.  So you knew that this was part of a

19  conspiracy to bring drugs or money back and forth between the

10:19:17  20  United States and Canada; isn't that true?

21      DEFENDANT REYES GARCIA (through the interpreter):  Yes.

22      THE COURT:  Okay.  And you agree that the Government

23  could prove at trial that the conspiracy charged in Count 1 of

24  the second superseding indictment, that it could prove that

10:19:54  25  those drugs involved distribution, or an agreement to distribute

*USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21*      47
**EXCERPT** *of Final PTC/Change of Plea Hearings*
*October 10, 2018*

1    more than 500 grams or more of a mixture or substance containing

2    a detectable amount of methamphetamine, correct?

3          DEFENDANT REYES GARCIA (through the interpreter):  Yes.

4          THE COURT:  And they could prove that it was, the

10:20:09  5    conspiracy involved 5 kilograms or more of cocaine, correct?

6          DEFENDANT REYES GARCIA (through the interpreter):  Yes.

7          THE COURT:  And could prove 1 kilogram or more of

8    heroin, and 400 grams or more of fentanyl, true?

9          DEFENDANT REYES GARCIA (through the interpreter):  Yes.

10:20:22  10          THE COURT:  And that they could prove that beyond a

11    reasonable doubt; isn't that true?

12          DEFENDANT REYES GARCIA (through the interpreter):  Yes.

13          THE COURT:  And so you were part of that conspiracy, and

14    they could prove that beyond a reasonable doubt; is that true?

10:20:35  15          DEFENDANT REYES GARCIA (through the interpreter):  Yes.

16          THE COURT:  Okay.  I believe that contains all I need

17    for the recitation for the elements.

18          Anything I've overlooked, from either defendant or from

19    the Government?

10:20:46  20          MS. VAN MARTER:  No, Your Honor.

21          MR. THERRIEN:  No, Your Honor.

22          THE COURT:  I think I've completed everything on this

23    case.  The Court accepts the plea as knowing, intelligent, and

24    voluntary; not induced by fear, or coercion, or ignorance; and

10:21:02  25    the facts admitted to by Mr. Miguel Reyes Garcia constitute the

USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21          48
**EXCERPT** of Final PTC/Change of Plea Hearings
October 10, 2018

1   elements of the crime charged in Count 1 of the second

2   superseding indictment.

3          All pending motions are denied as moot as to him, and

4   I've signed the order accepting that plea.  I'm going to set

10:21:22  5   Tuesday, March 12th, 2019, at 10:45 a.m. in Richland as the

6   time, date, and place for sentencing.  That will be set for a

7   45-minute hearing.

8          Thirty-five days prior to that time, Mr. Reyes Garcia,

9   you will receive a copy of a presentence report.  It's a report

10:21:45 10   about you.

11          Mr. Hare, who is doing that report?

12          THE PROBATION OFFICER:  Your Honor, it will be Officer

13   Cassie Lurch from our Spokane office.

14          THE COURT:  Okay.  And that's Cass --

10:21:58 15          THE PROBATION OFFICER:  Cassie Lurch.

16          THE COURT:  Okay.  She will be doing the report.  And

17   Mr. Therrien will explain that process to you and your

18   participation, if any, in that process.

19          Fourteen days from the time you get that report you have

10:22:12 20   to file any objections to it or any motions you want me to think

21   about or hear at sentencing or you will have given them up.

22          Do you understand what I've explained to you?

23          DEFENDANT REYES GARCIA (through the interpreter):  Yes.

24          THE COURT:  Okay.  Is that date convenient for the

10:22:27 25   parties?

USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21    49
**EXCERPT** of Final PTC/Change of Plea Hearings
October 10, 2018

1          MR. THERRIEN:  As far as I know it is, Your Honor.

2          MS. VAN MARTER:  Yes, Your Honor.

3          THE COURT:  Okay.  Then I will sign that order as of

4     today.

10:22:36   5          Mr. Reyes Garcia, Mr. Therrien will go over that order

6     with you and explain what you need to do or what you should do.

7          Okay?

8          DEFENDANT REYES GARCIA (through the interpreter):  Okay.

9          THE COURT:  I believe that completes matters today for

10:22:49   10    you, Mr. Therrien.  Okay.

