FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 23, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDGAR OMAR HERRERA FARIAS (16),<br><br>Defendant. | No.  4:15-CR-06049-EFS-16<br><br>**ORDER IMPOSING SANCTIONS** |

Counsel for Defendant Edgar Omar Herrera Farias, Peter Schweda, filed an untimely Motion to Suppress Evidence and related Motion to Expedite the day before the final pre-trial conference in this case. *See* ECF Nos. 896 and 897. The Government was disadvantaged by his tardiness. Mr. Schweda also provided documents in Spanish to the Government past the reciprocal discovery deadline. The Court's believes Mr. Schweda intentionally violated the Court's Case Management Order, ECF No. 532, to gain a strategic advantage for his client. Therefore, the Court imposes a $100.00 sanction.

## I.   BACKGROUND

Defendant Herrera Farias was arraigned on the Second Superseding Indictment on December 15, 2016. ECF No. 181. The Court entered a series of

amended case management orders, and the reciprocal discovery deadline was ultimately set for January 30, 2018. ECF No. 532. The pretrial motions deadline was set for February 6, 2018 and trial was set for October 10, 2018. ECF Nos. 532 & 740.

On August 29, 2018, via email, and September 4, 2018 via mail, Mr. Schweda provided 12 exhibits to the Government that Defendant intended to admit at trial. ECF No. 899. The proposed exhibits were almost entirely in Spanish and no English translations were provided. ECF No. 899-1 at 1–42. The Government objected to the admission of the evidence as tardy. ECF No. 899 at 3.

On September 17, 2018, the day before the final pretrial conference, Mr. Schweda filed a Motion to Suppress Evidence and a Motion to Expedite. *See* ECF Nos. 894 and 896. In his motions, Mr. Schweda argued that all evidence stemming from Defendant's traffic stop on September 6, 2013 in Skagit County ("the Skagit County stop") should be suppressed due to a Fourth Amendment violation. ECF No. 896.

At the pretrial conference on September 18, 2018, the Court stated its concern that Mr. Schweda had intentionally violated the Court's Case Management Order to gain a strategic advantage for his client. The Court advised Mr. Schweda that it was considering monetary sanctions. The Court then heard arguments from both the Government and Mr. Schweda. The Government stated that the Skagit County stop had been mentioned in Defendant's arraignment documents and the actual reports were disclosed to Mr. Schweda in November 2017. Mr. Schweda argued that his violation of the Court's Case Management Order was unintentional because he

1 simply made a mistake and overlooked the reports of the Skagit County stop. He
2 further stated that although his Motion to Suppress was untimely, the Court should
3 take the Motion under advisement because Defendant deserved a fair trial and
4 should not be punished for his attorney's mistake. Mr. Schweda also stated that he
5 should not be sanctioned because the Government had provided the photographs of
6 the Skagit County stop past the discovery cut off.[1]

7 The Court permitted the Government additional time to file a response to
8 Defendant's Motion to Suppress. On October 4, 2018, the Government filed a
9 response objecting to Mr. Schweda's untimeliness. *See* ECF No. 962. The
10 Government also stated that it had began to attempt to locate witnesses and
11 documents to respond to Defendant's Motion, which proved difficult at the last
12 minute. *Id.* The Government concluded that given the time constraints of the
13 pending trial on October 10, 2018, the Government "[did] not feel comfortable
14 proceeding to an evidentiary hearing on the issue of the legality of the traffic stop."
15 *Id.* Instead, the Government stated it would call surveillance officers from the Skagit
16 County Interlocal Drug Task Force to testify about their observations during their
17 surveillance of Defendant in Skagit County on September 6, 2013, but not to discuss

---

[1] The Government agreed that the photos were provided past the discovery deadline, however, the photos were provided to the Government on September 13, 2018 from Skagit County. The Government immediately forwarded them to Mr. Schweda. Further, the Government had timely provided extremely voluminous discovery to the defendants in this case. Therefore, the circumstances did not indicate bad faith on the Government's part. Finally, the Government's failure to disclose the photos did not change the fact that the Skagit County stop itself had been disclosed to Mr. Schweda for well over a year.

the actual traffic stop. Ultimately, Defendant pled guilty the morning of trial. ECF No. 991.

