William D. Hyslop
United States Attorney
Eastern District of Washington
Stephanie Van Marter
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone:  (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> EDGAR OMAR HERRERA FARIAS, <br><br> Defendant. | 4:15-CR-06049-EFS-16 <br><br> UNITED STATES' SUPPLEMENTAL MEMORANDUM AS TO WAIVER OF ATTORNEY CLIENT PRIVILEGE AND REQUEST FOR TAILORED ORDER DIRECTING DISCLOSURE OF PRIVILEDGED COMMUNICATIONS AS TO CLAIMS RAISED IN ECF 1278 |

Plaintiff, United States of America, by and through, William D. Hyslop, United States Attorney for the Eastern District of Washington, and Stephanie Van Marter, Assistant United States Attorney for the Eastern District of Washington, submits the following supplemental memorandum as to whether the Defendant has waived his attorney client privilege b the filing of his motion to withdraw guilty plea. (ECF. 1278).

UNITED STATES' SUPPLEMENTAL AS ATTORNEY CLIENT
WAIVER - 1

## I. DEFENDANT HAS WAIVED HIS ATTORNEY CLIENT PRIVILEGE THUS A TAILORED ORDER DIRCETING DISCLOSURE IS WARRANTED

A defendant waives attorney-client privilege when she engages in select conduct or advances select arguments. See *Bittaker v. Woodford*, 331 F.3d 715, 718–20 (9th Cir. 2003) (en banc). Waiver by conduct occurs "when a party discloses privileged information to a third party who is not bound by the privilege ...." *Id.* at 719; see also *United States v. Davis*, 583 F.3d 1081, 1090 (8th Cir. 2009), cert. denied, 130 S. Ct. 1555 (2010). Such conduct includes testifying at a hearing. *Davis,* 583 F.3d at 1090. The privilege waived extends to both the information disclosed "and related communications ...." *Bittaker*, 331 F.3d at 720; see also *Davis,* 583 F.3d at 1090.

Waiver by argument occurs when a defendant puts her "lawyer's performance at issue ...." E.g., *Bittaker,* 331 F.3d at 718 (citing *Hunt v. Blackburn*, 128 U.S. 464 (1888)). This rule dates back to the *Hunt* case, a seminal case on the issue, where the defendant asserted a line of defense that involved what transpired between herself and her attorney. *Id.* at 470. Accordingly, the court held that she waived her right to object to her attorney giving his own account of the matter. *Id.* at 471. Justifying this waiver is the fairness principle: It would be unfair to permit a party to use "the privilege as both a shield and a sword." See, e.g., *Bittaker*, 331 F.3d at 719. Thus, if the defendant holding the privilege wishes to put her attorney's performance at issue and wants to litigate this claim, she "must waive [her] privilege to the extent necessary to give [her] opponent a fair opportunity to defend against it." See *Id.* at 720.

This waiver doctrine has been applied in the context of withdrawing a plea agreement. Under the federal rules, "a guilty plea may be withdrawn before sentencing if 'the defendant can show a fair and just reason for requesting the withdrawal.' " *Davis*, 583 F.3d at 1089, cert. denied, 130 S. Ct. 1555 (2010); see

also Fed. R. Crim. P. 11(d)(2)(B). If a defendant asserts that a fair and just reason is his counsel's erroneous advice, the defendant waives attorney-client privilege because he puts his lawyer's performance at issue. *Davis,* 583 F.3d at 1090; see also, *United States v. Wei Lin*, 2013 WL 12170304, at *1–2 (D.N.Mar.I., 2013).

In the habeas petitioner context, it is unequivocally the rule in federal courts that "where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker*, 331 F.3d at 715; *Wharton v. Calderon*, 127 F.3d 1201, 1203 (9th Cir. 1997) (finding that wide-ranging attacks on counsel's competence may authorize a broad waiver of the attorney-client privilege). In *Lambright v. Ryan*, 698 F.3d 808, 818 (9th Cir. 2012), the court found that a criminal defendant waived his attorney-client privilege at the moment he filed a habeas petition calling into question the effective assistance of his counsel. *Id.* This proposition is rooted in principals of fairness. *Id.* (holding that when a party alleges counsel misconduct, it would be unfair to protect that party's attorney-client communications).

Here, the Defendant has agreed and stipulated that he has waived the attorney client privilege as to this issue and has done so by both conduct and argument. The Defendant has filed, albeit through his current counsel, declarations which are grounded solely on the Defendant's own proposed testimony and statements. See, ECF 1278[1]. The only way the statements in the declaration

---

[1] The United States has objected to the Defendant's hearsay statements contained in his current attorney's declaration. Since the Defendant is offering these statements himself though his attorney, they do not qualify under any "non-hearsay" exception pursuant to Federal Rules of Evidence, Rule 801(d)(2) nor do they qualify under any other hearsay exception. *See,* Fed.R.Evidence, Rule 803.

UNITED STATES' SUPPLEMENTAL AS ATTORNEY CLIENT
WAIVER - 3

would be admissible as to this issue would be if the Defendant testified. Once the Defendant testifies, then he has waived his attorney client privilege by conduct. The Defendant has also waived his attorney client privilege by argument. The Defendant's entire argument in support of his motion to withdraw guilty plea is based upon an allegation of faulty advice and/or performance by his counsel, concluding, "Thus, the erroneous advice Mr. Herrera Farias received constitutes a fair and just basis for withdrawal of his guilty plea." ECF 1278 at 10.

The issue now becomes the scope of that waiver. The United Sates concurs with counsel that the waiver must be tailored to the issue at hand however, would respectfully submit the waiver is broader than suggested by counsel. The United States has obtained permissions and agreement from former counsel as well as his defense investigator, to appear at the hearing in this matter. However, the United States seeks an Order from this Court, prior to the hearing, which would allow the United States to freely communicate with former counsel and his defense investigator as to the issue before the Court. The United States requests the Court to order the disclosure to the United States of *all communications*, both written and oral, regarding or reasonably related to Defendant's motion to withdraw his guilty plea based upon his allegations of counsel's inadequate advice. *See*, Wei Lin, 2013 WL 12170304, at *3.

This should not be limited to the morning of the change of plea as suggested by counsel. *See*, ECF 1306 at 3. In order for this Court to fully assess the claim and for the United States to properly prepare, *all communications* regarding any change of plea, to include the review of the previously provided plea agreement are directly relevant to the claims raised by the Defendant. To limit the waiver to just the morning of trial, will distort the information and leave out material and relevant facts.

The United States respectfully submits the Defendant's conduct and argument have waived any privilege he has over all communications with his

UNITED STATES' SUPPLEMENTAL AS ATTORNEY CLIENT WAIVER - 4

former counsel and the investigator as to plea negotiations, discussion of proposed plea agreements and any advice related to his entry of a plea of guilty over the entirety of the representation. Such would adequately allow the Court and the United States to property prepare for and to defend against Defendant's motion to withdraw.

DATED this 14th day of August, 2019.

William D. Hyslop
United States Attorney

*s/ Stephanie Van Marter*
Stephanie Van Marter
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. The filed document will be sent via e-mail to the following:

Shea C. Meehan

                          *s/ Stephanie Van Marter*
                          Stephanie Van Marter
                          Assistant United States Attorney