FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 15, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>v.<br><br>EDGAR OMAR HERRERA FARIS<br><br>            Defendant. | No.   4:15-CR-6049-EFS-16<br><br>**ORDER REGARDING THE SCOPE OF DEFENDANT'S WAIVER OF THE ATTORNEY-CLIENT PRIVILEGE** |

Defendant Edgar Omar Herrera Faris seeks permission to withdraw his guilty plea based on ineffective assistance of counsel. ECF No. 1278. Defendant claims that his prior defense counsel Peter Schweda provided erroneous advice about the consequences of pleading guilty. ECF Nos. 1278, 1306. As both parties recognize, Defendant—by putting his prior attorney's performance at issue—has waived the attorney-client privilege. ECF Nos. 1306, 1312; *see Bittaker v. Woodford*, 331 F.3d 715, 718–20 (9th Cir. 2003); *United States v. Wi Lin*, No. 1:12-CR-00012-1; 2013 WL 12170304 (D. N. Mar. I. June 24, 2013). The Court now addresses to what extent Defendant has waived the attorney-client privilege.

In support of Defendant's motion, Defendant's current counsel Shea Meehan filed a declaration. ECF No. 1278-1. Mr. Meehan generally identifies Defendant's

anticipated testimony relating to prior counsel's advice about pleading guilty. *Id.* Mr. Meehan also states that Mr. Schweda typically used a private investigator (Larry Valadez) to interpret for him. *Id.* at 2-3.

The Court finds that, through his Motion to Withdraw Guilty Plea and his related arguments and supporting documentation,[1] Defendant waived the attorney-client privilege as to his oral and written communications with his former counsel (Sam Swanberg and Mr. Schweda) and investigator Mr. Valadez, as well as any translators or interpreters they used, regarding or reasonably related to Defendant's Motion to Withdraw Guilty Plea. This limited waiver includes communications about any proposed plea agreements and any advice related to entry of a plea of guilty. These communications are to be disclosed to counsel for the United States to ensure that Defendant does not use the privilege as both a shield and a sword while he puts Mr. Schweda's performance at issue. *See Bittaker*, 331 F.3d at 719-20. Consistent with this limited waiver, the United States and Mr. Meehan are permitted to investigate Defendant's ineffective assistance of counsel assertions. *See Wei Lin*, 2013 WL 12170304, at *2. If there is reasonable doubt as to whether a certain communication is subject to this Order, the parties shall submit them for in camera (ex parte) review before the August 19, 2019 hearing.

This limited waiver is narrowly tailored to the United States' need to litigate the contested Motion to Withdraw Guilty Plea. *See Bittaker*, 331 F.3d at 720, 727-28. Moreover, this limited waiver is absolutely binding: Defendant is entitled to rely

---

[1] ECF Nos. 1278 & 1300.

on the Court's limited waiver, and the United States, absent further court permission, is bound to restrict its investigation consistent with this limited waiver. *See id.* Finally, the United States must ensure that it does not disclose the materials it receives from this limited waiver except to the extent necessary in this proceeding. *See id.* at 727–28.

If Defendant chooses not to proceed with his Motion to Withdraw Guilty Plea, he is to promptly notify the United States and the Court.

Accordingly, **IT IS HEREBY ORDERED**: Any matters related to the scope of this Order, including a party's investigative needs, must be addressed in the parties' joint notice, ECF No. 1313, which is **due by noon on Friday, August 16, 2019**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to counsel.

**DATED** this ___15th___ day of August 2019.


                s/Edward F. Shea
                EDWARD F. SHEA
      Senior United States District Judge

Q