**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 16 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. JESE DAVID CARILLO CASILLAS, AKA Jese David Casillas Carillo, Defendant-Appellant. | No. 18-30252 D.C. No. 4:15-cr-06049-EFS-2 MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Submitted December 11, 2019**

Before: WALLACE, CANBY, and TASHIMA, Circuit Judges.

Jese David Carillo Casillas appeals from the district court's judgment and challenges the 300-month sentence imposed following his guilty-plea conviction for conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846, and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, Carillo Casillas's request for oral argument is denied.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Carillo Casillas contends that the district court erred by applying a four-level aggravating role enhancement under U.S.S.G. § 3B1.1(a). He argues that the evidence was insufficient to support the enhancement because it showed that he was controlled by his supervisors in Mexico. This argument fails because, even accepting that the drug trafficking organization was headquartered in Mexico, a preponderance of the evidence supports the district court's finding that Carillo Casillas was a leader of the organization's illicit activities in the Eastern District of Washington. *See United States v. Job*, 871 F.3d 852, 868 (9th Cir. 2017) (stating evidentiary standard for a sentencing enhancement). The record reflects that Carillo Casillas negotiated drug deals, acquired vehicles with hidden compartments, arranged money laundering transactions, and had considerable control over his couriers. Under these circumstances, the district court did not clearly err in finding that Carillo Casillas exercised organizational authority over the drug and money laundering conspiracy, *see* U.S.S.G. § 3B1.1 cmt. n.4; *United States v. Ingham*, 486 F.3d 1068, 1075-76 (9th Cir. 2007), and did not abuse its discretion in imposing the enhancement, *see United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc) (application of the Guidelines to the facts is reviewed for abuse of discretion).

**AFFIRMED.**