FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 28, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDGAR OMAR HERRERA FARIAS,<br><br>Defendant. | No.   15-CR-6049-EFS-16<br><br>**CASE MANAGEMENT ORDER** |

### I.   P<span style="font-variant:small-caps">rocedural</span> H<span style="font-variant:small-caps">istory</span>

The Government filed the Second Superseding Indictment on December 6, 2016. ECF No. 105. Trial for Defendant Edgar Omar Herrera Farias was scheduled for October 10, 2018. ECF No. 740. On the morning of trial, Defendant pled guilty to Count One of the Second Superseding Indictment. ECF No. 990. On April 10, 2019, defense counsel, Peter Schweda, informed the Court that Defendant wished to withdraw his guilty plea and subsequently asked to withdraw as counsel. ECF No. 1224. On April 17, 2019, Shea Meehan was appointed to represent Defendant. On July 1, 2019, Defendant filed a motion to withdraw his guilty plea. ECF No. 1278. On September 9, 2019, the Court held an evidentiary hearing on Defendant's motion. ECF No. 1321. On January 24, 2020, the Court granted Defendant's motion. ECF No. 1343.

## II.    CASE MANAGEMENT ORDER

Having granted Defendant's Motion to Withdraw Guilty Plea, ECF No. 1278, the Court now enters the following Case Management Order, which sets forth the deadlines, hearings, and requirements the parties will observe in this matter. To the extent this order conflicts with any previously entered orders in this matter, this order shall govern. The Court will grant relief from the requirements in this order only upon motion and good cause shown.

**IT IS HEREBY ORDERED:**

1. **Redacted Charging Documents.** Throughout the pendency of any case involving one or more redacted versions of the charging document, **whenever a defendant's name or other information no longer requires redaction, the Government shall file an updated version of the charging document that is free of any redactions which are no longer necessary**. This updated version will not supersede or otherwise replace the governing charging document. The purpose of this updated version is limited to assisting the Court and the parties avoid inadvertently disclosing sealed information.

2. **Emailing the Court.** Where this order requires counsel to email documents to the Court, all documents shall be attached to the email in Microsoft Word (.doc/.docx) or rich-text (.rtf) format. The subject line of each email shall be formatted as follows:

    **[Case No.]; [Case Name]; [Title of Document]**

1                 (e.g.: 18-*CR-9999-EFS; USA v. Doe; Trial Brief*)

2     **3.**    **CM/ECF Training**. The Eastern District of Washington uses electronic filing through CM/ECF. Counsel must contact the Clerk's Office to arrange CM/ECF training within 30 days of appearance in this case or be otherwise experienced in the use of CM/ECF either in the Eastern District of Washington or another district.

7     **4.**    **Discovery**

           *A.*    All discovery documents must be Bates-stamped with a unique identifier and must be produced digitally in a text-searchable format. The Court will grant relief from this requirement only in exceptional circumstances, upon motion and good cause shown.

           *B.*    Pursuant to Eastern District of Washington Local Criminal Rule 16, the Court presumes a defense request for discovery under Federal Rule of Criminal Procedure 16 for ***documents and objects***, Fed. R. Crim. P. 16(a)(1)(E), ***reports of examinations and tests***, Fed. R. Crim. P. 16(a)(1)(F), ***AND expert witnesses***, Fed. R. Crim. P. 16(a)(1)(G), and orders these items to be disclosed. Therefore, the Court imposes a reciprocal duty on defense counsel to provide discovery under Rule 16(b)(1)(A)-(C) ***for each of the above categories***. Reciprocal discovery must be timely provided and supplemented **not later than seven**

|     |     |                                                                                                                                                                                                                                                                              |
| --- | --- | ---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- |
|     |     | **days** prior to the pretrial motions deadline. <u>Defendants who do not wish to invoke reciprocal discovery obligations must file a notice with the Court and with opposing counsel prior to accepting discovery from the Government.</u> |
|     | **C.** | The Court further presumes a request for discovery and disclosure under Federal Rules of Evidence 404(b), 608(b), and 609, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991), and their progeny. These items are ordered to be disclosed. |
|     | **D.** | For those discovery matters ordered to be disclosed by this order, a party shall not file a motion seeking such discovery, unless the disclosing party fails to timely produce such discovery. |
|     | **E.** | Any party seeking discovery or disclosure not otherwise provided for in this order, or discovery that was ordered by this order and not timely provided, shall file a motion that states the specific materials sought, provides the legal authority for the specific request, and certifies that the movant has in good faith conferred or attempted to confer with the opposing party in an effort to obtain the discovery or disclosure without court action. |
| **5.** |     | **Expert-Witness Summaries** |

