FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 18, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    4:15-CR-06049-EFS-16 |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO CONTINUE TRIAL DATE** |
| EDGAR OMAR HERRERA FARIAS, | **CASE MANAGEMENT ORDER** |
| Defendant. | |

Before the Court, without oral argument, is Defendant Edgar Omar Herrera Farias' Motion to Continue Trial Date, ECF No. 1351, and related motion to expedite, ECF No. 1354. Defense counsel Shea Meehan requests a continuance of the pretrial motions filing deadline, the pretrial conference, and the trial. For the reasons discussed below, the Court grants the motions.

## I.    PROCEDURAL HISTORY

The Government filed the Second Superseding Indictment on December 6, 2016. ECF No. 105. On October 10, 2018, Defendant pled guilty to Count One of the Second Superseding Indictment. ECF No. 990. On July 1, 2019, Defendant filed a motion to withdraw his guilty plea. ECF No. 1278. On January 24, 2020, the Court

granted Defendant's motion. ECF No. 1343. This is Defendant's first request for a continuance.

## II.    DEFENDANT'S PROFFERED REASONS FOR A CONTINUANCE

Defense counsel was appointed on April 17, 2019, to represent Defendant, after prior counsel was granted leave to withdraw, in Defendant's endeavor to withdraw his guilty plea. Defense counsel states that he did not believe it was prudent to begin a complete review of discovery until the Court decided Defendant's motion to withdraw his guilty plea. Defense counsel also states that discovery is voluminous and that he needs more time to review the tens of thousands of pages and the hours of audio and video recordings in discovery. ECF No. 1351. Defense counsel therefore asks to continue trial to August 17, 2020 to allow more time to examine discovery, prepare any related motions, and prepare for trial. Defendant supports counsel's request for a trial continuance for the articulated reasons. ECF No. 1352. Further, defense counsel avers that the Government does not object to the requested continuance.

## III.    CONTINUANCE GRANTED: CASE MANAGEMENT ORDER

Given defense counsel's need for time to review discovery, prepare any pretrial motions, conduct investigation, and prepare for trial, the Court finds that failing to grant a continuance would result in a miscarriage of justice and would deny defense counsel the reasonable time necessary for effective preparation, taking into account

the exercise of due diligence.[1] The Court further finds that Defendant's continuance request is knowing, intelligent, and voluntary, and that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."[2]  The delay resulting from Defendant's motion is therefore excluded under the Speedy Trial Act.

To ensure defense counsel is afforded adequate time to review discovery, prepare any pretrial motions, conduct investigation, and prepare for trial, the Court grants Defendant's motions, extends the pretrial motion deadline, and resets the currently scheduled pretrial conference and trial dates. Having considered the proposed new trial date and the parties' proposed case schedule and deadlines, ECF Nos. 1350 &1351, the Court now enters the following Case Management Order (CMO). To the extent this order conflicts with any previously entered orders in this matter, this order shall govern. The Court will grant relief from the requirements in this order only upon motion and good cause shown.

**IT IS HEREBY ORDERED:**

1.     Defendant's Motion to Continue Trial Date, **ECF No. 1351,** and related motion to expedite, **ECF No. 1354**, are **GRANTED.**

2.     **Redacted Charging Documents.**  Throughout the pendency of any case involving one or more redacted versions of the charging document,

---

[1] *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

[2] *See id.* § 3161(h)(7)(A).

1    **whenever a defendant's name or other information no longer**

2    **requires redaction, the Government shall file an updated**

3    **version of the charging document that is free of any redactions**

4    **which are no longer necessary**.  This updated version will not

5    supersede or otherwise replace the governing charging document.  The

6    purpose of this updated version is limited to assisting the Court and the

7    parties avoid inadvertently disclosing sealed information.

