FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 28, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

ALFREDO MAGANA GARIBAY,

Defendant.

No.    4:15-CR-06049-EFS-18

**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE MODIFICATION**

Before the Court, without oral argument, is Defendant Alfredo Magana Garibay's Motion for a Sentence Modification.[1] Defendant asks the Court to reduce his sentence, arguing that he is entitled to a reduction pursuant to 18 U.S.C. § 3582(b)(2),[2] 18 U.S.C. § 3582(c)(2), and 18 U.S.C. 3553(f).[3] Having reviewed the pleadings and file in this matter, the Court denied Defendant's motion for the reasons set forth below.

---

[1] ECF No. 1356.

[2] Defendant's motion cites to 18 U.S.C. § 3582(2)(B) and 18 U.S.C. § 3582(B). The Court interprets this to be citing to 18 U.S.C. § 3582(b)(2).

[3] ECF No. 1356.

# I.    BACKGROUND

On March 5, 2019, Defendant pled guilty to Conspiracy to Distribute 500 Grams or More of a Mixture Containing a Detectable Amount of Methamphetamine, 5 Kilograms or More of Cocaine, 1 Kilogram or More of Heroin, and 400 Grams or More of Fentanyl, in violation of 21 U.S.C. § 846 – a conviction that carries a mandatory statutory minimum sentence of 120 months. The Presentence Investigation Report (PSIR) calculated Defendant's offense level as 25 and his criminal history category as I, resulting in a guideline range of 120 months.[4] At sentencing, the Court adopted the PSIR and sentenced Defendant to a mandatory minimum term of 120-months imprisonment.[5]

# II.    ANALYSIS

Under 18 U.S.C. § 3582(b)(2), a sentence of imprisonment can subsequently be "corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure," which permits a reduction of a sentence for substantial assistance "upon the government's motion." Here, the Government has not moved to modify Defendant's sentence for substantial assistance, and the Court has no authority to compel the Government to move for a reduction based on substantial assistance.[6]

---

[4] ECF No. 1015.

[5] ECF No. 1183.

[6] *See Wade v. United States*, 504 U.S. 181, 185 (1992).

Thus, the Court cannot reduce Defendant's sentence under section 3582(b)(2). There is no evidence before the Court that Defendant assisted the Government.

"[T]o invoke the district court's authority to modify his sentenced under § 3582(c)(2), [a defendant] must demonstrate that he was sentenced pursuant to a 'sentencing range that has subsequently been lowered.'"[7] A court undertakes a two-step inquiry in determining whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).[8] At step one, the Court determines whether the defendant is eligible for a sentence modification under the Sentencing Commission's policy statement in U.S.S.G. § 1B1.10.[9] If the answer at step one is no, the Court's inquiry is over. If the answer is yes, the Court proceeds to step two and considers any applicable 18 U.S.C. § 3553(a) factors to determine, at the Court's discretion, whether the reduction is warranted in whole or in part given the circumstances of the case.[10]

Under section 3582(c)(2), "a defendant is eligible for a sentence reduction if two prongs are satisfied: (1) the sentence is *based on* a sentence range that has subsequently been lowered by the Sentencing Commission and (2) such a reduction

---

[7] *United States v. Mullanix*, 99 F.3d 323, 324 (9th Cir. 1996) (quoting 18 U.S.C. § 3582(c)(2)).

[8] *Dillion*, 560 U.S. at 826.

[9] *Id*. at 826-28.

[10] *Id*.

is consistent with applicable policy statements issued by the sentencing Commission."[11] If a defendant is not originally sentenced "based on a sentencing range," he is not eligible for a sentence modification under section 3582(c)(2).[12] A sentence is not "based on the sentencing range" when it is based instead on a statutory mandatory minimum.[13]

Here, the crime of conviction is subject to a mandatory statutory minimum, below which Defendant cannot be sentenced absent application of the safety valve.[14] Although Plaintiff argued for the application of the safety valve at sentencing, the Court found Defendant had not satisfied the safety valve criteria and imposed the statutory mandatory minimum sentence of 120 months. Thus, this Court has no authority to reduce Defendant's sentence under section 3582(c)(2)."[15]

---

[11] *United States v. Pleasant*, 704 F.3d 808, 810 (9th Cir. 2013) (internal quotation marks omitted) (emphasis in original).

[12] *See United States v. Paulk*, 569 F.3d 1094, 1095 (9th Cir. 2009).

[13] *United States v. Buenrostro*, 895 F.3d 1160, 1164 (9th Cir. 2018) (citing *Koons v. United* States, 138 S.Ct. 1783, 1788 (2018)).

[14] *See* 18 U.S.C. § 3553(f).

[15] *United States v. Jackson*, 577 F.3d 1032, 1035 (9th Cir. 2009) (A district court cannot modify a sentence under § 3582(c) where "the mandatory minimum, [and] not the Sentencing Guidelines range, [provided] . . . the starting point for determining [the defendant's] sentence.); *see also Koons*, 138 S.Ct. at 1788.

Moreover, Defendant may not argue for the application of the safety valve statute in subsequent motions to reduce his sentence.[16] The plain language of 18 U.S.C. § 3553(f) and longstanding precedent dictate that safety valve eligibility is determined at the time of sentencing and not in subsequent reduction proceedings.[17] Here, the safety valve was not applied at Defendant's original sentencing. Consequently, section 3582(c)(2) does not authorize the district court to apply a reduction to Defendant's sentence.[18]

### III.    CONCLUSION

**IT IS HEREBY ORDERED:** Defendant's Motion for a Sentence Modification, **ECF No. 1356**, is **DENIED**.

///

//

/

---

[16] *United States v. Stockdale*, 129 F.3d 1066, 1068 (9th Cir. 1997).

[17] *United States v. Rodriguez*, 770 Fed. Appx. 411, 412 (9th Cir. 1997) (citing *Stockdale*, 129 F.3d at 1068).

[18] *See* U.S.S.G. § 1B.10(b)(1) (When determining a defendant's amended guideline range, the court "shall substitute only the [amended provisions] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected."); *Dillion v. United States*, 560 U.S. 817, 827 (2010).

1     **IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order and

2 to provide copies to Defendant, all counsel, and the U.S. Probation Office.

3     **DATED** this __28th__ day of April 2020.

4

5                     s/Edward F. Shea

                        EDWARD F. SHEA

6             Senior United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22