FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 13, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>     v.<br><br>MIGUEL REYES GARCIA,<br><br>               Defendant. | CASE NO. 4:15-CR-6049-EFS-21<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR AN EXTENSION OF TIME TO FILE A MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 AND APPOINTMENT OF COUNSEL FOR LACK OF JURISDICTION** |

Before the Court, without oral argument, is Defendant Miguel Reyes Garcia's Motion for an Extension of Time to File a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 and Appointment of Counsel.[1] Defendant asks the Court for an extension of time to file his Section 2255 motion because of the public health crisis created by the Coronavirus Disease (COVID-19), which has prevented Defendant from having access to a law library. For the reasons discussed below Defendant's request is denied at this time.

---

[1] ECF No. 1366.

Order- 1

# I. BACKGROUND

On October 10, 2018, Defendant pled guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846. The Court sentenced Defendant on March 6, 2019, and entered a judgment of conviction against him on April 3, 2019.[2] Defendant appealed his conviction to the Ninth Circuit.[3] On December 16, 2019, the Ninth Circuit affirmed Defendant's conviction.[4] On January 7, 2020, the Ninth Circuit issued a mandate.[5] On May 6, 2020, Defendant filed the instant motion.[6]

# II. DISCUSSION

The exercise of jurisdiction by federal courts is limited to the existence of a case or controversy.[7] A federal court lacks the power to render advisory opinions.[8] The Ninth Circuit has yet to consider whether a district court has jurisdiction to decide a motion for extension of time to file a Section 2255 motion before a prisoner files a Section 2255 motion. However, most circuits that have considered the

---

[2] ECF Nos. 1196 & 1207.

[3] ECF No. 1223.

[4] ECF No. 1338

[5] ECF No. 1339.

[6] ECF No. 1366.

[7] U.S. Const. art. III, § 2, cl. 1.

[8] *United States Nat'l Bank v. Indep. Ins. Agenc of Am., Inc.*, 508 U.S. 439, 446 (1993).

question have held that federal courts lack subject matter jurisdiction under Article III to hear motions for extension of time to file Section 2255 motions unless the defendant files a Section 2255 motion with the motion for extension of time.[9] Other district courts in the Ninth Circuit have agreed.[10]

---

[9] *See United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000) (per curiam) (finding the court lacks jurisdiction "because [the defendant] has not yet filed an actual § 2255 petition, there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory"); *United States v. Hernandez*, 431 Fed. App'x 813, 814 (11th Cir. 2011) (finding the district court did not err in determining it could not reach the merits of the defendant's request because the defendant had yet to file a § 2255 motion); *United States v. White*, 257 Fed. App'x 608, 609 (4th Cir. 2007) (same); *United States v. McFarland*, 125 Fed. App'x 573, 574 (5th Cir. 2005) (same); *United States v. Moore*, 56 Fed. App'x 686, 687 (6th Cir. 2003) (same). *Compare with United States v. Thomas*, 713 F.3d 165, 169 (3d Cir. 2013) (holding district courts have jurisdiction to hear motions for extension of time filed before a Section 2255 motion because Section 2255 motions are filed in a continuation of the underlying criminal case instead of a separate civil proceeding, and the criminal case satisfies the Article III case or controversy requirement).

[10] *See, e.g., United States v. Marin-Torres*, No. 3:14-cr-00386-HZ-1, 2020 WL 30324, at *1 (D. Or. Jan. 2, 2020); Soto *v. Warden*, No. CV 09-2377 AHM JC, 2009 WL

The Court is persuaded by the reasoning of the majority of other circuits and holds that because Defendant has not filed a Section 2255 motion, the Court lacks subject matter jurisdiction. If Defendant wishes to file a 2255 motion, the Court encourages him to do so within a year of his judgment of conviction becoming final. It is possible within that period, the law library will reopen and allow Defendant to file a petition for writ of habeas corpus.

### III.  CONCLUSION

Accordingly, **IT IS HEREBY ORDERED**: Defendant's Motion for an Extension of Time to File a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 and Appointment of Counsel, **ECF No. 1366**, is **DENIED at this time**.

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order and provide copies to Defendant and counsel.

**DATED** this ___13th___ day of May 2020.

                    s/Edward F. Shea
                    EDWARD F. SHEA
              Senior United States District Judge

---

1705471, at *1 (C.D. Cal. June 16, 2009); *Ford V. Warden*, 2008 WL 2676842 (C.D. Cal. 2008).

Order- 4