1
2
3
4
5
6

William D. Hyslop
United States Attorney
Eastern District of Washington
Stephanie Van Marter
Caitlin Baunsgard
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone:  (509) 353-2767

7

8
9

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| 10 | UNITED STATES OF AMERICA, | ) |
| 11 | Plaintiff, | ) |
| 12 | | ) |
| 13 | vs. | ) |
| 14 | EDGAR OMAR HERRERA FARIAS, | ) |
| 15 | Defendant. | ) |

4:15-CR-6049-EFS-16

UNITED STATES' RESPONSE TO
DEFENDANT'S MOTION IN
LIMINE

16
17        Plaintiff, United States of America, by and through, William D. Hyslop, United

18  States Attorney for the Eastern District of Washington, and Stephanie Van Marter and

19
20  Caitlin Baunsgard, Assistant United States Attorneys for the Eastern District of

21  Washington, submit the following response to the Defendant's Motion to Suppress

22  and Motion to Exclude Evidence (ECF. 962, 1371).

23
24        The Defendant has moved *in limine* to exclude all reference to K9 alert from the

25  September 2013 traffic stop involving the Defendant.  Defendant has also moved to

26  exclude all photographs of drugs that were seized from the White Ford Ranger that

27
28

UNITED STATES' RESPONSE TO DEFENDANT'S MOTION IN LIMINE - 1

1    same day.  The United States previously responded to this same motion prior to trial.

2    *See*, ECF 962.  The United States adopts its previous response as to this issue.

3    A. **FACTS OF SEIZURE OF METHAMPHETAMINE AND A FIREARM
4       FROM SKAGIT COUNTY IN SEPTEMBER 2013**.

5         According to police reports generated, Skagit County Interlocal Drug Unit Det.

6    Richardson was contacted by Drug Enforcement Administration ("DEA") Special

7    Agent Wheeler, who advised the DEA had reason to believe there was a white Ford
8

9    Ranger at a local hotel containing drugs.  *See* ECF 962, Attachment "A", Skagit
10

11   County Reports of Incident at p. 3.  Det. Richardson and several other members of the

12   drug task force located a white Ford Ranger, registered to Rosa Granados, at the Days
13

14   Inn in the Mount Vernon, Washington area, and established surveillance.  *See*

15   Attachment "A" at p. 3.  While they were surveilling the Ford Ranger, a tow truck
16

17   arrived, put the Ranger on the flatbed of the tow truck, and drove it away.  *See id.*  The

18   tow truck was followed to an apartment complex in Sedro Woolley, Washington,
19

20   where the Ranger was removed from the tow truck.  *See id.*  Law enforcement

21   continued surveillance on the Ranger.  *See id.*

22        Meanwhile, surveillance was continued at the Days Inn.  *See id.*  Surveillance
23

24   units observed two Hispanic males exiting the Days Inn and looking around the

25   parking lot, as if they were looking for a misplaced vehicle.  *See id.* at p. 7.  One of the
26

27   males made a phone call on his cell phone.  *See id.* at p. 7.  After the phone call was

28   made, a maroon Cadillac arrived.  *See id.* at p. 3.  The driver of the Cadillac exited the

     vehicle, spoke with the two Hispanic males who had exited the Days Inn, and then

UNITED STATES' RESPONSE TO DEFENDANT'S MOTION IN LIMINE - 2

made a call on his cell phone.  *See id.*  The three males then returned to the Cadillac.

*See id.*  A short time later, a black BMW arrived just as the maroon Cadillac with

three occupants was leaving the parking lot, and met with the occupants of the maroon

Cadillac.  *See id.* at p. 4.  The Cadillac then left the parking lot.  *Id.*  After the vehicle

left the parking lot, Sgt. Meyer initiated a traffic stop of the vehicle.  *See id.* at p. 9.

Initially, Sgt. Meyer was requested to perform a *Terry* stop on the vehicle per the

Skagit County Detectives; however, Sgt. Meyer ultimately observed a traffic

violation, namely a window tint violation.  *See id.* at p. 9.  Sgt. Meyer then initiated a

traffic stop of the maroon Cadillac.  *See id.* at p. 9.  The driver was identified as

Estevan Villalobos and was advised the reason for the stop was for a tint violation.  *Id.*

He had a suspended driver's license[1].  *See id.* at p. 5.  A K9 sniff occurred on the

vehicle, and alerted. *See Id.* at p. 5.  One of the two Hispanic male passengers was

identified as the Defendant.  *See id.* at p. 5.  A search of the vehicle resulted in no

items of evidentiary value.  *See id.* at p. 5.

