FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 06, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:15-CR-6049-16 |
| Plaintiff, | |
| v. | **ORDER REGARDING SCHEDULE FOR SENTENCING** |
| EDGAR OMAR HERRERA FARIAS, | |
| Defendant. | |

On this day, Defendant Edgar Omar Herrera Farias, accompanied attorney, Shea Meehan, appeared and pleaded guilty or was found guilty in this matter. The Government was represented by Stephanie Van Marter, Assistant United States Attorney.

**IT IS HEREBY ORDERED:**

1. The date of the sentencing is **Tuesday, December 08, 2020**, at **11:00 a.m.** in **Richland**. Sentencing will be scheduled for a total of 45 minutes. If it is believed that the sentencing hearing will last longer, counsel shall contact Chambers within 14 days of disclosure of the presentence investigation report (PSIR).

2. Pending sentencing, Defendant's detention status or release status shall remain pursuant to this Court's previous order.

3. **The U.S. Probation Office** shall **PREPARE** a timely **PSIR** that will comply with the following schedule:

   *A.* **The U.S. Probation Office**, not less than **35 days** prior to the sentencing hearing, shall **DISCLOSE** the **draft PSIR** to the Defendant, counsel for Defendant, and the Government. The draft PSIR shall be deemed to have been disclosed the earliest of (a) when it is filed using the Court's Electronic Filing System and produces a Notice of Electronic Filing, (b) when a copy of the report is physically delivered, (c) one day after the availability of the report for inspection is orally communicated, or (d) three days after a copy of the report, or notice of its availability is mailed to counsel.

   *B.* **Counsel**, within **14 days** of the disclosure of the draft PSIR, shall **COMMUNICATE IN WRITING** to the U.S. Probation Office **any objections** they may have as to factual errors or omissions; sentencing classifications; conditions of supervised release/probation; sentencing guideline ranges; and policy statements contained in or omitted from the report. Such communication may be oral initially but shall immediately be confirmed in writing to the probation officer and opposing counsel.

   *C.* **Counsel**, also within **14 days** of disclosure of the draft PSIR, shall **FILE AND SERVE** all **motions and memoranda** pertaining to Defendant's

sentence, including motions for downward or upward departures and/or variances. Counsel shall utilize the following format when preparing initial memoranda which are limited to 20 pages (absent prior Court permission to file an overlength brief):

    i.    **Base Offense Level & Enhancements**. Under the "Base Offense Level & Enhancements" section, counsel shall discuss whether the PSIR's Total Offense Level calculations (not including departures) are correct or incorrect, providing legal authority for the party's position.

    ii.    **18 U.S.C. § 3553(a)**. Under the "18 U.S.C. § 3553(a)" section, counsel shall discuss whether the resulting Guidelines range provides a reasonable sentence sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2), considering the other factors listed in 3553(a), and whether the party is challenging a recommended standard or special condition of supervised release.

    iii.    **Departures and/or Variances**. Under the "Departures and/or Variances" section, counsel shall discuss whether any departure is warranted under the Guidelines and whether any variance is warranted under § 3553. Counsel must provide legal authority for any request for a departure and/or variance.

**D.** FAILURE TO FILE AND SERVE WITHIN 14 DAYS OF RECEIPT OF THE PSIR A MOTION FOR A DEPARTURE AND/OR VARIANCE WILL BE DEEMED A WAIVER OF THE RIGHT TO DO SO.

**E.** The parties are each limited to one response of no more than **10 pages**. No other pleadings are allowed without advance permission of the Court. The time frame for filing and serving responses to such motions shall be governed by Local Rule 7.1.

**F.** Any request with regard to self-reporting shall be made to the U.S. Probation Office at the same time any objections/motions are filed.

**G.** **The U.S. Probation Office**, after receiving counsel's objections, shall conduct any further investigation and, if necessary, **REVISE** the **draft PSIR**. The probation officer may require counsel for both parties to meet with the officer to discuss unresolved factual and legal issues, and counsel shall make themselves available for that purpose.

**H.** **The U.S. Probation Office**, at least **10 days** prior to the date of the sentencing hearing the probation officer shall **SUBMIT** the **finalized PSIR** to the sentencing judge. The report shall be accompanied by an addendum setting forth any objections counsel may have made, including those that have not been resolved, together with the officer's comments and recommendations thereon. The probation officer shall certify that the contents of the report other than sentencing recommendations, including any revisions or addenda, have been disclosed to counsel for

1  Defendant and the Government, and that the addendum fairly states any
2  remaining objections.
3     *I.*  Nothing in this order requires the disclosure of any portions of the PSIR
4  that are not disclosable under Rule 32 of the Federal Rules of Criminal
5  Procedure.
6  **4.** Except with regard to any written objection made pursuant to this order, the
7  report of the presentence investigation and computations shall be accepted by
8  the Court as accurate. For good cause shown, however, the Court may allow
9  a new objection to be raised at any time before the imposition of sentence. In
10 resolving disputed issues of fact, the Court may consider any reliable
11 information presented by the U.S. Probation Office, Defendant, or the
12 Government.
13 **5.** **The following applies ONLY IF the Government has filed an**
14 **information of prior conviction(s) pursuant to 21 U.S.C. § 851**:
15   *A.*  The Court hereby inquires whether Defendant "affirms or denies that he
16 has been previously convicted as alleged in the information." *See* 21
17 U.S.C. § 851(b). The Court also advises Defendant that "any challenge
18 to a prior conviction which is not made before sentence is imposed may
19 not thereafter be raised to attack the sentence." *See id.*
20   *B.*  **Defense counsel**, within **10 days** of this order, shall file a notice
21 indicating whether Defendant "affirms or denies that he has been
22 previously convicted as alleged in the information." *See id.*

**6.** Following sentencing, Defendant shall be taken into the custody of the U.S. Marshals Service unless (a) Defendant has been released prior to sentencing, (b) Defendant specifically requests the opportunity to self-report, and (c) Defendant demonstrates candidacy for self-reporting. If Defendant requests the opportunity to self-report, Defendant must demonstrate the financial ability to travel to a facility on the East Coast.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this order and to provide copies to counsel, the U.S. Probation Office, and the U.S. Marshals Service.

**DATED** this 6th day of October 2020.

_____
EDWARD F. SHEA
Senior United States District Judge