FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 06, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JESE DAVID CARILLO CASILLAS,<br><br>　　　　　Defendant. | No.　4:15-CR-6049-EFS-2<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR AN EXTENSION OF TIME TO FILE A SECTION 2255 PETITION, WITH LEAVE TO RENEW WITH THE FILING OF A SECTION 2255 PETITION** |

　　　Before the Court is Defendant Jese David Carillo Casillas' request for an extension of time to file a Section 2255 petition.[1] Defendant asks for additional time to file an ineffective assistance of counsel claim pursuant to 28 U.S.C. § 2255 because COVID-19 has inhibited his access to materials and resources needed to file a Section 2255 petition. Having reviewed the pleadings in this matter, the Court is fully informed and finds it lacks subject matter jurisdiction to hear this matter.

//

/

---

[1] ECF No. 1401.

## I.  Background

Defendant pled guilty to Counts 1 and 2 of the Second Superseding Indictment on August 24, 2018.[2] The Court sentenced Defendant to 25 years as to Count 1 and 15 years as to Count 2, to run concurrently, on December 12, 2018.[3] Judgment was entered on December 26, 2018.[4] Defendant appealed his conviction to the Ninth Circuit. On December 16, 2019, the Ninth Circuit affirmed Defendant's conviction.[5] On October 20, 2020, Defendant filed a motion for an extension of time to file a motion under 21 U.S.C. § 2255 for ineffective assistance of counsel.[6]

## II.  Standards

Section 2255 provides that a defendant may file a motion for relief from a judgment of conviction within one year of the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2] ECF Nos. 863 & 866.

[3] ECF No. 1073.

[4] ECF No. 1086.

[5] ECF No. 1337.

[6] ECF No. 1401.

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[7]

A judgment of conviction becomes final when the Supreme Court "affirms [the] conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."[8]

### III. Discussion

#### A. Jurisdiction

The exercise of jurisdiction by federal courts is limited to "the existence of a case or controversy, and a federal court lacks the power to render advisory opinions."[9] The Ninth Circuit has not yet considered whether a district court has jurisdiction to decide a motion for an extension of time to file a Section 2255 motion before a prisoner files a Section 2255 motion. Most circuits to consider the question have held that federal courts lack subject matter jurisdiction to hear motions for an extension of time to file Section 2255 motions unless the defendant files a Section 2255 motion with the motion for extension of time.[10] Those circuits hold that to

---

[7] 28 U.S.C. § 2255(f).

[8] *Clay v. United States*, 537 U.S. 522, 527 (2003).

[9] *Id.* (internal quotation marks and brackets omitted).

[10] *United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000) (per curiam); *United States v. Hernandez*, 431 Fed. App'x 813, 814 (11th Cir. 2011); *United States v. White*, 257 Fed. App'x 608, 609 (4th Cir. 2007); *United States v. McFarland*, 125 Fed. App'x 573,

decide a motion for an extension of time when no Section 2255 motion has been filed would amount to rendering an advisory opinion.[11] Other district courts in the Ninth Circuit agree.[12]

The Court is persuaded by the reasoning of the majority of other circuits and holds that because Defendant has not filed a Section 2255 motion, the Court lacks subject matter jurisdiction unless the Court construes his motion for an extension of time as a Section 2255 motion.[13]

---

574 (5th Cir. 2005); *United States v. Moore*, 56 Fed. App'x 686, 687 (6th Cir. 2003); *compare with United States v. Thomas*, 713 F.3d 165, 169 (3d Cir. 2013) (holding that district courts have jurisdiction to hear motions for extension of time filed before a Section 2255 motion, reasoning that because Section 2255 motions are filed in a continuation of the underlying criminal case instead of a separate civil proceeding, the criminal case satisfies the Article III case or controversy requirement).

[11] *See, e.g.*, *Leon*, 203 F.3d at 164.

[12] *See, e.g.*, *United States v. Marin-Torres*, 430 F.Supp. 3d 736, 739 (D. Or. January 2, 2020); *Soto v. Warden*, No. CV 09-2377 AHM JC, 2009 WL 1705471, at *1 (C.D. Cal. Jun. 16, 2009).

[13] *Calderon v. Ashmus*, 523 U.S. 740, 746-49, 118 S.Ct. 1694, 140 L.Ed.2d 970 (1998) (federal courts lack jurisdiction under Article III to hear a prisoner's petition for declaratory relief to determine the time limits that would govern future habeas petitions).

Courts must "construe pro se filings liberally."[14] Pro se filings "must be held to less stringent standards than formal pleadings drafted by lawyers."[15] Applying that rule, some circuits have held that when a pro se prisoner files a motion for extension of time to file a Section 2255 motion that includes grounds for relief that can be construed as a Section 2255 motion, the district court has jurisdiction to determine whether the motion is timely and to decide it on the merits.[16]

### i. Defendant's request for an extension of time alleges insufficient facts to be construed as a Section 2255 motion.

Section 2255 permits a prisoner in custody to attack their sentence on the limited grounds that (1) it was imposed in violation of the Constitution, (2) the district court that imposed the sentence lacked jurisdiction, or (3) the sentence exceeded the maximum sentence authorized by law or is otherwise subject to collateral attack.[17] To state a claim for relief under Section 2255, the defendant must allege sufficient facts to raise one of those issues.[18] "The [Section 2255] standard essentially is whether the movant has made specific factual allegations that, if true,

---

[14] *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

[15] *Id.*

[16] *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001); *White*, 257 Fed. App'x at 609.

[17] 28 U.S.C. § 2255.

[18] *Green*, 260 F.3d at 83-84.

state a claim on which relief could be granted."[19] Merely conclusory statements are not enough, but a prisoner does need not explain their evidence in detail; the prisoner is required only to make factual allegations.[20] "Where a motion, nominally seeking an extension of time, contains allegations sufficient to support a claim under section 2255, a district court is empowered, and in some instances may be required . . . to treat that motion as a substantive motion for relief under section 2255."[21]

Here, Defendant's motion discusses circumstances impacting his ability to file a Section 2255 petition, including no access to legal materials, typewriters, paper, stamps, etc. Defendant also alleges he has been in contact with former defense counsel to obtain necessary documents but has received no response. The only indication of the allegations that might be contained in Defendant's Section 2255 motion, if filed, is ineffective assistance of counsel. This is not enough "specific factual allegations" for the Court to construe Defendant's motion for an extension of time to file a Section 2255 petition as a motion for relief under Section 2255.[22] Because Defendant's motion has not made "specific factual allegations that, if true,

---

[19] *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984) (internal citations omitted).

[20] *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980) (internal citations omitted).

[21] *Green*, 260 F.3d at 83.

[22] *See Schaflander*, 743 F.3d at 717.

state a claim on which relief could be granted" nor has he filed a Section 2255 petition, the Court does not have subject matter jurisdiction to hear this matter.

**IT IS HEREBY ORDERED:** Defendant's Request for an Extension of Time to File a Section 2255 Petition, **ECF No. 1401**, is **DENIED, with leave to renew upon the filing of a Section 2255 petition**.

**IT IS SO ORDERED**. The Clerk's Office is directed to enter this Order and to provide copies to counsel and Defendant.

**DATED** this  6th  day of November 2020.

                    s/Edward F. Shea
                    EDWARD F. SHEA
              Senior United States District Judge