FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 01, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALFREDO MAGANA GARIBAY<br><br>Defendant. | No.  4:15-cr-6049-EFS-18<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION AND DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE** |

On March 30, 2021, Defendant Alfredo Magana Garibay filed a motion for compassionate release, which—both based on the merits and for failing to show the requisite exhaustion of administrative remedies—the Court denied on October 1, 2021.[1] On October 28, 2021, the Court received a document from Mr. Garibay entitled "Proof of Exhaustion of Remedies," ECF No. 1467, which includes a copy of a confirmation email suggesting that as early as May 28, 2021, Mr. Garibay had submitted an administrative request asking the facility's warden to file a motion

---

[1] ECF No. 1421 (motion for compassionate release); ECF No. 1466 (denial).

for compassionate release on Mr. Garibay's behalf.[2] In his recent filing, Mr. Garibay notes that he previously filed "the actual compassionate release motion" with the Court, and he asks that the Court grant such motion in light of his request served upon the warden over 30 days ago. Given the requested relief, the Court construes Mr. Garibay's filing, ECF No. 1467, as a motion for reconsideration of his prior motion for compassionate release, ECF No. 1421.

### A.   Motion for Reconsideration — Granted

As a preliminary matter, the Court notes that motions for reconsideration are disfavored.[3] "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."[4]

Here, Mr. Garibay has not demonstrated any manifest error in the Court's denial of his motion for compassionate release. Similarly, there has been no showing of new legal authority. Further, although the supplied email is certainly a new fact, Mr. Garibay has not explained why, despite acting diligently, he was unable to bring that email to the Court's attention earlier. Regardless, recognizing

---

[2] Because Mr. Garibay brings this motion pro se, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[3] LCrR 12(c)(5).

[4] *Id.*

<tr>

</tr>

that it can be difficult to obtain documents and other evidence while in prison, and giving Mr. Garibay every benefit of the doubt, the Court elects to exercise its discretion and reconsiders Mr. Garibay's prior motion in light of the new evidence.

**B.    Motion for Compassionate Release — Denied on the Merits**

The email provided appears to demonstrate that Mr. Garibay has satisfied the exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A), as it shows that—at present—more than 30 days have elapsed since the warden received Mr. Garibay's request.  However, even treating Mr. Garibay's motion for compassionate release as if it were filed anew, when the Court first denied the motion, the Court did so on the merits; Mr. Garibay's apparent failure to satisfy 18 U.S.C. § 3582(c)(1)(A) was merely an *extra*, independent basis for that denial.  And Mr. Garibay has not presented any further evidence or argument regarding the merits of his request for compassionate release.

In its prior order, ECF No. 1466, the Court listed several factors that it found particularly important in deciding whether compassionate release, or any other sentence reduction, was warranted.  This included Mr. Garibay's age and health, the prevalence of COVID-19 at the facility, and applicable section 3553(a) factors.  The Court finds its analysis is the same for all but one of these factors.

The one factor that has changed is the prevalence of COVID-19 at FCI Edgefield, the facility at which Mr. Garibay is housed.  But this factor, if anything, is now even less supportive of Mr. Garibay's motion than before.  When the Court first addressed Mr. Garibay's motion, the Bureau of Prisons (BOP) was reporting

four inmates at FCI Edgefield had confirmed active cases of COVID-19; the BOP now reports that number to be *zero*.[5] As such, and based on the reasons discussed in its prior order, ECF No. 1466, the Court again finds Mr. Garibay has failed to show that "extraordinary and compelling reasons" warrant reducing his sentence.[6]

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant Alfredo Magana Garibay's construed motion for reconsideration**, ECF No. 1467**, is **GRANTED**.

2. Upon reconsideration, Mr. Garibay's motion for compassionate release, **ECF No. 1421**, is again **DENIED** on the merits.

3. This file is to remain **CLOSED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide a copy to Mr. Garibay and counsel.

**DATED** this  1st  day of December 2021.

*Edward F. Shea*

EDWARD F. SHEA
Senior United States District Judge

---

[5] *See Confirmed active cases at 101 BOP facilities and 17 RRCs*, https://www.bop.gov/coronavirus/index.jsp# (last visited Nov. 30, 2021).

[6] *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1283 (9th Cir. 2021).