⌨AO 245D    (Rev. 9/19) Judgment in a Criminal Case for Revocations
Sheet 1   Revised by WAED - 9/19

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

# UNITED STATES DISTRICT COURT

**Dec 01, 2021**

SEAN F. MCAVOY, CLERK

Eastern District of Washington

UNITED STATES OF AMERICA

v.

MARCIAL BRAVO ZAMBRANO

**Judgment in a Criminal Case**

(For **Revocation** of Probation or Supervised Release)

Case No. 4:15-cr-06049-EFS-20

USM No. 06391-480

_____
Nick Mirr
Defendant's Attorney

**THE DEFENDANT:**

☑ admitted guilt to violation of condition(s) SPC 3; SC 2; SPC 5 _____ of the term of supervision.

☐ was found in violation of condition(s) _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation No. | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Failure to report for drug testing | 07/27/2021 |
| 2 | Failure to report to the U.S. Probation Officer as instructed | 07/27/2021 |
| 3 | Failure to comply with substance abuse treatment | 07/28/2021 |

The defendant is sentenced as provided in pages 2 through ___5___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of  Defendant's  Soc. Sec. No.: 4797

Defendant's Year of Birth:   1989

City and State of Defendant's Residence:

Benton City, Washington

11/30/2021
_____
Date of Imposition of Judgment

*Edward F. Shea*
_____
Signature of Judge

Edward F. Shea    Senior Judge, U.S. District Court
_____
Name and Title of Judge

12/01/2021
_____
Date

AO 245D    (Rev. 09/19) Judgment in a Criminal Case for Revocations
Sheet 2— Imprisonment

Judgment — Page    2    of    5

DEFENDANT:  MARCIAL BRAVO ZAMBRANO
CASE NUMBER:  4:15-cr-06049-EFS-20

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term
of :        Time served

☐  The court makes the following recommendations to the Bureau of Prisons:

☐  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

☐  at _____ ☐ a.m.  ☐ p.m.   on _____ .

☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐  before 2 p.m. on _____ .

☐  as notified by the United States Marshal.

☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245D (Rev. 09/19)   Judgment in a Criminal Case for Revocations
             Sheet 3 — Supervised Release

|  | Judgment—Page | 3 | of | 5 |
|---|---|---|---|---|

DEFENDANT: MARCIAL BRAVO ZAMBRANO
CASE NUMBER: 4:15-cr-06049-EFS-20

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :     35   month(s)

## MANDATORY CONDITIONS

1.   You must not commit another federal, state or local crime.

2.   You must not unlawfully possess a controlled substance, including marijuana, which remains illegal under federal law.

3.   You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
       ☐ The above drug testing condition is suspended, based on the court's determination that you
          pose a low risk of future substance abuse. *(check if applicable)*

4.   ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

5.   ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

6.   ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245D (Rev. 09/19)    Judgment in a Criminal Case for Revocations
Sheet 3A — Supervised Release

DEFENDANT: MARCIAL BRAVO ZAMBRANO
CASE NUMBER: 4:15-cr-06049-EFS-20

Judgment—Page __4__ of __5__

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision.  These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must be truthful when responding to the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If this judgment imposes restitution, a fine, or special assessment, it is a condition of supervised release that you pay in accordance with the Schedule of Payments sheet of this judgment. You shall notify the probation officer of any material change in your economic circumstances that might affect your ability to pay any unpaid amount of restitution, fine, or special assessments.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

AO 245D    (Rev. 09/19) Judgment in a Criminal Case for Revocations
Sheet 3C — Supervised Release

DEFENDANT:  MARCIAL BRAVO ZAMBRANO
CASE NUMBER:  4:15-cr-06049-EFS-20

Judgment—Page    5    of    5

## SPECIAL CONDITIONS OF SUPERVISION

1.  You must not communicate, associate, or otherwise interact with any codefendants or witnesses in this case, without first obtaining the permission of the probation officer.

2.  If deported, you are prohibited from returning to the United States without advance legal permission fromthe United States Attorney General or his designee. Should you reenter the United States, you are required to report to the probation office within 72 hours of reentry.

3.  You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

4.  You must submit your person, residence, office, or vehicle and belongings to a search, conducted by a probation officer, at a sensible time and manner, based upon reasonable suspicion of contraband or evidence of violation of a condition of supervision. Failure to submit to search may be grounds for revocation. You must warn persons with whom you share a residence that the premises may be subject to search.

5.  You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

6.  Consistent with the requirements of Special Condition No. 5, as of November 30, 2021, Defendant must undergo a new substance-abuse evaluation and comply with any substance abuse treatment program indicated by the licensed/certified provider.

7.  Until Defendant completes the new substance-abuse evaluation, Defendant shall report to his supervising officer weekly, as directed by the supervising officer.

8.  Once per week from the date of this Order until January 1, 2022, Defendant shall submit to urinalysis and sweat patch testing, as directed by the supervising officer, to confirm continued abstinence from illegal controlled substances.