PROB 12C
(6/16)

Report Date: January 21, 2022

# United States District Court

#### for the

#### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 21, 2022

SEAN F. MCAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Juan Bravo Zambrano | Case Number: 0980 4:15CR06049-EFS-19 |
| Address of Offender: | |
| Name of Sentencing Judicial Officer: The Honorable Edward F. Shea, Senior U.S. District Judge | |
| Date of Original Sentence: April 10, 2019 | |
| Original Offense: | Conspiracy To Distribute 500 Grams or More of a Mixture or Substance Containing A Detectable Amount of Methamphetamine, 5 Kilograms or More of Cocaine, 1 Kilogram or More of Heroin and 400 Grams or More of N-PHENYL-N Propanamide, 21 U.S.C. §§ 841 (a)(1), (b)(1)(A) and 846 |
| Original Sentence: Prison - 40 months  TSR - 60 months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: Caitlin A. Baunsgard | Date Supervision Commenced: October 18, 2019 |
| Defense Attorney: Alex B. Hernandez | Date Supervision Expires: October 17, 2024 |

### PETITIONING THE COURT

To issue a warrant.

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number | Nature of Noncompliance

**Violations 1-3 preface, combined for brevity:**

On October 18, 2019, after serving his term of imprisonment, Mr. Zambrano was released from the Federal Bureau of Prison to the custody of the United States Immigration and Customs Enforcement (ICE). Mr. Zambrano released from the custody of ICE and reported the U.S. Probation Office on June 24, 2020.

Per COVID-19 procedures, Mr. Zambrano's conditions of supervised release were verbally reviewed with him on June 24, 2020. He verbally acknowledged an understanding of his conditions, which included standard condition number 2 and special condition number 3, as noted below.

On July 22, 2021, the undersigned officer reviewed with Mr. Zambrano all of his conditions of supervised release, which he signed acknowledging a full understanding. Mr. Zambrano was given a signed copy of his conditions of release.

Prob12C
Re: Zambrano, Juan Bravo
January 21, 2022
Page 2

On December 6, 2021, Mr. Zambrano was referred to Merit Resource Services (Merit) to participate in the color line for random drug testing. Mr. Zambrano was instructed to call the color line daily, Monday through Friday, and to report in person to Merit if his assigned color, Gold, was called. Mr. Zambrano verbalized understanding these instructions and he repeated the instructions back to the undersigned officer to show he fully understood the instructions. Mr. Zambrano was informed he is subject to be called for additional drug testing.

**Standard Condition # 2**: After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

**Supporting Evidence**: Juan Bravo Zambrano is considered to be in violation of his term of supervised release by failing to report to the probation office as instructed on November 22 and 24, 2021, and January 7 and 20, 2022.

On November 19, 2021, the undersigned officer made telephonic contact with Mr. Zambrano. During this phone contact, the undersigned officer instructed Mr. Zambrano to report to the probation office on November 22, 2021, at 8 a.m. Mr. Zambrano responded with stating he may have to go fix a vehicle. The undersigned officer again instructed the defendant to report on November 22, 2021, at 8 a.m. so he can have the rest of the day to do what he needed to do. Mr. Zambrano verbalized understanding the reporting instructions.

On November 22, 2021, Mr. Zambrano did not report to the probation office. The undersigned officer called the defendant several times on this same date. Mr. Zambrano did not answer the undersigned officer's telephone calls. Telephonic contact was then made with Mr. Zambrano's mother in an attempt to make contact with the defendant. Mr. Zambrano's mother reported the defendant was out of minutes on his cellular telephone and that his car broke down. Mr. Zambrano's mother agreed to give the defendant the message for him to make contact with the undersigned officer. Mr. Zambrano made telephonic contact with the undersigned officer. Mr. Zambrano was instructed to report to the probation office on November 24, 2021, for drug testing, which he verbalized understanding.

On November 24, 2021, Mr. Zambrano did not report for drug testing. The undersigned officer called Mr. Zambrano and he did not answer the undersigned officer's telephone calls. The undersigned officer made telephonic contact with his mother, who agreed to give Mr. Zambrano the message for him to report to the probation office on November 29, 2021. Mr. Zambrano did not report to the probation office on November 29, 2021.

On January 6, 2022, the undersigned officer attempted to make telephonic contact with Mr. Zambrano. The defendant did not answer the undersigned officer's telephone calls and the undersigned officer left a voice message instructing Mr. Zambrano to call this officer back on this same date. Mr. Zambrano's brother called the undersigned officer back and reported Mr. Zambrano was not sick and he had left his telephone as he had gone to buy a part to fix his vehicle. Mr. Zambrano's brother agreed to give the defendant the message for him to call the undersigned officer by 10 a.m. on January 7, 2022.

Mr. Zambrano did not report by telephone as instructed on January 7, 2022. The undersigned officer called Mr. Zambrano on January 11, 2022, as he had not contacted the

Prob12C
**Re: Zambrano, Juan Bravo**
**January 21, 2022**
**Page 3**

undersigned officer. The undersigned officer then made telephonic contact with Mr. Zambrano's mother, who reported the entire family tested positive for COVID-19 about 2 weeks prior. She agreed to give the defendant the message to report to the probation office on January 13, 2022, by 11 a.m.

On January 13, 2022, Mr. Zambrano did not report to the probation office. On January 14, 2022, Mr. Zambrano called the undersigned officer and reported he has been sick and his family tested positive for COVID-19. The undersigned officer instructed Mr. Zambrano to complete a COVID-19 test and to provide a copy of the test results. Mr. Zambrano verbalized understanding. On January 19, 2022, Mr. Zambrano provided a copy of the COVID-19 test report showing a negative result. That same date, the undersigned officer instructed Mr. Zambrano to report to the probation office on January 20, 2022, by 11 a.m.