11         MR. THERRIEN:  Thank you.

12         THE COURT:  Mr. Schweda, have you resolved any issues

13    that you had with your client?

14         MR. SCHWEDA:  I believe we're ready to proceed, Your

10:23:00   15    Honor.

16         THE COURT:  You're going to proceed?

17         MR. SCHWEDA:  Yes.

18         THE COURT:  Okay.

19

10:23:06   20    CONTINUATION OF THE CHANGE OF PLEA COLLOQUY WITH THE COURT OF

21                       EDGAR OMAR HERRERA FARIAS

22

23         THE COURT:  Can the court reporter retrace that and

24    remind me where we left off?

10:23:13   25         (Pause in proceedings; Court and court reporter

*USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21*
**EXCERPT** *of Final PTC/Change of Plea Hearings*
*October 10, 2018*                                                    50

1   conferring.)

2        THE COURT:  Okay.  Let's get started then.

3        Count 1 of the -- we'll resume with this.  Let me just

4   check one other thing.

10:25:22  5        All right.  So we're dealing with the charge in Count 1

6   of the second superseding indictment.  I've already reviewed

7   that with you, and you understand that -- or tell me, are you

8   going to plead guilty to that count today?

9        DEFENDANT HERRERA FARIAS (through the interpreter):

10:25:51 10  Yes.  Possession?  Yes.

11        THE COURT:  Hmm.  It charges you with conspiracy.  So

12   there's a difference between conspiracy and possession.

13        It's conspiracy to possess with intent to distribute,

14   right?

10:26:17 15        DEFENDANT HERRERA FARIAS (through the interpreter):

16   Yes.  Correct.

17        THE COURT:  Okay.  Actually, it's conspiracy to

18   distribute.  So having that in mind, Count 1 of the second

19   superseding indictment -- and you've gone over that fully with

10:26:31 20  your client, Mr. Schweda?

21        MR. SCHWEDA:  Yes, Your Honor; many times.

22        THE COURT:  Okay.  That's a Class A felony.  It carries

23   these maximum penalties by law, by statute:  Not less than ten

24   years in prison, which cannot be suspended or paroled; a maximum

10:26:49 25  possible penalty of life imprisonment; a fine not to exceed

USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21      51
**EXCERPT** of Final PTC/Change of Plea Hearings
October 10, 2018

1    $10 million; a term of supervised release of not less than five

2    years up to a life term; denial of certain United States federal

3    benefits; and a $100 mandatory payment.

4          Do you understand those are the maximum penalties?

10:27:11  5          DEFENDANT HERRERA FARIAS (through the interpreter):

6    Yes.

7          THE COURT:  Supervised release, Mr. Reyes -- sorry,

8    Mr. Farias, is that time after imprisonment which you have to

9    follow the conditions I impose, and it's important that you do

10:27:26  10    that because if at a hearing I find that you've violated those

11    conditions, then I can send you back to prison for the full term

12    of the supervised release without any credit that you -- for

13    service of your time after you've been released from prison.

14          Do you understand the importance of following those

10:27:48  15    conditions?

16          DEFENDANT HERRERA FARIAS (through the interpreter):

17    Yes.

18          THE COURT:  Okay.  Under 21, United States Code,

19    Section 862(a), you're no longer eligible for any food stamp

10:28:03  20    program benefits.  Under 21, United States Code, Section 862, at

21    sentencing I'll decide whether to grant or deny other benefits

22    available here in the United States.

23          Do you understand what I've explained?

24          DEFENDANT HERRERA FARIAS (through the interpreter):

10:28:21  25    Yes.

USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21      52
**EXCERPT** of Final PTC/Change of Plea Hearings
October 10, 2018

1          THE COURT:  Okay.  This is the kind of crime charged in

2     Count 1 of the second superseding indictment that makes you

3     ineligible to remain in the United States.  It is virtually

4     certain that you will be deported and that you can never return

10:28:37  5     to the United States legally.

6          Knowing that, do you nevertheless want to continue with

7     your plea to Count 1 of the second superseding indictment?