The Court stated that it would take the matter under further advisement before deciding whether to sanction Mr. Schweda. At Defendant's scheduled sentencing on April 10, 2019, the Court again addressed the possibility of monetary sanctions. Mr. Schweda requested time to submit a formal response to the Court and the Court granted him leave to do so. That afternoon, Mr. Schweda filed a "Response to Notice of Sanctions," ECF No. 1222, which the Court took into consideration.[2] The response mirrored the arguments Mr. Schweda made at the September 18, 2018 pretrial conference. *Id.*

## II.   APPLICABLE LAW & ANALYSIS

The Court may impose a sanction pursuant to its inherent power. *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001). *See also Chambers v. Nasco, Inc.*, 501 U.S. 32, 43–44 (1991); *Roadway Express v. Piper*, 447 U.S. 752, 764–65 (1980). In order for the Court to impose sanctions, counsel must have engaged in bad faith or "conduct tantamount to bad faith." *Fink*, 239 F.3d at 991. The Court may not sanction mere tardiness or inadvertent conduct. *Id.* However, the Court may sanction tardiness where counsel's goal is to gain a strategic advantage for his or her client. *Id.*

---

[2] Notice and an opportunity to be heard are indispensable prerequisites for the types of sanctions imposed here. Mr. Schweda was given the grounds for, and possible types of sanctions at the September 18, 2019 pretrial conference. *Foster v. Wilson*, 504 F.3d 1046, 1052 (9th Cir. 2007) (quoting *In re DeVille*, 361 F.3d 539, 549 (9th Cir. 2004) (prior to imposing sanctions, there must be, "sufficient, advance notice of exactly which conduct was alleged to be sanctionable").

The Court believes that Mr. Schweda intentionally violated the Case Management Order's pretrial motion deadline in order to gain a strategic advantage for his client, which disadvantaged the Government. Mr. Schweda had the police reports in his possession by November 2017. Mr. Schweda did not file his Motion to Suppress until September 17, 2018, which was six months past the February 6, 2018 pretrial motions deadline. *See* ECF No. 532. This timeline suggests to the Court that Mr. Schweda waited to file the Motion to Suppress to purposefully disadvantage the Government. His late Motion caused the Government to change its trial strategy due to unavailability of witnesses and documents right before trial. The Court also believes that Mr. Schweda intentionally violated the reciprocal discovery deadline by providing the Spanish documents late, again, to disadvantage the Government.

Further, the Court approved various requests for CJA funds throughout Mr. Schweda's work on this case. The requests were very detailed and organized. The Court does not believe that Mr. Schweda would be diligent in this aspect yet fail to notice an alleged Fourth Amendment violation. Ultimately, the Court found Mr. Schweda's testimony not credible based on the Court's careful observation of his body language, manner, expressions, and tone.

### III. CONCLUSION

The Court invokes its inherent power to sanction Mr. Schweda based on its finding that Mr. Schweda's tardy motions were filed bad faith, in order to gain a strategic advantage for his client. Similarly, the Court finds that Mr. Schweda

intentionally violated the reciprocal discovery deadline in bad faith to gain an advantage for his client.

**IT IS HEREBY ORDERED:**

**1.** The Court assesses a $100 sanction against counsel for Defendant Edgar Omar Herrera Farias, Peter Schweda.

**2.** Mr. Schweda shall pay this sanction in the form of a check made payable to the United States District Court for the Eastern District of Washington. The check shall be mailed or delivered to the Clerk of the Court no later than June 30, 2019.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to counsel.

**DATED** this  23rd   day of May 2019.

s/Edward F. Shea
EDWARD F. SHEA
Senior United States District Judge

Q:\EFS\Criminal\2015\15-cr-6049.Herrera Farias. Sanctions.lc02.docx

Order Imposing Sanctions— Page **6** of 6