      **A.**    Each party shall produce to opposing counsel all summaries of its expert-witness testimony for which disclosure is required under Federal Rule of Criminal Procedure 16.  **Additionally, for any expert witness <u>retained for the case</u>, the summary shall include a list of all other cases in which, during the previous four years, the witness testified as an expert at pretrial hearings, during trial, or at a sentencing hearing.**[1]  Such expert disclosures shall be completed by the deadlines set forth below:

**Government's Experts:**     **Monday, February 10, 2020**

**Defendant's Experts:**      **Monday, February 17, 2020**

**Rebuttal Experts:**         **Monday, February 24, 2020**

Also by the applicable deadline, counsel shall email an electronic copy of the summary to the Court at SheaOrders@waed.uscourts.gov and shall simultaneously file a Notice of Compliance with this requirement.

      **B.**    All summaries of expert-witness testimony must conform to Federal Rule of Criminal Procedure 16 and applicable case law interpreting that Rule.  The Court will not permit an expert

---

[1] This particular requirement mirrors the requirement in Federal Rule of Civil Procedure 26(a)(2)(B)(v).

witness to testify about opinions that are not explicitly expressed in that expert's summary. *See, e.g.*, *United States v. W.R. Grace*, 526 F.3d 499 (9th Cir. 2008).

    *C.*    A party is not permitted to call more than two expert witnesses on any issue, except with permission of the Court. L.R. 43(a)(3).

**6.    Motions Practice**

    *A.*    **Generally.** By no later than **Wednesday, February 26, 2020**, all pretrial motions — including discovery motions, *Daubert* motions, and motions in limine — must be filed and served**.** *See* Fed. R. Crim. P. 12(c). All motions shall either be: (i) noted for hearing without oral argument 14 days after filing, or (ii) noted for hearing with oral argument at the pretrial conference. Responses and replies to motions must be filed in accordance with Local Rule 7.1.

    *B.*    **Motions in Limine.** The Court will enforce the rules of evidence. Each party shall refrain from bringing motions in limine requesting that another party generally comply with a rule of evidence. All motions in limine state a particularized concern, articulate — with specificity — the desired relief, and provide the basis for such relief.

    *C.*    **Expedited Hearing.** Any party seeking an expedited hearing on a time-sensitive matter must file a motion to expedite that (i)

demonstrates good cause, (ii) states the position of the opposing party to the motion, and (iii) sets a date of hearing that is no less than **seven days** after the motion's filing.  Should the motion to expedite require more immediate judicial attention, the motion shall establish the necessity for an immediate hearing, and the filing party shall notify chambers staff of the motion.

7. **Trial Continuances**

   *A.* **Motion Deadline.**  All motions to continue the trial must be heard before or at the pretrial conference.  <u>**Any motion to continue trial made after the pretrial conference has occurred will not be granted absent exceptional circumstances**</u>.

   *B.* **Procedure**

   i. **Contact Courtroom Deputy.**  Before filing a motion to continue, counsel shall first contact the Courtroom Deputy at (509) 943-8172 to obtain new pretrial conference and trial dates consistent with the length of the requested trial continuance.

   ii. **Confer with Other Parties.**  Moving counsel shall confer with all the other parties' counsel before filing a motion to continue.  All continuance motions must state whether any other party opposes the request.

        iii. **Deadline Proposals.** If — after conferring with the other parties' counsel — any counsel believes particular deadlines would be best suited to this case, counsel may propose new case-management deadlines (either joint or individual) within the motion to continue.

    **C.**    **Statement of Reasons.** Pursuant to 18 U.S.C. § 3161, if a defendant seeks a continuance, a Statement of Reasons in support of the motion to continue must be filed contemporaneously with the motion.[2] The Statement of Reasons must (i) be signed by the defendant, (ii) be signed by a certified translator, if applicable, and (iii) indicate the latest date upon which the defendant is willing to proceed to trial.

**8.**    **Pretrial Conference**

    **A.**    The Pretrial Conference remains **SET** for **Monday, March 09, 2020**, at **10:00 a.m.** in **Richland**. At this hearing, the Court will hear **ALL** pretrial motions.