8    **3.    Emailing the Court.**  Where this order requires counsel to email

9    documents to the Court, all documents shall be attached to the email in

10    Microsoft Word (.doc/.docx) or rich-text (.rtf) format.  The subject line of

11    each email shall be formatted as follows:

12    **[Case No.]; [Case Name]; [Title of Document]**

13    (e.g.:  18-*CR-9999-EFS; USA v. Doe; Trial Brief*)

14    **4.    CM/ECF Training**.  The Eastern District of Washington uses

15    electronic filing through CM/ECF. Counsel must contact the Clerk's

16    Office to arrange CM/ECF training within 30 days of appearance in this

17    case or be otherwise experienced in the use of CM/ECF either in the

18    Eastern District of Washington or another district.

19    **5.    Discovery**

20    ***A.***    All discovery documents must be Bates-stamped with a unique

21    identifier and must be produced digitally in a text-searchable

22    format.  The Court will grant relief from this requirement only

Case Management Order Granting Continuance — Page **4** of 18

in exceptional circumstances, upon motion and good cause shown.

**B.**   Pursuant to Eastern District of Washington Local Criminal Rule 16, the Court presumes a defense request for discovery under Federal Rule of Criminal Procedure 16 for ***documents and objects***, Fed. R. Crim. P. 16(a)(1)(E), ***reports of examinations and tests***, Fed. R. Crim. P. 16(a)(1)(F), ***AND expert witnesses***, Fed. R. Crim. P. 16(a)(1)(G), and orders these items to be disclosed.  Therefore, the Court imposes a reciprocal duty on defense counsel to provide discovery under Rule 16(b)(1)(A)-(C) ***for each of the above categories***.  Reciprocal discovery must be timely provided and supplemented **not later than seven days** prior to the pretrial motions deadline.  <u>Defendants who do not wish to invoke reciprocal discovery obligations must file a notice with the Court and with opposing counsel prior to accepting discovery from the Government.</u>

**C.**   The Court further presumes a request for discovery and disclosure under Federal Rules of Evidence 404(b), 608(b), and 609, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991), and their progeny.  These items are ordered to be disclosed.

**D.** For those discovery matters ordered to be disclosed by this order, a party shall not file a motion seeking such discovery, unless the disclosing party fails to timely produce such discovery.

**E.** Any party seeking discovery or disclosure not otherwise provided for in this order, or discovery that was ordered by this order and not timely provided, shall file a motion that states the specific materials sought, provides the legal authority for the specific request, and certifies that the movant has in good faith conferred or attempted to confer with the opposing party in an effort to obtain the discovery or disclosure without court action.

**6. Expert-Witness Summaries**

**A.** Each party shall produce to opposing counsel all summaries of its expert-witness testimony for which disclosure is required under Federal Rule of Criminal Procedure 16. **Additionally, for any expert witness <u>retained for the case</u>, the summary shall include a list of all other cases in which, during the previous four years, the witness testified as an expert at pretrial hearings, during trial, or at a sentencing**

**hearing**.[3]  Such expert disclosures shall be completed by the deadlines set forth below:

**Government's Experts:**     **Friday, June 05, 2020**[4]

**Defendant's Experts:**       **Friday, June 12, 2020**

**Rebuttal Experts:**           **Friday, June 19, 2020**

Also by the applicable deadline, counsel shall email an electronic copy of the summary to the Court at SheaOrders@waed.uscourts.gov and shall simultaneously file a Notice of Compliance with this requirement.

**B.**     All summaries of expert-witness testimony must conform to Federal Rule of Criminal Procedure 16 and applicable case law interpreting that Rule.  The Court will not permit an expert witness to testify about opinions that are not explicitly expressed in that expert's summary. *See, e.g.*, *United States v. W.R. Grace*, 526 F.3d 499 (9th Cir. 2008).

---

[3] This particular requirement mirrors the requirement in Federal Rule of Civil Procedure 26(a)(2)(B)(v).

[4] The Court recognizes the Government's experts have been provided to defense counsel. *See* ECF No. 1350. However, the Government has until June 5, 2020, to provide additional experts.

**C.** A party is not permitted to call more than two expert witnesses on any issue, except with permission of the Court. L.R. 43(a)(3).

**7. Motions Practice**

**A. Generally.** By no later than **Friday, June 26, 2020**, all pretrial motions — including discovery motions, *Daubert* motions, and motions in limine — must be filed and served**.** *See* Fed. R. Crim. P. 12(c). All motions shall either be: (i) noted for hearing without oral argument 14 days after filing, or (ii) noted for hearing with oral argument at the pretrial conference. Responses and replies to motions must be filed in accordance with Local Rule 7.1.