      Meanwhile, a K9 sniff was conducted on the white Ford Ranger, with a positive

alert.  A search of that vehicle resulted in the location and seizure of what appeared to

be methamphetamine and a handgun.  *See id.* at p. 5.

---

[1] The United States submits at that point, law enforcement would have identified the
passengers in an attempt to see if anyone would be able to drive the vehicle away from
the scene vs. it being impounded.   Hence, the Defendant would likely still have been
identified as an occupant of that vehicle.

UNITED STATES' RESPONSE TO DEFENDANT'S MOTION IN LIMINE - 3

B. **PHOTOGRAPHS FROM SKAGIT COUNTY**

The Defendant seeks to exclude photographs taken by law enforcement officers during their surveillance operation and the subsequent search of the Ford Ranger. <u>ECF</u>. 894.  In support of his request, the Defendant states the photos were not provided within the timeline in the Court's Case Management Order, are not relevant, and would confuse the jury.  <u>ECF</u>. 894.  The United States agrees the photographs were not provided to the Defendant until September 13, 2018, which is the date the United States received them from Skagit County.  The United States respectfully submits such disclosure date does not warrant the exclusion of the photographs.

The photographs are very relevant to this case and would be greatly beneficial to the jury in understanding the timeline of the Defendant's involvement in this case. This is especially true now that the Defendant has advised his intent is to explain to the jury that he was in Mexico during the time-period alleged in the conspiracy and his proposed "alibi" instruction.  A photograph of him in the United States would certainly be relevant for the jury's consideration.  Additionally, it is anticipated that multiple cooperating defendants will testify about the white Ranger, its connection to this Defendant, and the location of the methamphetamine and firearm in a secret compartment in the vehicle.  These law enforcement observations and photographs would corroborate these multiple cooperating defendant statements.

The Defendant also asserts the photographs of the methamphetamine and firearm should be also excluded because the methamphetamine was not tested.  <u>ECF</u>.

UNITED STATES' RESPONSE TO DEFENDANT'S MOTION IN LIMINE - 4

894.  The Defendant does not cite to any authority to support his proposition.

Additionally, it is anticipated that multiple cooperating defendants will testify as to

their independent understanding that there was methamphetamine contained in the

trap in the white Ranger.  The United States respectfully submits such a challenge is

not a basis to exclude a photograph of the substance and the firearm.  This issue is one

of weight not admissibility.

## C. K9 SNIFF RECORDS & EVIDENCE

At the outset, it should be noted that the United States does not intend to rely on

K9 sniff alert results at trial.  Upon the Defendant's request, the United States

provided the Defendant with all available records for the K9 and handler that Skagit

County in their files, which includes all the certifications for the K9 / Handler team,

on September 25, 2018, which is the date received by the United States.  *See* ECF

962, Attachment "A".

The United States has been advised that the K9 and handler have retired.

Defense counsel never contacted the assigned AUSA to request any additional record.

Moreover, there is suffice information in the record provided with which counsel can

question as to the K9 alert.  Defense counsel has also been provided information with

which to call witnesses in order to question the reliability of the alert that led to the

seizure.  Again, this issue goes to weight not admissibility.

**D. UNITED STATES' INTENT TO OFFER EVIDENCE AT TRIAL.**

The United States instead intends to introduce this evidence as follows. The United States will call surveillance officers from the Skagit County Interlocal Drug Task Force to testify about their observations during the surveillance and discussing the photographs they took during that surveillance. They will end their testimony as to this portion of the events with the maroon Cadillac driving away from the parking lot. A law enforcement officer will also testify about the search of the white Ranger, and the discovery of a substance consistent with methamphetamine and a firearm. Multiple cooperating defendants will identify the Defendant in the photographs taken by Skagit County Detectives during the surveillance. These multiple cooperating defendants will also testify about their independent knowledge of the Defendant's presence in the Mount Vernon area associated with this event, his use of the white Ford Ranger as well as the presence of a secret compartment in the Ranger for the purpose of transporting controlled substances.

DATED this 6th day of July 2020.

William D. Hyslop
United States Attorney

*s/Caitlin Baunsgard*
Caitlin Baunsgard
Assistant United States Attorney

*s/ Stephanie Van Marter*
Stephanie Van Marter
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2020, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such

filing to the following:

Shea C Meehan
1333 Columbia Park Trail Suite 220
Richland, WA 99352
smeehan@walkerheye.com


                                          *s/ Caitlin Baunsgard*
                                          Caitlin Baunsgard
                                          Assistant United States Attorney

                                          *s/ Stephanie Van Marter*
                                          Stephanie Van Marter
                                          Assistant United States Attorney