On January 20, 2022, Mr. Zambrano did not report to the probation office as instructed by 11 a.m. Mr. Zambrano has not made any effort to contact the undersigned officer.

2          **Special Condition # 3**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: Juan Bravo Zambrano is considered to be in violation of his term of supervised release by using a controlled substance, methamphetamine, on or before October 29, 2021; November 29, 2021; and December 16, 2021
.
On November 29, 2021, Mr. Zambrano reported to the probation office. During this office visit, Mr. Zambrano completed a drug test, which was presumptive positive for methamphetamine. Mr. Zambrano at first denied any drug use, but then reported he used methamphetamine sometime before October 29, 2021. Mr. Zambrano reported he was at a party where drugs were being used. He indicated a drug pipe was being passed around and he smoked methamphetamine. Mr. Zambrano refused to sign a drug use admission form. Mr. Zambrano then reported he did not know what drug he had smoked so he was not willing to admit to using methamphetamine. Mr. Zambrano was then questioned as to why he would admit to using methamphetamine and then say he did not know what drug he used. Mr. Zambrano responded by saying he assumed the drug he used was methamphetamine as that is what this drug test was positive for, but he really did not know what drug he used. This drug test was sent to Abbott Laboratory for confirmation. The drug test report was received on December 4, 2021, confirming the positive drug test results for methamphetamine and amphetamine. At that time, Mr. Zambrano reported he was not willing to complete a substance abuse assessment or enter any substance abuse treatment because this would consume his time and he would rather look for work.

On December 16, 2021, the undersigned officer made telephonic contact with Mr. Zambrano and instructed him to report on this same date to the probation office for drug testing. Mr. Zambrano reported to the probation office on this same date and completed a drug test. This drug test was presumptive positive for methamphetamine. The Supervisory U.S. Probation Officer Janie Coronado questioned Mr. Zambrano if he was taking any prescribed medications, which he denied. Mr. Zambrano reported he had already told the undersigned officer he had used prior to this drug test. It should be noted, the last drug use Mr. Zambrano

        reported to the undersigned officer was during his previous office visit on November 29, 2021. Mr. Zambrano denied any drug use and reported he completed a drug test the previous week at Merit, and that drug test was negative. This drug test was sent to Abbott Laboratory for confirmation and the drug test report was received on December 29, 2021, confirming the positive result for methamphetamine and amphetamine. At that time, Mr. Zambrano was again asked if he was willing to comply with substance abuse services. The defendant did not express any interest in services as he stated he was unemployed, he could not afford services and/or transportation.

3      **Special Condition # 3**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

        **Supporting Evidence**: Juan Bravo Zambrano is considered to be in violation of his term of supervised release by failing to report for drug testing on November 24, 2021; December 27, 2021; December 29, 2021; and January 20, 2022.

        On November 22, 2021, Mr. Zambrano was instructed to report to the probation office on November 24, 2021, for drug testing, which he verbalized understanding.

        On November 24, 2021, Mr. Zambrano did not report for drug testing. The undersigned officer called Mr. Zambrano and he did not answer the undersigned officer's telephone calls. The undersigned officer had to make telephonic contact with his mother in order to make contact with Mr. Zambrano.

        On December 28, 2021, Merit reported Mr. Zambrano did not report for drug testing on December 27, 2021, when his assigned color was called. On December 29, 2021, the undersigned officer made telephonic contact with Mr. Zambrano to question him why he did not report for drug testing at Merit on December 27, 2021; however, the defendant did not answer the undersigned officer's telephone calls. The undersigned officer made telephonic contact with Mr. Zambrano's mother who reported the defendant is currently unemployed and she believed was sleeping. She agreed to give Mr. Zambrano the message for him to call this officer back on this same date.

        On December 29, 2021, Mr. Zambrano called the undersigned officer and reported he did not report for drug testing on December 27, 2021, because he did not think he had to report as he had already provided two drug tests for the month. During this telephone contact, the undersigned officer instructed Mr. Zambrano to report on this same date by 3 p.m. to the probation office for drug testing. Mr. Zambrano then stated he had not been feeling well that week, it was cold, he had hurt his foot and he did not have transportation. Mr. Zambrano was reminded the public bus runs from Benton City to Richland, Washington, so transportation is not an excuse. The undersigned officer advised the defendant U.S. Probation Officer David McCary had attempted to make home contact with him earlier that same week and he was not home, so if he had not been feeling well that whole week, he should had been home. Mr. Zambrano was again instructed to report for drug testing later on this same date.

Prob12C
Re: Zambrano, Juan Bravo
January 21, 2022
Page 5

Mr. Zambrano did not report for drug testing as instructed on December 29, 2021. The undersigned officer later found out after being proactive in making contact with family members that Mr. Zambrano's family tested positive for COVID-19. Mr. Zambrano did not communicate this with the undersigned officer.

On January 19, 2022, the undersigned officer made telephonic contact with Mr. Zambrano. During this phone contact, Mr. Zambrano reported he received his COVID-19 test results as he had previously reported his entire family was sick, and they were negative. The undersigned officer instructed Mr. Zambrano to report to the probation office on January 20, 2022, by 11 a.m. for drug testing. Mr. Zambrano verbalized understanding the reporting instructions. Mr. Zambrano did not report to the probation office for drug testing as instructed on January 20, 2022, and has not made any efforts to contact the undersigned officer.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the defendant to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: January 21, 2022

s/Elizabeth Lee

Elizabeth Lee
U.S. Probation Officer

THE COURT ORDERS
[ ] No Action
[X] The Issuance of a Warrant
[ ] The Issuance of a Summons
[ ] Other

*Edward F. Shea*

Signature of Judicial Officer

1/21/2022

Date