8          DEFENDANT HERRERA FARIAS (through the interpreter):

9     Yes, I understand that.

10:28:52  10          THE COURT:  Okay.  To convict you of the crime charged

11     in Count 1 of the second superseding indictment, which I've

12     articulated for the record already with you, having that count

13     in mind, here are the elements that the Government has to prove

14     beyond a reasonable doubt to convict you of Count 1; that is,

10:29:16  15     the conspiracy to distribute the drugs that are listed:  First,

16     beginning on a date unknown, but by on or about January 20th,

17     continuing -- January of 2010, continuing until on or about

18     December 6th, 2016, the Defendant Miguel -- I'm sorry,

19     Mr. Farias, in the Eastern District of Washington entered into

10:29:46  20     an agreement with one or more persons to commit the crime of

21     distribution of methamphetamine and/or cocaine and/or heroin

22     and/or fentanyl as charged in the second superseding indictment;

23     that you, Mr. Farias, became a member of the conspiracy knowing

24     of at least one of its objects and intending to help accomplish

10:30:08  25     it; and, third, the -- the agreement to distribute involved more

USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21          53
**EXCERPT** of Final PTC/Change of Plea Hearings
October 10, 2018

1    than 500 grams or more of a mixture or substance containing a

2    detectable amount of methamphetamine, 5 kilograms or more of

3    cocaine, 1 kilogram or more of heroin, and 400 grams or more of

4    fentanyl, and would be reasonably foreseeable to a member of

10:30:35  5    that agreement or conspiracy.

6         Do you understand what I've explained to you, that

7    that's what the Government has to prove to convict you of

8    Count 1?  Do you understand that?

9         MR. SCHWEDA:  Your Honor, if I may interject?  My client

10:30:50  10   was only involved with methamphetamine, and he didn't know about

11   the other drugs.  And I think that Ms. Van Marter would indicate

12   that there was no other evidence.  So he is pleading guilty to

13   Count 1 because he was involved in a conspiracy that involved

14   500 or more grams of a mixture containing methamphetamine.

10:31:11  15        THE COURT:  Well, he may be pleading guilty to that, but

16   the Government can prove by evidence beyond a reasonable doubt

17   that the conspiracy involved all of those drugs in those

18   amounts; isn't that true?

19        MR. SCHWEDA:  We agree that the Government -- the

10:31:24  20   Government has presented us with evidence that -- that they can

21   prove that.  We would agree --

22        THE COURT:  Beyond a reasonable doubt.

23        MR. SCHWEDA:  Beyond a reasonable doubt, yes.

24        THE COURT:  While his role may have been -- in the

10:31:34  25   conspiracy was -- of which drug?

USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21      54
**EXCERPT** of Final PTC/Change of Plea Hearings
October 10, 2018

1      MR. SCHWEDA:  Methamphetamine.

2      THE COURT:  -- methamphetamine in the amounts indicated,

3  500 grams or more; nevertheless, at trial, the Government

4  charged in Count 1, and has to prove beyond a reasonable doubt,

10:31:50   5  the conspiracy involved all of those drugs.  And whether he was

6  involved with one or more of the drugs, given the evidence you

7  know the Government has, you agree he would be found guilty of

8  that.

9      Isn't that true?

10:32:02  10      DEFENDANT HERRERA FARIAS (through the interpreter): (No

11  audible answer.)

12      THE COURT:  Isn't that true?

13      DEFENDANT HERRERA FARIAS (through the interpreter):

14  Yes.

10:32:09  15      THE COURT:  Okay.  In every sentencing I have to do a

16  guideline calculation.  The guidelines tell me what a reasonable

17  sentence might be.

18      I don't know -- I can't do that for you today, and I

19  never do it at the time of plea.  I only do it at sentencing.

10:32:36  20  And I cannot tell you in advance what a reasonable sentence

21  might be under the guidelines.  I can't do that because I don't

22  know your criminal history.  I know a little of your criminal

23  history, what's been represented as your prior conviction, but I

24  don't know that that's accurate, so I can't tell you what your

10:32:55  25  Criminal History Category is.  That's one of the two factors in

USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21          55
**EXCERPT** of Final PTC/Change of Plea Hearings
October 10, 2018

1    the guideline calculation.

2          I also can't tell you about the Base Offense Level,

3    although it would appear to be a 38; that is, where you begin.

4    And there might be additions or subtractions from that.  I don't

10:33:16    5    know, because the parties don't have a written plea agreement,

6    and they're not telling me they have an agreement of any kind in

7    that regard.