    **B.**    All pretrial conferences are scheduled to last no more than **30 minutes**, with each side allotted **15 minutes** to present their own motions and resist motions by opposing counsel. If any

---

[2] The Court's Statement of Reasons template can be found on the Eastern District of Washington's public website: www.waed.uscourts.gov.

party anticipates requiring longer than 15 minutes, that party must notify the Courtroom Deputy at least **seven days** prior to the hearing.  **<u>Any party who fails to provide this notice will be limited to 15 minutes.</u>**

9. **Confidential Informants (CIs).**  By no later than **Tuesday, March 10, 2020,** the Government shall disclose to Defendant the identity of any CIs used in the case, as well as any *Giglio* information, and shall advise Defendant at that time whether any CI so identified is willing to be interviewed by defense counsel.

10. **Grand Jury Transcripts.**  By no later than **Tuesday, March 10, 2020,** the Government shall produce copies of the grand jury transcripts for any witness it intends to call at trial.

11. **Exhibit Lists**

    A.  By no later than **Thursday, March 12, 2020**, each party shall file a list of exhibits the party intends to introduce at trial.  Each party shall also email copies of their exhibit list to the Court at SheaOrders@waed.uscourts.gov.  The parties shall provide their exhibit list in the following format:

    | Ex. # | Admitted | Description |
    |---|---|---|
    | 1 | | Photograph of items seized |
    | 2 | | Aerial video surveillance from 1/1/2016. Start Time: 01:03:23  End Time:    01:09:54 |

    Exhibit lists shall include a unique exhibit number and a brief description of the exhibit. For all exhibits consisting of an audio or video file, the exhibit list must designate the precise beginning and ending time indexes of the portion of the file the party intends to use at trial.

  **B.** The Government shall consecutively number its exhibits from **1 to 999.** In single-defendant cases, Defendant shall consecutively number exhibits from **1000 to 1999**; in multi-defendant cases, Defendants shall consecutively number exhibits from x000 to x999, substituting "x" for each Defendant's assigned case identifier (e.g. Defendant 3 would number exhibits from 3000 to 3999, etc.). Exhibits shall be pre-marked for identification before trial commences.

**12.** **Witness Lists.** By no later than **Thursday, March 12, 2020,** each party shall file and serve a list of witnesses that the party intends to call to testify at trial. **The witness list must identify the existence, but need not include the name, of any CI the Government intends to call to testify.** Each party shall email a copy of its witness list to the Court at SheaOrders@waed.uscourts.gov.

**13.** **Witnesses Requiring Counsel.** By no later than **Thursday, March 12, 2020**, each party must advise the Court of any witness whose anticipated testimony may warrant the exercise of his/her rights under

the Fifth Amendment and whether the witness requires the appointment of counsel.

14. **Trial Notices.** By no later than **Thursday, March 12, 2020,** each party shall file a notice that indicates the amount of time requested for voir dire and for opening statement. In addition, <u>**defense counsel must indicate if his/her client waives presence at sidebar and jury questions**</u>. If a defendant waives presence at sidebar and jury questions, a waiver signed by the defendant must be filed with the Court.

15. **Requested Voir Dire, Trial Briefs, Proposed Jury Instructions, and Verdict Form.** By no later than **Thursday, March 12, 2020,** each party shall file requested voir dire, a trial brief, proposed jury instructions, and verdict form, in accordance with the requirements below. Each party shall email copies to the Court at SheaOrders@waed.uscourts.gov.

   *A.* **Requested Voir Dire.** The parties may request that the Court include specific questions during the Court's standard voir dire. Requested voir dire shall not duplicate information elicited in the Clerk's Office Jury Questionnaire and the Court's Criminal Jury Trial Procedures Letter.

   *B.* **Trial Briefs.** Trial briefs shall not exceed 20 pages without prior Court approval, upon motion and good cause shown. LR 39.1.

     **C.**    **Proposed Jury Instructions and Verdict Form.** Jury instructions shall (i) address issues that are unique to the case, and (ii) include instructions regarding the elements of each charge or defense. If a Ninth Circuit Model Jury Instruction exists for a particular charge or defense, the parties shall provide the model instruction or shall submit argument as to why the instruction is inadequate or no longer supported by law. Proposed jury instructions shall be accompanied by a proposed verdict form. **The parties must confer to develop joint proposed jury instructions and the verdict form.** The Court will only accept an individual party's proposed jury instructions on those points/issues upon which the parties could not agree, and only if the party's memorandum accompanying the individually proposed instructions sets forth the legal authority and justification for why the instructions are necessary.