**B. Motions in Limine.** The Court will enforce the rules of evidence. Each party shall refrain from bringing motions in limine requesting that another party generally comply with a rule of evidence. All motions in limine state a particularized concern, articulate — with specificity — the desired relief, and provide the basis for such relief.

**C. Expedited Hearing.** Any party seeking an expedited hearing on a time-sensitive matter must file a motion to expedite that (i) demonstrates good cause, (ii) states the position of the opposing party to the motion, and (iii) sets a date of hearing that is no less than **seven days** after the motion's filing. Should the motion to expedite require more immediate judicial attention, the motion

shall establish the necessity for an immediate hearing, and the filing party shall notify chambers staff of the motion.

**8.  Trial Continuances**

**A.  Motion Deadline.**  All motions to continue the trial must be heard before or at the pretrial conference.  **<u>Any motion to continue trial made after the pretrial conference has occurred will not be granted absent exceptional circumstances</u>**.

**B.  Procedure**

**i.  Contact Courtroom Deputy.**  Before filing a motion to continue, counsel shall first contact the Courtroom Deputy at (509) 943-8172 to obtain new pretrial conference and trial dates consistent with the length of the requested trial continuance.

**ii.  Confer with Other Parties.**  Moving counsel shall confer with all the other parties' counsel before filing a motion to continue.  All continuance motions must state whether any other party opposes the request.

**iii.  Deadline Proposals.**  If — after conferring with the other parties' counsel — any counsel believes particular deadlines would be best suited to this case, counsel may propose new

case-management deadlines (either joint or individual) within the motion to continue.

**C.** **Statement of Reasons.**  Pursuant to 18 U.S.C. § 3161, if a defendant seeks a continuance, a Statement of Reasons in support of the motion to continue must be filed contemporaneously with the motion.[5]  The Statement of Reasons must (i) be signed by the defendant, (ii) be signed by a certified translator, if applicable, and (iii) indicate the latest date upon which the defendant is willing to proceed to trial.

**9.** **Pretrial Conference**

**A.** The March 9, 2020 Pretrial Conference is **RESET** to **Tuesday, July 14, 2020**, at **10:00 a.m**. in **Richland**.  At this hearing, the Court will hear **ALL** pretrial motions.

**B.** All pretrial conferences are scheduled to last no more than **30 minutes**, with each side allotted **15 minutes** to present their own motions and resist motions by opposing counsel.  If any party anticipates requiring longer than 15 minutes, that party must notify the Courtroom Deputy at least **seven days** prior to

---

[5] The Court's Statement of Reasons template can be found on the Eastern District of Washington's public website: www.waed.uscourts.gov.

Case Management Order Granting Continuance — Page **10** of 18

the hearing.  **Any party who fails to provide this notice will be limited to 15 minutes.**

10.   **Confidential Informants (CIs).**  By no later than **Friday, July 31, 2020,** the Government shall disclose to Defendant the identity of any CIs used in the case, as well as any *Giglio* information, and shall advise Defendant at that time whether any CI so identified is willing to be interviewed by defense counsel.

11.   **Grand Jury Transcripts.**  By no later than **Friday, July 31, 2020,** the Government shall produce copies of the grand jury transcripts for any witness it intends to call at trial**.**

12.   **Exhibit Lists**

A.   By no later than **Thursday, August 06, 2020**, each party shall file a list of exhibits the party intends to introduce at trial.  Each party shall also email copies of their exhibit list to the Court at SheaOrders@waed.uscourts.gov.  The parties shall provide their exhibit list in the following format:

| Ex. # | Admitted | Description |
|---|---|---|
| 1 | | Photograph of items seized |
| 2 | | Aerial video surveillance from 1/1/2016. Start Time: 01:03:23 End Time:    01:09:54 |

Exhibit lists shall include a unique exhibit number and a brief description of the exhibit.  For all exhibits consisting of an audio or video file, the exhibit list must designate the precise beginning

and ending time indexes of the portion of the file the party intends to use at trial.