8          So the only agreement that I -- so I can't tell you what

9    your range of imprisonment might be under the guidelines.

10:33:30   10          Even if I could, I'm not bound to follow the guidelines.

11   They advise me what a reasonable sentence might be.  I'll listen

12   to you and Mr. Schweda; I'll listen to the Government attorney;

13   we'll all read a report about you called a presentence

14   investigation report; and after that, I'll look at the law, the

10:33:52   15   statute, and then I will impose a sentence that is sufficient

16   but not greater than necessary to carry out the goals and the

17   purposes of that sentencing law.

18          Do you understand that's how I'll proceed?

19          DEFENDANT HERRERA FARIAS (through the interpreter):

10:34:09   20   Yes.  Yes, I do.

21          THE COURT:  I have to impose a criminal fine against you

22   unless I find you and your family just cannot afford to pay it.

23          Do you understand?

24          DEFENDANT HERRERA FARIAS (through the interpreter):

10:34:30   25   Yes.

*USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21*    56
**EXCERPT** of Final PTC/Change of Plea Hearings
*October 10, 2018*

1    THE COURT:  There's $100 you have to pay, and I will --

2    it's required that you pay it, and you can pay it either at

3    sentencing, but -- or while you're in prison, that's up to you,

4    because you haven't agreed to do that; or you can be forced to

10:34:49  5    pay it while you're on supervised release.

6    Do you understand there's $100 you have to pay?

7    DEFENDANT HERRERA FARIAS (through the interpreter):

8    Yes.  Yes, I do.

9    THE COURT:  Have you reviewed the Count 1 of the second

10:35:18  10    superseding indictment with your client?

11    MR. SCHWEDA:  Yes, Your Honor.

12    THE COURT:  And did you do that using an interpreter or

13    a translator today?

14    MR. SCHWEDA:  Not today, Your Honor, but I've done it

10:35:30  15    many times before.

16    THE COURT:  Okay.  Count 1 of the second superseding

17    indictment charges you with the crime as follows:  Beginning on

18    a date unknown but by on or about January 2010, continuing until

19    on or about December 6th, 2016, in the Eastern District of

10:35:49  20    Washington and elsewhere, the Defendants, Jese David Carillo

21    Casillas, Rosa Granados, and all of the others that are

22    mentioned in the second superseding indictment, including Miguel

23    Reyes Garcia and yourself -- that is, Edgar Omar Herrera Farias,

24    a.k.a. Burro -- did knowingly and intentionally combine,

10:36:14  25    conspire, confederate, and agree together and with each and

USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21        57
**EXCERPT** of Final PTC/Change of Plea Hearings
October 10, 2018

1    other persons, both known and unknown to the grand jury, to

2    commit the following offense against the United States, to wit:

3    distribution of 500 grams or more of a mixture or substance

4    containing a detectable amount of methamphetamine, 5 kilograms

10:36:37   5    or more of a mixture or substance containing a detectable amount

6    of cocaine, 1 kilogram or more of a mixture or substance

7    containing a detectable amount of heroin, and 400 grams or more

8    of a mixture or substance containing a detectable amount of

9    N-phenyl-N propanamide, all Schedule II controlled substances,

10:37:06   10   in violation of 21, United States Code, 841(a)(1)

11   (b)(I)(A)(i),(ii)(I),(vi), (viii); all in violation of 21,

12   United States Code, Section 846.

13       To that count in the second superseding indictment,

14   Mr. Farias, how do you plead, guilty or not guilty?

10:37:36   15       DEFENDANT HERRERA FARIAS (through the interpreter):

16   Guilty.

17       THE COURT:  Mr. Farias, are you pleading guilty because

18   you truly are guilty?

19       DEFENDANT HERRERA FARIAS (through the interpreter):

10:37:42   20   Yes.

21       THE COURT:  Okay.  Between January of 2010 until on or

22   about December 6th, 2016, were you from time to time present

23   here in the Eastern District of Washington?

24       DEFENDANT HERRERA FARIAS (through the interpreter):

10:38:54   25   Yes.

*USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21*
***EXCERPT** of Final PTC/Change of Plea Hearings*
*October 10, 2018*                                          58

1     THE COURT:  And during that same time period, did you

2  spend time in the country of Mexico?