**16. Exhibits**

    **A.**    **JERS**

        i. The Court utilizes the Jury Evidence Recording System (JERS), a system that makes evidence digitally available to the jury during deliberations. **Counsel shall promptly consult the Court's JERS Information web page to**

        **acquaint themselves with JERS procedures and to ensure they acquire, retain, and provide evidence to the Court in the necessary format.**[3]

  ii. By no later than **Friday, March 13, 2020,** each party who intends to introduce evidence at trial must supply its JERS exhibits to the Courtroom Deputy in the manner and format set forth in the JERS – Basics for Lawyers document. **Counsel should pay special attention to the file naming convention and include a PDF placeholder for any audio, video, and/or physical exhibits intended for use at trial.** Counsel may contact the Courtroom Deputy at (509) 943-8172 with any questions.

**B.** **Exchange of Exhibits.** By no later than **Friday, March 13, 2020**, each party must provide to all other parties a copy of the exhibits it intends to introduce at trial. The exhibits must be provided in digital format, unless the parties agree otherwise.

**C.** **Exhibit Binders.** By no later than **Monday, March 16, 2020,** each party must provide to the Court two Bates-stamped copies of all trial exhibits the party intends to introduce at trial. In the case of physical exhibits, a photograph or other reproduction of

---

[3] *See* http://www.waed.uscourts.gov/jers-information.

the exhibit must be included.  **All trial exhibits shall be placed in a three-ring binder, organized sequentially by exhibit number, and marked with labelled tabs for easy reference**.  The exhibit binders provided to the Court will <u>not</u> be available for use by the attorneys at trial.

17. **Technology Readiness Meeting.**  By no later than **Monday, March 16, 2020,** any party seeking to offer video or audio evidence at trial must meet with court staff at the location of the trial to verify compatibility with the Court's presentation systems.  The parties shall contact the Courtroom Deputy at (509) 943-8172 to arrange this meeting.

18. **Final Pretrial Conference**.  Counsel and Defendant shall be prepared to meet with the Court one hour prior to commencement of the trial; the Final Pretrial Conference remains **SET** for **Monday, March 23, 2020**, at **9:00 a.m.** in **Richland**.

19. **Trial**.  The jury trial remains **SET** for **Monday, March 23, 2020**, at **10:00 a.m.** in **Richland.**

20. **Summary of Deadlines**

| | |
|---|---|
| Rule 16 expert summaries produced to other parties and emailed to Court:<br>    Government's Experts<br>    Defendant's Experts<br>    Government's Rebuttal Experts | <br><br>**Monday, February 10, 2020**<br>**Monday, February 17, 2020**<br>**Monday, February 24, 2020** |
| Reciprocal discovery provided and supplemented | **Monday, February 24, 2020** |

| | | |
|---|---|---|
| | **All pretrial motions**, including discovery motions, *Daubert* motions, and motions in limine, filed with the Court | **Wednesday, February 26, 2020** |
| | **PRETRIAL CONFERENCE**<br>*Deadline for motions to continue trial* | **Monday, March 09, 2020**<br>**10:00 a.m. — Richland** |
| | CIs' identities, *Giglio* disclosures, and willingness to be interviewed disclosed to Defendant (if applicable) | **Tuesday, March 10, 2020** |
| | Grand jury transcripts produced to Defendant | **Tuesday, March 10, 2020** |
| | Exhibit and witness lists filed and emailed to the Court | **Thursday, March 12, 2020** |
| | Notice of any witness likely to exercise Fifth Amendment rights and/or require appointed counsel filed with the Court | **Thursday, March 12, 2020** |
| | Trial notices filed with the Court | **Thursday, March 12, 2020** |
| | Trial briefs, requested voir dire, and proposed jury instructions and verdict forms filed and emailed to the Court | **Thursday, March 12, 2020** |
| | JERS-compatible digital evidence delivered to the Courtroom Deputy | **Friday, March 13, 2020** |
| | Exhibits delivered to all other parties | **Friday, March 13, 2020** |
| | Exhibit binders delivered to the Court | **Monday, March 16, 2020** |
| | Technology readiness meeting (in-person) | **Monday, March 16, 2020** |
| | **FINAL PRETRIAL CONFERENCE** | **Monday, March 23, 2020**<br>**9:00 a.m. — Richland** |
| | **JURY TRIAL** | **Monday, March 23, 2020**<br>**10:00 a.m. — Richland** |

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this order and provide copies to all counsel, the U.S. Probation Office, and the U.S. Marshals Service.

**DATED** this __28th__ day of January 2020.

                        s/Edward F. Shea
                        EDWARD F. SHEA
                Senior United States District Judge