    **B.**    The Government shall consecutively number its exhibits from **1 to 999.**  In single-defendant cases, Defendant shall consecutively number exhibits from **1000 to 1999**; in multi-defendant cases, Defendants shall consecutively number exhibits from x000 to x999, substituting "x" for each Defendant's assigned case identifier (e.g. Defendant 3 would number exhibits from 3000 to 3999, etc.).  Exhibits shall be pre-marked for identification before trial commences.

**13.**    **Witness Lists.**  By no later than **Thursday, August 06, 2020,** each party shall file and serve a list of witnesses that the party intends to call to testify at trial.  **The witness list must identify the existence, but need not include the name, of any CI the Government intends to call to testify.**  Each party shall email a copy of its witness list to the Court at SheaOrders@waed.uscourts.gov.

**14.**    **Witnesses Requiring Counsel.** By no later than **Thursday, August 06, 2020**, each party must advise the Court of any witness whose anticipated testimony may warrant the exercise of his/her rights under the Fifth Amendment and whether the witness requires the appointment of counsel.

15. **Trial Notices.** By no later than **Thursday, August 06, 2020,** each party shall file a notice that indicates the amount of time requested for voir dire and for opening statement. In addition, **<u>defense counsel must indicate if his/her client waives presence at sidebar and jury questions</u>**. If a defendant waives presence at sidebar and jury questions, a waiver signed by the defendant must be filed with the Court.

16. **Requested Voir Dire, Trial Briefs, Proposed Jury Instructions, and Verdict Form.** By no later than **Thursday, August 06, 2020,** each party shall file requested voir dire, a trial brief, proposed jury instructions, and verdict form, in accordance with the requirements below. Each party shall email copies to the Court at SheaOrders@waed.uscourts.gov.

    *A.*    **Requested Voir Dire.** The parties may request that the Court include specific questions during the Court's standard voir dire. Requested voir dire shall not duplicate information elicited in the Clerk's Office Jury Questionnaire and the Court's Criminal Jury Trial Procedures Letter.

    *B.*    **Trial Briefs.** Trial briefs shall not exceed 20 pages without prior Court approval, upon motion and good cause shown. LR 39.1.

    *C.*    **Proposed Jury Instructions and Verdict Form.** Jury instructions shall (i) address issues that are unique to the case,

and (ii) include instructions regarding the elements of each charge or defense. If a Ninth Circuit Model Jury Instruction exists for a particular charge or defense, the parties shall provide the model instruction or shall submit argument as to why the instruction is inadequate or no longer supported by law. Proposed jury instructions shall be accompanied by a proposed verdict form. **The parties must confer to develop joint proposed jury instructions and the verdict form.** The Court will only accept an individual party's proposed jury instructions on those points/issues upon which the parties could not agree, and only if the party's memorandum accompanying the individually proposed instructions sets forth the legal authority and justification for why the instructions are necessary.

**17.    Exhibits**

*A.*    **JERS**

i. The Court utilizes the Jury Evidence Recording System (JERS), a system that makes evidence digitally available to the jury during deliberations. **Counsel shall promptly consult the Court's JERS Information web page to acquaint themselves with JERS procedures and to**

**ensure they acquire, retain, and provide evidence to the Court in the necessary format.**[6]

ii. By no later than **Friday, August 07, 2020,** each party who intends to introduce evidence at trial must supply its JERS exhibits to the Courtroom Deputy in the manner and format set forth in the JERS – Basics for Lawyers document. **Counsel should pay special attention to the file naming convention and include a PDF placeholder for any audio, video, and/or physical exhibits intended for use at trial.** Counsel may contact the Courtroom Deputy at (509) 943-8172 with any questions.

*B.* **Exchange of Exhibits.** By no later than **Friday, August 07, 2020**, each party must provide to all other parties a copy of the exhibits it intends to introduce at trial. The exhibits must be provided in digital format, unless the parties agree otherwise.