3     DEFENDANT HERRERA FARIAS (through the interpreter):

4  Yes.

10:39:03  5     THE COURT:  And were you working with Ivan Calvillo?

6     DEFENDANT HERRERA FARIAS (through the interpreter):

7  Where?  I apologize.

8     THE COURT:  Ivan Calvillo was a person that you knew?

9     DEFENDANT HERRERA FARIAS (through the interpreter):

10:39:24 10  Yes, I do -- I did know him.

11     THE COURT:  And you worked with him as part of this

12  conspiracy to distribute drugs; isn't that true?

13     DEFENDANT HERRERA FARIAS (through the interpreter):

14  Yes, I did it.

10:39:36 15     THE COURT:  Okay.  And there were others that you worked

16  with as well.  Give me a couple of names.

17     MR. SCHWEDA:  Your Honor, a lot of these, the facts that

18  are set forth by the Government are disputed, but my client is

19  pleading guilty to being -- conspiring with Ivan Calvillo and

10:39:58 20  knew that Mr. Calvillo had a larger drug trafficking

21  organization.

22     THE COURT:  Well, that's a helpful clarification, but

23  the facts supporting the plea must be articulated by the

24  defendant himself.

10:40:14 25     MR. SCHWEDA:  Right.

USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21
**EXCERPT** of Final PTC/Change of Plea Hearings
October 10, 2018                                                              59

1    THE COURT:  And while that's a clarification, your

2    client has to admit the facts, if he wants to, in order for me

3    to accept the guilty plea.  He doesn't have to admit them, and I

4    won't accept it, and we'll go to trial.  That's up to him.

10:40:28  5    MR. SCHWEDA:  Well, Your Honor, what I was trying to

6    avoid is that the recitation that the Government makes in their

7    trial submittal is not necessarily what my client agrees to are

8    the facts if the --

9    THE COURT:  Well, it's only important that your client

10:40:43  10   agree that those facts could be proved beyond a reasonable doubt

11   at trial.

12   MR. SCHWEDA:  Correct.  And he's -- he's ready to agree

13   that he conspired with Ivan Calvillo to distribute drugs, he

14   distributed drugs on behalf of Mr. Calvillo, and he realized

10:41:00  15   that this was part of a larger conspiracy.  If those questions

16   are propounded to Mr. Herrera Farias, he will admit to all of

17   them.

18   THE COURT:  I'm not sure what you mean by that.

19   MR. SCHWEDA:  Well, I guess the -- he only has to know

10:41:21  20   one of the objects of the conspiracy, and he only has to know

21   that there is the existence of a conspiracy, and agree with one

22   or more of the conspirators.  And he's basically saying that he

23   conspired with Ivan Calvillo, distributed drugs for him, knew

24   that Ivan Calvillo had a larger drug trafficking organization.

10:41:53  25   THE COURT:  Mr. Farias, you say you knew Ivan Calvillo;

*USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21*   60
**EXCERPT** of Final PTC/Change of Plea Hearings*
*October 10, 2018*

1   is that correct?

2          DEFENDANT HERRERA FARIAS (through the interpreter):

3   Yes, I did know him.

4          THE COURT:  Okay.  What did he do?  What was -- what did

10:42:04  5   he do?  Was he a distributor of drugs?

6          DEFENDANT HERRERA FARIAS (through the interpreter):

7   What I understood it to be, yes.

8          THE COURT:  And you helped him do that; is that correct?

9          DEFENDANT HERRERA FARIAS (through the interpreter):

10:42:21 10  Yes.

11         THE COURT:  Okay.  And that occurred here in the United

12  States; is that correct?

13         DEFENDANT HERRERA FARIAS (through the interpreter):

14  Yes.

10:42:30 15         THE COURT:  Okay.  And you knew that there were others

16  involved in his -- in his organization and it was a larger

17  organization that involved others and other drugs; is that

18  correct?

19         DEFENDANT HERRERA FARIAS (through the interpreter):

10:42:50 20  Yes, even though I didn't know the other people.

21         THE COURT:  So you had no -- let me get this straight

22  now.  I want to make sure I understand this.