*C.* **Exhibit Binders.** By no later than **Friday, August 07, 2020,** each party must provide to the Court two Bates-stamped copies of all trial exhibits the party intends to introduce at trial. In the case of physical exhibits, a photograph or other reproduction of the exhibit must be included. **All trial exhibits shall be**

---

[6]    *See* http://www.waed.uscourts.gov/jers-information.

1    **placed in a three-ring binder, organized sequentially by**

2    **exhibit number, and marked with labelled tabs for easy**

3    **reference**.  The exhibit binders provided to the Court will <u>not</u>

4    be available for use by the attorneys at trial.

5    18.    **Technology Readiness Meeting.**  By no later than **Monday, August**

6    **10, 2020,** any party seeking to offer video or audio evidence at trial

7    must meet with court staff at the location of the trial to verify

8    compatibility with the Court's presentation systems.  The parties shall

9    contact the Courtroom Deputy at (509) 943-8172 to arrange this

10   meeting.

11   19.    **Final Pretrial Conference**.    Counsel and Defendant shall be

12   prepared to meet with the Court one hour prior to commencement of

13   the trial; the March 23, 2020 Final Pretrial Conference is **RESET** to

14   **August 17, 2020**, at **9:00 a.m.** in **Richland**.

15   20.    **Trial**.  The March 23, 2020 jury trial is **RESET** to **August 17, 2020**, at

16   **10:00 a.m.** in **Richland**.

17   21.    Pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (iv), the Court

18   **DECLARES EXCLUDABLE from Speedy Trial Act calculations**

19   the period from **February 14, 2020**, the date defense counsel moved to

20   continue, through **August 17, 2020,** the new trial date, as the period of

21   delay granted for adequate preparation by counsel.

22   22.    **Summary of Deadlines**

Case Management Order Granting Continuance — Page **16** of 18

| | |
|---|---|
| Rule 16 expert summaries produced to other parties and emailed to Court:<br>　　　Government's Experts<br>　　　Defendant's Experts<br>　　　Government's Rebuttal Experts | <br><br>**Friday, June 05, 2020**<br>**Friday, June 12, 2020**<br>**Friday, June 19, 2020** |
| Reciprocal discovery provided and supplemented | **Friday, June 19, 2020** |
| **All pretrial motions**, including discovery motions, *Daubert* motions, and motions in limine, filed with the Court | **Friday, June 26, 2020** |
| **PRETRIAL CONFERENCE**<br>***Deadline for motions to continue trial*** | **Tuesday, July 14, 2020**<br>**10 a.m. — Richland** |
| CIs' identities, *Giglio* disclosures, and willingness to be interviewed disclosed to Defendant/s (if applicable) | **Friday, July 31, 2020** |
| Grand jury transcripts produced to Defendant/s | **Friday, July 31, 2020** |
| Exhibit and witness lists filed and emailed to the Court | **Thursday, August 06, 2020** |
| Notice of any witness likely to exercise Fifth Amendment rights and/or require appointed counsel filed with the Court | **Thursday, August 06, 2020** |
| Trial notices filed with the Court | **Thursday, August 06, 2020** |
| Trial briefs, requested voir dire, and proposed jury instructions and verdict forms filed and emailed to the Court | **Thursday, August 06, 2020** |
| JERS-compatible digital evidence delivered to the Courtroom Deputy | **Friday, August 07, 2020** |
| Exhibits delivered to all other parties | **Friday, August 07, 2020** |
| Exhibit binders delivered to the Court | **Monday, August 17, 2020** |
| Technology readiness meeting (in-person) | **Monday, August 10, 2020** |
| **FINAL PRETRIAL CONFERENCE** | **August 17, 2020**<br>**9:00 a.m. — Richland** |
| **JURY TRIAL** | **August 17, 2020**<br>**10:00 a.m. — Richland** |

Case Management Order Granting Continuance — Page **17** of 18

1    **IT IS SO ORDERED.**  The Clerk's Office is directed to enter this order and provide

2    copies to all counsel, the U.S. Probation Office, and the U.S. Marshals Service.

3        **DATED** this  18th  day of February 2020.

4

5                s/Edward F. Shea
                 EDWARD F. SHEA
6            Senior United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22