23         So you worked with Calvillo, correct?

24         DEFENDANT HERRERA FARIAS (through the interpreter):

10:43:04 25  That's right.

USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21          61
**EXCERPT** of Final PTC/Change of Plea Hearings
October 10, 2018

1    THE COURT:  And you distributed the drugs to other

2    people, correct?

3         DEFENDANT HERRERA FARIAS (through the interpreter):

4    Yes.

10:43:09   5    THE COURT:  And you knew who those people were you

6    distributed those to because you distributed them on more than

7    one occasion, correct?

8         DEFENDANT HERRERA FARIAS (through the interpreter):

9    Yes.

10:43:19  10    THE COURT:  Okay.  And in your case, you agree that the

11   Government at trial could prove beyond a reasonable doubt that

12   the conspiracy involved not only 500 grams or more of a mixture

13   or substance containing a detectable amount of

14   methamphetamine -- you agree that they could prove that,

10:43:44  15   correct?

16        DEFENDANT HERRERA FARIAS (through the interpreter):

17   Yes.

18        THE COURT:  And that that would make you guilty of

19   conspiracy to distribute under the second superseding

10:43:56  20   indictment, Count 1; is that correct?

21        DEFENDANT HERRERA FARIAS (through the interpreter):

22   Yes, I understand that.

23        THE COURT:  And you agree to that; is that correct?

24        DEFENDANT HERRERA FARIAS (through the interpreter):

10:44:06  25   Yes.

USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21          62
**EXCERPT** of Final PTC/Change of Plea Hearings
October 10, 2018

1    THE COURT:  Okay.  I think that satisfies the elements.

2    Ms. Van Marter, are you satisfied?

3    MS. VAN MARTER:  I am, Your Honor.  And I know before

4    the break -- and I apologize if this is repetitive -- the Court

10:44:19   5    discussed the fact that he was subject to deportation, I

6    believe.  I just wanted to make sure I recalled that correctly.

7    THE COURT:  Sure.  Yeah, I think we did that, but let's

8    do it again, Mr. Farias.

9    Because of the crime, Count 1 of the second superseding

10:44:36   10   indictment, you can never come back to the United States.

11   Do you understand that?

12   DEFENDANT HERRERA FARIAS (through the interpreter):  I

13   understand that perfectly fine.

14   THE COURT:  Okay.  That's a condition that I will make

10:44:48   15   as part of your supervised release, so when -- at sentencing, I

16   will tell you that one of the conditions that you must follow is

17   that you can never return to the United States without the

18   advance written or legal permission of the United States

19   Attorney General, or his or her designee; and that if you do so,

10:45:09   20   you must report to the probation office within 72 hours.  That

21   will be a condition I impose.

22   It's important that you know that, because if you come

23   back to the United States after you're out of prison, then

24   you're going to be violating your supervised release, and I'll

10:45:26   25   have to put you back in prison for even more time.

USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21      63
**EXCERPT** of Final PTC/Change of Plea Hearings
October 10, 2018

1      Do you understand what I'm explaining to you?

2      DEFENDANT HERRERA FARIAS (through the interpreter):

3  Yes, I understand that.

4      THE COURT:  Okay.  And so you've agreed that, knowing

10:45:37  5  that you're going to be deported and that you can never come

6  back to the United States, nevertheless, you are voluntarily

7  entering your plea of guilty to Count 1 of the second

8  superseding indictment.

9      Is that true?

10:45:54  10      DEFENDANT HERRERA FARIAS (through the interpreter):

11  That's right.

12      THE COURT:  Is that correct?

13      DEFENDANT HERRERA FARIAS (through the interpreter):

14  Yes, it is correct.

10:46:00  15      THE COURT:  Okay.  Anything else, Mr. Schweda?

16      MR. SCHWEDA:  No, Your Honor.

17      THE COURT:  Okay.  The Court accepts the plea as

18  knowing, intelligent, and voluntary; not induced by fear,

19  coercion, or ignorance; and the facts admitted to by Mr. Farias

10:46:12  20  in open court constitute the essential elements of the crime

21  charged in Count 1 of the second superseding indictment.

22      All pending motions are denied as moot, and the Court

23  will set a date next year, as soon as I have a deputy clerk back

24  in my courtroom who will tell me that date.

10:46:32  25      Have you conferred about that date, Mr. Schweda, with my

USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21    64
**EXCERPT** of Final PTC/Change of Plea Hearings
October 10, 2018

1    deputy clerk?

2          MR. SCHWEDA:  I have not, Your Honor.  I just heard the

3    other date was March the 12th at 10:45, on Mr. Reyes Garcia.

4          THE COURT:  Was it March 12th?  I believe it was.  We

10:46:51  5    are busy in March.  Yeah, okay.  So it's March.

6          So we'll set your date in March of 2019, Mr. Farias.

7    And I'm going to tell you that there's -- there will be

8    something called a presentence report.  Mr. Schweda will explain

9    that to you.

10:47:09  10          And who's going to do that?

11          THE PROBATION OFFICER:  Your Honor, Officer Cassie Lurch

12    will be doing this one as well.

13          THE COURT:  Okay.  The same person who does the other

14    one will do that.  And so Mr. Schweda will explain your role, if

10:47:22  15    any, in that process.

16          Thirty-five days prior to the date of your sentencing

17    you will get a copy of that report, and if there are any --

18    anything that you object to, you must do so at that time.  And

19    if there are motions you want to file and have me look at at the

10:47:37  20    time of sentencing, you must do so within 14 days of the time

21    that you receive that report.

22          I'll sign an order with the specific date and time, but

23    it will be March 12th at -- 2019 here in Richland at a time that

24    I will notify you about, and I'll sign orders to that effect.

10:47:57  25          Is there anything else we need to do to complete this

*USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21*   65
**EXCERPT** of Final PTC/Change of Plea Hearings
*October 10, 2018*

1    matter today, Ms. Van Marter?

2          MS. VAN MARTER:  No, Your Honor.  Thank you.

3          THE COURT:  Mr. Schweda?

4          MR. SCHWEDA:  No, Your Honor.

10:48:03  5          THE COURT:  Mr. Farias, do you have any questions?

6          DEFENDANT HERRERA FARIAS (through the interpreter):  No.

7          THE COURT:  Okay.  That completes matters.

8          Okay.  Ms. Van Marter, what's next?

9          MS. VAN MARTER:  Your Honor, if we could take a brief

10:48:15  10   recess so I can --

11          THE COURT:  What does "brief" mean?

12          MS. VAN MARTER:  Fifteen minutes?

13          THE COURT:  Fifteen?

14          MS. VAN MARTER:  So I can speak to Mr. Lara.

10:48:22  15          THE COURT:  Okay.  I'm going to come back at 11:15.

16          MS. VAN MARTER:  Thank you, Your Honor.

17          THE COURT:  25 minutes.  I'm going to tell the jury that

18   we are still conferring, and that as a result of these

19   conferences, the trial will last -- will last less than we

10:48:37  20   had -- much less than we anticipated.

21          MS. VAN MARTER:  Yes, Your Honor.

22          THE COURT:  Is that okay?

23          MS. VAN MARTER:  Yes, Your Honor.

24          THE COURT:  Okay.  There you go.

10:48:43  25          MS. VAN MARTER:  Thank you.

*USA v. Zaragoza, et al./4:15-CR-6049-EFS-10, 16, 21*   66
**EXCERPT** *of Final PTC/Change of Plea Hearings*
*October 10, 2018*

1          THE COURT:  Okay.  Let me know when you're ready.

2      (Recess then taken:  10:48 a.m.)

3      (Additional proceedings were reported but not requested to

4  be transcribed.)

11:16:58   5      (Hearing concluded at 11:16 a.m.)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

67

C E R T I F I C A T E

I, KIMBERLY J. ALLEN, do hereby certify:

That I am an Official Court Reporter for the United States District Court for the Eastern District of Washington in Richland, Washington;

That the foregoing proceedings were taken on the date and at the time and place as shown on the first page hereto; and

That the foregoing proceedings are a full, true and accurate transcription of the requested proceedings, duly transcribed by me or under my direction.

I do further certify that I am not a relative of, employee of, or counsel for any of said parties, or otherwise interested in the event of said proceedings.

DATED this 29th day of April, 2019.


_____
Kimberly J. Allen, CRR, RMR, RPR, CCR(WA)
Washington CCR No. 2758
Official Court Reporter
Richland, Washington